# EXHIBIT  6

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**CIVIL ACTION NUMBER: 5:08CV-167-M**

**DENNIS BELL**                                           **PLAINTIFF**

**vs.**

**COUNTRYWIDE HOME LOANS, INC., ET AL.**        **DEFENDANTS**

<u>**ORDER**</u>

        Upon motion of the Defendants, Andrew Beshear and Jonathan D. Pitchford, the Court having considered the arguments of the parties, and the Court being otherwise sufficiently advised;

        **IT IS HEREBY ORDERED** that the Defendants' motion to strike specific portions of the Plaintiff's response to Countrywide's motion to strike and for sanctions is **GRANTED**.  The following portions of the Plaintiff's response [DN 39] shall be stricken from the record: page 7, lines 9-10.  The Clerk is instructed to redact these portions of the Plaintiff's response from the record and ensure that the current electronic record of the Plaintiff's response on the Court's ECF/Pacer System is replaced with a copy that includes these redactions.  The original memoranda shall be kept under seal and shall not be made available to anyone other than the parties to this action or their counsel without prior leave of the Court.

        **IT IS FURTHER ORDERED** as follows: (1) the Plaintiff's motion to strike [DN 43] is **DENIED**; (2) Defendant's motion to strike fraudulent "Confession of Judgment" [DN 29] is **GRANTED**; and (3) **all other pending motions**, including the Defendants' requests for sanctions [DNs 29, 41] are **DENIED with leave to refile, if and when the stay is lifted.**

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Judge**
**United States District Court**

February 4, 2009

Copies to:        Counsel of record
                  Dennis Bell, *pro se*

# EXHIBIT  7

C98

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AMERICAS WHOLESALE LENDER, INC.
C/O DEVINE FINANCIAL
846 MAPLEWOOD RD
WAYNE, PA. 19087

### SATISFACTION OF MORTGAGE

KNOWN ALL MEN BY THESE PRESENTS, that AMERICA'S WHOLESALE LENDER, A NEW YORK CORPORATION DOES HEREBY CERTIFY the following Mortgage IS SATISFIED, PAID and RELEASED, pursuant to that certain AGREEMENT/RELEASE arising from Civil Action No. 5:08-CV-167-R, filed in the U.S. District Court, Western District of Kentucky, and do hereby consent that the same is discharged of record. Mortgage dated the 25th day of February, 2004, made by Dennis Bell to Americas Wholesale Lender, a Corporation organized and existing under the laws of New York, in the principal sum of $35,000 and recorded on the 2nd day of March, 2004, in Mortgage Book 939, Page 420, in the office of the Clerk/Recorder of McCracken County, Kentucky, which mortgage has not been assigned of record. Dated this _____11_____ Day of September, 2009.

_mauits vasbel_

### CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

STATE OF MASSACHUSETTS         )
COUNTY OF _Nolfolk_             )

On September _11_, 2009 before me, _Menu D Var Eck_ personally appeared Mauritz Van Eck, whose name is subscribed to the within instrument and acknowledged to me that he executed same in his authorized capacity and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the same.

Witness my hand and official seal.         My commission expires _5-28-2015_

Signature _Ana S. Stelus Lius_ (Seal)

This Document prepared by
America's Wholesale Lender
99 Washington Ave. Ste 805
Albany New York, 12260

_Mauits Vk_
M. Van Eck

STATE OF KENTUCKY
COUNTY OF McCRACKEN   } SCT.

I, Jeff Jerrell, Clerk of the County Court for the County and State aforesaid, do certify that the foregoing instrument of writing was lodged for record on the _17_ day of _September_ so _09_ at _1:00p_ M. o'clock, and I have recorded the same together with this and the foregoing certificate in my office in _Deed_ Book No. _174_ Page No. _698_. Given under my hand this _17_ day of _September_ so _09_.
JEFF JERRELL, CLERK
By: _S. Sanderson_ D.C.

**EXHIBIT 7, PAGE 52**

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AMERICAS WHOLESALE LENDER, INC.
C/O DEVINE FINANCIAL
846 MAPLEWOOD RD
WAYNE, PA. 19087

C95

## SATISFACTION OF MORTGAGE

KNOWN ALL MEN BY THESE PRESENTS, that AMERICA'S WHOLESALE LENDER, A NEW YORK CORPORATION DOES HEREBY CERTIFY the following Mortgage IS SATISFIED, PAID and RELEASED, pursuant to that certain AGREEMENT/RELEASE arising from Civil Action No. 5:08-CV-167-R, filed in the U.S. District Court, Western District of Kentucky, and do hereby consent that the same be discharged of record. Mortgage dated the 2nd day of February, 2004, made by Dennis Bell to Americas Wholesale Lender, a Corporation organized and existing under the laws of New York, in the principal sum of $37,000 and recorded on the 9th day of February, 2004, in Mortgage Book 935, Page 517, in the office of the Clerk/Recorder of McCracken County, Kentucky, which mortgage has been assigned of record. Dated this ____ Day of September, 2009.

_Mauritz van Eck_

### CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

STATE OF MASSACHUSETTS }
COUNTY OF Norfolk }

On September __11__, 2009 before me _Mauritz Van Eck_, personally appeared Mauritz Van Eck, whose name is subscribed to the within instrument and acknowledged to me that he executed same in his authorized capacity and that by his signature on the instrument the person or entity upon behalf of which the person acted, executed the same.

Witness my hand and official seal.        My commission expires _5-28-2015_

Signature _John L. Oblelichkin_ (Seal)

This Document prepared by
Americas Wholesale lender
99 Washington Ave. Ste 805
Albany New York, 12560

STATE OF KENTUCKY }
COUNTY OF McCRACKEN } SCT.

I, Jeff Jerrell, Clerk of the County Court for the County and State aforesaid, do certify that the foregoing instrument of writing was lodged for record on the 17 day of September 20 09 at 1:00 ... o'clock, and the foregoing certificate in my office in ... Deed ... Book No. 114 Page No. 699 Given under my hand this 17 day of September 09

JEFF JERRELL, CLERK
By _____, D.C.

790

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AMERICAS WHOLESALE LENDER, INC.
C/O DEVINE FINANCIAL
846 MAPLEWOOD RD
WAYNE, PA. 19087

## SATISFACTION OF MORTGAGE

KNOWN ALL MEN BY THESE PRESENTS, that AMERICA'S WHOLESALE LENDER, A NEW YORK
CORPORATION DOES HEREBY CERTIFY the following Mortgage IS SATISFIED, PAID and RELEASED,
pursuant to that certain AGREEMENT/RELEASE arising from Civil Action No. 5:08-CV-167-R, filed in the U.S.
District Court, Western District of Kentucky, and do hereby consent that same be discharged of record. Mortgage
dated the 11th day of May, 2004, made by Dennis Bell to Americas Wholesale Lender, a Corporation organized and
existing under the laws of New York, in the principal sum of $28,000 and recorded on the 17th day of May, 2004, in
Mortgage Book 754, Page 305, in the office of the Clerk/Recorder of McCracken County, Kentucky, which
mortgage has not been assigned of record. Dated this _____ 11 _____ Day of September, 2009.

_Mauriz van Eck_

CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

STATE OF MASSACHUSETTS }
COUNTY OF _Norfolk_ }

On September _11_, 2009 before me, _Mauriz Van Eck_ , personally appeared
Mauriz Van Eck, whose name is subscribed to the within instrument and acknowledged to me that he executed same
in his authorized capacity and that by his signature on the instrument the person or entity upon behalf of which the
person acted, executed the same.

Witness my hand and official seal.          My commission expires _5-28-2015_ _____

Signature _____ (Seal)

This Document prepared by
American Wholesale lender
99 Washington Ave. Ste 803
Albany New York, 12300
_____
M. Van Eck

STATE OF KENTUCKY       }
COUNTY OF McCRACKEN }  SCT.

I, Jeff Jarrell, Clerk of the County Court for the County and State aforesaid, do
certify that the foregoing instrument of writing
was lodged for record on the _17_ day of _September_ 20 _09_
at _1:00_ o'clock, and I have recorded the same together
with this certificate foregoing certificate in my office in
_Deed_ Book No. _1174_ Page No. _700_
Given under my hand this _17_ day of _September_ 20 _09_
JEFF JARRELL, CLERK
By _S. Van Ness_ D.C.

358

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

AMERICAS WHOLESALE LENDER, INC.
C/O DEVINE FINANCIAL
846 MAPLEWOOD RD
WAYNE, PA. 19087

## SATISFACTION OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that AMERICA'S WHOLESALE LENDER, A NEW YORK CORPORATION, DOES HEREBY CERTIFY the following Mortgage IS SATISFIED, PAID AND RELEASED, pursuant to that certain AGREEMENT/RELEASE arising from Civil Action No. 5:08-CV-167-R, filed in the U.S. District Court, Western District of Kentucky, and do hereby consent that the same be discharged of record. Mortgage dated the 11th day of May, 2004, made by Dennis Bell to Americas Wholesale Lender, a Corporation organized and existing under the laws of New York, in the principal sum of $28,000 and recorded on the 17th day of May, 2004, in Mortgage Book 954, Page 305, in the office of the Clerk/Recorder of McCracken County, Kentucky, which mortgage has not been assigned of record. Dated this _____ Day of October, 2009.

Maurits van Eck

CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

STATE OF RHODE ISLAND
COUNTY OF _____ R.I.

On October 6, 2009 before me, Serena Conley, personally appeared Maurits van Eck, whose name is subscribed to the within instrument and acknowledged to me that he executed same in his authorized capacity and that by his signature on the instrument the person or entity upon behalf of which the person acted executed the same.

Witness my hand and official seal         My commission expires   2/14/2010

Signature   Serena Conley   (Seal)

This Document prepared by
Amerilex Wholesale lender
99 Washington Ave. Ste. 10
Albany New York, 12210
M. Van Eck

STATE OF KENTUCKY       } SCT.
COUNTY OF McCRACKEN     }

I, Jeff Jarrell, Clerk of the County Court for the County and State aforesaid, do certify that the foregoing instrument of writing was lodged for record on the 28th day of October 20 09 at 2:48 M. o'clock, and I have recorded the same together with this and the foregoing certificate in my office in Deed Book No. 177 Page No. 358. Given under my hand this 28th day of October 20 09.

JEFF JARRELL, CLERK
By_____ D.C.

# EXHIBIT 8



Advocates Law and Real Estate
Diane Beall, Attorney (SBN 86877)
243 S. Escondido Blvd, #125
Escondido, CA 92025
760-807-5417

Attorneys For Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/07/2011** at 03:21:24 PM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

DENNIS BURK AND LINDA BURK

              Plaintiffs,

      vs.

AMERICA'S WHOLESALE LENDER,
INC., a New York Corporation;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware Corporation; and DOES 1
through 100, inclusive.

              Defendants.

Case No. 30-2011-00481641-CU-OR-CJC

Judge Tam Nomoto Schumann

**COMPLAINT FOR:**

**FRAUD AND INTENTIONAL DECEIT;**
**VIOLATION OF THE BUSINESS AND**
**PROFESSIONAL CODE § 17200;**
**VIOLATION OF FINANCIAL CODE §**
**50505.**

COMES NOW, Plaintiffs, DENNIS BURK AND LINDA BURK, (hereinafter collectively "Plaintiffs") by and through their counsel, and allege:

    1.    Plaintiffs are, and at all times mentioned herein, were owners of real property described hereunder.

    2.    Defendant AMERICAS WHOLESALE LENDER, INC. (hereinafter "AWL"), is, and at all times mentioned was a New York Corporation.

*Summons Not Issued*

FRAUD AND INTENTIONAL DECEIT;  VIOLATION OF THE BUSINESS AND PROFESSIONAL CODE § 17200; VIOLATION OF
FINANCIAL CODE § 50505.

**EXHIBIT 8, PAGE 56**

3.     Defendant MORTGAGE ELETRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS"), is, and at all times mentioned was a Delaware corporation conducting <u>unauthorized</u> business in California at the time the loan originated.

4.     Defendants DOES 1 through 100, inclusive, has, or claims to have, an interest in the property, the exact nature of which is unknown to Plaintiffs. Plaintiffs is ignorant of the true names, interests, rights, and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sue these defendants by those fictitious names. Plaintiffs will amend this complaint to allege their true names, rights, interests, and capacities when they are ascertained.

5.     On May 24, 2005, Plaintiffs, for a valuable consideration, received Grant Deed, which was recorded with the Orange County recorder, California.

6.     Such Grant Deed covers real property situated at 3941 Paso Fino Way, Yorba Linda, CA., 92886 ("the property").

7. On or about May 19, 2005, Plaintiffs entered into a written contract, by the terms of which, Plaintiffs executed a promissory note (hereinafter "NOTE") in favor of Americas Wholesale Lender, a corporation organized and existing under the laws of New York.

8.     Such promissory note is secured by a Deed of Trust (hereinafter "DOT") recorded with the Orange County Recorder on May 24, 2005 as Instrument No. 2005000395456.

9.     The DOT purportedly named MERS as nominee for AWL and its successors and assigns.  MERS is further designated as beneficiary under the DOT even though it has no pecuniary interest in the NOTE.

- 1 –

COMPLAINT AGAINST AWL AND MERS

**EXHIBIT 8, PAGE 57**

10.     Plaintiffs, upon information and belief, therefore allege that Defendants purposely ignored standards of appraisals, underwritings, including the fabrication of documents to refinance Plaintiffs' property for the express purpose of enriching themselves.

11.     AWL caused MERS to go on title as the "Nominee Beneficiary," of "Securitized Instruments" in order to hide the true identity of the "Successor Assignees" of the "Notes" and to avoid paying the Recording fees to the County Recorder.

12.     The "Securitization System" was designed to minimize the risks of "Predatory Lending", "Defaulting Loans", and other risks by "Insuring and Cross-Collateralizing" thousands of loans in a loan pool.  If a loan defaulted and resulted in a foreclosure, and foreclosure was pursued, the loan would be "paid-off in full" by insurance proceeds.

**FIRST CAUSE OF ACTION**
**FRAUD AND INTENTIONAL DECEIT**
[AGAINST ALL DEFENDANTS]

13.     Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

14.     An agent (loan advisor) and/or employee of defendant AWL, acting on behalf of and under the direction of ("AWL") held himself  out as an expert of home loans and expressed his faith trust and confidence in "AWL".

15.     The acts and practices of said agent and/or employee of AWL and AWL as respect to the financing of Plaintiffs' property were so commingled as to be considered inseverable.

COMPLAINT  AGAINST  AWL  AND  MERS

**EXHIBIT 8, PAGE 58**

16. Days prior to May 19, 2005, an employee of Defendant "AWL" made the following representations to Plaintiffs:

    a. That Plaintiffs were receiving a good interest rate loan from ("AWL").

    b. That the agent and/or employee had proper documentation to support financing of the proposed home price purchase.

    c. That the loan information in which Plaintiffs conveyed to the agent/and or employee of AWL would be accurately transcribed into accurate loan documents.

    d. That said agent and/or employee had experience and skill obtaining proposed loans for others.

    e. That Plaintiffs could refinance in a few years with no difficulties.

17. The representations made by said agent and/or employee on behalf of AWL were untruthful. The actual facts were:

    a. Plaintiffs's loan was not a good interest rate loan.

    b. There was not adequate documentation to support such the loan.

    c. That the loan application was manufactured by said agent and/or employee with misleading inputs for approvals.

    d. That there was no refinancing available for Plaintiffs in a couple years.

18. Defendants, through its "Loan Advisor" agent and/or employee had a "duty and obligation" to be truthful and failed in these duties and obligations.

- 3 -

COMPLAINT AGAINST AWL AND MERS

**EXHIBIT 8, PAGE 59**

19.    Defendants knew that Plaintiffs were unaware of the truth, and could not have reasonably discovered material information about the loan transaction..

20.    Defendants and "Loan Advisor" agent and/or employee willfully and knowingly set forth a misleading scenario as to the foundations of the loan transaction they proposed to Plaintiffs, to the harm and detriment of Plaintiffs.

21.    When the "Loan Advisor" made these representations, Defendants and their "Alter Egos", along with the immediate supervisors of said agent and/or employee knew and should have known that these representations were untruthful and misleading.

22.    These representations were made with the intention to deceive Plaintiffs and to induce Plaintiffs to act in reliance on these representations to their detriment, whereby the fruits of these inducements would inure to the enrichment and benefits of the defendants.

23.    Plaintiffs were duped and subjected to a one year labor Interest only loan, drained of personal savings, and have been damaged in an amount to be proven at trial.

24.    The conduct of these defendants was an intentional misrepresentation, deceit, or concealment of material facts, and constituted despicable conduct that subjected Plaintiffs to a cruel and unjust hardship and emotional distress.

25.    Plaintiffs' audit indicates that "AWL" and its agents collected excessive amounts for its services, and undisclosed "Yield Spread Premiums".

26.    These despicable acts justify an award of compensatory, consequential, emotional distress, and punitive damages as well as injunctive relief pursuant to California CC § 1709, CC § 3294(a)(b)(3), CC § 3343.

- 4 —

COMPLAINT AGAINST AWL AND MERS

**EXHIBIT 8, PAGE 60**

## SECOND CAUSE OF ACTION
### (VIOLATION OF B & P CODE § 17200 et. seq.)
(AGAINST ALL DEFENDANTS)

27.    Plaintiffs re-allege and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

28.    The Defendants' Business Practices involves "Deceptive Lending".

29.    The B & P §17200 is designed to protect "Consumers".   The "Defendants" foreclosure conduct and unresponsive practices were clearly and substantially unfair and deceptive.

30.    "AWL" violations of Financial Code § 50505 demonstrates unfair business practices.   These practices are designed with the culpable state of mind and with the intent to "perpetrate falsities" upon unsophisticated consumers by "steering" and fully controlling the "Loan Process" to enhance profits at the expense, loss and injuries to Plaintiffs.

31.    Defendant "AWL" misrepresented to Plaintiffs that the original terms of the loans, the nature, and details of the transactions entered.   These included the "true costs of the loan", the "distribution of the loan proceeds", and if the loan was pre sold into a securitization trust, and if there were "undisclosed fees".

32.    "AWL" unfairly induced Plaintiffs to enter into a mortgage loan transactions that it and others knew that Plaintiffs was not able to pay.

33.    "AWL" misrepresented to Plaintiffs that the "points and fees" payable from the proceeds of the mortgage were "bona fide" and "reasonably and necessary" for the extension of credit, when in fact they were not.

- 5 -

COMPLAINT AGAINST AWL AND MERS

**EXHIBIT 8, PAGE 61**

34.   "AWL" unfairly induced Plaintiffs to execute and/or executing on behalf of "Plaintiffs" inaccurate documents in order to close loans.

35.   "AWL" extended credit to Plaintiffs on the basis of the "Value of the Premises", rather than on the basis of his documented or situational ability to pay, and in "violation of law".

36.   Payment of brokerage fees that were in no way reasonably related to "brokerage services actually rendered".   These rather constituted "kickbacks" for the referral of deliberately deceptive induced loans.

37.   Through its agent, "AWL" engaged in high pressure sales tactics to induce Plaintiffs to enter into deceptive, unfair and unconscionable transactions that were steered without a referee of integrity.

38.   Plaintiffs reasonably relied on above-identified "Deceptive Lender Acts and Practices", and entered into "mortgage loan" transactions that they would not otherwise have entered into, but for those "Deceptive Acts and Practices"

39.   Plaintiffs are entitled to the equitable and monetary relief set by state statutes, and an order enjoining ("AWL") and its agents from continuing to engage in the unfair and deceptive lending practices described herein.

40.   Plaintiffs were purposely mislead and continue to be mislead with incorrect statements and accountings.

41.   Defendant MERS has no beneficial interest in the obligation discussed herein.

42.   MERS, through its agent as a purported nominee Beneficiary has no beneficial interest in the Note or underlying obligation under the Deed of Trust.

EXHIBIT 8, PAGE 62

43.    Defendant MERS has full knowledge that it had no interest in the underlying obligation and is holding an invalid lien.

**WHEREFORE**, Plaintiffs prays judgment as follows:

1.    For judgment quieting Plaintiffs' title to the property against all defendants;

2.    For damages according to proof;

3.    For statutory penalties;

4.    For exemplary damages;

5.    For costs of suit and attorney fees herein incurred; and

6.    For such other and further relief as the court may deem proper.

DATED: 06/04/2011

                    ADVOCATES LAW AND REAL ESTATE

                    By:  /s/ Diane Beall

                    Diane Beall, Attorney for Plaintiffs

- 7 –

COMPLAINT AGAINST AWL AND MERS

**EXHIBIT 8, PAGE 63**

# EXHIBIT  9

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Advocates Law and Real Estate, Diane Beall SBN 86877<br>243 S. Escondido Blvd. #125<br>Escondido, CA 92025<br>TELEPHONE NO.: 760-807-5417    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* attorneydianebeall@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff | RECEIVED<br>SUPERIOR COURT OF CALIFORNIA<br>CENTRAL JUSTICE CENTER<br>JUN 21 2011<br>BY: N. DORFMAN<br><br>FILED<br>ORANGE COUNTY SUPERIOR COURT<br>JUL 11 2011<br>ALAN CARLSON, EXECUTIVE OFFICER/CLERK<br>BY: SILVIA DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Dennis Burk and Linda Burk

DEFENDANT: Americas Wholesale Lender

| JUDGMENT | | | CASE NUMBER: |
|---|---|---|---|
| ☐ By Clerk | ☐ By Default | ☐ After Court Trial | 30-2011-00481641 |
| ☑ By Court | ☑ On Stipulation | ☐ Defendant Did Not Appear at Trial | C-10 |

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☑ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☑ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court  ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*              ☐ Plaintiff's attorney *(name each):*
         (1)                                      (1)
         (2)                                      (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*              ☐ Defendant 's attorney *(name each):*
         (1)                                      (1)
         (2)                                      (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)  ☐ was not  ☐ was  requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Code of Civil Procedure, §§ 585, 664.6

**EXHIBIT 9, PAGE 64**

| PLAINTIFF: Dennis Burk and Linda Burk | CASE NUMBER: |
|---|---|
| DEFENDANT: Americas Wholesale Lender | 30-2011-00481641 |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☑ THE COURT ☐ THE CLERK

4. ☑ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
   a. ☐ for plaintiff (name each):                  c. ☐ for cross-complainant (name each):

      and against defendant (names):                    and against cross-defendant (name each):

      ☐ Continued on Attachment 5a.                     ☐ Continued on Attachment 5c.

   b. ☐ for defendant (name each):                   d. ☐ for cross-defendant (name each):

6. **Amount.**
   a. ☐ Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | ☐ Damages | $ | |
| (2) | ☐ Prejudgment interest at the annual rate of      % | $ | |
| (3) | ☐ Attorney fees | $ | |
| (4) | ☐ Costs | $ | |
| (5) | ☐ Other (specify): | $ | |
| (6) | **TOTAL** | $ | |

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | ☐ Damages | $ | |
| (2) | ☐ Prejudgment interest at the annual rate of      % | $ | |
| (3) | ☐ Attorney fees | $ | |
| (4) | ☐ Costs | $ | |
| (5) | ☐ Other (specify): | $ | |
| (6) | **TOTAL** | $ | |

   b. ☑ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $
      ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
      ☐ and attorney fees $

7. ☑ Other (specify):
   Judicial finding of fact in support of Stipulated Judgment as described in the signed Stipulation filed herein

Date: 7/11/11

☐ _Tam Nomoto_ (signature)

**TAM NOMOTO SCHUMANN** JUDICIAL OFFICER

Date: _____  ☐ Clerk, by _____, Deputy

**CLERK'S CERTIFICATE** (Optional)

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]          **JUDGMENT**          Page 2 of 2

**EXHIBIT 9, PAGE 65**

## SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGEMENT AND JUDGMENT.

This Stipulation for Entry of Judgment and Judgment ("Final Judgment") is entered into by Plaintiffs, DENNIS BURK and LINDA BURK ("BURK" or "PLAINTIFFS") and Defendant AMERICAS WHOLESALE LENDER, INC., a New York Corporation ("AWL"). For purposes of this Final Judgment, BURK and AWL shall be referred to collectively as "Parties" and individually as "Party". The Parties have stipulated and consented to the entry of this Final Judgment with the following stipulated fact and evidence herein. The Parties also have waived their right to appeal and have agreed to settle the above-captioned matter without further litigation, as set forth below.

### INTRODUCTION

This matter arises from the dispute of a promissory note executed in favor of AWL and secured by a Deed of Trust recorded with the Orange County Recorder as instrument number 2005000395456. Said Deed of Trust purportedly encumbered Plaintiff's real property known as 3941 PASO FINO WAY, YORBA LINDA, CA 92886- 7940.

Plaintiffs filed a Complaint against the Defendants in the Orange County Superior Court alleging fraud, slander of title, unfair business practice, wrongful foreclosure and quiet title. Plaintiffs sought to recover monetary damages, injunctive relief and quiet title as the result of alleged injuries caused by Defendants and its agents, employees or affiliates.

The Parties engaged in settlement negotiations prior to the filing of this Final Judgment. In those settlement negotiations, Parties are represented by counsels. The Parties have agreed to settle this matter without litigation pursuant to the terms of this Final Judgment.

/./.

/./.

**EXHIBIT 9, PAGE 66**

## SETTLEMENT AGREEMENT AND JUDGMENT
## PURSUANT TO STIPULATED FINDING OF FACT

The Parties, after opportunity for review by their respective counsel, hereby stipulate and consent to the entry of this Final Judgment based on the following finding of facts as set forth below.

**1.   JURISDICTION**

1.1.   The Parties stipulate and agree that the Superior Court of California, County of Orange, has subject matter jurisdiction over the matters alleged in this action and personal jurisdiction over the Parties to this Final Judgment.

**2.   STIPULATED AND FINDING OF FACTS**

2.1.   Plaintiffs are the Borrowers of the promissory note in favor of America's Wholesale Lender made on May 19, 2005, covering the property described as 3941 PASO FINO WAY, YORBA LINDA, CA 92886- 7940.  A true and correct copy of promissory note is attached herein as Exhibit 1.

2.2.   Defendant AMERICA'S WHOLESALE LENDER, INC., New York Corporation, is the Lender of the promissory note.

2.3.   Defendant AMERICA'S WHOLESALE LENDER, INC., New York Corporation, is the beneficiary of the Deed of Trust recorded with the Orange County Recorder on May 24, 2005 as instrument number 2005000395456.  A true and correct copy of the Deed of Trusts is attached herein as Exhibit 2.

2.4.   Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation that is acting solely as nominee for AWL, holding no interest in the subject promissory note as attached herein as Exhibit 1 or Deed of Trusts as attached herein as Exhibit 2.

2.5.   Defendant AMERICA'S WHOLESALE LENDER, INC., New York Corporation is the holder of the promissory note and deed of trusts identified herein and is currently in possession of the promissory note.

– 1 –

**EXHIBIT 9, PAGE 67**

2.6.    Defendant AMERICA'S WHOLESALE LENDER, INC., New York Corporation, as the holder of the promissory note, has not made any endorsement.

2.7.    Defendant AMERICA'S WHOLESALE LENDER, INC., New York Corporation, as beneficiary of the Deed of Trust, has not assigned nor authorized any assignment of the Deed of Trust identified herein.

2.8.    No person, party or entity, including trustee or nominee purporting to act on the behalf of AWL, is authorized to collect payment as identified in the promissory note, to initiate foreclosure or substitution of trustee as identified in the Plaintiff's complaint.

2.9.    Any substitution of trustee, assignment of Deed of Trust, or demand for payment that was not executed by Defendant AWL was not authorized by AWL and is hereby VOID.

## 3.    SETTLEMENT AGREEMENT

3.1.    Pursuant to the Federal Mortgage Relief Act and other applicable reliefs, Parties agree to enter loan modification covering the following real property with physical address of 3941 PASO FINO WAY, YORBA LINDA, CA 92886- 7940 with detail description as described in Exhibit 3.

3.2.    Parties agree to loan modification as follows:

3.2.1. AWL agrees to a pay-off in the amount of $260,000.00.

3.2.2. Plaintiffs shall make such lump sum payment to AWL within 30 days from the date of entry of this stipulated judgment.

3.2.3. AWL shall prepare and record a full reconveyance of the Deed of Trusts recorded with the Orange County Recorder as instrument number 2005000395456.  Said Deed of Trust is attached herein  as Exhibit 2.

3.3.    Parties agree to pay their own costs in this action.

- 2 –

**EXHIBIT 9, PAGE 68**

3.4.   This settlement agreement is a compromise of this disputed claim and the loan modification agreements in 3.2 shall not be construed as an admission of liability by AWL.

3.5.   All parties shall cooperate in preparation and execution of all necessary documents and to take all action which may be necessary to give full force and effect to the term and intent of this agreement.

3.6.   AWL agrees to dismiss or not to file any related cross-complaint in this action.

3.7.   To the extent that any agent, employee or affiliate of AWL has violated California laws in connection with the loan that is the subject of this Complaint, these person and entity are not party to this agreement and is not released from civil or criminal liability.

**4.   ENFORCEMENT OF FINAL JUDGMENT AND PENALTIES.**

4.1.   In the event that any person or entity, whether purportedly acting on the behalf of AWL or another entity initiate foreclosure, collection, recordation of document claiming any right or interest in, and to, the subject Deed of Trust as identified in Exhibit 2, AWL shall cause such action to be terminated by enforcement of this agreement and/or recording appropriate document as required to negate such action or enforcement at its own expense.

4.2.   Except as provided in this agreement, nothing in this Final Judgment shall limit any rights of Plaintiff to seek any other relief or criminal or civil remedies provided by law against other parties related to the subject loan identified herein.

**5.   MATTERS COVERED BY THIS SETTLEMENT AGREEMENT, FINDING OF FACT AND JUDGMENT.**

5.1.   The Court finds that on stipulation between Parties, all matters are factually accurate as supported by evidence attached herein and conclusively determined that AMERICA'S WHOLESALE LENDER, INC., New York Corporation,

- 3 -

**EXHIBIT 9, PAGE 69**

1  is the Lender and beneficial owner of the subject loan and no other party holds

2  any interest in the subject property as described herein.

3      5.2.    This settlement agreement and Final Judgment is a final and binding

4  resolution and settlement of all "Covered Matters."  As used in this Final

5  Judgment, Cover Matters means all claims that have been alleged, or claims that

6  could have been asserted within the scope of the allegations set forth, in the

7  Complaint in this matter, stipulation and finding of facts as established by

8  evidence attached herein.

9      5.3.    Any claims, violations or causes of action against AWL or its officers

10  that are not alleged in the Complaint, including, but not limited to, any violations

11  of laws are hereby forever waived.

12  **6.    NOTICE.**

13  All submissions and notices required by this agreement shall be sent to:

14  For Plaintiffs:

15              DENNIS BURK and LINDA BURK

16              3941 PASO FINO WAY
              YORBA LINDA, CA 92886- 7940

17  For America's Wholesale Lender, Inc.:

18

19              875 Avenues of the Americas, Ste 501
              New York, NY 10001.

20      Any Party may change its notice name and address by informing the other

21  party in writing, but no change is effective until it is received.  All notices and

22  other communications required or permitted under this agreement that are

23  properly addressed as provided in this paragraph are effective upon delivery if

24  delivered personally or by overnight mail, or are effective five (5) days following

25  deposit in the United States mail, postage prepaid, if delivered by mail.

26  /././

27  /././

28  /././

SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGEMENT AND JUDGMENT.

**EXHIBIT 9, PAGE 70**

**7.   APPLICATION OF AGREEMENT AND FINAL JUDGMENT.**

This agreement and Final Judgment shall apply to and be binding upon the Plaintiff and upon Americas' Wholesale Lender, Inc., a New York Corporation and its successors and assigns.

**8.   AUTHORITY TO ENTER AGREEMENT AND FINAL JUDGMENT.**

Each signatory to this Agreement and Final Judgment certifies that he or she is fully authorized by the party he or she represents to enter into this Agreement and Final Judgment, to execute it on behalf of the party represented and legally to bind that party.

**9.   INTERPRETATION.**

This Agreement and Final Judgment was drafted equally by all Parties. The Parties agree that the rule of construction holding that ambiguity is construed against the drafting party shall not apply to the interpretation of this Agreement and Final Judgment.

**10.   COUNTERPART SIGNATURES.**

This Agreement and Final Judgment may be executed by the Parties in counterpart.

**11.   INTEGRATION.**

This Agreement and Final Judgment constitutes the entire agreement between the Parties and may not be amended or supplemented except as provided for in this agreement.  No oral representations have been made or relied upon other than as expressly set forth herein.

**12.   MOFIDICATION.**

This Agreement and Final Judgment may be modified only on noticed motion by a Party with approval of the Court, or upon written consent of the Parties and the approval of the Court.

**13.   INCORPORATION OF EXHIBITS.**

Each of the Exhibits is incorporated herein by reference.

– 5 –

**EXHIBIT 9, PAGE 71**

**IT IS SO STIPULATED.**

For the Plaintiffs, DENNIS BURK and LINDA BURK:

DATED: 5/28/11

_____
DENNIS BURK

DATED: 5/28/11

_____
LINDA BURK

For the Defendant, AMERICA'S WHOLESALE LENDER, INC.:

DATED: _____

_____

By:   Dennis BL. Bell

Title: President

– 6 –
SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGEMENT AND JUDGMENT.

**EXHIBIT 9, PAGE 72**

**IT IS SO STIPULATED.**

For the Plaintiffs, DENNIS BURK and LINDA BURK:

DATED: _____

_____
DENNIS BURK

DATED: _____

_____
LINDA BURK

For the Defendant, AMERICA'S WHOLESALE LENDER, INC.:

DATED: 06·20·11

By: Dennis L. Bell

Title: President

*Corporate America's Wholesale Lender Inc. Seal*

-6-

SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGEMENT AND JUDGMENT

**EXHIBIT 9, PAGE 73**

# EXHIBIT  10



**Bank of America**

Cashier's Check

No. **431735171**

11-35/1210
NCA

Notice to Purchaser - In the event this check is lost, misplaced or stolen, a sworn statement and 90-day waiting period will be required prior to replacement. This check should be reacquainted within 90 days.

Date

Banking Center

Remitter (Purchased By)

$  **260000.00**

Pay To The Order Of

**CREAT TO. AMERICAN WHOLESALE LENDER**

**Non-Negotiable**

Bank of America, N.A.
San Francisco, CA

**VOID AFTER 90 DAYS**

Authorized Signature

**Customer Copy
Retain For Your Records**

1397085076

**EXHIBIT 10, PAGE 74**