**BRYAN CAVE LLP**
ROBERT E. BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
ROBERT G. LANCASTER (SBN 257504)
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:   (310) 576-2100
Facsimile:    (310) 576-2200
E-Mail:       reboone@bryancave.com
              nafiz.cekirge@bryancave.com
              rglancaster@bryancave.com

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION and
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation, DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual, JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and DOES 1-100,<br><br>Defendants. | Case No. 8:12-cv-00242-CJC-AN<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed Concurrently with Reply; Declaration of Dennis Burk; Declaration of Linda Burk; Reply to Objection to Request for Judicial Notice]<br><br>Date Filed: February 13, 2012<br>Trial Date: None |

SM01DOCS\888088.1

## I. Introduction

Defendants request that this Court judicially notice 20 exhibits.[1] Exhibits 1-18 relate to various lawsuits against Plaintiffs and/or their affiliates. Exhibit 19 purports to be a rendition of the AMERICA'S WHOLESALE LENDER® trademark from some unspecified website. Exhibit 20 appears to be a screen shot of a website called 4closurefraud.org; the screenshot contains a picture of a billboard purportedly accusing Bank of America of wrongdoing. As explained below, none of this information is judicially noticeable.

Moreover, if the Court decides to take judicial notice of these documents, it can only judicially notice their existence, not the truth of their contents. Thus, if any of these documents are judicially noticed, their evidentiary value will be limited to establishing the existence of the judicially noticed document, not the truth of the contents of the document.

## II. The Documents That Defendants Seek To Judicially Notice Are Irrelevant And/Or Not Capable Of Accurate And Ready Determination

The documents that Defendants seek to have judicially noticed fall into three broad categories: (1) Exhibits 1-18 relate to lawsuits against Plaintiffs or their affiliates; (2) Exhibit 19 purports to be a rendition of the AMERICA'S WHOLESALE LENDER® trademark from some unspecified website; and (3) Exhibit 20 appears to be a screen shot of a website called 4closurefraud.org; the screenshot contains a picture of a billboard purportedly accusing Bank of America of wrongdoing. (Defendants' Request for Judicial Notice ("RJN") 2:22-5:13.)

None of these documents are judicially noticeable.

First, Exhibits 1-18 and 20 are not judicially noticeable because they are irrelevant. The lawsuits referenced in Exhibits 1-18 have nothing to do with the

---

[1] Plaintiffs are Countrywide Home Loans, Inc., Bank of America Corporation and Bank of America, N.A. Defendants are America's Wholesale Lender, Inc., Dennis L. Bell and Cheri B. English.

1  issue at hand—Defendants' infringing of the AMERICA'S WHOLESALE
2  LENDER® trademark and "America's Wholesale Lender, Inc." name.  The alleged
3  wrongdoing referenced in Exhibit 20 similarly does not relate to the issues presented
4  in this case.  Irrelevant materials are not judicially noticeable.  *Knight v. Knight*, 207
5  F.3d 1115, 1119 n.4 (9th Cir. 2000).

6       Second, Exhibits 19-20 are not judicially noticeable.  They consist of
7  "statements or images appearing on undated, unverified websites," and thus, are not
8  capable of accurate and ready determination by resort to sources whose accuracy
9  cannot reasonably be questioned.  *See CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d
10 958, 963 (C.D. Cal. 2011) (holding that information on "undated, unverified
11 websites" is not judicially noticeable); *see also In re Bare Escentuals, Inc. Sec.*
12 *Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) (holding that information on an
13 undated website is not judicially noticeable).

14 **III.  If Any Document Is Judicially Noticed, The Court Cannot Accept Its**
15       **Contents As True**

16      Defendants do not attempt to introduce the documents attached to their RJN
17 into the evidentiary record through the declaration of a competent witness.  Even if
18 the Court decides to judicially notice some or all of these documents, it may take
19 judicial notice only of the "existence" of those documents, not "the truth of the
20 matter[s] asserted" in the documents.  *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F.
21 Supp. 2d at 1067.  Thus, the evidentiary value of any judicially noticed document
22 would be limited to establishing the existence of the judicially noticed document,
23 not the truth of the contents of the document.
24 ///
25 ///
26 ///
27 ///
28

## IV. Conclusion

For the foregoing reasons, Defendants' Request for Judicial Notice should be denied in its entirety.

DATED: March 15, 2012    Respectfully submitted,

**BRYAN CAVE LLP**

By:   /s/ Nafiz Cekirge
    NAFIZ CEKIRGE
    Attorneys for Plaintiffs
    Countrywide Home Loans, Inc.
    Bank of America Corporation
    and Bank of America, N.A.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386