1  THE LAW OFFICES OF STEVEN C. VONDRAN, ESQ.
   Steven C. Vondran (SBN# 232337)
2  steve@vondranlaw.com
   620 Newport Center, Suite 1100
3  Newport Beach, California 92660
   Telephone: (949) 945-8700
4  Facsimile: (888) 551-2252

5  Attorneys for Defendant(s):
   AMERICA'S WHOLESALE LENDER, INC., DENNIS L.
6  BELL AND CHERI B. ENGLISH

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                      WESTERN DIVISION

10 COUNTRYWIDE HOME LOANS, INC.;        Case No.: 8:12-cv-00242-CJC-AN
   BANK OF AMERICA CORPORATION;
11 BANK OF AMERICA, N.A.,               Hon. Judge Cormac J. Cartney

12                                      **DECLARATION OF DENNIS L. BELL IN
              Plaintiffs,               SUPPORT OF DEFENDANTS OPPOSITION
13                                      TO PLAINTIFF'S REQUEST FOR
                                        PRELIMINARY INJUNCTION.**
14       v.

15 AMERICA'S WHOLESALE LENDER, INC., a  Hearing
   New York Corporation; DENNIS L. BELL, an  Date: March 30, 2012
16 individual; CHERI B. ENGLISH, an individual;  Time: 9:00
   JAN VAN ECK (a/k/a HERMAN JAN VAN    Place: 9B
17 ECK a/k/a MAURITZ VAN ECK a/k/a
   MAURICE VAN ECK a/k/a MARITZ VAN
18 ECK a/k/a GEORGE TOMAS), an individual;
   and DOES 1-10
19
              Defendants.
20

21

22           **DECLARATION OF DENNIS L. BELL**

23 I, Dennis L. Bell Declare:

24    1. I have personal knowledge of the following, and if called to testify, I could and would

25 testify as follows:

26    2. I am a Defendant in the above-referenced civil action.

27    3. On or around 12/16/08 I incorporated Americas Wholesale Lender, Inc. ("AWL") for the

28 purpose of preventing myself from becoming a victim of foreclosure fraud committed by Plaintiff

DECLARATON OF DENNIS L. BELL

1

herein. Although my mortgages were made to America's Wholesale Lender, a New York Corporation, I was being sued by Countrywide Home Loans, dba Americas Wholesale Lender. This standing issue was raised as a defense in the State Court where the actions were filed, however the State Court seemed oblivious to its implication. I thereafter filed suit on the U.S. District Court against the Plaintiff herein, and also named America's Wholesale Lender, Inc., a New York Corporation. Summons and Complaint against AWL, Inc. was served upon the New York Secretary of State. I was subsequently notified by the New York Secretary of State that there was no such New York Corporation. It became obvious to me that my mortgages were made to a non-existent entity, and that Plaintiff herein had no legal capacity or standing to file foreclosure on my mortgages. I thereafter filed Articles of Incorporation for America's Wholesale Lender, Inc., a New York Corporation which were lawfully and properly issued by the State of New York. I did so for the lawful purpose of protecting myself. America's Wholesale lender, Inc. a New York Corporation, continues to be a valid corporation, in good standing in the State of New York.

4. In regard to the claim that I solicited lawsuits from AWL borrowers, that claim is completely false. I have looked at the loans/borrowers found in Plaintiffs' complaint at paragraph 27. Each of those borrowers filed suit against America's Wholesale Lender, Inc. without any contact or communication from AWL, Inc. I was contacted by an individual named Paul Nguyen who represented himself to be a licensed attorney in California, Florida, New York, and Washington State, and who stated that he represented some or all of those borrowers against AWL, Inc. I have never met or spoken with any of those borrowers. With respect to Plaintiffs' claims that *"Neither AWLI, Bell nor any other defendant had any direct or indirect authority to take any of these actions with respect to the loan originated by CHL"*, these claims are false because all actions taken by AWLI and/or Bell were in accordance with a valid State Court Judgment which authorized and required such actions.

5. In regard to the statement that I am working in concert with Defendant Van Eck, this claim is patently false. Van Eck took his actions independently, without the authorization or knowledge of AWL, Inc., and did so in concert with Paul Nguyen. Upon discovering the actions taken by Van Eck and Nguyen in the name of AWL, Inc., AWL, Inc. immediately contacted state and federal authorities and made complaints against these, and other individuals.

6. Specific reasons for registering AWL, Inc. was primarily to establish to the courts where my foreclosure actions were pending that my mortgages were made in the name of a corporation that did not exist at the time the mortgages were made, and that the Plaintiffs in those actions never held any interest in the mortgages, or the corporation that the mortgages were made to. When the courts failed to recognize the capacity and standing issues plaguing Countrywide, I then filed a default/consent of judgment on behalf of AWL, Inc. to drive the point home that Countrywide was not a proper party to the foreclosure suits. Countrywide's response to the default/consent judgment was that Countrywide Home loans, Inc. and AWL, Inc. were "one and the same." Countrywide then embarked upon a confusion of name practice, which it now is attempts to use with this court. Any such confusion was created by Countrywide and Plaintiffs herein by improper name use.

7. Although Countrywide alleges it uses a trademark associated with its name and services, I have never seen a document issued by Countrywide that exhibited a trademark sign. Countrywide certainly never used a trademark insignia on documents it made in the name of my corporation, AWL, Inc.

8. Currently, my plan for the proper and legitimate use of my corporation will be to assist State Attorneys General to make the public at large WHOLE, by providing the necessary elements and information to establish that many foreclosures completed by the Plaintiffs herein, or their agents, were completed fraudulently where their alleged interest in the foreclosed property was derived from America's Wholesale Lender, Inc. a New York Corporation. Currently, at least one Attorney General is contemplating a class action suit against these Plaintiffs based upon information provided by AWL, Inc.

9. Plaintiffs' claim that either myself or AWL, Inc. had intent to "swindle" borrowers is patently false. Up to the present time, AWL, Inc. has only responded to lawsuits filed by borrowers against AWL, Inc. In every case filed against AWL, Inc., the borrowers are looking for relief from the "swindling" and loss they have suffered by the fraud and misrepresentation committed by the plaintiffs herein. AWL, Inc. only seeks to ease the burden affecting borrowers from Plaintiffs' wrongful use of our name if required to do so by operation of law.

10. I never met or spoke with any borrower, or induced them. Each of the borrowers identified in Plaintiffs complaint were represented by counsel prior to any time AWL, Inc. was served with their lawsuit. Accordingly, only their attorneys or attorneys agents had access to them. AWL, Inc. only communicated with those attorneys and those communications related strictly to the suits filed against AWL, Inc.

11. On December 28, 2011, a Consent Order was issued by this very Court against one or more of the Plaintiff's herein that prohibits Countrywide defendants, which necessarily includes the trade name at issue herein, from engaging in residential loans without the consent and approval of the United States. (See page 4, paragraph 2 of Consent Order attached hereto as Exhibit RJN 24) Accordingly, this trade name is abandoned in accordance with the Consent Order.

12. The documents that make up the bulk our Request for Judicial Notice were taken from various governmental websites.

13. I have no reason to believe that Plaintiff has suffered any damages or irreparable injury, nor is Plaintiff likely to suffer any such damage or injury based upon the fact that Plaintiff claims no ownership in the loans central to their claims, and that Plaintiff has abandoned its trademark name for failure to use it within the last 3 years, and voluntarily in the Consent Order. I respectfully urge the Court deny the request for injunctive relief.

14. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 23, 2012 at _____NEW YORK_____, New York.

By _____
Dennis L. Bell, Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

21  14.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23  Executed on March 23, 2012 at _New York_, New York.

26  By _[signature]_
    Dennis L. Bell, Defendant

27
28

5
DECLARATION OF DENNIS L. BELL

# PROOF OF SERVICE OF DOCUMENT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed by The Law Offices of Steven C. Vondran in the County of Orange, State of California. I am over the age of 18 and not a party to the above-captioned action. My business address is **620 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660.** I also have an office at 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016.

On *March 23rd, 2012*, I placed a copy of the attached documents entitled:

**DEFENDANT'S DECLARATON IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

[ ]   **BY MAIL:**   By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepared, in the U.S. Mail at Newport Beach, CA. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on the same day with postage thereon fully prepaid at Phoenix, Arizona, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

[ ]   **BY OVERNIGHT COURIER:** I caused the above referenced document(s) to be delivered to _____ for deliver to the above addresses.

[ ]   **BY FAX:** I transmitted a true copy of the foregoing document(s) this date from telecopier number **Fax: (XXX) XXX-XXX**

[ ]   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s).

[X]   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR(s), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 23, 2012**, I checked the CM/ECF docket for this civil case, bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Nafiz Cekirge          nafiz.cekirge@bryancave.com
Robert E. Boone III    reboone@bryancave.com
Robert G. Lancaster    rglancaster@bryancave.com

[ ] **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] **(Federal)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**PROOF OF SERVICE**

Executed on *March 23rd, 2012*, at Newport Beach, CA

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Steven C. Vondran, Esq.

**SERVICE LIST**

Robert E. Boone III, Esq.
Nafiz Cekirge, Esq.
Robert G. Lancaster, Esq.
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA  90401-2386

**PROOF OF SERVICE**