EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

AMERICA'S WHOLESALE LENDER, INC.

    Nominal Plaintiff,

vs.

MAURICE VAN ECK,
    Defendant

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
No. 3:11-cv-1493 (CFD)(TPS)

OCT -7 P 3: 38

US DISTRICT COURT

T.P. SMITH, J.

OCTOBER 04, 2011

## MOTION TO DISMISS

The Defendant in the above-captioned civil action hereby respectfully

Motions this Court to Dismiss this civil action on the grounds that the Court

[United States District Court for the District of Connecticut] has no jurisdiction

over the persons or the subject matter. Notwithstanding the vast mounds of

paper with which counsel McKessy has graced this Court, there is absolutely

nothing to suggest that Connecticut has any nexus to the case.

This Motion is addressed to Magistrate Judge Thomas P. Smith insofar as

Judge Smith appears to have been assigned, at least in initial stages, the

responsibility for this matter.

## A.   **REFERENCED MATTERS and nomenclature.**

1.    Herein, paragraphs referenced by brackets **C. ( )** reference the

equivalent paragraphs in the nominal Plaintiff's "Verified Complaint."

2.    Other references are recited by shortened name versions as

customarily used in the Courts of the United States: e.g. "*McKessy Declaration*"

as abbreviated version for a reference in the document formally titled

1

EXHIBIT 1 - PAGE 2

"*Declaration of Scott S. McKessy in Support of Preliminary Relief.*" The shortened version is intended solely to reduce verbiage.

## B.   THE CONTROVERSY AS TO VENUE

3.    The "Verified Complaint" (apparently over the signature of Scott S. McKessy, Esq.) recites that the nominal Plaintiff is "a New York Corporation" [see: **C.** at (4)].

4.    The *Complaint* recites that "Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this District." [ **C.** at (3)].   Other than this bald allegation, for which no substantiation is proffered, there is <u>zero</u> to connect this District to the events complained of.

5.    More particularly, commencing at **C.(6),** Plaintiff relates to property in Yorba Linda, <u>California</u> [hereinafter "Burk" or "Burk property"].

6.    At **C.(7)**, a recitation is made of someone named "Attorney Paul Nguyen" of "Global Capital Law, P.C."   Nyguyen and Global Capital are both of Los Angeles, <u>California</u> metro area.

7.    At **C.(8)**, a recitation is made of a lawsuit in <u>California</u>.

8.    The Complaint at **C.(9)** through **C.(11)** references further events in <u>California</u>.

9.    The Complaint at **C.(12)** references the "City National Bank." While the *Complaint* carefully omits the location, referencing the Bell Declaration [of September 27, 2011] at Exhibit "B", the address is found to be at 423 Ferry

2

EXHIBIT 1 - PAGE 3

Street, Metropolis, <u>Illinois.</u>   Some explanation is in order here, and to clarify for

the Court:  Dennis Bell (Declarant referenced) turns out to be a machinist with

zero experience in mortgage servicing or the financial industry. He resides in and

about McCracken County, <u>Kentucky</u>, of which the largest community is Paducah.

"Metropolis" is a tiny fly-speck of a community that lies across the Mississippi

River from Paducah, in far-downstate Illinois. *See*:  Google Map at **Exhibit 1**.

Metropolis consists of only 1,708 families. *See*: <u>Wikkipedia</u> at **Exhibit 1**.  The

total population of the 1,.708 families is 6,482 (dogs and cows not included).  The

City National bank, despite its grandiose name, is a fly-speck bank with no

branches outside Metropolis, Illinois.  The undivided profits of the Bank are but

$400,000.  The average size of deposit account is but $24. *See*: **Exhibit 2**.  The

main advantage of this "bank" as what counsel McKessy refers to as "AWL's

general corporate bank account"  **[C.(12)]** seems to be that it is outside the

jurisdiction of both the State of New York and the State of Kentucky, and thus not

attachable by creditors or State authorities, assuming that they were ever to find

out about Bell's personal piggy-bank.  The "bank" also does not much have the

sophistication to sense any of Bells improprieties (more on that later herein).

  10. The Court is thus confronted with the spectacle of what is

represented to be this major New York financial lending institution, "America's

Wholesale Lender, Inc.," operating out of a tiny micro-bank in a fly-speck town in

downstate Illinois.

  11. At **C.(14)**, the Complaint references "Western Resources Title Co.,"

Nguyen, and Global Capital.  These are <u>California</u> entities .

3

EXHIBIT 1 - PAGE 4

12. At **C.(15),** the Complaint references some entity described as "Chase Meritt Fund I, LLC" [*sic*]. Yet the Bell Declaration at Exhibit J sets forth the proposition that "Chase Merritt Fund I L.L.C." is a <u>Nevada</u> business entity bearing Nevada Business ID NV20111227303, an entity with no stock records, no Officers listed, and with Paul Nguyen as "manager." The address reflects the city of Las Vegas, NV. It should be noted that "Nguyen" is as common in Vietnamese as Smith is to English; the actual identity of "Nguyen" is speculative.

13. At **C.(16)**, the verified Complaint over the signature of McKessy sets forth the allegation that "as a result of the altered escrow instructions, the amount of $260,000.00 was diverted to Chase Meritt Fund I, LLC, not to City National Bank." Astonishingly, this is belied by perusal of Exhibit "D" of the Bell *Declaration*, wherein it appears that the funds in controversy flowed directly by cashier's check from Burk to Chase Merritt, and no funds as complained of passed through the escrow as alleged. It would appear that McKessy drafted both the *Complaint* and the Bell *Declaration*; nonetheless, he makes this representation to the Court. The representation is materially misleading.

14. The events referenced in **C.(16),** which did not even occur, would otherwise not be in Connecticut, but in <u>California</u>.

15. At **C.(17)**, the allegations of "Officers" of "Chase Merritt," while speculation, would reference individuals of <u>*California*</u> and an entity in <u>*Nevada*</u>.

16. At **C.(19)**, the Complaint references an event that has not occurred.

17. At **C.(20)**, the Complaint references individuals apparently in California, Nevada or New Mexico.

4

EXHIBIT 1 - PAGE 5

18.     At **C.(21)**, the Complaint references discussions in _California_.

19.     At **C.(22)**, the Complaint references further conversations in California, and recited the TD Bank. TD Bank is a _New York_ bank.

20.     At **C.(23)**, the Complaint sets forth the proposition that the Company has no New York bank. While absurd, nonetheless the paragraph relates to a "New York" entity and a "New York" bank.

21.     At **C.(24)**, the deteriorated mental state of Bell becomes apparent. Bell, in his long slide into a paranoid state of insanity, sets forth delusions. Attorney McKessy, an experienced and seasoned counsel, should be ashamed of himself for setting his signature to such rubbish.

21.     At **C.(26 - 49)**, the Complaint continues to set forth events that apparently took place in New York City, to the extent that this Court might ascribe any credibility to the representations made therein.

22.     In the following Counts One through Four, inclusive, of the "verified" Complaint, see at **C.(50-66)**, no suggestion is made that any of the acts complained of or causes of action as alleged actually took place within Connecticut. Indeed, the entire Complaint inclusive from cover to cover is remarkably devoid of any mention of Connecticut, other than the bald allegation in paragraph 3 [that "a substantial part of the events or omissions giving rise to the claims alleged occurred in this District."].

23.     The Complaint, on its face, fails to set forth any basis for this Court to entertain jurisdiction over either the defendant or the subject matter as set forth therein, and thus should properly be dismissed with prejudice.

5

EXHIBIT 1 - PAGE 6

24.    Additionally, the gravamen of the Complaint seems to set forth that property of America's Wholesale Lender, Inc. was stolen by the Defendant. The Court's attention is directed towards the allegations specifically recited at *Complaint*, , which is repeated verbatim as:

"  (56). In particular, the defendant has stolen the payment in the amount of $260,000 which is the property of AWL."    **C.(56).**

Throughout the *Complaint*, the recitation is made of the "theft" or "stolen payment" as specified in § 56.  The Court's attention is directed to Exhibit "D" of the Bell *Declaration*. The cashier's check drawn on Bank of America [No. 431735171] on its face is issued by "Linda Marie Burk" as Remitter and made payable to "Chase Merritt Fund I, LLC" as Payee.  There is no evidence that these funds ever were in the possession of, or passed through the hands of, either the Plaintiff or the Defendant herein.  No Indorsement has been proffered to suggest otherwise. It appears that someone, not identified, made a hand-written notation on the face of the check under circumstances that are not known and with no allegations as to such circumstances made by this Plaintiff. There is no suggestion, nor could there be any foundation for any representation, that the existence of this Instrument would inure to the benefit of Defendant, or for that matter anybody other than the stated payee thereon.

25.    Inasmuch as there is zero evidence that the funds recited in **C.(56)** et. al. ever flowed through, or were in the possession of, any Officer or Bank Account of Plaintiff, or Defendant, and the Instrument is neither made out to the Order of nor Indorsed to the Plaintiff, the suggestion that Plaintiff has had this

6

EXHIBIT 1 - PAGE 7

payment "stolen" from it by the Defendant is without foundation. Indeed, on its face there is no inference that any theft of anything has taken place.

## C. **THE CONTROVERSY AS TO JURISDICTION**

24.     Other than the bald assertion that Defendant is "residing" in Connecticut, the Plaintiff makes no other claim and indeed does not address the matter further. The Complaint is utterly bereft of any specificity as to any nexus by any of the Parties to this State.

25.     Indeed, the Plaintiff's supporting documentation points in another direction. More particularly, the Bell Declaration recounts that Defendant was hired in New York. See: at para. 4. More particularly, in his diatribe of September 30, 2011 at 6:22 p.m., wherein he consistently references "stolen" and "criminal," Bell announces (responsive to complaints that Bell has not met salary payments) :

    "     I'm pretty sure the **State of New York** will not require that I pay you for that  [back pay]." [emphasis added].

**Exhibit "3"**, Bell e-mail 9.30.11, pg. 2, line 2-3.

26.     Conspicuously, counsel McKessey at his partnership office e-mail address mckessy@halloran-sage.com  was directly informed of Bell's assertion that Defendant was a New York employee.

27.     Accordingly, it becomes difficult to discern how the Complaint would establish on its face that this Court would entertain Jurisdiction over the persons, as the test of diversity does not seem to have been set forth with

7

EXHIBIT 1 - PAGE 8

sufficient specificity, or indeed any specificity, to meet the requirements of Statute. The Complaint seems to reference incidents in California and persons in New York, and the nominal named Plaintiff is admitted as a New York Corporation.

### D. **AS RESPECTS "GEORGE TOMAS."**

28.     The Court's attention is directed towards the suggestion, made or implied in Pleadings signed by counsel McKessy for the nominal Plaintiff, that there is a "George Tomas" within the controversy, or in the alternative that the Defendant is representing himself to the community at large as "George Tomas." The representations by counsel McKessy are untruthful.

29.     During the course when Defendant as Company Officer was investigating the matters surrounding the *Burk* issues, a number of electronic-mail or "e-mail" memos were erased, both from the Company and from the account of Attorney Diane Beall. *See*, **Exhibit "4".** It had to be anticipated that the e-mail discussions between Defendant and Dennis Bell (the plaintiff's alter-ego and the real plaintiff advancing this litigation) were exposed to "hacking," where the e-mail accounts were electronically entered.

30.     Accordingly, Bell instructed Defendant to establish a "back-door" e-mail channel known only to themselves. Specifically to avoid the possibility of "hacking" and compromise of this channel, pseudonyms were assigned, "George Tomas" and "oneoutback." The "oneoutback" pseudonym was previously used by Bell outside the Company. Within the Company, Bell was

8

EXHIBIT 1 - PAGE 9

known for using the pseudonym "massone99." Presumably "massone99" was

exposed to electronic "hacking." Bell's use of pseudonyms was consistent;

indeed, Bell was never known to use his own name.

31.    The recitation of "back door" e-mail channel was re-emphasized

and is found in Plaintiff's Bell Declaration, Exhibit "G", pg. 2, last paragraph.

More particularly:

"    You have to assume that these clowns are technically sharp. That
fellow Brian apparently was involved in selling stocks, including an IPO from
some Israeli tech company that he was involved in. Israel is notorious for internet
chicanery. You have to assume that whatever Internet channel you were using
to correspond with either of them, are now compromised, and may have
"cookies" or whatever planted in your software. In an abundance of caution only
email channels that they do not know about can be used for non-routine traffic.
At this point there is every reason to be conservative. "
                                Bell *Declaration*, Exh. "G", pg. 2.

32.    A generically Hispanic name was randomly chosen as there are no

apparent Hispanic males working for the Company. Taken together with the "one

out back" pseudonym adopted by Bell, the chances of this particular e-mail pair

being electronically identified and "hacked" appeared remote.

33.    At no time was "Tomas" used outside this specific back-door

channel. It was carefully guarded specifically to remain undiscovered by

outsiders.

34.    The above is perfectly well known to counsel McKessy and he is to

be roundly rebuked for perpetrating a charade upon the Court, and by his

wrongful actions he has wrongfully convinced this Court to allow him to take pre-

judgment remedies upon any person in the United States with the name "George

Tomas," an entirely common Hispanic name.

9

EXHIBIT 1 - PAGE 10

## E.   AS TO THE CREDIBILITY OF DENNIS BELL, DECLARANT

35.   Dennis Bell, apparently a resident of McCracken County, Kentucky, a person with no previous background in the financial-services industry, appears to have taken control of the Company.  Bell intends to remove all Company funds to his micro-bank in downstate Illinois and render the Company insolvent to creditors.  His past pattern and practice has been to treat the Company funds as his own, and he helps himself to "insider deals" to float whatever other operation he may be involved in.  Bell is known to be operating a failing trucking enterprise with a fleet of decrepit trucks, one of a sorry sequence of failed Bell projects.  Bell has apparently put his girlfriend on the Board of Directors of the Company, notwithstanding that she is utterly unqualified as to business matters and has no clue.  The "Board" seems to consist of Bell, his girlfriend, and one of his truck drivers.  The credibility of the Director girlfriend [Cheri English] (who seems to appear consistently as owner, Director, or Officer of Bell's various incorporations) is best expressed in English's own words, reproduced at **Exhibit "12"** . Therein, the salient achievements are recited as having one child by Mr. Dunn at age 21 and another by "Mr. T." at age 30, and having attended elementary school.  How this qualifies to sit on several corporate Boards and be Director of various companies remains unexplained.

36.   Dennis Bell has a long and disconcerting history of embroilments with banks who have sued him.  Within the Commonwealth of Kentucky alone, a plurality of cases were consolidated by the Courts into *Countrywide Home Loans,*

10

EXHIBIT 1 - PAGE 11

*Inc. v. Dennis L. Bell*, McCracken Circuit Court, Div. 2, Consol. Case No. 06-CL-00305. At one point within that Docket, Bell faced the bank's Motion for Contempt with a request for imprisonment as punishment for criminal contempt, and recites further therein that the Court "should consider doing the same with regard to Ms. Cheri English," Bell's erstwhile girlfriend. (*Motion for Sanctions*, March 2010). Bell has further been sued in *Commerce Bank N.A. v. Dennis Bell*, Circuit Court of McCracken County, Div. 1, Docket No. 10-CI-197.

37.     At one point Bell moved his assets into an apparent "trust" styled apparently as the "Emerald Bay Revocable Trust" and appointed his girlfriend as Trustee of the trust, notwithstanding her utter inability to administer the trust. The "Trust" was moved across the Mississippi River to place it outside the reach of both State and Federal Courts sited in Kentucky. Bell through English then filed Petitions in Bankruptcy for himself (within Kentucky, as *In re Bell*, U.S. Bankr. Ct., W. D. Kentucky (Paducah), 10-50501 (THF), commenced April 21, 2010), and for the Trust, conveniently before the Bankruptcy Court in Illinois. *In re: Emerald Bay Revocable Trust*, U.S. Bankr. Ct. S.D. Illinois (Benton), # 10-40457-lkg. The Court's attention is directed to a copy of the Docket Sheet, schedules, and Trial Transcript of November 03, 2010 before Judge Meyers. *See*: Def. **Exhibit "8"**, **"9"**, **"10"**, **and "11"**.

Bell was present and addressed the Court.

38.     The frustration of the Meyers Court was evident in remarks recorded on Page 4, line 7ff:

-------------------------------------------------

11

EXHIBIT 1 - PAGE 12

**THE COURT**: [directing remarks to Bell]:   See, that's a stupid argument. ... Let me tell you why it's a stupid argument. ... You invoked the jurisdiction of this Court when you filed the pleadings in this Court. That's where the Court gets jurisdiction."

**MR. BELL**:   .....But BAC Home Loan Servicing Inc.--

**THE COURT**:   No, no, no, no. We're not going to go there. We've been there. We rode that pony as long as we're going to ride it. .....The Court rejected that issue. "

(continuing)  Now, both of those arguments -- let me tell you what, I think **they're specious -- they're just not believable**.

And further, on page 7 of the *Transcript*::

**THE COURT**:  I've been doing this work for 35 years, and I can tell you what happens is **you're wanting to confuse this thing**, and it would be a **morass** when you get done with it, and I'm going to be no part of it. You've had your opportunity to speak. You've been in this court before. You've made your arguments. Those **arguments were rejected**. We're not going to go back down that path again. "                                   {emphasis added.} **Tr., Exh. 9**.

-----------------------------------------------

38.    The Trust Bankruptcy Petition was Dismissed subsequent to *Motion to Dismiss Case* filed by creditor BAC Home Loans Servicing, Inc. See at Docket entry No. <u>52</u>. 06/02/2010.  Trustee English was Ordered to pay creditor's attorney fees of $13,975 and Expenses of $388.87.  These apparently remain unpaid.

12

EXHIBIT 1 - PAGE 13

39.    In a supplemental Order, Docket No. 66, Sanctions were entered against English. Further, the properties that were placed in the Trust were apparently Ordered to be "changed in ownership." A copy of the ORDER is provided as Defendant's **Exhibit "10"**.

39.    Subsequently, by **ORDER** of September 22, 2010, the Motion for Fees and Costs was increased to $23,975.00. The Judgment was made by the Court jointly and severally against the Emerald Bay Revocable Trust, Cheri English (the girlfriend), and Dennis L. Bell. The judgment apparently remains unpaid. A copy of the **ORDER** is provided as Defendant's **Exhibit "11"**.

## F.    **BELL'S DISCONCERTING BANKRUPTCY MATTER.**

40.    The _Bell_ Petition back in Kentucky was disposed of by Dismissal with Prejudice. Various creditors including _B AC Home Loans Servicing LP_ and _Chase Home Finance LLC_ apparently filed Objections to Discharge under Chapter 7 (alleged no-asset case), the trustee filed a Motion to Dismiss with Prejudice, and the Court Ordered (Docket Item 104, 10/26/2010) a Dismissal with Prejudice. _See_: Defendant's **Exhibit "6"**.

41.    Equally curious, although Bell represents to others in writing that he is the "majority stock holder" of the entity America's Wholesale Lender, Inc., the Schedules and Financial Statement of Bell in the cited Bankruptcy Petition seem to be devoid of any mention of these Holdings. _See_: Bell e-mail letter addressed to Attorney Diane Beall (California), dated September 22, 2011, 6:58 AM, reproduced at Defendant's **Exhibit "7"**.

13

EXHIBIT 1 - PAGE 14

42.     The <u>Bell</u> Petition and Schedules are reproduced at Defendant's **Exhibit "15"**. The Documents seem to be filed with the Court on May 19, 2010. The *Petition* appears to represent the affairs of an impoverished man. There are no shares of stock or Corporate Directorships or Officer Appointments referenced. The "Calculation of current monthly income" [see at pg. 45] reflects that his wages (earned income) from all sources is Zero, that his parents pay his health insurance premium, and that his girlfriend chips in $1,500 a month for his support.

43.     Nonetheless, Bell is listed as an "Officer" of the trucking company "DOUBLE D TRUCKING, INC.," together with the ubiquitous Miss English. The Filings with the Kentucky Secretary of State list this enterprise as Organization Number 0762143, and is reproduced as Defendant's **Exhibit "16"**. The "principal office" of the trucking fleet seems to be "1155 Smith Ave, Paducah, KY 42003," which turns out to be the house of "Betty Stucker," as noticed in **Exhibit "18"**. What is disconcerting about DOUBLE D TRUCKING is that its Filings with the Secretary of State indicate a formal incorporation on April 30, 2010, yet no mention seems to be made in the Bankruptcy Petition Schedules or Statement of Financial Affairs of May 19, 2010. The last page of the KY Filing shows Bell and English listing the same address, 2934 Benton Road, Paducah.

44.     Paralleling the above observations, Bell is listed as an "Officer" of the Kentucky entity <u>WENDMERE FUNDING, LLC.</u> , reproduced as Defendant's **Exhibit "18"**. The entity was incorporated on April 09, 2010, apparently before the Bell Schedule filings in the bankruptcy court in Kentucky. Bell is listed as the

14

EXHIBIT 1 - PAGE 15

only "Officer" of WENDMERE. The street address registered is again that of "Betty Stucker," at 1155 Smith Avenue, Paducah, Kentucky. Cheri English is listed as the "Organizer", although her credentials remain murky. "Wendmere Funding LLC," used by Bell for various identity-remote mortgage exercises, seems to remain unreferenced within the Bell Bankruptcy Schedules or Statement of Financial Affairs filed concurrently.

## G. **BELL'S LACK OF CANDOR WITH THE CALIFORNIA COURTS**

45.     Although declarant Dennis Bell would have this Court believe that defendant is an "independent contractor" hired as some "Customer Service Representative" [*See*: Bell Declaration, ¶ 3], this is belied by a Filing that Bell made in the *Orange County Superior Court* on or about March 30, 2011. In this Filing, Bell simply inscribed the defendant's name onto the document, an act which can reasonably be construed by this Court as the forging of Van Eck's signature. A copy of that Filing, which included a Judgment, is at defendant's **Exhibit "19"**. The Court will observe that the Filing reflects "Maurits Van Eck" as the **"Senior Vice President"** of America's Wholesale Lender, Inc.

46.     The forged signature then has the "corporate seal" that Dennis Bell retains for is own use in Kentucky embossed over the signature. Lest there be any equivocation in the Court's mind that this is the "Bell seal," a copy of that "Seal" as used in a Bell document is produced at Defendant's **Exhibit "20"**. This page is the "last page" of Bell Declaration exhibit "A", page 6. The Court will

15

EXHIBIT 1 - PAGE 16

note that the writing style used in the forged signature of Maurits Van Eck is identical to that used by Bell himself in his own Exhibit "B", as is the Bell "Seal."

47.    Also displayed in Defendant's **Exhibit "19"** is a copy of the Orange County "Notice and Acknowledgment of Receipt – Civil" of Service, commencing the Action. The mailing date is reflected as "3/25/2011." The acknowledgment date is reflected, in Bell's style of writing, as "March 29, 2011." The presumably-negotiated "Stipulated Judgment" is dated by Bell as the very next day, March 30, 2011. This would suggest that the entire exercise is a sham, orchestrated in advance. There is further no question that the funds that ensued to America's Wholesale Lender, Inc. pursuant to this exercise were wired into the "Bell"-controlled account in Metropolis, Illinois. Indeed, Maurits Van Eck knew nothing about this charade, his name, title and signature being deftly grafted onto the various documents by Dennis Bell.

48.    Although at the time that Attorney Scott McKessy affixed his signature onto the Pleadings and Complaint, he knew that his client Dennis Bell was representing to the California Courts that defendant Van Eck was the "Senior Vice President" of America's Wholesale lender, Inc." (ironically, a representation that was truthful, albeit done by forged signatures). Nonetheless, McKessy would represent to this Federal Court in Connecticut that defendant was a mere "customer service representative," whatever that means. Indeed, as far as Defendant knows, there is no job category of "customer service representative" within the Company organization. It seems to be a convenient

16

EXHIBIT 1 - PAGE 17

fabrication to further the ends of this litigation. Mr. McKessy is to be roundly condemned for attaching the imprimatur of Halloran and Sage to such charade.

49.     The Court's attention is directed towards the matter of *Wells Fargo Bank v. Bank of New York, et al.*, Docket No. CIV-DS-10-12544, as annexed hereto as defendant's **Exhibit "21"**. In this bizarre case, it appears that homeowner ANDRE ROBINSON purchased a property in the County of San Bernardino, California, at 14321 Remington Court, Fontana 92336, on March 01, 2005. Apparently thereafter, Robinson obtained financing, was declared in "default," and a "Notice of default" was fined by the entity "Countrywide Home Loans, Inc." on 07/03/2008. Document # 2008-00301744 BK-PG.

50.     On September 30, 2009, in a Document executed in McCracken County, Kentucky, Dennis Bell created a "Substitution of Trustee and Full Reconveyance," removing Countrywide's "Chicago Title Company" as the recorded Trustee and inserting AWL as both Trustee and Beneficiary on the same Instrument.

51.     On November 04, 2009, in a Document executed in McCracken County, Kentucky, Dennis Bell created a further and apparently duplicative "Substitution of Trustee and Full Reconveyance," removing Countrywide's "Chicago Title Company" as the recorded Trustee and inserting AWL as both Trustee and Beneficiary on the same Instrument.

52.     On November 11, 2009, in a Document executed in Montgomery County, Tennessee, Dennis Bell created a *third* "Substitution of Trustee and Full Reconveyance," removing Countrywide's "Chicago Title Company" as the

17

EXHIBIT 1 - PAGE 18

recorded Trustee and inserting AWL as both Trustee and Beneficiary on the same Instrument.

53.     On September 05, 2009, and notarized in San Bernardino County, CA on September 15, 2009, Andre Robinson executed a "Deed of Trust with Assignment of Rents" in favor of "America's Wholesale Lender, A New York Corporation" as beneficiary.  The Document was recorded upon the land records as Document NO. 2009-0404958 [see:  Exhibit "21." ]

54.     The Property was then transferred to an entity styled as "Innovation Inc."

55.     The Property was then transferred into the "14231 Remington Court Trust."

57.     A fresh loan was placed on the property on November 09, 2009, from the Lender "Danco Inc.", and recorded on the Land Records.

58.     The "Trust" then sold the property to "Grant L. MacRorie," who then placed yet another fresh loan upon the Property, sourced from "Prospect Mortgage Inc." in a Recordation dated May 06, 2010.

59.     The "original trustee" filed a Notice of Sale on June 23, 2010,  but is unable to exercise any Sale due to the intervening Assignments. From this, the cited litigation has erupted.

60.     Throughout all this, the Court can note that the address used on the "Deed of Trust with Assignment of Rents," San Bernardino Document # 2009-0404958, is an entity described as "Devine Financial, 846 Maplewood Road, Wayne, PA 19087."  Devine Financial is yet another of the Bell incorporations,

18

EXHIBIT 1 - PAGE 19

obviously active prior to the Bell bankruptcy declaration. Yet no mention seems to surface anywhere within the Bell Bankruptcy Schedules and the Statement of Financial Affairs reflecting his interests in "Devine Financial," this property, any other property, or much of anything else. Yet 846 Maplewood is a property appraised at $3,500,000 [See: defendant's **Exhibit "22"**], and control of the property is held either by Bell's "Devine Financial" or some successor to Devine Financial, Wendmere Financial. In essence, $3,500,000 seems to have conveniently vanished off the radar. Yet, Bell is offering this property for sale on *Craigslist*.

## H.    AS TO THE 2ND BELL DECLARATION OF 29 SEPTEMBER 2011

61.    The Bell Declaration of September 29, 2011 ("the 2nd Declaration) has no credibility. This document, manufactured and introduced by McKessy and signed by Bell, recites at some length the matter of "Celia Calco-Crawford" and the litigation in Orange County, California. Bell emphatically declares in his "Declaration" that {para. 7} "AWL was never aware of the Crawford Action and never participated in that action. ..." [*See*: Bell 2nd Declaration, ¶ 7].

62.    This is belied by various Bell communications, including the two reproduced for the Court's inspection at defendant's **Exhibit "23"**. The first part of **"23"** shows an "e-mail" communication between Dennis Bell [describing himself as "massone99"] sent on April 20, 2011 to "Paul Nguyen," the person whom Bell represents is "conspiring" against him. It is undisputed that Nguyen is

19

EXHIBIT 1 - PAGE 20

in California. The e-mail states clearly in the header that the "Subject" of the communication is "**Client – Crawford.**"

63.     Equally disturbing, the gravamen of the e-mail message to Nguyen seems to suggest or infer that Bell is instructing Nguyen on how to manipulate the California Courts. Note the comment of "My suggestion is to go ahead and **file the state court action** and <u>serve</u> the acknowledgment of service. …[D]o the stip in state court and **get the judgment entered**. …. **I will do this one for you for 65K net**. …" [emphasis added]. It is not some arm's-length suit in Court; it is Bell instructing Nguyen to coach Beall on how to manipulate some suit through two parallel courts (County Court in California and the Federal Bankruptcy Court in California) so that the two, Bell and Nguyen, can split up the winnings.

64.     In the second page of Defendant's **Exhibit "23,"** appended, Bell as "massone99" sends an e-mail message to Paul Nguyen with the bank wiring information needed for the Crawford "deal." It becomes clear that, notwithstanding the bald allegations of the 2nd Bell Declaration proffered to this Court by Attorney McKessy, in fact Bell was deeply enmeshed in the "Crawford" matter as far back as April 2011. Bell was also deeply enmeshed with his buddy Nguyen.

65.     With respect to the allegations regarding "Wells," Bell admits that no money has changed hands. He declares that the "agreement" provides that $215,000. shall be paid to America's Wholesale Lender, not to the Defendant. It becomes difficult to ascertain what the avenue of complaint is. Bell then complains that a "proof of service" is signed by someone in Danville, Illinois. That

20

EXHIBIT 1 - PAGE 21

is not in Connecticut, and not by this Defendant; again, it is hard to reconcile these allegations with the bald representation by McKessy that the events underlying his *Complaint* are situated in Connecticut. Danville, upriver from Paducah, is 920 miles from Hartford, Connecticut.

66.  There is nothing in the 2nd Bell *Declaration* that invites credibility. McKessy through Bell claims that [¶ 13] "Defendant is not authorized to accept service on behalf of AWL." Yet Bell *himself* has represented to various Courts that defendant is the "Senior Vice President of America's Wholesale Lender, Inc." and has *himself* placed defendant's signature on proofs of service and then placed those documents into Court [*See*: Defendant's **Exhibit "19"**]. Any Officer of a Company is designated as appropriate for Service.

67.  The Court will note that these averments all come before this Court under the hand of Attorney Scott McKessy of Halloran and Sage. Together with the vast mounds of other paper with which McKessy has inundated this Court, precisely *none* of the representations made have anything to do with Connecticut and precisely *none* of the representations are truthful. McKessy has certain professional obligations to be candid and truthful to this Tribunal, and he has knowingly abused the trust and confidence that this Court would place in him. Coasting on the white-shoe reputation of Halloran and Sage, McKessy has procured utter rubbish and proffered it to this Court, manufactured by a seriously ill person with a demonstrated, indeed congenital, pattern of Findings of Misconduct before various Courts including multiple Federal Courts. McKessy is to be roundly condemned by this Court for his misconduct.

21

EXHIBIT 1 - PAGE 22

## H. **CONCLUDING OBSERVATIONS**

68. Defendant, cognizant of Bell's intention to render the Company insolvent and unable to pay creditors, and as an Officer of the Company, has declined to aid, administer, or assist in rendering the Company insolvent (and neither should the Courts). Presumably, as an Officer, Defendant herein may be found personally liable for the Company's debts after insolvency, when Bell takes flight with the Company funds, directs them to his fly-speck "bank" in cowpatch, Illinois, and disburses to himself and his interests, as has been his pattern in the past. Accordingly, Defendant has required that the Company through its Chairman and Chief Executive Officer, Tannenbaum in New York City, convene a Special Meeting of the Board of Directors and, should the Board so Resolve, then upon a verified copy of the Resolution the Defendant will send Company funds according to the dictates of that Resolution. Bell has refused to do so. Accordingly, Bell's maneuvers to render the Company insolvent are without Board approval.

69. On or about October 03, 2008, Dennis Bell, the Declarant and underlying motivator for the litigation at bar, filed suit against his lenders in the United States District Court for the Western District of Kentucky (Paducah), under docket no. 5:08-cv-00167-JHM-ERG, styled as *Dennis Bell v. Countrywide Home Loans, Inc.*. Notably, therein Dennis Bell named "America's Wholesale Lender, Inc." as a party Defendant. *See:* Docket Sheet, pg. 2, at Defendant's **Exhibit "13"**. Therein, at Item # 24, Dennis Bell entered a "Confession of Judgment by Defendant America's Wholesale Lender, Inc." In effect, Bell sued

22

EXHIBIT 1 - PAGE 23

himself and then entered a "confession of judgment" against himself. On February 04, 2009, the entire Action was Dismissed (Docket Item No. 48).

70.    The *Bell* Complaint, reproduced at Defendant's **Exh. 13**, demonstrates the disturbing aspects of Bell's approach to our Courts. The *Complaint* contains some 168 numbered paragraphs and 13 purported causes of action, all of which were dismissed.

71.    The Dismissal **ORDER** is reproduced at Defendant's **Exhibit "14"**. The **Memorandum Opinion and Order** [McKinley, J.] is unsettling in the recitations therein. The Court recites representations by the principal defendant, Countrywide Home Loans, that Bell has engaged in "questionable litigation tactics in state court;" that Bell "filed numerous frivolous Motions;" recites that Bell "was sanctioned by the McCracken Circuit Court for the unauthorized practice of law; deliberately gave false responses to written discovery requests; and engaged in at least eleven instances of perjury during his deposition testimony." *See*: ORDER at pg. 2.

72.    The **ORDER** further recites that "the Court cannot credit Bell's allegation..." the Court further cited Judge Clymer [{McCracken County Circuit Court, KY] in referring to Bell as:

"...A **'bald-faced liar'** after a long sanctions hearing in which Mr. Bell, , in fact, **lied *about his litigation history and credit score."***

See at Def. **Exhibit "14"**.

23

EXHIBIT 1 - PAGE 24

73.     The Court is thus confronted with a Declarant, and substantively the plaintiff albeit couched through some Corporate mantle, who is profoundly mentally ill. Sadly, Dennis Bell is a deeply disturbed person, suffering from acute paranoia, absolutely convinced that demons from near and far are conspiring against him. Bell has no credibility before this nor any other Court. All his claims and cases have resulted in Dismissals, adverse actions, and Sanctions.

74.     Distilled to its essence, the Court is confronted with one item: a cashier's check drawn by one "Linda Burk" to the payer "Chase Merritt Fund I, LLC." There is zero evidence that this check was ever endorsed, or otherwise became the property of, the named plaintiff herein. There is zero evidence that the funds that this cashier's check represents came into the hands of Defendant undersigned. There is zero evidence that this check ever left California. There may well be (and probably are) improprieties surrounding the circumstances of this check. The check itself was originally uncovered, ironically, by the Defendant, who sent a copy of it on to Dennis Bell. From there, Bell began his downward spiral into insanity and delusion.

75.     Bell, clothing himself as a corporate "plaintiff", cannot be permitted to yet once again wreak harms, injuries, and losses upon the populace while he is acting out his paranoias and persecutory delusions, simply because, this time around, he has inveigled the respectability mantle of Halloran and Sage, the white-shoe law firm. Halloran and Sage should be ashamed of themselves. Mr. McKessy's client Mr. Bell needs a doctor and a hospital, not a courtroom. McKessy knows perfectly well his client is ill.

24

EXHIBIT 1 - PAGE 25

WHEREFORE. Defendant Motions this Court for the following relief:

1. To Dismiss the Action with prejudice;

2. To pay the Defendant his costs;

3. Evidentiary hearing for imposition of Rule 11 Sanctions against

   Halloran and Sage, L.P.,

3. Such other and further relief as this Honorable Court may find right,

   proper, just and equitable, in the circumstances that pertain.

BY THE DEFENDANT,

MAURICE VAN ECK
177 E. 77th St, NY NY
c/o DONOVAN and DONOVAN
123 Elm Street
Old Saybrook, CT 06475

For mailed items:
P.O. Box 16
Ivoryton CT 06442-0016
Tel:  347-291-6409

Certificate of Service
Certified served by deposit into mails or by hand delivery onto
Halloran and Sage,LLP, 225 Asylum Street, Hartford CT 06103,
On October 07, 2011:

Defendant

25

EXHIBIT 1 - PAGE 26

# TABLE OF CONTENTS

Exhibit 1:     Google Maps of 423 Ferry Street, Metropolis, Illinois

                Wikipedia description of Metropolis, Illinois

Exhibit 2:     Profile, City National Bank of Metropolis, Metropolis, Illinois

Exhibit 3:     Dennis Bell e-mail of Friday,  9/30/11, see pg 2, line 2-3  RE: New York

Exhibit 4:     Diane Beall e-mail of 9.23.11 regarding erasure of e-mails

Exhibit 5:     reserved for future use

Exhibit 6:     Docket Sheet, *In re Bell*, U.S.Bankr.Ct, W.D.KY (Paducah) 10-50501

Exhibit 7:     Bell e-mail of Thursday, 9/22/11 to Diane Beall

Exhibit 8:     Docket Sheet, *In re Emerald Bay Revocable Trust,* U.S.Bk.Ct. S.D.IL

Exhibit 9:     Transcript of Proceedings, U.S.Bk.Ct. S.D.IL. 11.3.10 *In re Emerald Bay*

Exhibit 10:    Minutes of Court, U.S.Bk.Ct. S.D.IL  *In re Emerald Bay*, July 28, 2010

Exhibit 11:    ORDER, *In re Emerald Bay,* U.S.Bk.Ct. S.D.IL 9/22/10

Exhibit 12:    Cheri English self-profile, filed on Internet.

Exhibit 13:    *Bell v. Countrywide Home Loans et al*, U.S.D.C., W.D.KY 08-cv-00167

Exhibit 14:    *Bell v. Countrywide*, MEMORANDUM OPINION AND ORDER, 02/04/09

Exhibit 15:    *In re Bell*, U.S.Bk.Ct., W.D.KY, docket and schedules, 10-50501

Exhibit 16:    Double D Trucking, LLC, Commonwealth of KY Reports.

Exhibit 17:    reserved for future use

Exhibit 18:    Wendmere Funding, LLC, Commonwealth of Kentucky Reports

Exhibit 19:    Judgment, Service Receipts, *In re Nguyen*, Orange Cty. Sup Ct., 3/30/11

Exhibit 20:    Copy, Bell signature and seal, from Bell *Declaration*, Exh. "A"

Exhibit 21:    *Wells Fargo v. Bank of New York et al*, San Bern. Cty Ct., Civ-DS1012544

Exhibit 22:    Appraisal, 846 Maplewood Avenue, Radnor Twp., PA

Exhibit 23:    Bell e-mail to Nguyen *in re Crawford*, 4.20.11; e-mail "wire" 4.14.11

EXHIBIT 1 - PAGE 27

# EXHIBIT

# 1

EXHIBIT 1 - PAGE 28

**Google** maps  Address **423 Ferry St**
**Metropolis, IL 62960**





EXHIBIT 1 - PAGE 29

# Metropolis, Illinois

From Wikipedia, the free encyclopedia

Coordinates: 37°9′12″N 88°43′31″W

**Metropolis** is a city located along the Ohio River in Massac County, Illinois, in the United States. As of the 2000 census, the city population was 6,482. It is the county seat of Massac County.[1] Metropolis is part of the Paducah, KY-IL Micropolitan Statistical Area and also located in Southern Illinois.

| Metropolis City | |
|---|---|
| <br>_Elijah P. Curtis House in Metropolis_ | |
| **Country** | United States |
| **State** | Illinois |
| **County** | Massac |
| **Coordinates** | 37°9′12″N 88°43′31″W |
| **Area**<br> - land | 5.1 sq mi (13 km²)<br>5.1 sq mi (13 km²) |
| **Density** | 1,295.1 / sq mi<br>(500 / km²) |
| **Timezone**<br> - summer (DST)<br>**Postal code**<br>**Area code** | CST (UTC-6)<br>CDT (UTC-5)<br>62960<br>618 |

## Contents

- 1 History
- 2 In popular culture
- 3 Geography
- 4 Demographics
- 5 Transportation
- 6 Healthcare
- 7 Notable people
- 8 Metropolis vs. Smallville
- 9 Superman references
- 10 See also
- 11 Footnotes
- 12 External links

## History

Located on the Ohio River, the Metropolis area has been settled by many different peoples over history. For thousands of years, varying cultures of Native Americans originally populated the area. The most complex society was the Mississippian culture, which reached its peak out 1100 AD and built a large city at Cahokia, near present-day Collinsville, Illinois. Its people built large earthworks and related structures, many of which remain at the UNESCO World Heritage Site. Mississippian culture regional centers arose throughout the Ohio and lower Mississippian valleys, where the rivers were part of widespread trading routes.

In 1757, Massac County was settled by a French expedition, which built Fort De L'Ascension for use during the French and Indian War (also known as the Seven Years War. The forces at the fort were able to resist a Cherokee attack during the war. Afterward the defeated French abandoned the fort. When the victorious British came to possess territory ceded by the French,

EXHIBIT 1 - PAGE 30

the Chickasaw had already destroyed the fort.

Its mostly ethnic French residents were sympathetic to the rebels. In 1794 General George Washington ordered Fort Massac reconstructed. The fort was severely damaged by the New Madrid earthquake of 1811-12, and was abandoned by US military forces in 1 and left little behind of the original construction materials.



He picked the site because it was high above the river. In 1843, the Illin McCartney family became leaders in building the town.

Prior to the American Civil War, some groups worked to establish a W present-day Metropolis and the nearby area of Kentucky. An 1850 ma encamped in the vicinity during the early years of the American Civil W more farmers held slaves than in other parts of the state, as this section South, the state stayed with the Union during the war.

Metropolis is also home to Harrah's Metropolis casino/hotel, a riverboa the region, making tourism one of the city's largest industries. Metropoli Hexafluoride Processing Facility, which converts milled uranium into uranium hexafluoride for publications [2]

# In popular culture

- On January 21, 1972 DC Comics declared Metropolis the "Hometown of Superman".
- On June 9, 1972 the Illinois State Legislature passed Resolution 572 that declared Metropolis the "Hometown of Superman," the comic book superhero who is based in the fictional city of Metropolis.[3]
- The city has erected a large Superman statue, and fans created a small Superman museum. The city holds an annual Superman Celebration held the second weekend in June.
- The local newspaper is named *The Metropolis Planet (http://www.MetropolisPlanet.com)*, inspired by *The Daily Planet*, the fictional paper in Superman's Metropolis.

# Geography

Metropolis is located at 37°9′12″N 88°43′31″W (37.153332, -88.725374).[4]

According to the United States Census Bureau, the city has a total area of 5.1 square miles (13.1 km²), of which 5.0 square miles (13.0 km²) of it is land and 0.1 square miles (0.2 km²) of it (1.18%) is water.

# Demographics

As of the census[5] of 2000, there were 6,482 people, 2,896 households, and 1,708 families residing in the city. The population density was 1,295.1 people per square mile (499.5/km²). There were 3,265 housing units at an average density of 652.3 per square mile (251.6/km²). The racial makeup of the city was 90.53% White, 7.61% African American, 0.20% Native American, 0.20% Asian, 0.45% from other races, and 1.02% from two or more races. Hispanics or Latinos of any race were 0.74% of the population.

There were 2,896 households out of which 24.4% had children under the age of 18 living with them, 43.6% were

EXHIBIT 1 - PAGE 31

# EXHIBIT

# 2

EXHIBIT 1 - PAGE 32



**Banks**

*US Bank Profiles*

faqs.org » Banks

Bank Search:

Search

# The City National Bank of Metropolis in Metropolis, Illinois (IL)



The City National Bank of Metropolis routing number info

**Table of contents:**

- Overview:
  - General
  - Location
  - History of Changes
  - Financial
- Detailed Financial Reports:
  - Assets and Liabilities
  - Income and Expense

EXHIBIT 1 - PAGE 33

- ○ Performance and Condition Ratios
- • All branches (2):
  - ○ Illinois branches (2)

### The City National Bank of Metropolis

**FDIC Certificate #:** 3814
**Status:** Active
**Federal Reserve ID:** 298245
**Bank Holding Company (Regulatory Top Holder):** City National Bankcorp, Inc. (RSSDID: 1129672, Location: Metropolis, IL)
**Date Established:** July 01, 1908
**WWW:** http://www.cnb-metropolis.com
**Trust Powers Granted:** Yes
**Bank Charter Class:** Commercial bank, national (federal) charter and Fed member, supervised by the Office of the Comptroller of the Currency (OCC)
**Offices:** 2 (Domestic: 2, Interstate: No)
**OTS Docket #:** 13107
**FDIC's unique #:** 2475
**Numeric code:** 3

General    **Regulator:** OCC
**Insurance Fund Membership:** Deposit Insurance Fund (DIF)
**Insured commercial Banks:** Yes
**FDIC Insured:** Yes
**Deposit Insurance Fund member:** Yes
**Ownership Type:** Non-Stock
**FFIEC Call Report 31 Filer:** No
**State Chartered:** No
**Subchapter S Corporations:** No
**Asset Concentration Hierarchy:** All Other Specialization < 1 Billion
**Date of Deposit Insurance:** January 01, 1934
**Last Structure Change Effective Date:** March 31, 2006
**Last Structure Change Process Date:** November 03, 2006
**Last Data Update:** November 03, 2006
**Data Source Date:** Febuary 17, 2011

**Address:** 423 Ferry Street, Metropolis, IL 62960
**County:** Massac
**Quarterly Banking Profile Region:** Chicago
**FDIC Geographic Region:** Chicago
**FDIC Supervisory Region:** Chicago

Location    **FDIC Field Office:** Mount Vernon
**Office of the Comptroller the Currency (OCC) District:** Central
**Office of Thrift Supervision Region:** Central
**Combined Statistical Area (CSA):** Paducah-Mayfield, KY-IL (#424)
**Core Based Statistical Area (CBSA):** Paducah, KY-IL (#37140)
**CBSA Micro Statistical Area:** Yes

History of Changes    Merge BIF and SAIF Funds into DIF

**Total assets:** $26.8 mil
**Equity capital:** $3.4 mil

EXHIBIT 1 - PAGE 34

**Financial Summary**

**Deposits held in domestic offices:** $20.1 mil
**Return on assets (ROA):** 1.01.2021% ($0.3 mil)
**Quarterly return on assets:** 1.01.1940% ($0.3 mil)
**Return on Equity (ROE):** 1.09.1943% ($0.0 mil)
**Quarterly return on equity:** 1.10.1990% ($0.0 mil)
**Net income:** $0.2 mil
**Quarterly Net income:** $0.9 mil
**Pretax return on assets:** 1.01.1963% ($270.6 mil)
**Quarterly Pretax return on assets:** 1.01.1991% ($270.6 mil)





EXHIBIT 1 - PAGE 35





### Historical total employees (full-time equivalent)



EXHIBIT 1 - PAGE 36



### Assets and Liabilities (December 31, 2010)
#### (Dollar figures in thousands)

| | |
|---|---|
| **Total employees (full-time equivalent)** | 42 |
| **Total assets** | **$278,172** |
| Cash and due from depository institutions | $4,399 |
| Interest-bearing balances | $531 |
| Securities | $131,995 |
| Federal funds sold & reverse repurchase agreements | $0 |
| Net loans & leases | $135,148 |
| Loan loss allowance | $2,147 |
| Trading account assets | $0 |
| Bank premises and fixed assets | $2,312 |
| Other real estate owned | $69 |
| Goodwill and other intangibles | $0 |
| All other assets | $4,249 |
| Life insurance assets | $0 |
| **Total liabilities and capital** | **$278,172** |
| Total liabilities | $246,418 |
| Total deposits | $214,604 |
| Interest-bearing deposits | $198,890 |
| Deposits held in domestic offices | $214,604 |
| % insured (estimated) | 88.41% |
| Federal funds purchased & repurchase agreements | $8,162 |
| Trading liabilities | $0 |
| Other borrowed funds | $22,759 |
| Subordinated debt | $0 |
| All other liabilities | $893 |
| Total equity capital | $31,754 |

EXHIBIT 1 - PAGE 37

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/26/12 Page 38 of 101 Page ID
Case 3:11-cv-01495-CRD Document 25 Filed 10/07/1 Page 97 of 140
#:1544

| | |
|---|---|
| Total bank equity capital | $31,754 |
| Perpetual preferred stock | $31,754 |
| Common stock | $0 |
| Surplus | $400 |
| Undivided profits | $400 |
| **Memoranda** | |
| Noncurrent loans and leases | $30,954 |
| Noncurrent loans that are wholly or partially guaranteed by the U.S. government | $14,507 |
| Income earned, not collected on loans | $0 |
| Earning assets | $2,473 |
| Long-term assets (5+ years) | $0 |
| Average Assets, year-to-date | $1,689 |
| Average Assets, quarterly | $267,674 |
| Volatile liabilities | $134,481 |
| Insider loans | $257,197 |
| FHLB advances | $273,032 |
| Loans and leases held for sale | $28,419 |
| Unused loan commitments | $2,478 |
| Tier 1 (core) risk-based capital | $22,759 |
| Tier 2 risk-based capital | $0 |
| Total risk weighted assets | $0 |
| Total unused commitments | $14,507 |
| Restructured Loans and leases | $1,157 |
| Derivatives | $1,716 |

Back to page top, Back to table top

| Income and Expense (December 31, 2010) (Dollar figures in thousands) | |
|---|---|
| Total interest income | $12,244 |
| Total interest expense | $3,956 |
| Net interest income | $8,288 |
| Provision for loan and lease losses | $750 |
| Total noninterest income | $860 |
| Fiduciary activities | $0 |
| Service charges on deposit accounts | $485 |
| Trading account gains & fees | $0 |
| Additional noninterest income | $375 |
| Total noninterest expense | $4,442 |
| Salaries and employee benefits | $2,437 |
| Premises and equipment expense | $436 |
| Additional noninterest expense | $1,569 |

EXHIBIT 1 - PAGE 38

| | |
|---|---|
| Pre-tax net operating income | $3,956 |
| Securities gains (losses) | $484 |
| Applicable income taxes | $1,229 |
| Income before extraordinary items | $3,211 |
| Extraordinary gains - net | $0 |
| **Net income attributable to bank** | **$3,211** |
| Net charge-offs | $0 |
| Cash dividends | $3,211 |
| Sale, conversion, retirement of capital stock, net | $330 |
| Net operating income | $984 |

Back to page top, Back to table top

### Performance and Condition Ratios (December 31, 2010)
(Dollar figures in thousands)

| Performance Ratios (%, annualized) | |
|---|---|
| Yield on earning assets | 4.96% |
| Cost of funding earning assets | 1.60% |
| Net interest margin | 3.36% |
| Noninterest income to earning assets | 0.35% |
| Noninterest expense to earning assets | 1.80% |
| Net operating income to assets | 1.11% |
| Return on assets (ROA) | 1.25% |
| Pretax return on assets | 1.73% |
| Return on equity (ROE) | 9.95% |
| Retained earnings to average equity (YTD only) | 6.90% |
| Net charge-offs to loans | 0.25% |
| Credit loss provision to net charge-offs | 227.27% |
| Efficiency ratio | 14.26% |
| Assets per employee | $48,557 |
| Cash dividends to net income (YTD only) | 6.62% |
| **Condition Ratios (%)** | |
| Loss allowance to loans | 30.64% |
| Loss allowance to noncurrent loans | 1.56% |
| Noncurrent assets plus other real estate owned to assets | 86.82% |
| Noncurrent loans to loans | 0.91% |
| Net loans and leases to deposits | 1.80% |
| Net loans and leases to core deposits | 62.98% |
| Equity capital to assets | 69.54% |
| Core capital (leverage) ratio | 11.42% |
| Tier 1 risk-based capital ratio | 11.70% |
| Total risk-based capital ratio | 22.46% |

Memoranda

EXHIBIT 1 - PAGE 39

memoranda

| | |
|---|---|
| Average assets | $24 |
| Average earning assets | $257,197 |
| Average equity | $32,276 |
| Average loans | $247,031 |

Back to page top, Back to table top

| | | 2 Illinois Branches as of Febuary 17, 2011 | | | | |
|---|---|---|---|---|---|---|
| No | ID | Name | Address | Established | Service Type | Map |
| 0 | 2475 | The City National Bank Of Metropolis | 423 Ferry Street, Metropolis, IL 62960 | July 01, 1908 | Full Service Brick and Mortar | |
| 1 | 444390 | I-24 Branch | 2070 East 5th Street, Metropolis, IL 62960 | September 01, 2005 | Full Service Brick and Mortar | |

Back to page top



Recent posts about Personal Finance on our forum with over 1,200,000 registered users:

- **Credit score system, unfair and way too strict** (143 replies)
- **Bank Debit Card Fees** (160 replies)
- **friends loan** (6 replies)
- **Who is at fault for BoA raising fees?** (9 replies)
- **How the lottery is a tax on the stupid.** (34 replies)
- **Loan or credit card for dental work?** (9 replies)

Based on public records. Inadvertent errors are possible.
Faqs.org does not guarantee the accuracy or timeliness of any information on this site. Use at your own risk.

Some parts © 2011 Advameg, Inc.

EXHIBIT 1 - PAGE 40



george tomas <georgeatawl@gmail.com>

# (no subject)

oneoutback@comcast.net <oneoutback@comcast.net>          Fri, Sep 30, 2011 at 6:22 PM
To: george tomas <georgeatawl@gmail.com>, mckessy@halloran-sage.com

George, aka Jan, aka Maurice, et al, Van Eck,

To the extent there is anything understandable in your email I will attempt to respond.

As to the first parahraph, whatever you have devoted yourself to is nothing that has been requested or approved by Americas Wholesale Lender. Based upon that, I will assume you are pursuing your own interests, much as you did when you stole the $450K plus from AWL and entered into transactions without the knowledge or consent of AWL. Surely you recognize that you are facing criminal charges and prison time for this theft.

As to paragraph 2, I have no idea where you are getting your information from, but I am cleaning up the mess that you created by your fraud and theft, and I certainly do not want you involved with any matters of AWL. You have been notified of your termination, and any further acts on your part done in the name of AWL will be addressed with additional criminal charges. With regard to the "Purloined Funds" that you state will never be recovered, lets not forget that you admit to having $450K of them in the unauthorized AWL account that you secretly opened, and no funds could have been stolen without your assistance of executing documents without the knowledge, consent, or safeguards required for these types of transactions, and then having AWL's funds paid into your secret bank account with the assistance of the "scoundrels" with whom you conspired. It is amazing to me that you clearly see them as scoundrels, but you see yourself as something different when you are sitting on over $450K in stolen AWL funds which you acquired only with the criminal assistance of these same scoundrels.

In paragraph 4 you suggest that I have salary issues. I assume you are not speaking for the scoundrels, nor would you suggest that I pay them for defraudung AWL of several hunderd-thousand dollars. Or with helping you steal several hundred-thousand more. Accordingly, I will assume that you believe you are entitled to compensation for services provided to, and authorized by, AWL.

With regard to the several hundred-thousand dollars "purloined" by the scoundrels with your criminal assistance, am I to assume that you are taking responsibility for your actions taken in the name of AWL and thus will repay those funds or reimburse AWL for the loss you caused? Surely you don't expect to be compensated for causing the theft of several hundred-thousand dollars. Next would be the several hundred-thousand dollars that you have stolen. Are you

EXHIBIT 1 - PAGE 41

asking to be compensated for stealing this money and for your criminal actions taken against AWL in the process of your theft. I'm pretty sure the State of New York will not require that I pay you for that.

With respect to any other services that you believe you are not compensated for, please itemize your services including the dates of service provided with a full itemization and description of such services. Please indicate who requested or approved such services within AWL. Also indicate whether these services were criminal in nature and whether you stole other funds in the course of providing these services. Also, you will need to provide a copy of each and every document you prepared, executed, altered or presented on behalf of AWL in conjunction with these services, and to whom you presented it for service or payment. Based upon such information, then provide the amount you claim to be owed by AWL.

Lastly, please provide your full name, physical address, social security number, and total number of deductions claimed.

Please provide this information within the next 48 hours so hopefully we can address it at the upcomming hearing.

In a possible effort to avoid criminal prosecution and serious prison time, I would suggest that you contact Scott McKessy at Halloran-Sage who is counsel for AWL. If you will return the stolen money and agree to assist with the criminal investigation against the others involved, I think Mr. McKessy could help you avoid the criminal consequences of your actions related to AWL. You would need to do that within 48 hours from receipt of this email.


Sincerely,


Dennis Bell, President

americas Wholesale Lender, Inc.

---

**From:** "george tomas" <georgeatawl@gmail.com>
**To:** "oneoutback" <oneoutback@comcast.net>
**Sent:** Tuesday, September 27, 2011 1:48:23 PM

[Quoted text hidden]

[Quoted text hidden]

---

EXHIBIT 1 - PAGE 42

Redacted - Attorney / Client Privilege

--- On **Wed, 9/28/11, Jan van Eck <*dutchman4753@gmail.com*>** wrote:

From: Jan van Eck <dutchman4753@gmail.com>
Subject: Re: Fw: AWL Settlement Agreement
To: "massone99" <massone99@yahoo.com>
Date: Wednesday, September 28, 2011, 9:32 AM

There is an interesting line in *Casino Royale*, after the auto crash, where Bond
and the accountant are down in the bowels of the converted barge. Mr. White
enters and Le Chiffre says to him, referring to the $105 million he gambled away
selling short positions: "I'll get the money." To which Mr. White responds:
"Money isn't as important to our organization as knowing whom to trust."

Something you choose note to ponder, I note.

On Mon, Sep 26, 2011 at 7:28 PM, massone99 <massone99@yahoo.com>
wrote:
  Jan-
  Can you enlighten me on this. Obviously this is one that you and Paul Nguyen
  were invloved in. Are going to let this woman loose her home, or are you going
  to provide the file on this?

  --- On **Mon, 9/26/11, Merry Wells <*lovecatts@gmail.com*>** wrote:

  From: Merry Wells <lovecatts@gmail.com>
  Subject: AWL Settlement Agreement
  To: "'massone99'" <massone99@yahoo.com>

9/28/2011

EXHIBIT 1 - PAGE 43

Date: Monday, September 26, 2011, 5:17 PM

Dear Mr. Dennis Bell,

I am contacting you directly due to the fact you seem to be the only person that has any answers. My name is Merry Wells and I currently have a settlement agreement (Stipulated Judgment signed by Superior Court of Orange County, CA) with AWL signed by a Maurice Van Eck. It has come to our attention that he is no longer working with AWL and we are looking to be assured that our agreement can continue with Escrow and complete our reconveyance. I do not know if you are aware of our case and/or have the documentation you have requested. We do have our copies of any and all documents you may need.

Is there anyone we can contact within your company to handle this through to completion? I need to discuss this situation with an officer of AWL, please take a moment of your time and let me know who to connect with.

Thank you so much for your time and attention this important matter.

Merry Wells
951-733-9978

EXHIBIT 1 - PAGE 44

# EXHIBIT

# 3

EXHIBIT 1 - PAGE 45



george tomas <georgeatawl@gmail.com>

## (no subject)

oneoutback@comcast.net <oneoutback@comcast.net>
To: george tomas <georgeatawl@gmail.com>, mckessy@halloran-sage.com

Fri, Sep 30, 2011 at 6:22 PM

George, aka Jan, aka Maurice, et al, Van Eck,

To the extent there is anything understandable in your email I will attempt to respond.

As to the first parahraph, whatever you have devoted yourself to is nothing that has been requested or approved by Americas Wholesale Lender. Based upon that, I will assume you are pursuing your own interests, much as you did when you stole the $450K plus from AWL and entered into transactions without the knowledge or consent of AWL. Surely you recognize that you are facing criminal charges and prison time for this theft.

As to paragraph 2, I have no idea where you are getting your information from, but I am cleaning up the mess that you created by your fraud and theft, and I certainly do not want you involved with any matters of AWL. You have been notified of your termination, and any further acts on your part done in the name of AWL will be addressed with additional criminal charges. With regard to the "Purloined Funds" that you state will never be recovered, lets not forget that you admit to having $450K of them in the unauthorized AWL account that you secretly opened, and no funds could have been stolen without your assistance of executing documents without the knowledge, consent, or safeguards required for these types of transactions, and then having AWL's funds paid into your secret bank account with the assistance of the "scoundrels" with whom you conspired. It is amazing to me that you clearly see them as scoundrels, but you see yourself as something different when you are sitting on over $450K in stolen AWL funds which you acquired only with the criminal assistance of these same scoundrels.

In paragraph 4 you suggest that I have salary issues. I assume you are not speaking for the scoundrels, nor would you suggest that I pay them for defraudung AWL of several hundred-thousand dollars. Or with helping you steal several hundred-thousand more. Accordingly, I will assume that you believe that you are entitled to compensation for services provided to, and authorized by, AWL.

With regard to the several hundred-thousand dollars "purloined" by the scoundrels with your criminal assistance, am I to assume that you are taking responsibility for your actions taken in the name of AWL and thus will repay those funds or reimburse AWL for the loss you caused? Surely you don't expect to be compensated for causing the theft of several hundred-thousand dollars. Next would be the several hundred-thousand dollars that you have stolen. Are you

EXHIBIT 1 - PAGE 46

asking to be compensated for stealing this money and for your criminal actions taken against AWL in the process of your theft. I'm pretty sure the State of New York will not require that I pay you for that.

With respect to any other services that you believe you are not compensated for, please itemize your services including the dates of service provided with a full itemization and description of such services. Please indicate who requested or approved such services within AWL. Also indicate whether these services were criminal in nature and whether you stole other funds in the course of providing these services. Also, you will need to provide a copy of each and every document you prepared, executed, altered or presented on behalf of AWL in conjunction with these services, and to whom you presented it for service or payment. Based upon such information, then provide the amount you claim to be owed by AWL.

Lastly, please provide your full name, physical address, social security number, and total number of deductions claimed.

Please provide this information within the next 48 hours so hopefully we can address it at the upcomming hearing.

In a possible effort to avoid criminal prosecution and serious prison time, I would suggest that you contact Scott McKessy at Halloran-Sage who is counsel for AWL. If you will return the stolen money and agree to assist with the criminal investigation against the others involved, I think Mr. McKessy could help you avoid the criminal consequences of your actions related to AWL. You would need to do that within 48 hours from receipt of this email.

Sincerely,

Dennis Bell, President

americas Wholesale Lender, Inc.

---

**From:** "george tomas" <georgeatawl@gmail.com>
**To:** "oneoutback" <oneoutback@comcast.net>
**Sent:** Tuesday, September 27, 2011 1:48:23 PM

[Quoted text hidden]

[Quoted text hidden]

---

EXHIBIT 1 - PAGE 47

# EXHIBIT

# 4

EXHIBIT 1 - PAGE 48

Sent from my iPhone

On Sep 23, 2011, at 3:53 PM, Diane Beall <attorneydianebeall@gmail.com> wrote:

I do not have either of their residence addresses. The email addresses I have are above.  I don't know how this happened and it is hard to understand or believe but it appears that every E-mail from me to Paul and Paul to me was deleted from my email account.?????

EXHIBIT 1 - PAGE 49

Case 8:11-cv-01490-CFD Document 29 Filed 10/07/11 Page 50 of 156 Page ID

# EXHIBIT

# 6

EXHIBIT 1 - PAGE 50

KVWB Production Database

1 of 20

**CLOSED, MEANSNO, DISMISSED-PREJUDICE**

https://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?248876595045651... KVWB Production Database

## U.S. Bankruptcy Court
### Western District of Kentucky (Paducah)
### Bankruptcy Petition #: 10-50501

| | |
|---|---|
| *Assigned to:* Thomas H. Fulton | *Date filed:* 04/21/2010 |
| Chapter 7 | *Date terminated:* 11/10/2010 |
| Voluntary | *Debtor dismissed:* 10/26/2010 |
| No asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| **Debtor** | represented by **Steve Vidmer** |
| **Dennis L. Bell** | 3091 North 4th St |
| 2934 Benton Road | Murray, KY 42071 |
| Paducah, KY 42003 | 270-753-1752 |
| (270) 558-1571 | Fax: 270-753-1757 |
| SSN / ITIN: xxx-xx-5466 | Email: svidmer8@gmail.com |

| | |
|---|---|
| **Trustee** | represented by **Deborah R. Simon** |
| **Deborah R. Simon** | U.S. Bank Building |
| U.S. Bank Building | 333 Broadway, Suite 607 |
| 333 Broadway, Suite 607 | Paducah, KY 42001-0720 |
| Paducah, KY 42001-0720 | (270) 443-0340 |
| (270) 443-0340 | Fax: (270) 443-3818 |
| | Email: trustee@drsimonlaw.com |

| | |
|---|---|
| **US Trustee** | |
| **Joseph J. Golden** | |
| Office of the U.S. Trustee | |
| 601 W. Broadway #512 | |
| Louisville, Ky 40202 | |
| (502)582-6000 | |

| Filing Date | # | Docket Text |
|---|---|---|
| 04/21/2010 | 1 | Chapter 7 Voluntary Petition, Fee Amount Paid $0. Filed by Dennis L. Bell . **Remaining Petition Due by 5/5/2010**. This case may be dismissed without further notice if the schedules are not filed timely. (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | 2 | PDF Notice Request sent to pro-se debtor setting deadline for remaining schedules to be filed with the Court regarding related documents: Voluntary Petition 1 ). (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | 3 | Application to Pay Filing Fee in Installments . Filed by Debtor Dennis L. Bell (Attachments: # 1 Proposed Order) (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | 4 | Certificate of Credit Counseling. Filed by Dennis L. Bell (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | 5 | Statement of Social Security Number. Filed by Dennis L. Bell (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | | Notice of Deficiency, Statement of Current Monthly Income and Means Test Calculation has not been filed Filer is directed to file the required document by the date set. Chapter 7 Statement of Current Monthly Income and Means Test Calculation Due by 5/5/2010. This case may be dismissed without further notice if the document is not filed timely. (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | | PDF Notice Request sent to pro-se debtor regarding (related documents: Notice of Deficiency-Statement of Current Monthly Income Not Filed-7). (Powell, N) (Entered: 04/21/2010) |
| 04/21/2010 | 6 | Meeting of Creditors & Notice of Appointment of Interim Trustee Deborah R. Simon with 34 (a) meeting to be held on 06/10/2010 at 12:30PM at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. Objections to Discharge due by 08/09/2010. Order to debtor and attorney for turnover of documents. The debtor is required to file a Certification of Completion of Financial Management Training within forty-five days of the first date set for the Section 341 Meeting. (Entered: 04/22/2010) |
| 04/22/2010 | 7 | Order To Pay Filing Fees In Installments. Failure to pay fee as ordered will result in the dismissal of the case, so ORDERED by /s/ Judge Fulton. Total Amount Due : $299.00. Please be advised that the Court cannot accept personal checks as a form of payment. First Half of Remaining Balance due by 5/24/2010 Second Half of Remaining Balance due by 6/23/2010. (Preston, T) |
| | | This Notice of Electronic Filing is the Official ORDER for this entry. No documents is attached |
| | | (Entered: 04/22/2010) |

EXHIBIT 1 - PAGE 51

| Date | No. | Description |
|---|---|---|
| 04/22/2010 | 8 | PDF Notice Request regarding (related documents- Order to Pay Filing Fees in Installments 7 ) (Preston, T) (Entered: 04/22/2010) |
| 04/22/2010 | 9 | Chapter 7 Section 341 Notice sent to BNC for noticing to all creditors and parties in interest Order sent to BNC for noticing to debtor and attorney for turnover of documents. If applicable, notice regarding personal financial management training requirement sent to BNC for noticing to the debtor and debtor's attorney, S) (Entered: 04/22/2010) |
| 04/23/2010 | | Receipt of Payment. Receipt Number 173429, Fee Amount PAID $299.00. Authorization Number MO 17912043112 (related document[s] ) Chapter 7 Voluntary Petition. Fee Amount Paid $0. Filed by Dennis L. Bell. 7 Order To Pay Filing Fees In Installments. Failure to pay fee as ordered will result in the dismissal of the case, so ORDERED to pay fee by /s/ Judge Fulton. Total Amount Due $299.00 Please be advised that the Court cannot accept personal checks as a form of payment. First Half of Remaining Balance due by 5/24/2010 Second Half of Remaining Balance due by 6/23/2010. (Preston, T) (Powell, N) (Entered: 04/23/2010) |
| 04/23/2010 | 10 | BNC Certificate of Mailing - PDF Notice Request sent to pro-se debtor regarding deadline for remaining schedules to be filed with the Court regarding (related documents- Notice of Deficiency-Statement of Current Monthly Income Not Filed-7). (Powell, N) Service Date 04/23/2010. (Admin.) (Entered: 04/24/2010) |
| 04/23/2010 | 11 | BNC Certificate of Mailing - PDF Notice Request (related document[s] 6 PDF Notice Request sent to pro-se debtor regarding (related documents- Notice of Deficiency-Statement of Current Monthly Income Not Filed-7). (Powell, N)). Service Date 04/23/2010. (Admin.) (Entered: 04/24/2010) |
| 04/24/2010 | 12 | BNC Certificate of Mailing - Meeting of Creditors (related document[s] 9 Chapter 7 Section 341 Notice sent to BNC for noticing to all creditors and parties in interest. Order sent to BNC for noticing to debtor and attorney for turnover of documents. If applicable, notice regarding personal financial management training requirement sent to BNC for noticing to the debtor and debtor's attorney. (Greathouse, S)). Service Date 04/24/2010. (Admin.) (Entered: 04/25/2010) |
| 04/24/2010 | 13 | BNC Certificate of Mailing - Order to Debtor. Service Date 04/24/2010. (Admin.) (Entered: 04/25/2010) |
| 04/24/2010 | 14 | BNC Certificate of Mailing - Notice of Financial Management Requirement. Service Date 04/24/2010. (Admin.) (Entered: 04/25/2010) |
| 04/24/2010 | 15 | BNC Certificate of Mailing - Trustee's Preferred Methodology for Document Turnover. Service Date 04/24/2010. (Admin.) (Entered: 04/25/2010) |
| 04/24/2010 | 16 | BNC Certificate of Mailing - PDF Notice Request regarding (related documents- Order to Pay Filing Fees in Installments 7 ). (Preston, T). Service Date 04/24/2010. (Admin.) (Entered: 04/25/2010) |
| 04/26/2010 | 17 | Sua Sponte Notice of Hearing at which time the Debtor shall appear before the Court. Status hearing to be held on 5/13/2010 at 09:00 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: pro se debtor (Estrada, A). (Entered: 04/26/2010) |
| 04/28/2010 | 18 | BNC Certificate of Mailing - Hearing (related document[s] 17 Sua Sponte Notice of Hearing at which time the Debtor shall appear before the Court. Status hearing to be held on 5/13/2010 at 09:00 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: pro se debtor (Estrada, A)). Service Date 04/28/2010 (Admin.) (Entered: 04/29/2010) |
| 05/03/2010 | 19 | Creditor Request for Notices . Filed by Fifth Third Bank (Bonial, Hillary) (Entered: 05/03/2010) |
| 05/06/2010 | 20 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A (related document[s] ) Notice of Deficiency-Statement of Current Monthly Income Not Filed-7). Filed by Dennis L. Bell (Ernst, D) (Entered: 05/06/2010) |
| 05/06/2010 | 21 | Motion to Continue Hearing On Status hearing scheduled on May 13, 2010. (related document[s] 17 Sua Sponte Notice of Hearing at which time the Debtor shall appear before the Court. Status hearing to be held on 5/13/2010 at 09:00 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: pro se debtor (Estrada, A)) Filed by Debtor Dennis L. Bell (Attachments: # 1 Proposed Order) (Ernst, D) (Entered: 05/06/2010) |
| 05/06/2010 | 22 | Notice of Hearing regarding Debtor's Motion to Continue the Status Hearing Scheduled on May 13, 2010 21 . Hearing scheduled for 5/13/2010 at 09:00 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: service list. (Davis, S) (Entered: 05/06/2010) |

EXHIBIT 1 - PAGE 52

| Date | No. | Description |
|---|---|---|
| 05/08/2010 | 23 | BNC Certificate of Mailing - Hearing (related document(s) 22 Notice of Hearing regarding Debtor's Motion to Continue the Status Hearing Scheduled on May 13, 2010 21 . Hearing scheduled for 5/13/2010 at 09:00 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: service list. (Davis, SI). Service Date 05/08/2010. (Admin) (Entered: 05/09/2010) |
| 05/10/2010 | 24 | Notice of Appearance and Request for Notice by Todd A. Farmer . Filed by on behalf of Glenda Marie McClure (Farmer, Todd) (Entered: 05/10/2010) |
| 05/10/2010 | 25 | Motion for Relief from Stay regarding litigation claim . Filed by Creditor Glenda Marie McClure (Attachments: # 1 Proposed Order) (Farmer, Todd) (Entered: 05/10/2010) |
| 05/10/2010 | 26 | Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home . Filed by Creditor Debbie Warner (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Proposed Order) (Farmer, Todd) (Entered: 05/10/2010) |
| 05/10/2010 | 27 | Motion to Extend time to File remaining schedules. , Filed by Debtor Dennis L. Bell (Attachments: # 1 Proposed Order) (Vidmer, Steve) (Entered: 05/10/2010) |
| 05/11/2010 | 28 | Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home . Motion to Abandon litigation claim/1995 Four Seasons mobile home Fee Amount $ 150. Filed by Creditor Debbie Warner (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Proposed Order) (Farmer, Todd) (Entered: 05/11/2010) |
| 05/11/2010 | | Receipt of filing for Abandon(10-50501) [motion,mabn]( 150.00). Receipt number 4293973. (U.S. Treasury) (Entered: 05/11/2010) |
| 05/11/2010 | 29 | Motion for Relief from Stay regarding litigation claim. Motion to Abandon litigation claim Fee Amount $ 150. Filed by Creditor Glenda Marie McClure (Attachments: # 1 Proposed Order) (Farmer, Todd) (Entered: 05/11/2010) |
| 05/11/2010 | | Receipt of filing for Abandon(10-50501) [motion,mabn]( 150.00). Receipt number 4294045. (U.S. Treasury) (Entered: 05/11/2010) |
| 05/11/2010 | 30 | Order Granting Motion to Extend Time to file remaining schedules . Debtor shall file all remaining schedules on or before May 19, 2010. (Related Doc # 27 ) Incomplete Filings due by 5/19/2010. This case may be dismissed without further notice if the schedules are not filed timely. (Entered: on 5/11/2010. (Ernst, D) (Entered: 05/11/2010) |
| 05/12/2010 | 31 | Notice for Objections regarding Motion for Relief from Stay regarding litigation claim . Motion to Abandon litigation claim Fee Amount $ 150. Filed by Creditor Glenda Marie McClure (Attachments: # 1 Proposed Order) (Farmer, Todd) 29 . Objections due by 5/26/2010. (Ernst, D) (Entered: 05/12/2010) |
| 05/12/2010 | 32 | Notice for Objections regarding Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home Fee Amount $ 150. Filed by Creditor Debbie Warner (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Proposed Order) (Farmer, Todd) 28 . Objections due by 5/26/2010. (Ernst, D) (Entered: 05/12/2010) |
| 05/12/2010 | 33 | Notice of Appearance and Request for Notice by Mark C. Whitlow . Filed by on behalf of Countrywide Home Loans (Whitlow, Mark) (Entered: 05/12/2010) |
| 05/13/2010 | 34 | Creditor Request for Notices and Entry of Appearance . Filed by BAC Home Loan Servicing, Inc. (Nance, Richard) (Entered: 05/13/2010) |
| 05/13/2010 | 35 | Document Notice of Motion to Transfer Venue Pursuant to Federal Rule of Bankruptcy Procedure 1014(b). Filed by BAC Home Loan Servicing, Inc. (Nance, Richard) (Entered: 05/13/2010) |
| 05/14/2010 | 36 | BNC Certificate of Mailing - Notice for Objections (related document(s) 31 Notice for Objections regarding Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home . Motion to Abandon litigation claim/1995 Four Seasons mobile home Fee Amount $ 150. Filed by Creditor Debbie Warner (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Proposed Order) (Farmer, Todd) 28 . Objections due by 5/26/2010, (Ernst, D)) Service Date 05/14/2010. (Admin.) (Entered: 05/15/2010) |
| 05/14/2010 | 37 | BNC Certificate of Mailing - Notice for Objections (related document(s) 32 Notice for Objections regarding Motion for Relief from Stay regarding litigation claim. Motion to Abandon litigation claim Fee Amount $150. Filed by Creditor Glenda Marie McClure (Attachments: # 1 Proposed Order) (Farmer, Todd) 29 . Objections due by 5/26/2010. (Ernst, D)) Service Date 05/14/2010. (Admin.) (Entered: 05/15/2010) |
| 05/17/2010 | | Status Hearing Held on May 13, 2010 at which time the Debtor and Debtor's counsel appeared before the Court along with Todd Farmer |

**EXHIBIT 1 - PAGE 53**

KYWB Production Database
7 of 20
https://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?248817655595661...

| | | |
|---|---|---|
| 05/17/2010 | | and Mark Whitlow (related document(s) 17 . (Estrada, A) (Entered: 05/17/2010) |
| 05/17/2010 | 38 | Notice of Hearing regarding the following pleadings: Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home , Motion to Abandon litigation claim/1995 Four Seasons mobile home Filed by Creditor Debbie Warner 28 AND ON Motion for Relief from Stay regarding litigation claim , Motion to Abandon litigation claim Filed by Creditor Glenda Marie McClure 29 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 6/24/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: SL Warner and McClure (Estrada, A) (Entered: 05/17/2010) |
| 05/17/2010 | | Order of the Court to continue status hearing held on May 13, 2010. 17 , so ORDERED by /s/ Judge Fulton. Status hearing to be held on 6/24/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. (Estrada, A) |
| 05/17/2010 | 39 | This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. (Entered: 05/17/2010) |
| 05/19/2010 | 40 ■ | Schedules NOTICE, SOFA, SOL, A-J, DECL., ATTY COMP., VERIFICATION, FORM 22A. Filed by Denni L. Bell (Vidmer, Steve) (Entered: 05/19/2010) |
| 05/19/2010 | 41 | BNC Certificate of Mailing - Hearing (related document(s) 38 Notice of Hearing regarding the following pleadings: Motion for Relief from Stay regarding litigation claim/1995 Four Seasons mobile home , Motion to Abandon litigation claim/1995 Four Seasons mobile home Filed by Creditor Debbie Warner 28 AND ON Motion for Relief from Stay regarding litigation claim , Motion to Abandon litigation claim Filed by Creditor Glenda Marie McClure 29 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 6/24/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: SL Warner and McClure (Estrada, A)). Service Date 05/19/2010 (Admin.) (Entered: 05/20/2010) |
| 05/25/2010 | | Final Installment Payment. (Ernst, D) (Entered: 05/25/2010) |

9/20/2011 12:03 PM 8 of 20

KYWB Production Database
https://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?248817655595661...

| | | |
|---|---|---|
| 06/09/2010 | 42 | Motion for Relief from Stay regarding Certain Real Property . Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Proposed Order) (Vance, Richard) (Entered: 06/09/2010) |
| 06/09/2010 | | Order of the Court DENYING Motion for Relief from Stay regarding Certain Real Property 42 for failure to file the document in CM/ECF using the appropriate event(s), so ORDERED by /s/ Judge Fulton. The matter may be reconsidered upon the filing of a renewed motion using the event codes motion for relief from stay and request for abandonment. (Ernst, D) |
| 06/10/2010 | 43 | This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. Modified on 6/10/2010 (Ernst, D). (Entered: 06/10/2010) |
| 06/10/2010 | 44 | Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane, in addition to Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane . Filed by Creditors BAC Home Loan Servicing, Inc., Countrywide Home Loans (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D# 5 Exhibit Exhibit E# 6 Exhibit Exhibit F# 7 Exhibit Exhibit G# 8 Exhibit Exhibit H# 9 Exhibit Exhibit I# 10 Exhibit Exhibit J# 11 Exhibit Exhibit K# 12 Proposed Order) (Robertson, David) Modified on 6/11/2010 by (Greathouse, S). (Entered: 06/10/2010) |
| 06/11/2010 | | Notice of Deficiency. A fee is due for the related document and has not been paid due to an error made in the docketing or an error that occurred in the electronic filing system. To pay the fee, you must docket Request for Assessment of Fees under the Miscellaneous category and insert a fee amount of $150.00 when prompted. Upon the failure to pay the fee by the indicated date, the document may be stricken OR as regarding filing fees for new cases or fee installments, case will be dismissed. If you believe that you have received this notice in error, please contact the Court at 502-627-5700. NOTE:PLEASE BE ADVISED THAT USE OF INTERNET EXPLORER IS REQUIRED FOR THE FILING OF ANY DOCUMENT REQUIRING A FEE IN ECF. IF YOU ARE USING A DIFFERENT WEB BROWSER, PLEASE FILE ALL FUTURE DOCUMENTS REQUIRING FEES USING INTERNET EXPLORER. (related document(s) 44 Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenu, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor |

9/20/2011 12:03 PM

EXHIBIT 1 - PAGE 54

9 of 20

KYWB Production Database

http://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?248876559556661-L... KYWB Production Database

| Date | No. | Description |
|---|---|---|
| 06/17/2010 | | BAC Home Loans Servicing, Inc. Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane . Miscellaneous Deadline 6/18/2010. (Greathouse, S) (Entered: 06/11/2010) |
| 06/11/2010 | 45 | Notice for Objections regarding Renewed Motion for Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane . in addition to Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane . Filed by Creditor BAC Home Loan Servicing, Inc., Countrywide Home Loans (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D# 5 Exhibit Exhibit E# 6 Exhibit Exhibit F# 7 Exhibit Exhibit G# 8 Exhibit Exhibit H# 9 Exhibit Exhibit I# 10 Exhibit Exhibit J# 11 Exhibit Exhibit K# 12 Proposed Order) (Robertson, David) Modified on 6/18/2010. (Greathouse, S) 44 Objections due by 6/25/2010. (Greathouse, S) (Entered: 06/11/2010) |
| 06/11/2010 | 46 | Request for Assessment of Fees. Fee Amount $150.00 (related document(s) 44 Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenu, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor BAC Home Loan Servicing, Inc., Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane ). Filed by BAC Home Loan Servicing, Inc., Countrywide Home Loans (Robertson, David) (Entered: 06/11/2010) |
| 06/11/2010 | | Receipt of filing fee for Request for Assessment of Fees(10-50591)[misc,reqafee] ( 150.00). Receipt number 4346226. (U.S. Treasury) (Entered: 06/11/2010) |
| 06/11/2010 | | BNC Certificate of Mailing - Notice for Objections (related document(s) 45 Notice for Objections regarding Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane . in addition to Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane . Filed by Creditor BAC Home Loan Servicing, Inc., Countrywide Home Loans (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C# 4 Exhibit Exhibit D# 5 Exhibit Exhibit E# 6 Exhibit Exhibit F# 7 Exhibit Exhibit G# 8 Exhibit Exhibit H# 9 Exhibit Exhibit I# 10 Exhibit Exhibit J# 11 Exhibit Exhibit K# 12 Proposed Order) (Robertson, David) Modified on 6/11/2010 (Greathouse, S)). 44 Objections due by 6/25/2010 (Greathouse, S)). Service Date 06/13/2010. (Admin.) (Entered: 06/14/2010) |
| 06/13/2010 | 47 | Motion for Relief from Stay regarding 2914 Benton Road Paducah, KY 42003 , in addition to Motion to Abandon 2914 Benton Road |
| 06/17/2010 | 48 | Paducah, KY 42003 Fee Amount $ 150. (Attachments: # 1 Exhibit # 2 Proposed Order) (Pearson, Rachel) Modified on 6/18/2010 (Ernst, D) (Entered: 06/17/2010) |
| 06/17/2010 | | Receipt of filing fee for Abandon(10-50591)[motion,mabn] ( 150.00). Receipt number 4357323. (U.S. Treasury) (Entered: 06/17/2010) |
| 06/18/2010 | 49 | Notice for Objections regarding Motion for Relief from Stay regarding 2914 Benton Road Paducah, KY 42003 , in addition to Motion to Abandon 2914 Benton Road Paducah, KY 42003 Fee Amount $ 150 . Filed by Creditor Chase Home Finance LLC (Attachments: # 1 Exhibit # 2 Proposed Order) (Pearson, Rachel) Modified on 6/18/2010 (Ernst, D). 48 Objections due by 7/2/2010. (Ernst, D) (Entered: 06/18/2010) |
| 06/19/2010 | | Adjourned Meeting of Creditors by Trustee. Section 341 meeting to be held on 8/5/2010 at 12:30 PM at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. (Simon, Deborah) (Entered: 06/19/2010) |
| 06/20/2010 | 50 | BNC Certificate of Mailing - Notice for Objections (related document(s) 49 Notice for Objections regarding Motion for Relief from Stay regarding 2914 Benton Road Paducah, KY 42003 , in addition to Motion to Abandon 2914 Benton Road Paducah, KY 42003 Fee Amount $ 150 . Filed by Creditor Chase Home Finance LLC (Attachments: # 1 Exhibit # 2 Proposed Order) (Pearson, Rachel) Modified on 6/18/2010 (Ernst, D). 48 Objections due by 7/2/2010. (Ernst, D)). Service Date 06/20/2010. (Admin.) (Entered: 06/21/2010) |
| 06/24/2010 | 51 | Objection to Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor BAC Home Loan Servicing, Inc. 44 , Motion to Abandon 2914 Benton Road Paducah, KY 42003 . Filed by Debtor Dennis L. Bell (Attachments: # 1 Exhibit Complaint and Assignment of Mortgage# 2 Exhibit Complaint and Assignment of Mortgage) (Vidmer, Steve) (Entered: 06/24/2010) |
| 06/24/2010 | 52 | Order Granting Motion For Abandonment (Related Doc # 28 ). Granting Motion For Abandonment (Related Doc # 28 ) Entered on 6/24/2010. (Ernst, D) (Entered: 06/24/2010) |

EXHIBIT 1 - PAGE 55

Case 8:12-cv-00242-CJC-AN Document 50-29 Filed 03/26/12 Page 56 of 56 Page ID #:1562
Case 3:10-cv-01493-CFD Document 29-1 Filed 11/01/07 Page 1 of 56

11 of 20    KYWB Production Database

http://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?724887659505466631    KYWB Production Database

| Date | No. | Description |
|---|---|---|
| 06/24/2010 | 53 | Order Granting Motion For Relief From Stay (Related Doc # 29). Granting Motion For Abandonment (Related Doc # 22.) Entered on 6/24/2010 (Ernst, D) (Entered: 06/24/2010) |
| 06/28/2010 | 54 | Motion for Relief from Stay regarding 2115 Park Ave, Paducah, KY 42001, in addition to Motion to Abandon Fee Amount $ 150. Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit # 2 Proposed Order) (Taylor, Ronald) (Entered: 06/28/2010) |
| 06/28/2010 | | Receipt of filing fee for Abandon(0-50501) [motion,mabn] ( 150.00). Receipt number 4373777, (U.S. Treasury) (Entered: 06/28/2010) |
| 06/29/2010 | | Status Hearing Held (on June 24, 2010 related document(s) 39 (Estrada, A) (Entered: 06/29/2010) |
| 06/29/2010 | 55 | Notice for Objections regarding Motion for Relief from Stay regarding 2115 Park Ave, Paducah, KY 42001, in addition to Motion to Abandon Fee Amount $ 150. Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit # 2 Proposed Order) 54 Objections due by 7/13/2010, (Estrada, A) (Entered: 06/29/2010) |
| 06/29/2010 | 56 | Notice of Hearing regarding Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane, in addition to Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane Filed by Creditors BAC Home Loan Servicing, Inc. Countrywide Home Loans 44 and on the Objection filed thereto. Hearing scheduled for 7/22/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: sl and objecting party (Estrada, A) (Entered: 06/29/2010) |
| 07/01/2010 | 57 | BNC Certificate of Mailing - Hearing (related document(s) 56 Notice of Hearing regarding Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane, in addition to Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane Filed by Creditors BAC Home Loan Servicing, Inc., Countrywide Home Loans 44 and on the Objection filed thereto. Hearing scheduled for 7/22/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: sl and objecting party (Estrada, A)) Service Date 07/01/2010 (Admin.) (Entered: 07/02/2010) |
| 07/01/2010 | 58 | BNC Certificate of Mailing - Notice for Objections regarding Motion for Relief documents) 55 Notice for Objections regarding Motion for Relief |

9/20/2011 12:03 PM 14 of 20

http://ecf.kywb.uscourts.gov/cgi-bin/DktRpt.pl?724887659505466631

| Date | No. | Description |
|---|---|---|
| 07/01/2010 | | from Stay regarding 2115 Park Ave, Paducah, KY 42001, in addition to Motion to Abandon Fee Amount $ 150. Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit # 2 Proposed Order) (Taylor, Ronald) 54 ... 7/13/2010, (Ernst, D)) Service Date 07/01/2010 (Admin.) (Entered: 07/02/2010) |
| 07/07/2010 | 59 | Order Granting Motion For Abandonment (Related Doc # 48 ). Granting Motion For Relief From Stay regarding 2115 Park Ave, Paducah, KY 42001, in addition to Motion to Abandon Fee Amount $ 150. Filed by Creditor BAC Home Loan Servicing, Inc. (Taylor, Ronald) (Entered: 07/07/2010) |
| 07/07/2010 | 60 | Withdrawal of Document (related document(s) 54 Motion for Relief from Stay regarding 2115 Park Ave, Paducah, KY 42001 filed by Creditor BAC Home Loan Servicing, Inc., Motion to Abandon Fee Amount $ 150 ). Filed by BAC Home Loan Servicing, Inc. (Taylor, Ronald) (Entered: 07/07/2010) |
| 07/09/2010 | 60 | Response to Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor BAC Home Loan Servicing, Inc. 44, Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane. Objection to Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane filed by Debtor Dennis L. Bell 51. ■ Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit Exh L # 2 Exhibit Exh M# 3 Exhibit 1# 4 Exhibit 2# 5 Exhibit 3# 6 Exhibit 4# 7 Exhibit 5# 8 Exhibit 6# 9 Exhibit 7# 10 Exhibit 8# 11 Exhibit 9# 12 Exhibit 10# 13 Exhibit 11-Part 1# 14 Exhibit 11-Part 2# 15 Exhibit 11-Part 3# 16 Exhibit 12# 17 Exhibit 13# 18 Exhibit 14# 19 Exhibit 15# 20 Exhibit 16# 21 Exhibit 17# 22 Exhibit 18# 23 Exhibit 19# 24 Exhibit 20) (Vance, Richard) (Entered: 07/19/2010) |
| 07/19/2010 | 61 | |
| 07/22/2010 | 62 | Order Granting Motion For Relief From Stay (Related Doc # 44 ). Granting Motion For Abandonment (Related Doc # 48 ) Entered on 7/22/2010. (Preston, T) (Entered: 07/22/2010) |
| 07/27/2010 | 63 | Motion to Reconsider Court Order granting Motion for Relief from Stay and Abandonment filed by BAC Home Loan Servicing, Inc. (related document(s) 62 Order Granting Motion For Relief From Stay (Related Doc # 48 ), Granting Motion For Abandonment |

9/20/2011 12:03 PM 20 of 20

EXHIBIT 1 - PAGE 56

| Date | # | Description | Date | # | Description |
|---|---|---|---|---|---|
| | | (Related Doc # 44 ) (Entered on 7/22/2010. (Preston, T)) Filed by Debtor Dennis L. Bell (Attachments: # 1 Proposed Order) (Ernst, D) (Entered: 07/27/2010) | | | HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 8/19/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: matrix (Estrada, A)). Service Date 08/06/2010. (Admin) (Entered: 08/06/2010) |
| 07/29/2010 | | Order that the Instant Motion is GRANTED and the July 22 Order is vacated and set aside. BAC shall, within fourteen (14) days after entry of this Order, file with the Court (a) proof of BAC's organization and existence, certified by the appropriate official of the state of BAC's incorporation, and (b) such other documentation as is necessary to demonstrate how BAC is successor in interest to Countrywide with respect to the property in question, at which time BAC's motion to terminate the automatic stay shall stand submitted (related document(s) 63 Motion to Reconsider Court Order granting Motion for Relief from Stay and Abandonment filed by BAC Home Loans Servicing, Inc. filed by Debtor Dennis L. Bell). 65 Order on Motion for Relief From Stay, Order on Motion to Abandon Document due by 8/12/2010. Entered on 7/29/2010 (Ernst, D) (Entered: 07/29/2010) | 08/06/2010 | 70 | Motion to extend time to object to debtor's discharge. Filed by Trustee Deborah B. Simon (Attachments: # 1 Proposed Order) (Simon, Deborah) (Entered: 08/06/2010) |
| 07/29/2010 | 64 | PDF Notice Request regarding (related documents) 64 , Order to File Document). cc: debtor (Miscellaneous Relief). (Ernst, D) (Entered: 07/29/2010) | 08/06/2010 | | Meeting of Creditors Held - Asset Status is undetermined at this time (Simon, Deborah) (Entered: 08/06/2010) |
| 07/31/2010 | 66 | BNC Certificate of Mailing - PDF Notice Request (related document(s) 65 PDF Notice Request regarding (related documents) 64 , Order to File Document). cc: debtor (Miscellaneous Relief). (Ernst, D)). Service Date 07/31/2010. (Admin.) (Entered: 08/01/2010) | 08/09/2010 | 71 | Adversary case 10-05028. (Attachments: # 1 Exhibit A thru H # 2 Adversary Cover Sheet) (14 (Recovery of money/property - other)),(21 (Validity, priority or extent of lien or other interest in property)),(72 (Injunctive relief - other)),(91 (Declaratory judgment)),(01 (Determination of removed claim or cause)) Complaint by Dennis L. Bell against BAC Home Loans Servicing, Inc., Countrywide Home Loans, Inc., Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., Richard A. Vance, DOES I TO V. (Brown, C) (Entered: 08/09/2010) |
| 08/01/2010 | 67 | Motion to Extend time to Object to Debtor's Discharge or Dischargeability of Debt. Filed by Creditor BAC Home Loans Servicing, LP (Attachments: # 1 Proposed Order) (Vance, Richard) (Entered: 08/02/2010) | 08/09/2010 | 72 | Adversary case 10-05029. (Attachments: # 1 Adversary Proceeding Cover Sheet) (11 (Recovery of money/property - 542 turnover of property)),(14 (Recovery of money/property - other)),(21 (Validity, priority or extent of lien or other interest in property)),(72 (Injunctive relief - other)),(91 (Declaratory judgment)) Complaint by Dennis L. Bell against RBC Mortgage Company, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., DOES I TO XX. (Brown, C) (Entered: 08/09/2010) |
| 08/02/2010 | 67 | BNC Certificate of Mailing - Notice of Hearing (related document(s) 67 Notice of Hearing regarding Motion to Extend time to Object to Debtor's Discharge or Dischargeability of Debt Filed by Creditor BAC Home Loans Servicing, LP 67 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 8/19/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: matrix (Estrada, A)) (Entered: 08/03/2010) | 08/09/2010 | 73 | Adversary case 10-05030. (Attachments: # 1 Exhibit A thru H # 2 Adversary Proceeding Cover Sheet) (21 (Validity, priority or extent of lien or other interest in property)),(72 (Injunctive relief - other)),(91 (Declaratory judgment)) Complaint by Dennis L. Bell against RBC Mortgage Company, Chase Home Finance, LLC, Mortgage Electronic Registration Systems, Inc., DOES I TO XX. (Brown, C) (Entered: 08/09/2010) |
| 08/02/2010 | 68 | Notice of Hearing regarding Motion to Extend time to Object to Debtor's Discharge or Dischargeability of Debt by Creditor BAC Home Loans Servicing, LP 67 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 8/19/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: matrix (Estrada, A) (Entered: 08/03/2010) | 08/09/2010 | 74 | Notice for Objections regarding Motion to extend time to object to debtor's discharge. Filed by Trustee Deborah B. Simon (Attachments: # 1 Proposed Order) (Simon, Deborah) 70 . Objections due by 8/30/2010.(Smithson, M) (Entered: 08/09/2010) |
| 08/05/2010 | 69 | BNC Certificate of Mailing (related document(s) 68 Notice of Hearing regarding Motion to Extend time to Object to Debtor's Discharge or Dischargeability of Debt Filed by Creditor BAC Home Loans Servicing, LP 67 . ANY OBJECTION TO THE MOTION | 08/11/2010 | 75 | BNC Certificate of Mailing - Notice for Objections (related document(s) 74 Notice for Objections regarding Motion to extend time to object to debtor's discharge. Filed by Trustee Deborah B. |

EXHIBIT 1 - PAGE 57

15 of 20    KYWB Production Database

KYWB Production Database

| Date | Doc # | Description |
|---|---|---|
| | | Simon (Attachments: # 1 Proposed Order) (Simon, Deborah) 70 Objections due by 8/30/2010. (Smithson, M)). Service Date 08/11/2010 (Admin) (Entered 08/12/2010) |
| | | Response to Order that the Instant Motion is GRANTED and the July 27 Order is vacated and set aside. BAC shall, within fourteen (14) days after entry of this Order, file with the Court (a) proof of BAC's organization and existence, certified by the appropriate official of the state of BAC's incorporation, and (b) such other documentation as is necessary to demonstrate how BAC is successor in interest to Countrywide with respect to the property in question, at which time BAC's motion to terminate the automatic stay shall stand submitted (related document(s) 62 Motion to Reconsider Court Order granting Motion for Relief from Stay and Abandonment filed by BAC Home Loan Servicing, Inc. filed by Debtor Dennis L. Bell) 62 Order on Motion for Relief from Stay, Order on Motion to |
| 08/12/2010 | 76 | Abandon Document due by 8/12/2010. Entered on 7/29/2010 (Ernst, D). 44 , Filed by Creditor BAC Home Loans Servicing, (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit C-1 # 5 Exhibit C-2 # 6 Exhibit C-3# 7 Exhibit C-4 # 8 Exhibit C-5 # 9 Exhibit C-6# 10 Exhibit C-7# 11 Exhibit D# 12 Exhibit E# 13 Exhibit F# 14 Exhibit G# 15 Exhibit H# 16 Exhibit I# 17 Exhibit J# 18 Exhibit K# 19 Exhibit L# 20 Exhibit M# 21 Exhibit N# 22 Exhibit O# 23 Exhibit P# 24 Exhibit Q# 25 Exhibit R# 26 Proposed Order) (Vance, Richard) (Entered: 08/12/2010) |
| 08/13/2010 | | Matter Submitted Re: (related document(s) 44 Renewed Motion for Relief from Stay regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor BAC Home Loan Servicing, Inc., Motion to Abandon Real Estate Related to Benton Road, Park Avenue, and Burkhart Lane ). Matter Under Advisement. (Ernst, D) (Entered: 08/13/2010) |
| 08/13/2010 | 77 | Order Granting Motion For Relief From Stay (Related Doc # 44 ), Granting Motion For Abandonment (Related Doc # 44 ) Entered on 8/13/2010. (Ernst, D) (Entered: 08/13/2010) |
| 08/20/2010 | 78 | Order Granting Motion to Extend Time to object to discharge. The deadline for BAC to file a complaint is extended up to and including September 15, 2010. (Related Doc # 67 ) Objection to Miscellaneous Discharge due by 9/15/2010. (Entered: 08/20/2010) |
| 08/20/2010 | 79 | Motion to Reconsider (related document(s) 77 Order Granting Motion For Relief From Stay (Related Doc # 44 ) Granting Motion For Abandonment (Related Doc # 44 ) Entered on 8/13/2010. (Ernst, D) |

| Date | Doc # | Description |
|---|---|---|
| | | D), 78 Order Granting Motion to Extend Time to object to discharge. The deadline for BAC to file a complaint is extended up and including September 15, 2010. (Related Doc # 67 ) Objection to Miscellaneous Discharge due by 9/15/2010. Entered on 8/20/2010. (Ernst, D)) Filed by Debtor Dennis L. Bell (Attachments: # 1 Notice# 2 Proposed Order # 2 Exhibit) (Ernst, D) (Entered: 08/23/2010) |
| 08/23/2010 | 80 | Objection to Renewed Motion for Relief from Stay and Motion to Abandon regarding Real Estate on Benton Road, Park Avenue, and Burkhart Lane filed by Creditor Countrywide Home Loans, Creditor BAC Home Loan Servicing, Inc. 44 . Motion to Extend time to Object to Discharge or Dischargeability of Debt filed by Creditor BAC Home Loan Servicing, LP 67 . Response 76 Filed by Debtor Dennis L. Bell Modified on 8/23/2010 (Ernst, D). (Entered: 08/23/2010) |
| 08/24/2010 | 81 | Notice of Hearing regarding Motion for Reconsideration and Question of Jurisdiction Filed by Debtor Dennis L. Bell 77 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001 at which time the Debtor and Debtor's counsel shall appear before the Court. Richard Vance shall appear telephonically. cc: jd (related document(s) 77 (Related Doc # 44 ) 78 (Related Doc # 67 )(Estrada, A)). (Entered: 08/24/2010) |
| 08/26/2010 | 82 | BNC Certificate of Mailing - Hearing (related document(s) 81 Notice of Hearing regarding Motion for Reconsideration and Question of Jurisdiction filed by Debtor Dennis L. Bell ) 77 . ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001 at which time the Debtor and Debtor's counsel shall appear before the Court. Richard Vance shall appear telephonically. cc: jd (related document(s) 77 (Related Doc # 44 ) 78 (Related Doc # 67 )(Estrada, A)). Service Date 08/26/2010. (Admin) (Entered: 08/27/2010) |
| 08/31/2010 | 83 | Order Granting Motion to Extend Time to object to discharge. The Trustee shall have an extension of time up to and including 60 days from the date of the entry of this order, within which to object to the debtor's discharge. (Related Doc # 70 ) 78 (Related Doc # 67 ) (Estrada, A). Service Date 08/26/2010 (Admin) (Entered on 8/31/2010. (Ernst, D) |

**EXHIBIT 1 - PAGE 58**

KYWB Production Database

17 of 20

9/20/2011 12:03 PM18 of 20

http://ecfweb.uscourts.gov/cgi-bin/DktRpt.pl?248876959054663-L_

KYWB Production Database

| | | |
|---|---|---|
| | | (Entered: 08/31/2010) |
| 08/31/2010 | 84 | Second Motion to Extend time to Object to Discharge or Dischargeability. Filed by Creditor BAC Home Loans Servicing, LP (Attachments: # 1 Proposed Order) Modified on 9/1/2010 (Smithson, M). (Entered: 08/31/2010) |
| 08/31/2010 | 85 | Objection to Motion to Reconsider filed by Debtor Dennis L. Ball 79. Filed by Creditor BAC Home Loans Servicing, LP (Vance, Richard). (Entered: 08/31/2010) |
| 08/31/2010 | 86 | Motion to Strike Reply and Objection filed by Creditor BAC Home Loans Servicing, LP (Attachments: # 1 Proposed Order) (Vance, Richard) (Entered: 08/31/2010) |
| 09/01/2010 | 87 | Notice of Hearing regarding the Second Motion to Extend time to Object to Discharge or Dischargeability. Filed by Creditor BAC Home Loans Servicing, LP 84; and, the Motion to Strike Reply and Objection filed August 23, 2010. Filed by Creditor BAC Home Loans Servicing, LP 86. ANY OBJECTION TO THE MOTIONS HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Paducah, KY 42001. cc: Service List. (Rupp, B)) (Entered: 09/01/2010) |
| 09/09/2010 | 88 | BNC Certificate of Mailing - Hearing (related document(s) 87 Notice of Hearing regarding the Second Motion to Extend time to Object to Discharge or Dischargeability. Filed by Creditor BAC Home Loans Servicing, LP, 84 ; and, the Motion to Strike Reply and Objection filed August 23, 2010. Filed by Creditor BAC Home Loans Servicing, LP 86. ANY OBJECTION TO THE MOTIONS HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Paducah, KY 42001. cc: Service List. (Rupp, B)). Service Date 09/03/2010. (Admin). (Entered: 09/04/2010) |
| 09/09/2010 | 89 | Notice of Appearance and Request for Notice by Dustin E. Meek. Filed by on behalf of Chase Home Finance LLC (Meek, Dustin) (Entered: 09/09/2010) |
| 09/09/2010 | 90 | Notice of Appearance and Request for Notice by James R. Craig. Filed by on behalf of Chase Home Finance LLC (Craig, James) (Entered: 09/09/2010) |

| | | |
|---|---|---|
| 09/13/2010 | 91 | Trustee's Motion to Dismiss Case. Filed by Trustee Deborah B. Simon (Attachments: # 1 Exhibit (August 23, 2010 letter from Trustee to Debtor)# 2 Proposed Order) (Simon, Deborah) (Entered: 09/13/2010) |
| 09/14/2010 | 92 | Notice of Hearing regarding the Trustee's Motion to Dismiss Case. Filed by Trustee Deborah B. Simon 91. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: Matrix (Rupp, B)) (Entered: 09/14/2010) |
| 09/15/2010 | 93 | Motion to Continue Hearing On Trustee's Motion to Dismiss scheduled for 9/23/2010 at 9:30 a.m. (related document(s) 92 Notice of Hearing regarding the Trustee's Motion to Dismiss Case. Filed by Trustee Deborah B. Simon 91. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. cc: Matrix (Rupp, B)) Filed by Trustee Deborah B. Simon (Attachments: # 1 Proposed Order) (Simon, Deborah) (Entered: 09/15/2010) |
| 09/16/2010 | 94 | Order Granting Trustee's Motion to Continue the Hearing Previously Scheduled on 9/23/2010 93 regarding the Trustee's Motion to Dismiss Case 91. Hearing CONTINUED to 10/21/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. (Entered on 9/16/2010. (Davis, S) (Entered 09/16/2010) |
| 09/16/2010 | 95 | PDF Notice Request regarding (related documents. Order on Motion to Continue/Reschedule Hearing 94 ) (Davis, S) (Entered: 09/16/2010) |
| 09/16/2010 | 96 | Motion to Extend time to Object to Discharge. Filed by Creditor Chase Home Finance LLC (Attachments: # 1 Proposed Order) (Craig, James) (Entered: 09/16/2010) |
| 09/16/2010 | 97 | Motion to Continue Hearing On (1) Debtor's Motion for Reconsideration and Question of Jurisdiction, (2) BAC's Second Motion to Extend Time to Object to Discharge or Dischargeability, and (3) BAC's Motion to Strike Reply and Objection filed August 23, 2010 (related document(s) 79 Motion to Reconsider filed by Debtor Dennis L. Ball, 84 Second Motion to Extend time to Object to Discharge or Dischargeability filed by Creditor BAC Home Loans Servicing, LP, 86 Motion to Strike Reply and Objection filed August 23, 2010 filed by Creditor BAC Home Loans Servicing, LP) Filed by Creditor BAC Home Loans Servicing, LP (Attachments: # 1 Proposed Order) (Vance, Richard) (Entered: 09/16/2010) |

| | | |
|---|---|---|
| 09/16/2010 | 98 | BNC Certificate of Mailing. (related document(s) 92 Notice of Hearing regarding the Trustee's Motion to Dismiss Case. Filed by Trustee Deborah B. Simon 91. Hearing scheduled for 9/23/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th. & Broadway, Paducah, KY 42001. cc: Matrix (Rupe, B)). Service Date 09/16/2010. (Admin.) (Entered: 09/17/2010) |
| 09/18/2010 | 99 | BNC Certificate of Mailing - PDF Notice Request (related document(s) 95 PDF Notice Request regarding (related documents-Order on Motion to Continue/Reschedule Hearing 94.) (Davis, S)). Service Date 09/18/2010. (Admin.) (Entered: 09/19/2010) |
| 09/20/2010 | 100 | Notice of Hearing regarding Motion to Extend time to Object to Discharge Filed by Creditor Chase Home Finance LLC 96. ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 10/21/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th. & Broadway, Paducah, KY 42001. cc: sl and dh (Estrada, A) (Entered: 09/20/2010) |
| 09/20/2010 | 101 | Order Granting Motion To Reschedule Hearing On the following pleadings: Debtor's Motion for Reconsideration and Question of Jurisdiction, BAC's Second Motion to Extend Time for Compliant to Object to Discharge and Dischargeability, and BAC's Motion to Strike Reply and Objection filed August 23, 2010. (Related Doc # 97) Hearing scheduled for 10/21/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th & Broadway, Paducah, KY 42001. Entered on 9/20/2010. (Estrada, A) (Entered: 09/20/2010) |
| 09/22/2010 | 102 | BNC Certificate of Mailing - Hearing. (related document(s) 100 Notice of Hearing regarding Motion to Extend time to Object to Discharge Filed by Creditor Chase Home Finance LLC 96. ANY OBJECTION TO THE MOTION HEREIN SHALL BE FILED WITH THE COURT NO LATER THAN SEVEN DAYS PRIOR TO THE DATE OF HEARING. Hearing scheduled for 10/21/2010 at 09:30 AM (Central Time) at Paducah Courthouse, Federal Building, 5th. & Broadway, Paducah, KY 42001. cc: sl and dh (Estrada, A)). Service Date 09/22/2010. (Admin.) (Entered: 09/23/2010) |
| 10/14/2010 | 103 | Response to Motion to Strike Reply and Objection filed August 23, 2010 filed by Creditor BAC Home Loans Servicing, LP 98. Filed by Debtor Dennis L. Bell (Ernst, D) (Entered: 10/15/2010) |
| 10/26/2010 | 104 | IT IS HEREBY ORDERED for cause that the within Chapter 7 bankruptcy case of Dennis L. Bell is dismissed with prejudice, 11 |

| | | |
|---|---|---|
| | | U.S.C. §§ 349 and 105 (a), and that the debtor may not seek relief under Chapter 7 for 180 days from the date of entry of this order. This Court will not retain jurisdiction over any related matters still pending. These related pending matters shall be dismissed by separate orders. CASE DISMISSED. Entered on 10/26/2010 (Ernst, D) (Entered: 10/26/2010) |
| 10/27/2010 | | Disposition of Adversary 10-5028. (Grimes, T) (Entered: 10/27/2010) |
| 10/27/2010 | | Disposition of Adversary 10-5029. (Grimes, T) (Entered: 10/27/2010) |
| 10/27/2010 | | Disposition of Adversary 10-5030. (Grimes, T) (Entered: 10/27/2010) |
| 10/28/2010 | 105 | IT IS HEREBY ORDERED for cause that the within Chapter 7 bankruptcy case of Dennis L. Bell is dismissed with prejudice, 11 U.S.C. §§ 349 and 105 (a), and that the debtor may not seek relief under Chapter 7 for 180 days from the date of entry of this order. This Court will not retain jurisdiction over any related matters still pending. These related pending matters shall be dismissed by separate orders. CASE DISMISSED. Entered on 10/28/2010 (Ernst, D). Service Date 10/28/2010. (Admin.) (Entered: 10/29/2010) |
| 11/10/2010 | 106 | Final Decree, discharging trustee., if applicable, and cancelling bond. CASE CLOSED. (Ernst, D) (Entered: 11/10/2010) |

**EXHIBIT 1 - PAGE 60**

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/28/12 Page 61 of 101 Page ID
#:1567
Case 3:11-cv-01493-CFD Document 29-1 Filed 10/07/11 Page 16 of 56

# EXHIBIT

# 7

EXHIBIT 1 - PAGE 61

On **Thu, Sep 22, 2011 at 6:58 AM, massone99** <massone99@yahoo.com> wrote:
Diane-

I'm not sure why we keep going over this but I will answer one more time as to who is president of AWL. **As to who the other officers are, there is no requirement in the State of New york to list officers, only the CEO.**

**I am the president of AWL and the majority stock holder.** Unless I appoint someone else, I will be resolving the issues related to these loans, and the recent crimes comitted against AWL.

As to legal action, authorities have been contacted. Documents and evidence have been submitted and investigators have taken statements. Criminal investigation is under way.

As to Burk, the Reconveyance was recorded on August 25, 2011 which resulted in Paul stealing $260K which was never wired to AWL. Burk received the remaining $260K last week that was being withheld by escrow, apparently based on a forged zero demand letter. The TD account was never authorized by AWL however it has now been siezed by AWL. Paul never wired the Burk funds to anyone. That theft is part of the ongoing criminal investigation.

As to anyone contacting Burk, I'm unaware of any need for that. The Burk escrow is now closed according to Wendy at Gold Country Escrow so I am unsure why contact would be needed.

With regard to Kieu Bang Nguyen, as I have told you twice previously, my records show a proof of service on that case but nothing more. I am informed that Paul submitted this file to Mr. Van Eck in his continued attempt to steal money by fraudulent means. I have demanded all documents from Mr. Van Eck which will be turned over to investigators. As I have also told you, Mr. Van Eck has been terminated and has no further affiliation with AWL. Paul should be able to tell you where those document are.

Cecilia May's complete file should be with Global Capital Law, or what is left of it. We turned over all originals, including the note so the stipulated judgment could be prepared with note attached.

**The CEO of AWL is a matter of public record. For the 4th time ,I am the president and majority stock holder authorized to take any and all action for the corporation.** AWL possesses original AWL notes.

I cannot respond to what Bank of America does.

With regard to Brian's trip to Mr. Van Eck's home, it is my understanding that Brian was sent by Paul to collect the money that was fraudulently diverted by Paul and Brian into the unauthorized AWL account. Brian also sought to obtain a zero balance demand from Mr. Van Eck so the $260K could be released to the Burks. Mr.Van Eck says he never provided one, however one was recently submitted to Gold Country Escrow. **This document is most likely another forgery prepared and submitted by Paul and Brian.**

I have asked you to request that Paul provide information on all unauthorized transactions he and Brian completed in secret, the escrow companies who handled them, and turn over all documents in his possession belonging to AWL. Have you done that? Has Paul responded? **Has Paul told you why he has not wired the $260K from the Burk escrow?** Do you understand that Brian Davies is up to his neck in this fraud and theft, and will be prosecuted along with Paul? I would suggest that you distance yourself from these individuals very quickly as you are going to be visited by investigators very soon. I assume your relationship with these individuals will be looked

EXHIBIT 1 - PAGE 62

Case 8:12-cv-00242-CJC-AN   Document 50-2   Filed 03/28/12   Page 63 of 101   Page ID
#:1569
Case 3:11-cv-01493-CFD   Document 29-1   Filed 10/07/11   Page 18 of 56

at very closely.

EXHIBIT 1 - PAGE 63

# EXHIBIT

# 8

EXHIBIT 1 - PAGE 64

PlnDue, DsclsDue, **CONVERTED, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Southern District of Illinois (Benton)
### Bankruptcy Petition #: 10-40457-lkg

|  |  |
|---|---|
| | *Date filed:* 03/26/2010 |
| *Assigned to:* Honorable Laura K. Grandy | *Date converted:* 04/14/2010 |
| Chapter 11 | *Date terminated:* 09/15/2011 |
| Previous chapter 7 | *Debtor dismissed:* 06/02/2010 |
| Voluntary | |
| Asset | |

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Emerald Bay Revocable Trust** |
| **Emerald Bay Revocable Trust** | PRO SE |
| 509 Vienna St | |
| Metropolis, IL 62906 | |
| Tax ID / EIN: 27-6530538 | |

***Trustee***
**Dana S Frazier**
Chapter 7 Trustee
PO Box 159
Murphysboro, IL 62966
(618) 687-5707
*TERMINATED: 04/14/2010*

| | |
|---|---|
| ***U.S. Trustee*** | represented by **Mark D Skaggs** |
| **United States Trustee** | US Trustees Office |
| Becker Bldg, Room 1100 | 401 Main St |
| 401 Main St | Suite 1100 |
| Peoria, IL 61602 | Peoria, IL 61602 |
| (309) 671-7854 | (309) 671-7854 |
| | Email: mark.d.skaggs@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| 03/26/2010 | 1 | Chapter 7 Voluntary Petition. Receipt Number O, Fee Amount $299. Filed by Emerald Bay Revocable Trust. Summary of Schedules due by 4/9/2010. Schedule A due by 4/9/2010. Schedule B due by 4/9/2010. Schedule C due by 4/9/2010. Schedule I due by 4/9/2010. Schedule J due by 4/9/2010. Statement of Affairs due by 4/9/2010. Incomplete Filings due by 4/9/2010. (dc) (Entered: 03/26/2010) |
| 03/26/2010 | 2 | Meeting of Creditors and Notice of Appointment of Trustee Dana S Frazier with 341(a) meeting to be held on 05/28/2010 at 12:00 PM at 341 Mtg. Benton ( dc) (Entered: 03/26/2010) |
| 03/26/2010 | | Receipt Number 450238, Fee Amount $299.00 (related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Emerald Bay Revocable Trust) (tg) (Entered: |

| | | 03/26/2010 |
|---|---|---|
| 03/28/2010 | 3 | BNC Certificate of Mailing. (related document(s) 2 Meeting of Creditors Chapter 7) No. of Notices: 10. Service Date 03/28/2010. (Admin.) (Entered: 03/28/2010) |
| 03/29/2010 | 4 | Order and Deficiency Notice. Incomplete Filings due by 4/9/2010. (tk) (Entered: 03/29/2010) |
| 03/31/2010 | 5 | BNC Certificate of Mailing. (related document(s) 4 Order and Deficiency Notice) No. of Notices: 1. Service Date 03/31/2010. (Admin.) (Entered: 04/01/2010) |
| 04/01/2010 | 6 | Order that the United States Trustee, the Chapter 7 Trustee and the debtor are directed to submit authority setting forth their position regarding the filer's eligibility for Chapter 7 relief within ten (10) days of the date of this Order. (related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Emerald Bay Revocable Trust). Miscellaneous Deadline: 4/12/2010. (tk) (Entered: 04/01/2010) |
| 04/03/2010 | 7 | BNC Certificate of Mailing. (related document(s) 6 Order) No. of Notices: 1. Service Date 04/03/2010. (Admin.) (Entered: 04/04/2010) |
| 04/12/2010 | 8 | Brief /Memorandum in Support Of / In Response to Court's Order of April 1, 2010 Filed by U.S. Trustee United States Trustee (related document(s) 6 Order). (Skaggs, Mark) (Entered: 04/12/2010) |
| 04/12/2010 | 9 | Brief /Memorandum in Support Of / In Response to Court's Order of April 1, 2010 Filed by Trustee Dana S Frazier (related document(s) 6 Order). (Frazier, Dana) (Entered: 04/12/2010) |
| 04/12/2010 | 10 | Schedule A Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 11 | Schedule B Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 12 | Schedule C Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 13 | Schedule I Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 14 | Schedule J Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 15 | Declaration Concerning Debtor's Schedule Filed by Debtor Emerald Bay Revocable Trust. (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 16 | Statement of Intention Filed by Debtor Emerald Bay Revocable Trust. (tg) (Entered: 04/12/2010) |
| 04/12/2010 | 17 | Statement of Financial Affairs Filed by Debtor Emerald Bay Revocable Trust (tg) |

EXHIBIT 1 - PAGE 66

| | | |
|---|---|---|
| | | (Entered: 04/12/2010) |
| 04/12/2010 | <u>18</u> | Summary of Schedules Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | <u>19</u> | Statistical Summary of Certain Liabilities Filed by Debtor Emerald Bay Revocable Trust. (tg) (Entered: 04/12/2010) |
| 04/12/2010 | <u>20</u> | Motion to Convert Case From Chapter 7 to 11. Receipt Number 450279, Fee Amount $755. Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 04/12/2010) |
| 04/12/2010 | <u>21</u> | 20 Largest Unsecured Creditors Filed by Debtor Emerald Bay Revocable Trust. (tg) (Entered: 04/12/2010) |
| 04/12/2010 | <u>22</u> | Schedule - Exhibit A Filed by Debtor Emerald Bay Revocable Trust. (tg) (Entered: 04/12/2010) |
| 04/14/2010 | <u>23</u> | Order Granting Motion To Convert Case from Chapter 7 to Chapter 11 (Related Doc # <u>20</u> ) Trustee Dana S Frazier removed from the case. Incomplete Filings due by 4/28/2010. Government Proof of Claim due by 10/12/2010. Trustees Final Account due: 9/13/2010. (jl) (Entered: 04/14/2010) |
| 04/14/2010 | <u>24</u> | Order requiring Debtor in Possession to set up separate accounts, file reports, and to file disclosure statement and plan. Chapter 11 Plan due by 8/12/2010. Exclusive Period: 8/12/2010. (jl) (Entered: 04/14/2010) |
| 04/15/2010 | <u>25</u> | Meeting of Creditors to be held on 6/2/2010 at 10:30 AM at 341 Mtg. Benton. Proof of Claims due by 8/31/2010. Last day to oppose discharge or dischargeability is 8/2/2010. (tk) (Entered: 04/15/2010) |
| 04/16/2010 | <u>26</u> | BNC Certificate of Mailing. (related document(s) <u>24</u> For Plan and Disc. Stmt) No. of Notices: 2. Service Date 04/16/2010. (Admin.) (Entered: 04/18/2010) |
| 04/16/2010 | <u>27</u> | BNC Certificate of Mailing. (related document(s) <u>23</u> Order on Motion to Convert Case From Chapter 7 to 11) No. of Notices: 9. Service Date 04/16/2010. (Admin.) (Entered: 04/18/2010) |
| 04/17/2010 | <u>28</u> | BNC Certificate of Mailing. (related document(s) <u>25</u> Meeting of Creditors Chapter 11) No. of Notices: 12. Service Date 04/17/2010. (Admin.) (Entered: 04/18/2010) |
| 04/19/2010 | 29 | Chapter 7 Trustee's Report of No Distribution: I, Dana S Frazier, having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed, converted, or reassigned. I have neither received any property nor paid any monies on account of this estate. Pursuant to Fed R Bank P 5009, I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without |

| | | |
|---|---|---|
| | | payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Dana S Frazier. (Frazier, Dana) (Entered: 04/19/2010) |
| 04/20/2010 | 30 | Order Discharging Chapter 7 Trustee (tk) (Entered: 04/20/2010) |
| 04/22/2010 | 31 | BNC Certificate of Mailing. (related document(s) 30 Order Discharging Chapter 7 Trustee) No. of Notices: 2. Service Date 04/22/2010. (Admin.) (Entered: 04/23/2010) |
| 04/29/2010 | 32 | Equity Security Holders Filed by Debtor Emerald Bay Revocable Trust. (th) (Entered: 04/29/2010) |
| 05/06/2010 | 33 | Motion for Leave / Motion to Transfer Venue Filed by U.S. Trustee United States Trustee (Skaggs, Mark) (Entered: 05/06/2010) |
| 05/07/2010 | 34 | Hearing Scheduled (related document(s) 33 Motion to Transfer Venue filed by United States Trustee) Hearing before Judge Kenneth J Meyers scheduled for 6/2/2010 at 09:00 AM at Bankruptcy Court Benton. (bj) (Entered: 05/07/2010) |
| 05/09/2010 | 35 | BNC Certificate of Mailing. (related document(s) 34 Hearing Scheduled) No. of Notices: 10. Service Date 05/09/2010. (Admin.) (Entered: 05/09/2010) |
| 05/12/2010 | 36 | Entry of Appearance and Request for Notice Filed by Creditor BAC Home Loan Servicing, Inc.. (Vance, Richard) (Entered: 05/12/2010) |
| 05/12/2010 | 37 | Motion of Richard A. Vance to Appear Pro Hac Vice Filed by Creditor BAC Home Loan Servicing, Inc. (Vance, Richard) (Entered: 05/12/2010) |
| 05/12/2010 | 38 | Motion to Dismiss Case or Alternatively, to Transfer Venue, Filed by Creditor BAC Home Loan Servicing, Inc. (Vance, Richard) (Entered: 05/12/2010) |
| 05/12/2010 | 39 | Brief /Memorandum in Support Of Motion to Dismiss, or Alternatively, to Transfer Venue, Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 38 Motion to Dismiss Case filed by Creditor BAC Home Loan Servicing, Inc.). (Vance, Richard) (Entered: 05/12/2010) |
| 05/12/2010 | 40 | Exhibit A to Memorandum in Support of Motion to Dismiss, or Alternatively, to Transfer Venue, Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 38 Motion to Dismiss Case filed by Creditor BAC Home Loan Servicing, Inc.). (Vance, Richard) (Entered: 05/12/2010) |
| 05/12/2010 | 41 | Exhibit B to Memorandum in Support of Motion to Dismiss, or Alternatively, to Transfer Venue, Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 38 Motion to Dismiss Case filed by Creditor BAC Home Loan Servicing, Inc.). (Vance, Richard) (Entered: 05/12/2010) |
| 05/13/2010 | | District Court Receipt Number 44625000975, Fee Amount $100.00 (related document(s) 37 Motion to Appear Pro Hac Vice filed by Creditor BAC Home Loan Servicing Inc) (nm) (Entered: 05/13/2010) |

ive Database Area    Case 8:12-cv-00242-CJC-AN Document 50-29 Filed 03/28/12 Page 69 of 101 Page ID
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 24 of 56
#:1678 ecf.ilsb.uscourts.gov/cgi-bin/DktRpt.pl?513924459659414-L_618_0-1

| 05/13/2010 | 42 | Order Granting Motion To Appear Pro Hac Vice (Related Doc # 37 ) (tk) (Entered: 05/13/2010) |
|---|---|---|
| 05/13/2010 | 43 | Hearing Scheduled (related document(s) 38 Motion to Dismiss Case, or in the Alternative, to Transfer Venue filed by Creditor BAC Home Loan Servicing, Inc.) Hearing before Judge Kenneth J Meyers scheduled for 6/2/2010 at 09:00 AM at Bankruptcy Court Benton. (tk) (Entered: 05/13/2010) |
| 05/15/2010 | 44 | BNC Certificate of Mailing. (related document(s) 42 Order on Motion to Appear Pro Hac Vice) No. of Notices: 2. Service Date 05/15/2010. (Admin.) (Entered: 05/16/2010) |
| 05/15/2010 | 45 | BNC Certificate of Mailing. (related document(s) 43 Hearing Scheduled) No. of Notices: 11. Service Date 05/15/2010. (Admin.) (Entered: 05/16/2010) |
| 05/17/2010 | 46 | Order that oral arguments shall be heard in this Court regarding the debtor's eligibility to file a petition in Chapter 11. IT IS FURTHER ORDERED that the debtor shall file written proof supporting its position that it is eligible to file a petition in Chapter 11 no later than seven (7) days prior to the scheduled hearing date. (related document(s) 1 Voluntary Petition (Chapter 7) filed by Debtor Emerald Bay Revocable Trust). Hearing before Judge Kenneth J Meyers scheduled for 6/2/2010 at 09:00 AM at Bankruptcy Court Benton. Miscellaneous Deadline: 5/24/2010. (tk) (Entered: 05/17/2010) |
| 05/19/2010 | 47 | BNC Certificate of Mailing. (related document(s) 46 Order) No. of Notices: 2. Service Date 05/19/2010. (Admin.) (Entered: 05/20/2010) |
| 05/26/2010 | 48 | Objection to Motion to Dismiss Case or Alternatively, to Transfer Venue Filed by Debtor Emerald Bay Revocable Trust (related document(s) 38 Motion to Dismiss Case filed by Creditor BAC Home Loan Servicing, Inc.). (jl) (Entered: 05/26/2010) |
| 05/26/2010 | 49 | Motion to Dismiss Case Filed by Debtor Emerald Bay Revocable Trust (jl) (Entered: 05/26/2010) |
| 05/26/2010 | 50 | Hearing Scheduled (related document(s) 49 Motion to Dismiss Case filed by Debtor Emerald Bay Revocable Trust) Hearing before Judge Kenneth J Meyers scheduled for 6/23/2010 at 09:00 AM at Bankruptcy Court Benton. (tk) (Entered: 05/26/2010) |
| 05/28/2010 | 51 | BNC Certificate of Mailing. (related document(s) 50 Hearing Scheduled) No. of Notices: 13. Service Date 05/28/2010. (Admin.) (Entered: 05/29/2010) |
| 06/02/2010 | 52 | Minutes of Court (related document(s) 33 Mooting Motion to Transfer Venue filed by U.S. Trustee 38 Granting Motion to Dismiss Case filed by Creditor BAC Home Loan Servicing, Inc., 49 Mooting Motion to Dismiss Case filed by Debtor Emerald Bay Revocable Trust). Deadline to File Motion to Reinstate Case: 6/16/2010. Miscellaneous Deadline to Review for Motion for Costs and Proposed Order: 6/14/2010. (tk) (Entered: 06/02/2010) |
| 06/04/2010 | 53 | BNC Certificate of Mailing. (related document(s) 52 Minutes of Court) No. of Notices: 1. Service Date 06/04/2010. (Admin.) (Entered: 06/05/2010) |

| 06/08/2010 | 54 | Application for Compensation *for Fees and Expenses Incurred in Case* for BAC Home Loan Servicing, Inc., Creditor's Attorney, Fee: $ 13,975, Expenses: $ 338.87. Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Proposed Order) (Vance, Richard) (Entered: 06/08/2010) |
| --- | --- | --- |
| 06/09/2010 | 55 | Application for Compensation *for Attorneys' Fees and Costs Incurred* for BAC Home Loan Servicing, Inc., Creditor's Attorney, Fee: $ 13,975.00, Expenses: $ 338.87. Filed by Creditor BAC Home Loan Servicing, Inc. (Attachments: # 1 Exhibit 1# 2 Exhibit 2) (Vance, Richard) (Entered: 06/09/2010) |
| 06/09/2010 | 56 | Notice of Motion Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 55 Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc.). Objections to Motion due: 6/30/2010. (Vance, Richard) (Entered: 06/09/2010) |
| 06/10/2010 | 57 | Notice of Error/Deficiencies. (related document(s) 54 Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc.) (jjl) (Entered: 06/10/2010) |
| 06/12/2010 | 58 | BNC Certificate of Mailing. (related document(s) 57 Notice of Error/Deficiencies) No. of Notices: 2. Service Date 06/12/2010. (Admin.) (Entered: 06/12/2010) |
| 06/17/2010 | 59 | Notice of Dismissal (kd) (Entered: 06/17/2010) |
| 06/17/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 7/1/2010. (kd) (Entered: 06/17/2010) |
| 06/19/2010 | 60 | BNC Certificate of Mailing. (related document(s) 59 Notice of Dismissal) No. of Notices: 11. Service Date 06/19/2010. (Admin.) (Entered: 06/20/2010) |
| 06/29/2010 | 61 | Objection to Application for Compensation for Attorneys' Fees and Costs Incurred for BAC Home Loan Servicing, Inc. Filed by Debtor Emerald Bay Revocable Trust (related document(s) 55 Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc.). (th) (Entered: 06/29/2010) |
| 07/01/2010 | 62 | Hearing Scheduled (related document(s) 55 Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc., 61 Objection to Application for Compensation filed by Debtor Emerald Bay Revocable Trust) Hearing before Judge Kenneth J Meyers scheduled for 7/28/2010 at 09:00 AM at Bankruptcy Court Benton. (bj) (Entered: 07/01/2010) |
| 07/02/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal). Miscellaneous Deadline to Review Case for Closing: 7/28/2010. (lm) (Entered: 07/02/2010) |
| 07/03/2010 | 63 | BNC Certificate of Mailing. (related document(s) 62 Hearing Scheduled) No. of Notices: 3. Service Date 07/03/2010. (Admin.) (Entered: 07/04/2010) |
| 07/22/2010 | 64 | Supplemental Objection to (related document(s) 55 Application for Compensation for Attorneys Fees and Costs Incurred for BAC Home Loan Servicing, Inc.) Filed by Debtor Emerald Bay Revocable Trust. (dc) (Entered: 07/22/2010) |

EXHIBIT 1 - PAGE 70

| 07/26/2010 | 65 | Reply *in Support of Application for Compensation* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 55 Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc.). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K) (Vance, Richard) (Entered: 07/26/2010) |
|---|---|---|
| 07/28/2010 | 66 | Minutes of Court (related document(s) 55 Granting in Part Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc., 61 Regarding Objection filed by Debtor Emerald Bay Revocable Trust, 64 Regarding Supplemental Objection filed by Debtor Emerald Bay Revocable Trust). Miscellaneous Deadline to Review for Documentation and Itemization of Attorney Fees from Richard Vance: 8/9/2010. (bj) (Entered: 07/28/2010) |
| 07/28/2010 | | Deadlines Updated (related document(s) 66 Minutes of Court) Miscellaneous Deadline to Review for Debtor's Objection: 8/19/2010. (bj) (Entered: 07/28/2010) |
| 07/29/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 8/19/2010. (lm) (Entered: 07/29/2010) |
| 07/30/2010 | 67 | BNC Certificate of Mailing. (related document(s) 66 Minutes of Court) No. of Notices: 1. Service Date 07/30/2010. (Admin.) (Entered: 07/31/2010) |
| 08/06/2010 | 68 | Motion to Reconsider (related document(s) 66 Minutes of Court) Filed by Interested Party Cheri English. (lm) (Entered: 08/06/2010) |
| 08/06/2010 | 69 | Response (NO OBJECTION) to *July 28, 2010 Minute Order* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 66 Minutes of Court). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit B-1# 4 Exhibit B-2# 5 Exhibit B-3# 6 Exhibit B-4# 7 Exhibit B-5# 8 Exhibit B-6# 9 Exhibit B-7# 10 Exhibit C# 11 Exhibit D# 12 Exhibit E# 13 Exhibit F) (Vance, Richard) (Entered: 08/06/2010) |
| 08/11/2010 | 70 | Hearing Scheduled (related document(s) 68 Motion to Reconsider filed by Interested Party Cheri English) Hearing before Judge Kenneth J Meyers scheduled for 9/15/2010 at 09:00 AM at Bankruptcy Court Benton. (bj) (Entered: 08/11/2010) |
| 08/13/2010 | 71 | BNC Certificate of Mailing. (related document(s) 70 Hearing Scheduled) No. of Notices: 3. Service Date 08/13/2010. (Admin.) (Entered: 08/14/2010) |
| 08/19/2010 | 72 | Objection to *Motion for Reconsideration* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 68 Motion to Reconsider filed by Interested Party Cheri English). (Vance, Richard) (Entered: 08/19/2010) |
| 08/20/2010 | 73 | Joint Reply Filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English (related document(s) 69 Response filed by Creditor BAC Home Loan Servicing, Inc.). (lm) (Entered: 08/20/2010) |
| 08/20/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 9/15/2010. (lm) (Entered: 08/20/2010) |

| | | |
|---|---|---|
| 08/24/2010 | 74 | Hearing Scheduled (related document(s) 73 Joint Reply to BAC Home Loan Servicing, Inc's Response filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English) Hearing before Judge Kenneth J Meyers scheduled for 9/15/2010 at 09:00 AM at Bankruptcy Court Benton. (bj) (Entered: 08/24/2010) |
| 08/26/2010 | 75 | BNC Certificate of Mailing. (related document(s) 74 Hearing Scheduled) No. of Notices: 4. Service Date 08/26/2010. (Admin.) (Entered: 08/27/2010) |
| 09/09/2010 | 76 | Motion to Continue Hearing On (related document(s) 68 Motion to Reconsider, 73 Reply) Filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English. (th) (Entered: 09/09/2010) |
| 09/10/2010 | 77 | Order Granting Motion To Continue/Reschedule Hearing On (Related Doc # 76 ) (related documents 68 Motion to Reconsider, 73 Reply). Hearing before Judge Kenneth J Meyers scheduled for 10/13/2010 at 09:00 AM at Bankruptcy Court Benton. (lm) (Entered: 09/10/2010) |
| 09/10/2010 | 78 | Order VACATING Order. IT IS FURTHER ORDERED that the Motion to Continue is DENIED and the hearing remains scheduled for September 15, 2010 at 9:00 a.m. in the United States Bankruptcy Court, 301 West Main Street, Benton, Illinois. (related document(s) 77 Order on Motion to Continue/Reschedule Hearing). (lm) (Entered: 09/10/2010) |
| 09/12/2010 | 79 | BNC Certificate of Mailing. (related document(s) 77 Order on Motion to Continue/Reschedule Hearing) No. of Notices: 3. Service Date 09/12/2010. (Admin.) (Entered: 09/13/2010) |
| 09/12/2010 | 80 | BNC Certificate of Mailing. (related document(s) 78 Order Vacating Order) No. of Notices: 3. Service Date 09/12/2010. (Admin.) (Entered: 09/13/2010) |
| 09/15/2010 | 81 | Minutes of Court (related document(s) 55 Regarding Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc., 68 Denying Motion to Reconsider filed by Interested Party Cheri English). Proposed Order due by 9/27/2010. Miscellaneous Deadline to submit bill of costs: 9/22/2010. (tk) (Entered: 09/15/2010) |
| 09/16/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 9/27/2010. (nm) (Entered: 09/16/2010) |
| 09/17/2010 | 82 | Response (NO OBJECTION) to *September 15, 2010 Minute Order* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 81 Minutes of Court). (Vance, Richard) (Entered: 09/17/2010) |
| 09/17/2010 | 83 | BNC Certificate of Mailing. (related document(s) 81 Minutes of Court) No. of Notices: 3. Service Date 09/17/2010. (Admin.) (Entered: 09/18/2010) |
| 09/22/2010 | 84 | Judgment For BAC Home Loans Servicing LP Against Emerald Bay Revocable Trust, Cheri English, and Dennis L Bell, jointly and severally; Order (related document(s) 55 GRANTING Application for Compensation filed by Creditor BAC Home Loan Servicing, Inc., 68 DENYING Motion to Reconsider filed by Interested Party Cheri English). (lm) (Entered: 09/22/2010) |

EXHIBIT 1 - PAGE 72

| 09/22/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 10/6/2010. (lm) (Entered: 09/22/2010) |
|---|---|---|
| 09/23/2010 | 85 | Certificate of Service *of Order Entered September 22, 2010* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 84 Judgment, Order). (Vance, Richard) (Entered: 09/23/2010) |
| 10/04/2010 | 86 | Motion to Vacate (related document(s) 84 Judgment, Order) Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 10/04/2010) |
| 10/04/2010 | 87 | Motion To Stay Further Proceedings Pending Appointment of Counsel and Motion to Appoint Counsel Filed by Debtor Emerald Bay Revocable Trust (tg) (Entered: 10/04/2010) |
| 10/12/2010 | 88 | Order DENYING Motion to Stay Proceedings and for Appointment of Counsel. (Related Doc # 87 ) (lm) (Entered: 10/12/2010) |
| 10/12/2010 | 89 | Hearing Scheduled (related document(s) 86 Motion to Vacate filed by Debtor Emerald Bay Revocable Trust) Hearing before Judge Kenneth J Meyers scheduled for 11/3/2010 at 09:00 AM at Bankruptcy Court Benton. (tk) (Entered: 10/12/2010) |
| 10/14/2010 | 90 | BNC Certificate of Mailing. (related document(s) 89 Hearing Scheduled) No. of Notices: 3. Service Date 10/14/2010. (Admin.) (Entered: 10/15/2010) |
| 10/14/2010 | 91 | BNC Certificate of Mailing. (related document(s) 88 Order on Motion for Leave) No. of Notices: 3. Service Date 10/14/2010. (Admin.) (Entered: 10/15/2010) |

**Case#: 10-40457-lkg**

| 10/26/2010 | 92 | Objection to *Motion to Vacate* Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 86 Motion to Vacate filed by Debtor Emerald Bay Revocable Trust). (Vance, Richard) (Entered: 10/26/2010) |
|---|---|---|
| 10/26/2010 | 93 | Motion for Leave *to Appear Telephonically at November 3, 2010 Hearing* Filed by Creditor BAC Home Loan Servicing, Inc. (Vance, Richard) (Entered: 10/26/2010) |
| 10/27/2010 | 94 | Order Granting Motion For Leave to Appear Telephonically at November 3, 2010 Hearing (Related Doc # 93 ) (nm) (Entered: 10/27/2010) |
| 11/03/2010 | 95 | Minutes of Court (related document(s) 86 Denying Motion to Vacate filed by Debtor Emerald Bay Revocable Trust). (bj) (Entered: 11/03/2010) |
| 11/03/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 11/17/2010. (bj) (Entered: 11/03/2010) |
| 11/05/2010 | 96 | BNC Certificate of Mailing. (related document(s) 95 Minutes of Court) No. of Notices: 1. Service Date 11/05/2010. (Admin.) (Entered: 11/06/2010) |
| 11/08/2010 | 97 | Order Denying Motion To Vacate (Related Doc # 86 ) (bj) (Entered: 11/08/2010) |

| 11/08/2010 | | Deadlines Updated (related document(s) 59 Notice of Dismissal) Miscellaneous Deadline to Review Case for Closing: 11/22/2010. (bj) (Entered: 11/08/2010) |
|---|---|---|
| 11/10/2010 | 98 | BNC Certificate of Mailing. (related document(s) 97 Order on Motion to Vacate) No. of Notices: 4. Service Date 11/10/2010. (Admin.) (Entered: 11/11/2010) |
| 11/19/2010 | 99 | Notice of Appeal. Fee Amount $255. Filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English (related document(s) 84 Judgment, Order, 97 Order on Motion to Vacate). Appellant Designation due by 12/3/2010. Transmission of Designation Due by 12/20/2010. (bj) (Entered: 11/19/2010) |
| 11/19/2010 | 100 | Receipt Number 450769, Fee Amount $255.00 (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English). (th) (Entered: 11/19/2010) |
| 11/22/2010 | 101 | Certificate of Service by Clerk's Office on Interested Parties (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English) (bj) (Entered: 11/22/2010) |
| 12/17/2010 | 102 | Transcript regarding Hearing Held on 11/3/10 RE: Motion to Vacate. TRANSCRIPT IS RESTRICTED UNTIL 03/17/2011 (RE: related document(s) 86 Motion to Vacate). Redacted Transcript Submission Due By 01/18/2011. Transcript access will be restricted through 03/17/2011. (Hartmann, Karen) (Entered: 12/17/2010) |
| 12/20/2010 | 103 | Administrative Order Regarding Record on Appeal and Transmittal Thereof to District Court. (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English). (ko) (Entered: 12/20/2010) |
| 12/20/2010 | 104 | Transmittal of Complete Record on Appeal to US District Court. (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English) (ko) (Entered: 12/20/2010) |
| 12/20/2010 | 105 | Notice of Filing of Official Transcript. Notice is hereby given that an official transcript of the hearing/trial held on the Motion to Vacate on 11/3/2010 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the Clerk's office or may be purchased from the court transcriber for a 90 day period. (related document(s) 102 Transcript) (jl) (Entered: 12/20/2010) |
| 12/22/2010 | 106 | Notice of Docketing Record on Appeal. Civil Action Number: 10-01036-MJR. (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English). (ko) (Entered: 12/22/2010) |
| 12/22/2010 | 107 | Designation of Additional Record Filed by Creditor BAC Home Loan Servicing, Inc. (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English, 106 Notice of Docketing Record on Appeal). (Attachments: # 1 Transcript)(Vance, Richard) (Entered: 12/22/2010) |
| 12/22/2010 | 108 | BNC Certificate of Mailing. (related document(s) 105 Notice of Filing of Official Transcript) No. of Notices: 4. Service Date 12/22/2010. (Admin.) (Entered: 12/23/2010) |

EXHIBIT 1 - PAGE 74

| 12/22/2010 | 109 | BNC Certificate of Mailing. (related document(s) 103 Order) No. of Notices: 4. Service Date 12/22/2010. (Admin.) (Entered: 12/23/2010) |
|---|---|---|
| 12/23/2010 | 110 | Transmittal of Addendum of Record on Appeal (related document(s) 107 Appellee Designation filed by Creditor BAC Home Loan Servicing, Inc.) (bj) (Entered: 12/23/2010) |
| 08/09/2011 | 111 | Final Order By District Court Judge Reagan Affirming the decision of the Bankruptcy Court. Re: Appeal on Civil Action Number: 10-01036-MJR (related document(s) 99 Notice of Appeal filed by Debtor Emerald Bay Revocable Trust, Interested Party Cheri English). (lm) (Entered: 08/09/2011) |
| 08/09/2011 | | Deadlines Updated (related document(s) 111 Order District Court re: Appeal). Miscellaneous Deadline to review case: 9/8/2011. (lm) (Entered: 08/09/2011) |
| 08/11/2011 | 112 | BNC Certificate of Mailing. (related document(s) 111 Order District Court re: Appeal) No. of Notices: 3. Service Date 08/11/2011. (Admin.) (Entered: 08/11/2011) |
| 09/12/2011 | 113 | Order to Close Case (jl) (Entered: 09/12/2011) |
| 09/14/2011 | 114 | BNC Certificate of Mailing. (related document(s) 113 Close Case) No. of Notices: 3. Service Date 09/14/2011. (Admin.) (Entered: 09/14/2011) |
| 09/15/2011 | | Bankruptcy Case Closed (rh) (Entered: 09/15/2011) |

Case#: 10-40457-lkg

EXHIBIT 1 - PAGE 75

B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court **Southern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Emerald Bay Revocable Trust** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):   27-6530938   ILLINOIS | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (TTIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**509 Vienna St.**<br>**Metropolis, IL 62906**<br>ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Massac** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Same**<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☑ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br><br>**Revocable Trust** | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br><br>**Holding**<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | ☑ Chapter 7           ☐ Chapter 15 Petition for<br>☐ Chapter 9               Recognition of a Foreign<br>☐ Chapter 11             Main Proceeding<br>☐ Chapter 12           ☐ Chapter 15 Petition for<br>☐ Chapter 13             Recognition of a Foreign<br>                                  Nonmain Proceeding<br><br>Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer       ☑ Debts are primarily<br>debts, defined in 11 U.S.C.              business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

FILED
MAR 2 6 2010
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT, ILLINOIS
rec'd
3:37 pm

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

EXHIBIT 1 - PAGE 76

B 1 (Official Form 1) (1/08)                                    Case 10-40457-lkg    Doc 1    Filed 03/26/10    Page 2 of 14                                    Page 2

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed:  **N/A** | Case Number: | Date Filed: |
| Location Where Filed:  **N/A** | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: **Southern District of Illinois** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | X _____<br>    Signature of Attorney for Debtor(s)       (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

   ☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

   ☐  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

   ☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

   ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

   ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

   ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                      _____
                      (Name of landlord that obtained judgment)

                      _____
                      (Address of landlord)

   ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

   ☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

   ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

EXHIBIT 1 - PAGE 77

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** |
|---|---|

**Signatures**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Cha Engle, Trustee_
  Signature of Debtor
                  (220) 210 - 7042

X _____
  Signature of Joint Debtor

  _____
  Telephone Number (if not represented by attorney)

  _____
  Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
  (Signature of Foreign Representative)

  _____
  (Printed Name of Foreign Representative)

  _____
  Date

**Signature of Attorney***

X _____
  Signature of Attorney for Debtor(s)

  _____
  Printed Name of Attorney for Debtor(s)

  _____
  Firm Name

  _____
  Address

  _____
  Telephone Number

  _____
  Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

  _____
  Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Nl L. B_
  Signature of Authorized Individual
  _DENNIS BELL_
  Printed Name of Authorized Individual
  Title of Authorized Individual
  _SETTLOR OF TRUST (BENEFICIARY)_
  Date _3/26/2010_  (220) 556-1571

EXHIBIT 1 - PAGE 78

B 6D (Official Form 6D) (12/07)

In re _EMERALD BAY REVOCABLE TRUST_  Case No. _____
               Debtor                              (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3300 4711 PADUCAH BANK 555 JEFFERSON PADUCAH, KY 42002 | | | 7/11/2005 CONSTRUCTION LOAN  VALUE $ 182,000 | | | | $166,500 | |
| ACCOUNT NO. DEVINE FINANCIAL SERVICES P.O. BOX 343 WAYNE, PA. 19087 | | | 9/16/2009 MORTGAGES  VALUE $ 150,000 | | | | 117,000 | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 183,500 | $ |
| | | | Total ▶ (Use only on last page) | | | | $ 183,500 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

EXHIBIT 1 - PAGE 79

Case 8:12-cv-00242-CJC-AN   Document 50-29   Filed 03/28/12   Page 80 of 101   Page ID
#:1586
Case 3:11-cv-01493-CFD   Document 50-2   Filed 10/07/11   Page 35 of 56

Case 10-40457-lkg   Doc 1   Filed 03/26/10   Page 5 of 14

B 6E (Official Form 6E) (12/07)

In re _EMERALD BAY REVOCABLE TRUST_
_____,
Debtor

Case No._____
(If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

EXHIBIT 1 - PAGE 80

B 6E (Official Form 6E) (12/07) – Cont.

In re _Emerald Bay Revocable Trust,_      Case No. _____
<br>               **Debtor**                                                        **(if known)**

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

✓ continuation sheets attached

EXHIBIT 1 - PAGE 81

B 6E (Official Form 6E) (12/07) – Cont.

In re _Emerald Bay Revocable Trust_
         **Debtor**                              Case No. _____
                                                          **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. 145295-01 <br> Mc Cracken County Tax Collector 300 So. 7th St. Paducah, Ky 42001 | | | 2008 - County Tax | | | | $764.06 | $764.06 | |
| Account No. 145300-03 <br> Mc Cracken County Tax Collector 300 So. 7th St. Paducah, Ky 42001 | | | 2007 & 2008 County Tax | | | | $384.44 | $384.44 | |
| Account No. 145290-01 <br> Mc Cracken County Tax Collector 300 So. 7th St. Paducah, Ky 42001 | | | 2007 & 2008 County Tax | | | | $579.44 | $579.44 | |
| Account No. 145300-01 <br> Mc Cracken County Tax Collector 300 So. 7th St. Paducah, Ky 42001 | | | 2007 & 2008 County Tax | | | | $197.65 | $197.65 | |

Sheet no. ___ of ___ continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals► (Totals of this page) — $1925.79 | $1925.79

Total► (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) — $1925.79

Totals► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) — $1925.79 | $

EXHIBIT 1 - PAGE 82

B 6F (Official Form 6F) (12/07)

In re _Emerald Bay Revocable Trust_ _____    Case No. _____
                        **Debtor**                                    **(If known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3-06-09 Ky  Mc Cracken Builders Property & Management, LLC  8934 Benton Rd  Paducah, Ky 42003 | | | 9/10/2007 thru. 3/6/2008  Labor & Material | | | | $26,845.50 |
| ACCOUNT NO. 07-00000797  City of Paducah  c/o Joel Scarbrough  PO Box 2267  Paducah, Ky 42002 | | | 8/14/2007  YARD EXPENSE | | | X | $355.00 |
| ACCOUNT NO. 08-C1-276  Debbie Warner  614 So. 6th St.  Mayfield, Ky 42006 | | | 3/5/2009  MONEY CLAIM | | | X | $15,627.00 |
| ACCOUNT NO.  Countrywide Home Loans  P.O. Box 10423  Van Nuys, Ca. 91410 | | | 11/13/2009  MONEY CLAIM | | | X | $135,818.99 |

_____ continuation sheets attached

Subtotal▶  $ 178,666.55

Total▶  $ 178,666.55
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

EXHIBIT 1 - PAGE 83

B 6G (Official Form 6G) (12/07)

In re ___Eugene Bay_____ ,          Case No._____
                    **Debtor**                                            **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

EXHIBIT 1 - PAGE 84

B 6H (Official Form 6H) (12/07)

In re _Emeritus Bay Revocable Trust_         Case No. _____
         **Debtor**                                          **(if known)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

EXHIBIT 1 - PAGE 85

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re ___EMERALD BAY REVOCABLE TRUST___     Case No. _____
           Debtor                                                  (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___10___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___3/26/2010___          Signature: ___C.L.E. Engler, TRUSTEE___
                                                                 Debtor

Date _____          Signature: _____
                                                        (Joint Debtor, if any)

(If joint case, both spouses must sign.)

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any,      Social Security No.
of Bankruptcy Petition Preparer           (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

Address

X _____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the ___SETTLEOR OF TRUST___ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the ___TRUST___ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___10___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date ___3/26/2010___          Signature: ___John B.___
                                             ___DENNIS RAEL___
                                          [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 1 - PAGE 86

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/28/13 Page 87 of 101 Page ID #:1593
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 42 of 56
Case 10-40457-lkg    Doc 1    Filed 03/26/10    Page 12 of 14

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

| | | | |
|---|---|---|---|
| In re **EMERALD BAY REVOCABLE TRUST** , | ) | Case No. _____ | |
| Debtor | ) | | |
| | ) | | |
| | ) | Chapter 7 _____ | |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

EXHIBIT 1 - PAGE 87

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/28/12 Page 88 of 101 Page ID
#:1594
Case 3:11-cv-01493-CFD Document 29-1 Filed 10/07/11 Page 43 of 56

Case 10-40457-lkg   Doc 1   Filed 03/26/10   Page 13 of 14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                                    CASE NO.        . . . . .

          Debtor(s).

### VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct
to the best of my/our knowledge and that it corresponds to the creditors listed in my/our schedules.

Date: _3/24/2010_ ...

                                        DENNIS BELL
                                        - SETTLOR FOR TRUST
                           Debtor   EMERALD BAY REVOCABLE TRUST

                           Joint Debtor

EXHIBIT 1 - PAGE 88

Paducah Bank
555 Jefferson Avenue
Paducah, KY 42001

Devine Financial Services
P.O. Box 363
Wayne, PA. 19087

McCracken County Tax Collector
300 So. 7th Street
Paducah, KY 42001

McCracken Builders, Property
& Management, LLC
2934 Benton Road
Paducah, KY 42003

City of Paducah
P.O. Box 2267
Paducah, KY 42002

Debbie Warner
614 So. 6th Street
Mayfield, KY 42006

Countrywide Home Loans, Inc.
P.O. Box 10423
Van Nuys, CA. 91419

EXHIBIT 1 - PAGE 89

B6A (Official Form 6A) (12/07)

In re **Emerald Bay Revocable Trust**
_____
Debtor

**FILED**

APR 1 2 2010

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT, ILLINOIS

Case No. **10-40457**
_____
(If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 840 Burkhart Lane<br>Paducah, Ky 42003 | fee simple | | 20,000.00 | 35000.00 |
| 2924 Benton Road<br>Paducah, Ky. 42003 | fee simple | | 50,000.00 | 37000.00 |
| 2115 Park Ave.<br>Paducah, KY 42002 | fee simple | | 37,000.00 | 45000.00 |
| 2746 So. 28th St.<br>Paducah, Ky. 42002 | fee simple | | 20,000.00 | 10000.00 |
| 2019 Dixie Ave.<br>Paducah, KY 42003 | fee simple | | 65,000.00 | 66000.00 |
| | | Total➤ | 192,000.00 | |

(Report also on Summary of Schedules.)

EXHIBIT 1 - PAGE 90

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Emerald Bay Revocable Trust** ,                    Case No. __10-40457__
        Debtor                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

*FILED*
*APR 1 2 2010*
*CLERK, U.S. BANKRUPTCY COURT*
*SOUTHERN DISTRICT, ILLINOIS*

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __9__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __04/10/2010__                    Signature: _____
                                                              Debtor

Date _____                    Signature: _____
                                                      (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,                            Social Security No.
of Bankruptcy Petition Preparer                                     *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __9__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                   Signature: _____

                                [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT 1 - PAGE 91

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/28/13 Page 92 of 101 Page ID
#:1598
Case 3:11-cv-01493-CFD Document 29-1 Filed 10/07/11 Page 47 of 56
Case 10-40457-lkg Doc 17 Filed 04/12/10 Page 1 of 11

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

**FILED**

**APR 1 2 2010**

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT, ILLINOIS

In re: _E.MERALD BA, REVOCABLE TRUST_                   Case No. _10 - 40457_
_____                                          _____
     Debtor                                                  (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1. **Income from employment or operation of business**

**None** ☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---------|--------|

EXHIBIT 1 - PAGE 92

Case 8:12-cv-00242-CJC-AN   Document 50-2   Filed 03/28/12   Page 93 of 101   Page ID
#:1599
Case 3:11-cv-01493-CFD   Document 29-1   Filed 10/07/11   Page 48 of 56

Case 10-40457-lkg   Doc 17   Filed 04/12/10   Page 2 of 11

2

**2.   Income other than from employment or operation of business**

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

EXHIBIT 1 - PAGE 93

3

**None**
☑

c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

**None**
☑

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | | |

**None**
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Countrywide Home Loans | 04/30/2010 | 3 rental properties with value of 117000.00 |

**5. Repossessions, foreclosures and returns**

**None**
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| see 4b above | | |

EXHIBIT 1 - PAGE 94

Case 8:12-cv-00242-CJC-AN Document 50-2 Filed 03/28/12 Page 95 of 101 Page ID #:1601
Case 3:11-cv-01493-CFD Document 29-1 Filed 10/07/11 Page 50 of 56

Case 10-40457-lkg    Doc 17    Filed 04/12/10    Page 4 of 11

4

### 6. Assignments and receiverships


None

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7. Gifts


None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

EXHIBIT 1 - PAGE 95

Case 8:12-cv-00242-CJC-AN  Document 50-2  Filed 03/28/13  Page 96 of 101  Page ID
Case 3:11-cv-01493-CFD  Document 29  Filed 10/07/11  Page 51 of 56
#:1602

Case 10-40457-lkg   Doc 17   Filed 04/12/10   Page 5 of 11

5

**9.  Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10.  Other transfers**

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

EXHIBIT 1 - PAGE 96

Case 8:12-cv-00242-CJC-AN   Document 50-29   Filed 03/28/12   Page 97 of 101   Page ID
#:1603
Case 3:11-cv-01493-CFD   Document 29-1   Filed 10/07/11   Page 52 of 56
Case 10-40457-lkg   Doc 17   Filed 04/12/10   Page 6 of 11

6

**12. Safe deposit boxes**

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☑

If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

EXHIBIT 1 - PAGE 97

7

**16. Spouses and Former Spouses**

None ☑    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18. Nature, location and name of business**

None ☑    a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

EXHIBIT 1 - PAGE 98

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None ☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☑    a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None ☑    b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

EXHIBIT 1 - PAGE 99

9

**None** ☑    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

      **NAME**                                          **ADDRESS**

**None** ☑    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

      **NAME AND ADDRESS**                                **DATE ISSUED**

---

**20. Inventories**

**None** ☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                      **DOLLAR AMOUNT OF INVENTORY**

      **DATE OF INVENTORY**       **INVENTORY SUPERVISOR**       (Specify cost, market or other basis)

**None** ☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                         **NAME AND ADDRESSES OF CUSTODIAN**

      **DATE OF INVENTORY**                            **OF INVENTORY RECORDS**

---

**21 . Current Partners, Officers, Directors and Shareholders**

**None** ☑    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

      **NAME AND ADDRESS**            **NATURE OF INTEREST**       **PERCENTAGE OF INTEREST**

**None** ☑    b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                     **NATURE AND PERCENTAGE**

      **NAME AND ADDRESS**                  **TITLE**            **OF STOCK OWNERSHIP**

---

EXHIBIT 1 - PAGE 100

Case 8:12-cv-00442-CJC-AN Document 50-2 Filed 03/28/12 Page 101 of 101 Page ID
#:1607
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 96 of 56 Page ID

Case 10-40457-lkg   Doc 17   Filed 04/12/10   Page 10 of 11

10

**22 . Former partners, officers, directors and shareholders**

None ☑

a.   If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ☑

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☑

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

EXHIBIT 1 - PAGE 101