Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/13 Page 1 of 100 Page ID
#:1608
Case 3:11-cv-01493-CFD Document 29-2 Filed 10/07/11 Page 1 of 48

Case 10-40457-lkg Doc 17 Filed 04/12/10 Page 11 of 11

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| Date | 04/01/2010 | Signature of Debtor | x |
|---|---|---|---|

| Date | | Signature of Joint Debtor (if any) | |

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

| Date | | Signature | |
|---|---|---|---|

| | | Print Name and Title | |

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

| Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer | Social-Security No. (Required by 11 U.S.C. § 110.) |
|---|---|

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

| Signature of Bankruptcy Petition Preparer | Date |
|---|---|

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

EXHIBIT 1 - PAGE 102

Case 8:12-cv-00242-GJC-AN  Document 50-3  Filed 03/28/12  Page 2 of 100  Page ID
Case 3:11-cv-01493-CFD  Document 29-2  Filed 10/07/11  Page 2 of 48
#:1609

# EXHIBIT

# 9

EXHIBIT 1 - PAGE 103

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS
### BENTON DIVISION

```
IN RE:                          )  Case No. 10-40457-lkg
                                )  Chapter 11
                                )
EMERALD BAY REVOCABLE TRUST,    )  Federal Courthouse
                                )  301 West Main Street
                                )  Benton, Illinois 62812
                                )
            Debtor.             )  November 3, 2010
_____)  9:08 A.M.
```

TRANSCRIPT OF MOTION TO VACATE (DOCKET 86)
BEFORE HONORABLE KENNETH J. MEYERS
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For Emerald Bay:          DENNIS BELL

For Cheri English:        CHERI ENGLISH, Pro Se
                          2914 ½ Benton Road
                          Paducah, Kentucky 42003

TELEPHONIC APPEARANCES:

For BAC Home Loan         Stites and Harbison, PLLC
Servicing, Inc.:          By:  RICHARD A. VANCE, ESQ.
                          400 West Market Street, Suite 1800
                          Louisville, Kentucky 40202

ECRO:                     TINA GRAY

**Transcription Service:**     **TRANSCRIPTS PLUS, INC.**
                               **435 Riverview Circle**
                               **New Hope, Pennsylvania 18938**
                               **Telephone: 215-862-1115**
                               **Facsimile: 215-862-6639**
                               **e-mail CourtTranscripts@aol.com**

Proceedings recorded by electronic sound recording, transcript
Produced by transcription service.

EXHIBIT 1 - PAGE 104

2

```
 1              THE COURT:  Call the next matter.

 2              CLERK:  Emerald Bay Revocable Trust, Cheri English,

 3  interested party, versus BAC Home Loan Servicing, Inc.

 4              THE COURT:  We're going to get Mr. Vance on the

 5  phone.  The Court has allowed him to appear by phone.

 6                          (Pause)

 7              FEMALE SPEAKER:  Mr. Vance's Office.

 8              CLERK:  Yes.  We need Mr. Vance for court with Judge

 9  Meyers.

10              FEMALE SPEAKER:  Yes, ma'am.  Hold on.

11                          (Pause)

12              MR. VANCE:  Rick Vance.

13              CLERK:  Hi, Vance.  We're in court with Judge

14  Meyers.

15              THE COURT:  We're in court, Mr. Vance.  On the motion

16  to vacate filed by Emerald Bay by Cheri English on the motion

17  to vacate.

18              MR. VANCE:  Yes, sir.  Is Emerald Bay in attendance?

19              THE COURT:  Yes.  Well, I -- and Mr. -- your name,

20  sir?

21              MR. BELL:  Dennis Bell, Your Honor.

22              THE COURT:  Dennis Bell is here, and Ms. English is

23  here.  It's --

24                          (Pause)

25              THE COURT:  Well, let me perhaps shorten this thing a
```

EXHIBIT 1 - PAGE 105

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 5 of 100   Page ID
#:1612
Case 3:11-cv-01493-CRD   Document 29-2   Filed 10/07/11   Page 5 of 46

Case 10-40457-lkg   Doc 102   Filed 12/17/10   Page 3 of 11

3

 1 little bit.  Let me take a look at this.  Just give me one
 2 second, if you would, please.
 3                         (Pause)
 4         THE COURT:  I'm not sure, Mr. Bell, what your
 5 position is here.
 6         Ms. English says that she didn't receive notice.  I'm
 7 not going to -- you're not going to reargue all this stuff.
 8 We're not going to rehash what's already been hashed, and
 9 mashed, considered by the Court, we're just not going to do it.
10         Ms. English said that she didn't receive notice.  I'm
11 interested in hearing what she has to say.  There's nothing in
12 here -- you know, basically -- there's nothing alleged in any
13 of these documents that I'm interested in except for two
14 things:
15         Number one, her allegation that she didn't receive
16 notice of that prior hearing;
17         And, number two, I may be interested in the fact that
18 she alleges she was -- apparently alleges she was not trustee
19 at the time these things happened.
20         But you're not going to stand here and argue for her,
21 that's not the -- you're not a lawyer, are you?
22         MR. BELL:  No, Judge.  And that's not my intent.  I
23 do, though, have still this pending question of jurisdiction.
24 It's never been answered.
25         THE COURT:  What -- okay.  What pending question of

EXHIBIT 1 - PAGE 106

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 6 of 100 Page ID
#:1613
Case 3:11-cv-01493-CFD Document 29-2 Filed 10/07/11 Page 6 of 48 Page ID

Case 10-40457-lkg   Doc 102   Filed 12/17/10   Page 4 of 11

4

1  jurisdiction?

2        MR. BELL:  The -- well, the motion to vacate is based

3  on the previous motion for reconsideration and question of

4  jurisdiction that was filed by the Court.

5        THE COURT:  Well --

6        MR. BELL:  And the --

7        THE COURT:  See, that's a stupid argument.  That's a

8  -- you know what, let me tell you why it's a stupid argument.

9  You -- Emerald Bay and Ms. English, as trustee, invoked the

10  jurisdiction of this Court.  You invoked the jurisdiction of

11  this Court when you filed the pleadings in this Court.  That's

12  where the Court gets jurisdiction.

13        We didn't grab this thing out of mid air.  It's here

14  because you filed it here.

15        MR. BELL:  I understand that, Judge.  But BAC Home

16  Loan Servicing, Inc. --

17        THE COURT:  No, no, no, no.  We're not going to go

18  there.  We've been there.  We rode that pony as long as we're

19  going to ride it.  You had an opportunity to be heard on that

20  issue, you were heard on that issue, the Court rejected that

21  issue.

22        The only thing we're here today on is Ms. English's

23  argument that there's no jurisdiction.  I think she makes that

24  argument, which I rejected because you invoked the jurisdiction

25  of this Court.

EXHIBIT 1 - PAGE 107

5

1    She also says that she didn't get an opportunity to

2 be heard.  And she also says she wasn't trustee.

3    Now, both of those arguments -- let me tell you what,

4 I think they're specious -- they're just not believable.  But

5 over the abundance of care, I set this for a hearing to give

6 her an opportunity to say what she had to say.  Neither one of

7 those arguments are believable, frankly.  But I'm willing to

8 listen to what Ms. English has to say.

9    Ms. English, I'm willing to listen to what you have

10 to say.

11    MS. ENGLISH:  Well, I did not see any request to be

12 here, Your Honor.  I did not see that.  I did not get a letter

13 on that --

14    THE COURT:  At the prior hearing?  You got the one on

15 the continuance, didn't you?  The one that was inadvertently

16 entered by another judge?

17    MS. ENGLISH:  I don't recall.

18    THE COURT:  Well, you filed a motion for continuance.

19 And if you didn't get that order, why weren't you here?

20    MS. ENGLISH:  Well, I should not be held liable --

21    THE COURT:  Now, wait a minute.  I asked you a

22 question, I want an answer.  You said now you're not sure.  You

23 filed a motion to continue that prior hearing when we were

24 considering the attorney's fees.  You filed a motion to

25 continue that.

EXHIBIT 1 - PAGE 108

6

1        An order was entered by a different judge,
2   inadvertently continuing that matter.
3        Thirty minutes later, when I saw the order, I vacated
4   that order.
5        Now, if you didn't get either one of them, then why
6   weren't you here for that hearing?  And if you did get the
7   motion for a continuance, I want to hear why you didn't get the
8   other order?
9             (No audible response heard)
10       THE COURT:   You filed the motion to continue, ma'am.
11  I assume you did, or did somebody file it for you?
12       MS. ENGLISH:  No.
13       THE COURT:  You --
14       MS. ENGLISH:  I'm --
15       THE COURT:  -- wanted a continuance of the hearing.
16  Now you're alleging that you didn't get notice of the order
17  that vacated the order continuing.
18       MS. ENGLISH:  Well, after the second one, I tried to
19  get counsel, and could not get counsel.  Could not get anybody
20  to represent me at all.
21       THE COURT:  Well, the issue is not whether you got
22  representation.  The issue is whether or not you got a copy of
23  the order that vacated the order continuing it.  That's the
24  issue.
25       MS. ENGLISH:  I'm guessing I did, Your Honor.

EXHIBIT 1 - PAGE 109

1        THE COURT:  Okay.  Well, you got -- and then you
2   didn't appear at the hearing.  And when you didn't appear at
3   the hearing, the Court conducted the hearing, and you were
4   absent, and that's what happens when you don't show.

5        MR. BELL:  Judge, could I shed a little light on that
6   question for you?

7        THE COURT:  No, you can't.  You're not a lawyer.
8   You're not a lawyer.  We're not going to go -- we're not going
9   to go down that road.  I've told you that, Mr. Bell.

10       MR. BELL:  I'm just --

11       THE COURT:  I've been doing this work for 35 years,
12  and I can tell you what happens is you're wanting to confuse
13  this thing, and it would be a morass when you get done with it,
14  and I'm going to be no part of it.  You've had your opportunity
15  to speak.  You've been in this court before.  You've made your
16  arguments.  Those arguments were rejected.  We're not going to
17  go back down that path again.

18       The only thing in front of the Court today is Ms.
19  English's motion.  She's indicated she must have gotten the
20  notice of the order vacating.

21       And, frankly, that's the only honest thing to say.
22  You know why?  Because that went to the same address where the
23  order would have gone continuing the hearing.  Not only that,
24  not only did it go to the same address, I've checked with the
25  noticing center, and they were sent in the same envelope.  So,

EXHIBIT 1 - PAGE 110

1  I don't understand how you don't get a copy.

2          But I'm not interested in hearing you, Mr. Bell.

3  You're not a lawyer.  We've heard your arguments.  This is for

4  Ms. English, if she has anything to say.  I could have rejected

5  this out of hand.  Frankly, I probably should have.  We've

6  mashed these potatoes until they're liquid.

7          MR. BELL:  The notices go to Emerald Bay, Your Honor.

8  That's why --

9          THE COURT:  Well --

10          MR. BELL:  -- I wanted to --

11          THE COURT:  No, no.  Wait a minute.  See, that's a

12  specious argument, too.  She entered -- she entered her address

13  into the noticing center here.  And her address is the same

14  address -- what is your address?

15          MS. ENGLISH:  The -- my personal, or --

16          THE COURT:  Yes.

17          MS. ENGLISH:  1155 Smith Avenue.

18          THE COURT:  That's not the address you gave this

19  Court for noticing purposes.  You gave this Court 2914 ½ Benton

20  Road, that's what you gave this Court.

21          MS. ENGLISH:  I have two -- yes, I do have two

22  addresses.

23          THE COURT:  Well, that's the address -- when you give

24  this Court an address where you want to receive notice, then

25  that's where you receive notice, and that's the address that

EXHIBIT 1 - PAGE 111

9

1  you gave this Court.

2          The notice was sent there, as well as to 2934 ½

3  Benton Road, which is Emerald Bay, I assume.  Or Dennis Bell.

4  So, you got notice.

5          Now, you say you weren't the trustee at the time.  I

6  don't quite understand that argument either, based upon the

7  record in this case.

8          MS. ENGLISH:  Well, after it was dismissed, I just

9  stepped down.

10         THE COURT:  You -- pardon?

11         MS. ENGLISH:  After the --

12         THE COURT:  Yes, but the attorney's fees were imposed

13  for the filing here.  It was an improper filing.  Up to that

14  point, you signed documents as trustee of this trust.  You

15  signed -- let me just -- let me just look here.  You signed the

16  Chapter 7 petition as trustee.  You signed the motion to

17  convert to Chapter 11 as trustee.  You signed the debtor's list

18  of equity security holders as trustee.  You signed an objection

19  to BAC Home Loan's motion to dismiss as trustee.  You signed

20  debtor's own motion to dismiss as trustee.  You signed the

21  motion to vacate as trustee and your motion to stay further

22  proceedings.  Those are just some of the documents.

23         And then I think you did sign -- even when I reviewed

24  it, you signed some documents as trustee, followed by some

25  documents that you were the former trustee, followed by some

EXHIBIT 1 - PAGE 112

10

1  documents that you were the trustee.

2          The imposition of the attorney's fees was due to the
3  fact that this should have never been filed here.  It was an
4  abuse of the bankruptcy process, that's what the Court has
5  held.  That's why the attorney's fees were imposed.

6          Once it was dismissed, then -- that's water under the
7  bridge.  I mean that had nothing to do with why the attorney's
8  fees were imposed.  There's been no conduct, other than
9  supplemental pleadings that have been filed.  Your, I think,
10 objection to BAC, or some of your motions that were filed
11 afterwards that you filed individually.

12         So, the attorney's fees were imposed for your
13 conduct, either personally after you said you withdrew, or as
14 trustee for the file.

15         So, the record just simply doesn't support that you
16 weren't trustee at the time.

17         So, the motion to vacate -- and we're just simply
18 here on the motion to vacate the Court's prior order, and that
19 motion is denied without merit.

20         Like I said, it's clear that you got notice, and
21 that's the basis of your motion to vacate.  The Court proceed
22 with the hearing.  And as far as I'm concerned, you know,
23 that's the end of it.  Hopefully that's the end of it.

24         MR. VANCE:   Thank you, Judge.

25         THE COURT:   Fine.   Thank you, Mr. Vance.

EXHIBIT 1 - PAGE 113

11

1          So, the motion to vacate is denied.  Thank you,

2     folks.

3          (Whereupon, at 9:19 P.M., the hearing was adjourned.)

4

5                          CERTIFICATE

6

7     I certify that the foregoing is a correct transcript from

8     the electronic sound recording of the proceedings in the

9     above-entitled matter.

10

11

12     /s/  Karen Hartmann     AAERT CET**D0475 Date: December 16, 2010

13     TRANSCRIPTS PLUS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 1 - PAGE 114

# EXHIBIT

# 10

EXHIBIT 1 - PAGE 115

Case 10-40457-lkg   Doc 66   Filed 07/28/10   Page 1 of 1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMERALD BAY REVOCABLE TRUST

**vs**

**CASE NO** 10-40457
**CHAPTER:** 11

BAC HOME LOANS SERVICING, INC

**DATE:** July 28, 2010
**PLACE:** Benton

---

**PRESENT:** Honorable Kenneth J. Meyers, US Bankruptcy Judge

**COUNSEL FOR PLAINTIFF:** Pro Se

**COUNSEL FOR DEFENDANT:** Richard Vance                          Appears

PROCEEDINGS: Objection and Supplemental Objection to Application for Compensation

MINUTES OF COURT:

Case is called for the hearing on the debtor's Objection and Supplemental Objection to Application for Compensation, filed by BAC Home Loans Servicing, Inc. Dennis Bell, settlor of Trust, appears. The application is Granted in part. Sanctions are entered against Cheri English, Trustee of Emerald Bay Revocable Trust, in the amount of $13,975.00. Richard Vance is granted 10 days to provide the court with documentation of change of ownership and also provide an itemization of attorney fees. The debtor is granted 10 days thereafter to file an objection to the documentation or attorney fees. If necessary, this court may schedule a further hearing on the matters.

Donna Beyersdorfer
Clerk of Bankruptcy Court

/s/Bethany Crisp
By:
Deputy Clerk

NOTE: THESE WRITTEN MINUTES ARE A CLERICAL ENTRY OF THE COURT PROCEEDINGS FOR RECORD KEEPING PURPOSES ONLY. THEY ARE NOT AND SHOULD NOT BE CONSTRUED AS THE ORDER OF THE COURT, WHICH WAS ORALLY DELIVERED. CONSULT THE TRANSCRIPT OF PROCEEDINGS FOR THE ACTUAL ORDER.

EXHIBIT 1 - PAGE 116

# Notice Recipients

| | |
|---|---|
| District/Off: 0754-4 | User: bj | Date Created: 7/28/2010 |
| Case: 10-40457-lkg | Form ID: pdf900 | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion10.es.ecf@usdoj.gov |
| aty | Mark D Skaggs | mark.d.skaggs@usdoj.gov |
| aty | Richard A Vance | rvance@stites.com |

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Emerald Bay Revocable Trust | 509 Vienna St | Metropolis, IL 62906 |

TOTAL: 1

EXHIBIT 1 - PAGE 117

# EXHIBIT

# 11

EXHIBIT 1 - PAGE 118

Case 8:12-cv-00442-CJC-AN Document 50-2 Filed 03/28/17 Page 18 of 100 Page ID #:1625
Case 3:11-cv-0493-CFD Document 29 Filed 10/07/11 Page 18 of 48 Page ID

Case 10-40457-lkg    Doc 84    Filed 09/22/10    Page 1 of 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:                                              Chapter 11

EMERALD BAY REVOCABLE TRUST,                        Case No. 10-40457

    Debtor.

### ORDER

    This matter comes before the Court for hearing on September 15, 2010 on Cheri English's Motion to Reconsider this Court's award of costs and fees to creditor and party in interest, BAC Home Loans Servicing, LP ("BAC"). Richard A. Vance, counsel for BAC appears; movant Cheri English does not. Accordingly, **IT IS ORDERED** that the Motion to Reconsider is **DENIED**.

    **FURTHER,** the Court having considered the BAC'S Motion for Costs and Fees and all objections thereto, conducted three hearings, reviewed the record, and otherwise being sufficiently advised; **FINDS** that the initiation and continued prosecution of this bankruptcy proceeding, including the filing of the petition and frivolous objections, responses, and motions to reconsider, have been in bad faith and have caused BAC to incur unnecessary costs and fees.[1] Accordingly BAC shall be awarded its reasonable attorney's fees and costs incurred in this matter in the amount of $23,975.00.[2]

    Based on the foregoing, **IT IS ORDERED** that the Motion for Fees and Costs is **GRANTED.** BAC Home Loans Servicing, LP is awarded a judgment against the debtor, Emerald Bay Revocable Trust, Cheri English, and Dennis L. Bell, jointly and severally, in the

---

[1] BAC has been required to respond to the petition and frivolous objections, responses and motions. Counsel for BAC has also appeared at court hearings at which the debtor and its representatives have failed to appear
[2] The Court has reviewed the record and the fee statements that were submitted and finds that this amount is a reasonable attorney fee for the time expended.

EXHIBIT 1 - PAGE 119

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 19 of 100 Page ID #:1626
Case 3:11-cv-01493-CFD Document 29-2 Filed 10/07/11 Page 19 of 48 Page ID

Case 10-40457-lkg    Doc 84    Filed 09/22/10    Page 2 of 2

amount of $23,975.00.  All pending motions of the Debtor and its Trustee are **DENIED**.

Counsel for BAC Home Loans Servicing, LP shall serve a copy of this Order by mail to all interested parties who were not served electronically.

ENTERED: September 22, 2010

/s/ Kenneth J. Meyers

UNITED STATES BANKRUPTCY JUDGE-3

EXHIBIT 1 - PAGE 120

# EXHIBIT

# 12

EXHIBIT 1 - PAGE 121

**Subject:** Cheri English Profile

I live in Paducah,Ky. I'm 46 I have 2 children Jimmy Dunn 24 and Amber T 15.They are great kids.I have a wonderful boyfriend Dennis almost 3yrs now. I found my 2 stepchildren from 24yrs ago Jay & Tammy they are both really good people.I have a Sister and a Brother in Chicago area and 2 nieces here in Paducah.I went to Sandridge Elementary school on the south side of Chicago.

EXHIBIT 1 - PAGE 122

# EXHIBIT

# 13

EXHIBIT 1 - PAGE 123

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 23 of 100   Page ID
#:1680
Case 3:11-cv-01493-CFD   Document 29-7   Filed 10/07/11   Page 23 of 48

CASREF, CLOSED

# U.S. District Court
# Western District of Kentucky (Paducah)
## CIVIL DOCKET FOR CASE #: 5:08-cv-00167-JHM-ERG

Bell v. Countrywide Home Loans Inc et al                        Date Filed: 10/03/2008
Assigned to: Judge Joseph H. McKinley, Jr                       Date Terminated: 02/04/2009
Referred to: Magistrate Judge E. Robert Goebel                  Jury Demand: Plaintiff
Cause: 15:1692 Fair Debt Collection Act                         Nature of Suit: 290 Real Property: Other
                                                                Jurisdiction: Diversity

**Plaintiff**

**Dennis Bell**                                 represented by  **Dennis Bell**
                                                                2934 Benton Road
                                                                Paducah, KY 42003
                                                                270-556-1571
                                                                PRO SE

V.

**Defendant**

**Countrywide Home Loans, Inc.**               represented by  **Brian H. Meldrum**
                                                                Stites & Harbison, PLLC - Louisville
                                                                400 W. Market Street, Suite 1800
                                                                Louisville, KY 40202-3352
                                                                502-681-0578
                                                                Fax: 502-779-8296
                                                                Email: bmeldrum@stites.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Andrew Beshear**                             represented by  **Chadwick A. McTighe**
                                                                Stites & Harbison, PLLC - Louisville
                                                                400 W. Market Street, Suite 1800
                                                                Louisville, KY 40202-3352
                                                                502-681-0342
                                                                Fax: 502-779-6026
                                                                Email: cmctighe@stites.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Michael E. Kleinert**
                                                                Stites & Harbison, PLLC - Louisville
                                                                400 W. Market Street, Suite 1800
                                                                Louisville, KY 40202-3352
                                                                502-587-3400

Fax: 502-779-6035
Email: mkleinert@stites.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathon D. Pitchford**                    represented by **Chadwick A. McTighe**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael E. Kleinert**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**America's Wholesale Lender, Inc**
*also known as*
America's Wholesale Lender

**Defendant**

**Mortgage Electronic Registration
Services, Inc**

**Defendant**

**Does 1 through 20**

**Defendant**

**Mortgage Electronic Registration          represented by **Brian H. Meldrum**
Systems, Inc.**                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Richard A. Vance**
                                                            Stites & Harbison, PLLC - Louisville
                                                            400 W. Market Street, Suite 1800
                                                            Louisville, KY 40202-3352
                                                            502-587-3400
                                                            Fax: 502-587-6391
                                                            Email: rvance@stites.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/03/2008 | 1 | COMPLAINT against Countrywide Home Loans Inc, Andrew Beshear, Jonathon D. Pitchford, America's Wholesale Lender, Inc, Mortgage Electronic Registration Services, Inc, Does 1 through 20 Filing fee $ 350, receipt number 014616., filed by Dennis Bell. (Attachments: # 1 Cover Sheet) (KJS) (Entered: 10/03/2008) |

| 10/03/2008 | 2 | Case Assignment (Random Selection): Case Assigned to Judge Thomas B. Russell. (KJS) (Entered: 10/03/2008) |
|---|---|---|
| 10/03/2008 | 3 | Summons Issued as to Countrywide Home Loans Inc, Andrew Beshear, Jonathon D. Pitchford, America's Wholesale Lender, Inc, Mortgage Electronic Registration Services, Inc. (KJS) (Entered: 10/03/2008) |
| 10/27/2008 | 4 | MOTION to Dismiss by Defendant Countrywide Home Loans Inc Responses due by 11/14/2008 (Attachments: # 1 Memorandum in Support of Motion of Countrywide Home Loans, Inc. to Abstain and/or Dismiss, # 2 Exhibit 1 - Complaint/First Foreclosure (06-CI-00305), # 3 Exhibit 2 Complaint/Second Foreclosure (06-CI-00813), # 4 Exhibit 3 Complaint/Third Foreclosure (06-CI-00891) Part 1, # 5 Exhibit 3 (part 2), # 6 Exhibit 4 - Order (DJ vacated; Consolidating; and Def withdrawal of Mt to Dismiss, # 7 Exhibit 5 - Answer to Complaint with Counterclaim, # 8 Exhibit 6 - Judgment, # 9 Exhibit 7 - Cross-Defendant/Plaintiff Countrywide Home Loan's Reply in Support of Mt. to Remand, # 10 Exhibit 8 - Nt of Removal of Civil Action Title 28 USC Section 1446, # 11 Exhibit 9 - Order remanding matter to McCracken Circuit Court, # 12 Exhibit 10 - Mt to dismiss (06-CI-00813), # 13 Exhibit 11 - Mt to dismiss (06-CI-00891), # 14 Exhibit 12 - Complaint to Attorney General, # 15 Exhibit 13 - Mt for Sanctions (part 1), # 16 Exhibit 13 - (part 2), # 17 Exhibit 14 - Order granting Plaintiff's Mt for Sanctions, # 18 Exhibit 15 - Mt for Sanctions or Mt to Strike Plaintiff's Answer to Defendant's Counterclaim Reinstate Default Judgment, # 19 Exhibit 16 - Order Denying Mt for Sanctions or Mt to Reinstate Default Judgment, # 20 Exhibit 17 - Order granting Plaintiff's Mt to Quash Subpoena, # 21 Exhibit 18 - Subpoena served on Hon. Charles Schumer, U. S. Senator, # 22 Exhibit 19 - Mt to Dismiss Plaintiff's Complaint because Plaintiff is Not a Real Party in Interest, # 23 Exhibit 20 - Mt for Order Requiring Plaintiff to Produce Original Documents, # 24 Exhibit 21 - Mt to Disqualify Judge for Cause 26A.020(1) and KRS 26A015(a) and (2)(d), # 25 Exhibit 22 - Bell's Civil and Criminal Action List, # 26 Exhibit 23 - Countrywide's Mt to Dismiss (part 1), # 27 Exhibit 23 - (part 2), # 28 Exhibit 23 - (part 3), # 29 Exhibit 23 - (part 4), # 30 Exhibit 23 - (part 5), # 31 Exhibit 23 - (part 6), # 32 Exhibit 23 - (part 7), # 33 Exhibit 23 - (part 8), # 34 Exhibit 23 - (part 9), # 35 Exhibit 23 - (part 10), # 36 Exhibit 24 - Supplement in Sup of Countrywide's Mt. ti Dismiss Bell's Counterclaim for Perjury (part 1), # 37 Exhibit 24 - (part 2), # 38 Exhibit 25 - Countrywide's Mt for SJ and Order of Sale (part 1), # 39 Exhibit 25 - (part 2), # 40 Exhibit 25 - (part 3), # 41 Exhibit 25 - (part 4), # 42 Exhibit 25 - (part 5), # 43 Exhibit 25 - (part 6), # 44 Exhibit 25 - (part 7), # 45 Exhibit 25 - (part 8), # 46 Exhibit 25 - (part 9), # 47 Exhibit 25 - (part 10), # 48 Exhibit 25 - (part 11), # 49 Exhibit 26 Defendant's Resp to Countrywide's Mt for SJ, # 50 Exhibit 27 - Special Judge Assignment, # 51 Exhibit 28 - Order Denying Defendant's Mt to Reconsider; Denying Defendant's Countermotion, and Granting Plaintiff's Mt to Compel, # 52 Exhibit 29 - Countrywide's Response to Mt to Dismiss, # 53 Exhibit 30 - Bell Federal v. State complaint Comparison Chart, # 54 Exhibit 31 - Case History, # 55 Exhibit 32 - Defendant's Amended Answer and Counterclaim, # 56 Exhibit 33 - Mt to Remand )06-CV-131), # 57 Exhibit 34 - Plaintif's Response to Defendant's Mt to Dismiss, and Cross-mt for CR 11 Sanctions, # 58 Exhibit 35 - Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss and Plaintiff's Mt for Sanctions under CR 11, # 59 Exhibit 36 - Defendant's Opposition to Plaintiff's Mt to Quash Subpoena of Countrywides' counsel, # 60 Exhibit 37 - Crown enterprises v. Lamber, et al., 2006 US Dist. LEXIA 96039, # 61 Exhibit 38 - Johnson v. USA, |

Case 8:12-cv-00242-GJG-AN Document 50-3 Filed 03/28/12 Page 26 of 100 Page ID
Kentucky Western CM/ECF-DC   Case 3:11-cv-01493-CFD Document 29-3 Filed 10/07/11 Page 29b-28 of 48
#:1630ttps://ecf.kywd.uscourts.gov/cgi-bin/DktRpt.pl?850570297954542-L_4...

|  |  | 1992 US App >EXIS 34840, # 62 Exhibit 39 - Preston v. Eriksen, et al. 1997 U.S. App. 784, # 63 Exhibit 40 - Smith and Troupe v. Provident Consumer Financial Services, et al. 2006 U.S. Dist. LEXIS 48265, # 64 Proposed Order Granting Countrywide's Mt to Abstain and/or Dismiss) (Meldrum, Brian) (Entered: 10/27/2008) |
|---|---|---|
| 10/28/2008 | 5 | MOTION to Dismiss by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 11/17/2008 (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Exhibit A: Compilation of Records reflecting prior actions (Part 1 of 3), # 4 Exhibit A: Records reflecting prior actions (Part 2 of 3), # 5 Exhibit A: Records reflecting prior actions (Part 3 of 3), # 6 Exhibit B: Complaint in Bell v. Fifth Third, # 7 Exhibit C: Complaint in McCracken Builders v. Cendant, # 8 Exhibit D: Bell Mot. to Disqualify in Warner v. Bell, # 9 Exhibit E: Missouri Docket Information (Part 1 of 2), # 10 Exhibit E: Missouri Docket (Part 2 of 2), # 11 Exhibit F: Notice of Substitution of Counsel, # 12 Exhibit G: Order of Sanctions) (McTighe, Chadwick) (Entered: 10/28/2008) |
| 10/31/2008 | 6 | SUMMONS Returned Executed America's Wholesale Lender, Inc served on 10/8/2008, answer due 10/28/2008. (KJS) (Entered: 10/31/2008) |
| 10/31/2008 | 7 | SUMMONS Returned Executed Mortgage Electronic Registration Services, Inc served on 10/10/2008, answer due 10/30/2008. (KJS) (Entered: 10/31/2008) |
| 10/31/2008 | 8 | SUMMONS Returned Executed Jonathon D. Pitchford served on 10/9/2008, answer due 10/29/2008. (KJS) (Entered: 10/31/2008) |
| 10/31/2008 | 9 | SUMMONS Returned Executed (no date) (KJS) (Entered: 10/31/2008) |
| 10/31/2008 | 10 | MOTION for Entry of Default by Plaintiff Dennis Bell Responses due by 11/18/2008 (Attachments: # 1 Affidavit, # 2 Default Judgment by Clerk) (KJS) (Entered: 10/31/2008) |
| 11/06/2008 | 11 | NOTICE of Special Appearance by Mortgage Electronic Registration Systems, Inc. (Meldrum, Brian) (Entered: 11/06/2008) |
| 11/06/2008 | 12 | Objection to 10 MOTION for Entry of Default filed by Countrywide Home Loans Inc, Mortgage Electronic Registration Systems, Inc.. (Attachments: # 1 Exhibit 1 - Meldrum Declaration, # 2 Exhibit 2 - KY Secretary of State Information, # 3 Proposed Order) (Meldrum, Brian) (Entered: 11/06/2008) |
| 11/12/2008 | 13 | MOTION for Extension of Time to File Response as to 4 MOTION to Dismiss by Defendant Countrywide Home Loans Inc Responses due by 11/14/2008 5 MOTION to Dismiss by Plaintiff Dennis Bell Responses due by 11/24/2008 (Attachments: # 1 State Court Order Setting Bench Trial, # 3 Proposed Order) (KJS) Modified on 1/7/2009 to add docket link to DN 4 (Sherrard, Kelly). Modified on 1/8/2009 to delete exhibit B pursuant to order entered this date (CSD). (Entered: 11/12/2008) |
| 11/18/2008 | 14 | RESPONSE to re 13 MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss filed by Andrew Beshear, Jonathon D. Pitchford. (Attachments: # 1 Exhibit 1: Order rescheduling bench trial in McCracken Circuit Court, # 2 Proposed Order requiring Plaintiff's response by December 11, 2008) (Kleinert, Michael) (Entered: 11/18/2008) |

EXHIBIT 1 - PAGE 127

| 11/18/2008 | 15 | MOTION to Strike 13 MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss, MOTION to Seal Document 13 MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 12/8/2008 (Attachments: # 1 Memorandum in Support, # 2 Proposed Order Striking Exhibit B to Plaintiff's Motion for Continuance, # 3 Proposed Order Sealing Exhibit B to Plaintiff's Motion for Continuance) (Kleinert, Michael) (Entered: 11/18/2008) |
|---|---|---|
| 11/20/2008 | 16 | REPLY to Response to Motion re 10 MOTION for Entry of Default filed by Dennis Bell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order) (KJS) (Entered: 11/21/2008) |
| 12/05/2008 | 17 | RESPONSE to Motion re 4 MOTION to Dismiss filed by Dennis Bell. Replies due by 12/19/2008. (KJS) (Additional attachment(s) added on 1/8/2009: # 1 Main Document) (CSD). (Entered: 12/05/2008) |
| 12/05/2008 | 18 | Motion to Seal and Motion to Strike certain exhibits re 5 MOTION to Dismiss, 13 MOTION for Extension of Time to File Response/Reply as to 5 MOTION to Dismiss,and 4 Motion to Dismiss, filed by Dennis Bell. Replies due by 12/19/2008. (KJS) Modified on 1/7/2009 to delete link to DN 15 (per chambers) (Sherrard, Kelly). Modified on 1/7/2009 (KJS). Modified on 1/7/2009 (KJS). (Entered: 12/05/2008) |
| 12/05/2008 | | MOTION to Seal Document 5 MOTION to Dismiss, 4 MOTION to Dismiss, (SEE DN 18 FOR DOCUMENT) (docketed per chambers) (KJS) Modified on 1/7/2009 to edit motion reliefs (KJS). (Entered: 01/07/2009) |
| 12/10/2008 | 19 | MOTION to Strike 17 Response to Motion *to Abstain and/or Dismiss* by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 12/29/2008 (Attachments: # 1 Memorandum in Support, # 2 Proposed Order) (McTighe, Chadwick) (Entered: 12/10/2008) |
| 12/11/2008 | 20 | RESPONSE to Motion re 5 MOTION to Dismiss filed by Dennis Bell. Replies due by 12/26/2008. (Attachments: # 1 Exhibit A) (KJS) (Additional attachment(s) added on 1/13/2009: # 2 Main Document (Redacted)) (CSDS). (Entered: 12/12/2008) |
| 12/12/2008 | 21 | AMENDED RESPONSE TO DEFENDANTS BESHEAR AND PITCHFORD'S MOTION TO DISMISS by Dennis Bell. Amendment to 20 Response to Motion (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) by Dennis Bell. (KJS) (Additional attachment(s) added on 1/13/2009: # 4 Main Document (Redacted)) (CSDS). (Entered: 12/12/2008) |
| 12/16/2008 | 22 | RESPONSE to re 18 Response to Motion,,, *Plaintiff's Motion to Strike and/or Seal* filed by Andrew Beshear, Jonathon D. Pitchford. (Attachments: # 1 Exhibit 1 - Countrywide's Motion for Sanctions, # 2 Proposed Order) (McTighe, Chadwick) (Entered: 12/16/2008) |
| 12/17/2008 | 23 | REPLY re 4 MOTION to Dismiss *or Abstain* filed by Countrywide Home Loans, Inc.. (Attachments: # 1 Exhibit 1 - Bell Letter 7/16/08) (Meldrum, Brian) (Entered: 12/17/2008) |
| 12/18/2008 | 24 | CONFESSION OF JUDGMENT BY DEFENDANT AMERICA'S WHOLESALE LENDER, INC. filed by Dennis Bell (Attachments: # 1 Stipulation of Facts) (KJS) |

EXHIBIT 1 - PAGE 128

| | | (Entered: 12/18/2008) |
|---|---|---|
| 12/22/2008 | 25 | REPLY to Response to Motion re 5 MOTION to Dismiss filed by Andrew Beshear, Jonathon D. Pitchford. (McTighe, Chadwick) (Entered: 12/22/2008) |
| 12/30/2008 | 26 | MOTION for Leave to *file motion to strike portions of plaintiff's response to defendants' motion to dismiss under seal* by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 1/19/2009 (Attachments: # 1 Proposed Order granting defendants' motion for leave to file their motion to strike under seal) (Kleinert, Michael) (Entered: 12/30/2008) |
| 12/30/2008 | 27 | MOTION to Strike 20 Response to Motion, 21 Amended Document by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 1/19/2009 (Attachments: # 1 Memorandum in Support of motion to strike, # 2 Proposed Order granting defendants' motion to strike) (Kleinert, Michael) (Entered: 12/30/2008) |
| 12/31/2008 | 28 | ORDER OF RECUSAL. Judge Thomas B. Russell recused. Case reassigned to Judge Joseph H. McKinley, Jr for all further proceedingscc:counsel (KJS) (Entered: 12/31/2008) |
| 01/05/2009 | 29 | MOTION to Strike 24 Notice (Other) *and for Sanctions* by Defendant Countrywide Home Loans, Inc. Responses due by 1/23/2009 (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1 - AWL Trademark, # 3 Exhibit 2 - Certificate of Incorporation, # 4 Exhibit 3 - Bell Deposition Excerpts, # 5 Proposed Order) (Meldrum, Brian) (Entered: 01/05/2009) |
| 01/06/2009 | 30 | Joint MOTION for Hearing *and Status Conference on Various Matters Pending before the Court* by Defendants Countrywide Home Loans, Inc., Andrew Beshear, Jonathon D. Pitchford Responses due by 1/26/2009 (Attachments: # 1 Proposed Order) (McTighe, Chadwick) (Entered: 01/06/2009) |
| 01/08/2009 | 31 | ORDER granting 26 Motion for Leave to file Motion to Strike Under Seal. Signed by Judge Joseph H. McKinley, Jr on 1/7/09. cc:counsel (KJS) (Entered: 01/08/2009) |
| 01/08/2009 | 32 | Sealed Document re 31 Order on Motion for Leave to fiel under seal, 27 Motion to Strike, by Andrew Beshear, Jonathon D. Pitchford. (KJS) (Entered: 01/08/2009) |
| 01/08/2009 | 33 | ORDER denying 18 Motion to Strike. Signed by Judge Joseph H. McKinley, Jr on 01/07/2009. cc:counsel (CSD) (Entered: 01/08/2009) |
| 01/08/2009 | 34 | ORDER granting 13 Motion for Extension of Time to File Response/Reply. Signed by Judge Joseph H. McKinley, Jr on 01/07/2009. cc:counsel (CSD) (Entered: 01/08/2009) |
| 01/08/2009 | 35 | ORDER granting 15 Motion to Strike exhibit B to 13 MOTION; clerk instructed to remove Exhibit B to plaintiff's motion from docket and ensure that electronic record is deleted. Signed by Judge Joseph H. McKinley, Jr on 01/07/2009. cc:counsel, plaintiff (CSD) (Entered: 01/08/2009) |
| 01/08/2009 | 36 | ORDER granting in part and denying in part 19 Motion to Strike 17 Response to Motion; clerk to redact portions of plaitniff's brief and ensure that current electronic record of plaintiff's response is replaced with these redactions.. Signed by Judge Joseph H. McKinley, Jr on 01/07/2009. cc:counsel, plaintiff (CSD) (Entered: 01/08/2009) |

| 01/08/2009 | 37 | ORDER by Judge Joseph H. McKinley, Jr on 01/07/2009; Referring Case to Magistrate Judge E. Robert Goebel cc:counsel, plaintiff, K Lovell, P Harralson (CSD) (Entered: 01/08/2009) |
|---|---|---|
| 01/13/2009 | 38 | ORDER granting 27 Motion to Strike 27 MOTION to Strike 20 Response to Motion, 21 Amended Document MOTION to Strike 20 Response to Motion, 21 Amended Document. Signed by Judge Joseph H. McKinley, Jr on 01/09/2009. cc:counsel (CSDS) (Entered: 01/13/2009) |
| 01/15/2009 | 39 | RESPONSE to Motion re 29 MOTION to Strike 24 Notice (Other) *and for Sanctions* filed by Dennis Bell. Replies due by 1/29/2009. (CSD) (Additional attachment(s) added on 2/4/2009: # 1 Main Document (Redacted)) (CSD). (Entered: 01/16/2009) |
| 01/15/2009 | | MOTION to Strike 29 MOTION to Strike 24 Notice (Other) *and for Sanctions by Plaintiff Dennis Bell. Responses due by 2/2/2009 (SEE 39 FOR PDF) (CSD) (Entered: 01/16/2009)* |
| 01/20/2009 | 40 | REPLY re 39 Response to Motion, MOTION to Strike 29 MOTION to Strike 24 Notice (Other) *and for Sanctions* MOTION to Strike 24 Notice (Other) *and for Sanctions* filed by Countrywide Home Loans, Inc.. (Attachments: # 1 Exhibit 1 - 2008 Assumed Name Renewal Certificate) (Meldrum, Brian) (Entered: 01/20/2009) |
| 01/21/2009 | 41 | MOTION to Strike 39 Response to Motion *to Strike*, MOTION for Order to Show Cause *Why Plaintiff Should Not Be Held in Contempt* by Defendants Andrew Beshear, Jonathon D. Pitchford Responses due by 2/9/2009 (Attachments: # 1 Memorandum in Support, # 2 Proposed Order) (McTighe, Chadwick) (Entered: 01/21/2009) |
| 01/26/2009 | 42 | RESPONSE to Motion re 41 MOTION to Strike 39 Response to Motion *to Strike* MOTION to Strike 39 Response to Motion *to Strike* MOTION for Order to Show Cause *Why Plaintiff Should Not Be Held in Contempt* filed by Dennis Bell. Replies due by 2/9/2009. (Attachments: # 1 Exhibit A) (KJS) (Entered: 02/02/2009) |
| 01/26/2009 | 43 | MOTION to Strike 29 MOTION to Strike 24 Notice (Other) *and for Sanctions* MOTION to Strike 24 Notice (Other) *and for Sanctions* by Plaintiff Dennis Bell Responses due by 2/13/2009 (Attachments: # 1 Exhibit A) (SAME DOCUMENT AS DN 42) (KJS) (Entered: 02/02/2009) |
| 02/04/2009 | 44 | MOTION to Stay by Plaintiff Dennis Bell Responses due by 2/23/2009 (CSD) (Entered: 02/04/2009) |
| 02/04/2009 | 45 | REPLY re 42 Response to Motion, *to Strike and Motion for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt* filed by Andrew Beshear, Jonathon D. Pitchford. (Kleinert, Michael) (Entered: 02/04/2009) |
| 02/04/2009 | 46 | RESPONSE to Motion re 43 MOTION to Strike 29 MOTION to Strike 24 Notice (Other) *and for Sanctions* MOTION to Strike 24 Notice (Other) *and for Sanctions* MOTION to Strike 29 MOTION to Strike 24 Notice (Other) *and for Sanctions* MOTION to Strike 24 Notice (Other) *and for Sanctions* filed by Andrew Beshear, Jonathon D. Pitchford. Replies due by 2/18/2009. (Attachments: # 1 Proposed Order Denying Plaintiff's Countermotion) (Kleinert, Michael) (Entered: 02/04/2009) |

EXHIBIT 1 - PAGE 130

| 02/04/2009 | 47 | ORDER granting 43 Motion to Strike 39 Response to Motion; clerk instructed to redact portions of DN 39 and replace pdf with redacted copy; original memo. shall be kept under seal; granting 29 MOTION to Strike 24 Confession of Judgment; all other pending motions denied including defendant's requests for sanctions 29 , 41 . Signed by Judge Joseph H. McKinley, Jr on 02/04/2008. cc:counsel, plaintiff (CSD) (Entered: 02/04/2009) |
| 02/04/2009 | 48 | ORDER granting 4 Motion to Abstain or Dismiss by Judge Joseph H. McKinley, Jr on 02/03/2009; case closed for administrative purposes; upon completion of state court action parties shall notify court. cc:counsel, plaintiff (CSD) (Entered: 02/04/2009) |

EXHIBIT 1 - PAGE 131

1    Dennis Bell
      2934 Benton Road
2    Paducah, Ky 42003
      (270) 556-1571

'08 OCT -3 A10:44

FILED
US DISTRICT COURT CLERK
WESTERN DIST KENT.

5   Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

10   DENNIS BELL,                     5 : '08 CV - 0167 R

11           Plaintiff,       CASE NO._____

12

13      v.                         **COMPLAINT**
                               **(JURY TRIAL REQUESTED)**

15   COUNTRYWIDE HOME LOANS, INC., ANDREW
     BESHEAR, JONATHON D. PITCHFORD, AMERICA'S
16   WHOLESALE LENDER, INC., aka AMERICA'S
     WHOLESALE LENDER, MORTGAGE ELECTRONIC
17   REGISTRATION SERVICES, INC., and
     DOES 1 TO 20.

               Defendants

21        **COMES NOW**, Plaintiff, Dennis Bell, and would show unto the Court the following:

22                               *Parties*

23   1.     Plaintiff is a resident of McCracken County Kentucky, residing at 2934 Benton Road, Paducah,

24   Ky., 42003.

25   2.     Defendant Countrywide Home Loans, Inc. ( hereinafter "CHL") is a New York Corporation with

26   its principal offices located in Calabasas, California, and registered to do business in Kentucky as a

27   foreign corporation. It is also registered in the State of Kentucky as an Assumed Name Corporation

28   using the name and style of America's Wholesale Lender with a principal office at 155 No. Lake Ave.,

1

EXHIBIT 1 - PAGE 132

Case 8:12-cv-00242-CJC-AN Document 50-39 Filed 03/28/13 Page 32 of 100 Page ID
#:1639
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 32 of 48 Page ID

Case 5:08-cv-00167-JHM-ERG Document 1 Filed 10/03/08 Page 2 of 27 PageID #: 2

1    Pasadena, Ca. 91101. Such assumed name is not to be confused with the defendant identified in

2    paragraph 5 herein. The registered agent for Countrywide Home Loans, Inc. in the State of Kentucky is

3    The Prentice Hall Corporation Systems, 421 West Main Street, Frankfort, Ky., 40601.

4    3.      Defendant Andrew Beshear (hereinafter "Beshear") is a resident of the State of Kentucky whose

5    principal business address is 400 West Market Street, Suite 1800, Louisville, Ky., 40202. Beshear is an

6    attorney licensed to practice law in the State of Kentucky and is therefore a judicial officer in his

7    capacity as attorney, which is an officer of the court, as provided by Kentucky State regulation.

8    4.      Defendant Jonathon Duncan Pitchford , (hereinafter "Pitchford") is a resident of the State of

9    Kentucky whose principal business address is 300 Broadway, Paducah, Ky., 42002. Pitchford is an

10   attorney licensed to practice law in the State of Kentucky and is therefore a judicial officer in his

11   capacity as attorney, which is an officer of the court,  as provided by Kentucky State regulation.

12   5.      Defendant America's Wholesale Lender, Inc.(hereinafter "AWL") claims to be a New York

13   Corporation with its principal address located at P.O. Box 660694, Dallas, TX., 75266-0694.

14   6.       Defendant, Mortgage Electronic Registration Systems, Inc., (hereinafter "MERS") is a Delaware

15   corporation with its principal address located at P.O. Box 2026, Flint, MI., 48501-2026. MERS in not

16   registered or authorized to conduct business in the State of Kentucky.

17                                          *Jurisdiction*

18   7.      There is complete diversity of jurisdiction between the plaintiff and all defendants in this action,

19   and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000) The real

20   property in question is located in this jurisdiction, consequently this Court has subject matter jurisdiction

21   and jurisdiction over the parties.

22                                       *Factual Allegations*

23   8.      During 2004 Plaintiff executed 3 mortgages with America's Wholesale Lender, the defendant

24   identified in paragraph 5 above. On February 2, 2004 Plaintiff executed a mortgage in the amount of

25   $37,000 secured by real property located at 2914½ Benton Road, Paducah, Ky. On February 24, 2004

26   Plaintiff executed a mortgage in the amount of $35,000 secured by real property located at 2115 Park

27   Ave., Paducah, Ky. On May 11, 2004 Plaintiff executed a mortgage in the amount of $28,000 secured

28   by real property located at 840 Burkhart Lane, Paducah, Ky.  Upon recording, each of these mortgages

                                                2

EXHIBIT 1 - PAGE 133

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 33 of 100 Page ID #:1640
Case 3:11-cv-00493-CFD Document 29-2 Filed 10/07/11 Page 33 of 48
Case 5:08-cv-00167-JHM-ERG Document 1 Filed 10/03/08 Page 3 of 27 PageID #: 3

1  was duly transferred to MERS.

2  9.     On each of the 3 mortgages stated above, the Lender is identified as Americas Wholesale Lender

3  as identified in paragraph 5 above, and the Mortgagee is identified as Mortgage Electronic Registration

4  Systems, Inc. as identified in paragraph 6 above. None of the other defendants hold or maintain any

5  lawful interest in said mortgages. Plaintiff is informed and believes that CHL was assigned the servicing

6  rights on each of the loans associated with the mortgages identified in ¶8.

7  10.     During the loan processing and/or loan signing of the loans that are secured by the above-stated

8  mortgages the defendants failed to disclose the true terms, conditions and costs of the loans and

9  otherwise failed to comply with the Federal Truth In Lending Act and Kentucky Residential Mortgage

10  Fraud Act.

11  11.     In the case of each loan and mortgage, plaintiff refinanced his real property in an amount that was

12  less than 70% of the appraised value. Because of plaintiff's low loan-to-value ratio loans there was no

13  requirement made by the defendant lender for escrow accounts on plaintiff's loans . Plaintiff requested

14  that such escrow accounts be established solely for his benefit, and not for the lender.

15  12.     During the origination and processing of plaintiff's loans/mortgages by the defendant(s),

16  defendant(s) CHL, AWL and/or MERS forged, altered or falsified certain loan documents on one or

17  more of plaintiff's loans with the intent to defraud and/or deceive the plaintiff.

18  13.     During the origination and processing of plaintiff's loans/mortgages by the defendant(s),

19  defendant(s) CHL, AWL and/or MERS charged fees in excess of the amounts allowed under Federal

20  and Kentucky State Laws.

21  14.     During the origination and processing of plaintiff's loans/mortgages by the defendant(s),

22  defendant(s) CHL, AWL and/or MERS provided plaintiff with false and misleading  information related

23  to the costs and terms of such loans which compromised the plaintiff's rights and interests related to such

24  loans and violated the defendant's obligation to plaintiff of good faith and fair dealing.

25  15.     Subsequent to the closing of plaintiff's loans, one or more of the defendants, and specifically

26  CHL, began servicing such loans, including the plaintiff's escrow accounts.

27  16.     During 2005, defendants, and specifically CHL, began wrongly, fraudulently, recklessly, and/or

28  knowingly, and without authority, began demanding inflated escrow payments that were in excess of the

3

EXHIBIT 1 - PAGE 134

1  amounts actually owed, were in violation of RESPA limits, and which violate the Kentucky Residential

2  Mortgage Fraud Act.

3  17.    On May 6, 2008, at a Senate hearing, Senator Charles Schumer identified Countrywide Home

4  Loans as "fabricating documents to wring dubious payments" from borrowers, while U.S. Bankruptcy

5  Judge Thomas Agresti, in referring to "Countrywide's fabrication of letters" said, "These letters are a

6  smoking gun that something is not right in the state of Denmark."

7  18.    Defendant CHL is now under investigation by the U.S. Bankruptcy Trustee and the U.S. Attorney

8  for fraud associated with its loan servicing practices, including the bankruptcy case of Diane Hill of

9  Pittsburgh, PA. in which Judge Agresti presides.

10  19.    During 2005 CHL's loan sales peaked at which time it was experiencing a high volume of

11  foreclosures. Liquidity was rapidly becoming a concern despite the fact that CHL was continuing to

12  misrepresent its actual financial condition on its annual and quarterly filings to the SEC.

13  20.    Although CHL loan sales decreased from 138B to 126B in the 3rd quarter of 2005, it reported

14  an increase in revenue from its mortgage servicing operations. CHL depended heavily on its mortgage

15  servicing revenue for cash flow to fund its daily operations.

16  21.    To increase its cash flow, and consistent with its report that its mortgage servicing revenue was

17  increasing as its loan volume was decreasing, CHL embarked upon a scheme where it would inflate

18  charges to its borrowers on existing loans and escrow accounts. Routinely, CHL would unlawfully

19  inflate the stated insurance premium or real property tax when it in fact had not actually been increased

20  by the insurance company or county tax assessor.

21  22.    Additionally, CHL would fail to apply a borrowers payment until after the 15th of the month and

22  then charge the borrower a late fee. CHL intentionally and unlawfully used fraudulent tactics to increase

23  a borrowers payments which resulted in an illgotten windfall of pure profit upon which CHL began to

24  rely to meet its increasing operational cash flow demands.

25  23.    During this time, CHL was servicing approximately 198,000,000 loans with a total value of over

26  One Trillion Dollars. Doing the math, if CHL simply added one dollar to each loan it serviced, CHL

27  would be making $198,000,000 per month in pure profit based solely upon fraud.

28

EXHIBIT 1 - PAGE 135

24.     On one single loan, defendant CHL was unlawfully charging the plaintiff over $150 per month in fraudulently inflated charges.

25.     To perpetuate this ongoing fraud against borrowers, including the Plaintiff herein, who resisted this excessive and fraudulent business practice by CHL, CHL would threaten to report negative credit against the borrower if he failed to pay, which posed a more severe problem than the amount being extorted from him at the time.

26.     Plaintiff refused to pay the unlawfully inflated amounts demanded by CHL on his escrow accounts and sent his written demand that CHL cease demanding such improper amounts, and thereafter withdrew his authorization to allow CHL to maintain his escrow accounts associated with his loans.

27.     Although CHL had never imposed any condition of his loans that plaintiff was required to establish escrow accounts, and that such escrow accounts were merely established as an accommodation to plaintiff's request for such accounts, CHL refused to cease demanding payment into such accounts even after plaintiff's written demand for it to do so.

28.     CHL threatened plaintiff with negative credit reporting and foreclosure if he failed to make the inflated payments as demanded by the defendant. Plaintiff refused to pay the unlawfully inflated amounts and after rescinding defendant CHL's authority to collect escrow payments, plaintiff continued to make his principal and interest payments under the terms of the mortgages.

29.     Defendant CHL failed and refused to apply plaintiff's payments in accordance with his instructions and thereafter misapplied such payments for the purpose of imposing late fees and reporting negative credit against the plaintiff.

30.     Thereafter, and by the use of non-genuine documents, defendant CHL filed suit against the plaintiff to foreclose on one of his properties. Within weeks, defendant CHL filed suit to foreclose on two additional properties owned by plaintiff.

31.     On or about May 19, 2006, plaintiff herein obtained a default judgment in the amount of $556,989.75 on his counterclaim against CHL in the McCracken Circuit Court related to CHL's foreclosure suit. A few days later, defendants Andrew Beshear and Jonathon Pitchford filed their appearances in that case as counsel for defendant herein, CHL, who was the plaintiff in the McCracken Circuit Court case.

5

EXHIBIT 1 - PAGE 136

32. On or about July 20, 2006 Andrew Beshear filed a sworn affidavit in the McCracken Circuit in support of his motion on behalf of CHL to set aside the default judgment in favor of the plaintiff herein. In that affidavit, Beshear stated that "I have had detailed discussions with numerous members of Countrywide" and "Countrywide will be able to produce evidence that defendant (plaintiff herein) missed payments, made late payments, or made insufficient payments under the loan."

33. After discovery was served upon CHL and Beshear which included a request for production of documents, and specifically the documents identified in Beshear's affidavit, both Beshear and CHL failed to produce the documents that Beshear stated in his sworn affidavit were in CHL's possession. Beshear either perjured himself, or he violated Kentucky Rules of Discovery, and Kentucky Rules of Professional Conduct by failing to produce these documents.

34. CHL, Beshear and Pitchford have failed to provide responses to discovery in the McCracken Circuit Court case in accordance with Kentucky Rules of Discovery and where such conduct by Beshear and Pitchford has violated Kentucky Rules of Professional Conduct.

35. On or about November 19, 2007 Beshear and Pitchford requested a 2 week extension of time to answer interrogatories and request for production of documents in the McCracken Circuit Court case. Defendant (plaintiff herein) agreed to such request expecting Beshear and Pitchford to serve the responses of CHL within 2 weeks. After 2 weeks, Beshear and Pitchford failed to serve any responses at all, in violation of Kentucky Rules of Discovery.

36. Beshear and Pitchford, after more than 6 weeks, served discovery responses that were neither executed or verified. This violated the agreement for a 2 week extension of time to respond, and it violated Kentucky Rules of Discovery as well as Kentucky Rules of Professional Conduct.

37. During this same time, Beshear and Pitchford were withholding documents they had received from 3rd parties pursuant to subpoenas they had served. Despite a duty to immediately provide such documents to the defendant (plaintiff herein) under KRCP 45.03, Beshear and Pitchford withheld these documents and secreted them from the defendant in that case.

38. Beshear and Pitchford attempted to force the defendant (plaintiff herein) into a deposition without providing the defendant with copies of documents they had received from the 3rd party subpoenas. Defendant refused to appear for deposition until such documents were provided to him.

6

EXHIBIT 1 - PAGE 137

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/13   Page 37 of 100   Page ID
#:1644
Case 3:11-cv-01493-CFD   Document 29-2   Filed 10/07/11   Page 37 of 48
Case 5:08-cv-00167-JHM-ERG   Document 1   Filed 10/03/08   Page 7 of 27   PageID #: 7

39.    Beshear and Pitchford agreed to provide the 3rd party documents before setting the defendant's deposition, but thereafter noticed the defendant's deposition while failing and refusing to provide the 3rd party documents. The defendant sent written notification to Beshear and Pitchford that he would not attend any deposition until the 3rd party documents were provided to him as previously agreed, and provided to him in accordance with KRCP 45.03.

40.    Thereafter, and still refusing to produce the 3rd party documents to the defendant (plaintiff herein) Beshear and Pitchford filed a motion to compel and motion for sanctions against the defendant for his failure to attend a deposition. These motions were filed in bad faith and were filed in violation of the agreement between the defendant and Beshear and Pitchford to provide the 3rd party documents before taking the defendant's deposition.

41.    Beshear and Pitchford have abused and misused the discovery process to delay the McCracken Circuit Court case to hinder and delay the defendant's ability to prosecute his case, and to prejudice his right of due process under the 14th Amendment throughout the case.

42.    Beshear and  Pitchford,  filed a motion in the McCracken Court for sanctions against the defendant (plaintiff herein) which contain materially false statements, intentionally alluded to matters that are not relevant or are likely to be supported by admissible evidence, and which seek to obtain an advantage over the defendant in this case, all in violation of Rules Of Professional Conduct.

43.    In the motion for sanctions, which bears the signatures of both Andrew Beshear and J. Duncan Pitchford, plaintiff (CHL) and its counsel seek sanctions and a dismissal of defendant's (plaintiff herein) counterclaim based upon false allegations that defendant 1)"committed the unauthorized practice of law", 2) "made at least two deliberately untruthful statements", and, 3) that defendant was the subject of a felony criminal conviction in 2001.

44.    These statements made by Beshear and Pitchford are false, they are made with the intent to disgrace the defendant to gain an advantage over him , they show a wanton and reckless disregard for the plaintiff's right of due process, and they violate several Kentucky Rules of Professional Conduct which prohibit such conduct, where such prohibition serves to protect due process.

45.    At the time Beshear and Pitchford made false allegations in their motion for sanctions against the defendant in the McCracken Circuit Court case, the defendant (plaintiff herein) was represented by

7

EXHIBIT 1 - PAGE 138

1   Dennis Null. Mr. Null notified Beshear and Pitchford that they had made substantial misrepresentations
2   to the court and those misrepresentations should be eliminated or corrected. Beshear and Pitchford
3   refused to correct their misrepresentations or otherwise advise the court of their falsity. The conduct of
4   Beshear and Pitchford was approved and ratified by CHL. Such conduct violated the plaintiff's due
5   process rights, and it violates Kentucky Rules of Professional Conduct 3.3(a)(1) and (2), and it
6   constitutes fraud.

7   46.     The judge presiding over the McCracken Circuit Court case was Judge Craig Clymer. Beshear
8   and Pitchford were keeping a secret that substantially prejudiced the rights of the defendant (plaintiff
9   herein) and denied his due process rights in that case. After more than a year-and-a-half, plaintiff herein
10  discovered that Judge Clymer's daughter-in-law was working for the law firm who represents CHL in
11  that case, Whitlow, Roberts & Straub, who is also Pitchford's employer.

12  47.     While Beshear and Pitchford enjoyed this nefarious relationship with Judge Clymer, and
13  benefitted from the conflict of interest that existed, they both failed to disclose this fact to the defendant
14  in that case (plaintiff herein). The result was that the defendant's due process rights were completely
15  defeated. While plaintiff's due process rights were compromised, Beshear and Pitchford intended to take
16  advantage thereof and seek a summary adjudication in that case, thus depriving the plaintiff of his
17  property without due process.

18  48.     Beshear, Pitchford and CHL knowingly, recklessly, wrongly and fraudulently used this conflict
19  of interest and special relationship with Judge Clymer to gain an unfair advantage over the defendant
20  (plaintiff herein) in the McCracken Circuit Court case, to obtain favorable rulings, to defeat the
21  defendant's claims,  to  prevail in the action, all by denying the defendant (plaintiff herein) his due
22  process rights.

23  49.     In one instance, Beshear and Pitchford filed a motion for sanctions against the defendant
24  (plaintiff herein), and in support thereof, filed a sworn affidavit attesting to the fact that Jonathan
25  Pitchford had performed $1854 in legal services in that case. As a result of the special relationship
26  between Pitchford and Judge Clymer, that motion was granted.

27  50.     A few weeks later when the defendant (plaintiff herein) discovered that Judge Clymer's daughter
28  worked for Pitchford's law firm, Pitchford attempted to avoid the conflict of issue by stating to the court

8

EXHIBIT 1 - PAGE 139

1  that he had done no work on the case, and had only made and filed copies with the court. Mr. Pitchford

2  made the following statement in open court: *"and just to echo what Mr. Beshear said, my role has been*

3  *very limited...um...aah...essentially filling the role of local counsel in this case...aah...largely printing*

4  *documents and delivering them to the clerk, so in providing real estate when Mr. Beshear needs to take*

5  *a deposition...so all the substantive work has come from Mr. Beshear's office."*

6  51.    Pitchford has committed perjury by filing a false affidavit in court, and then confirmed that

7  perjury when he made his statement in open court that he had done no work in the case. Pitchford and

8  Beshear have committed a fraud upon the McCracken Circuit Court, a fraud upon the defendant

9  (plaintiff herein), and violated the defendant's due process rights as guaranteed by the 14th Amendment.

10  52.    Throughout the McCracken Circuit Court case, Beshear and Pitchford failed to raise any relevant

11  defense to the counterclaim filed by the defendant (plaintiff herein) because their client has no defense

12  to the allegations  therein. Beshear and Pitchford resorted to filing false proceedings against the

13  defendant to support erroneous requests for summary adjudication of the claims made therein by both

14  the plaintiff and defendant. In each motion filed by Beshear and Pitchford, they were relying on their

15  special relationship with Judge Clymer, the conflict of interest that existed, and the defendant's lack of

16  knowledge about such conflict as a means to obtain the relief they sought, all which violate the plaintiff's

17  due process rights in that case.

18  53.    CHL is currently the subject of investigations or legal action by various states and/or their

19  respective Attorneys General, including, California, Washington, Illinois, Florida, West Virginia,

20  Connecticut, New Mexico and Indiana related to unlawful and/or fraudulent business practices.

21  54.    Additionally, CHL, along with many of its affiliates and high ranking officers are under criminal

22  investigation by the FBI, SEC, U.S. Attorney, and U.S. Bankruptcy Trustee for high level fraud

23  including insider trading, securities fraud, and fraudulent and deceptive business practices, forgery and

24  demanding erroneous charges from borrowers, including borrowers in the U.S. Bankruptcy Court.

25  55.    Defendants CHL, Beshear and Pitchford are attempting to deprive the plaintiff of his property

26  by way of flawed and unconstitutional judicial proceedings where such proceedings have been tainted

27  by CHL, Beshear, and Pitchford's use of forged and altered documents, false matters being filed with

28  the McCracken Circuit Court, and a secret and special relationship with the presiding judge who has a

9

EXHIBIT 1 - PAGE 140

1  family member working for the law firm representing CHL. All such proceedings violate this plaintiff's

2  right to due process in that case.

3  56.    The conduct of Beshear and Pitchford in rendering unlawful and unconstitutional legal services

4  was done wantonly, recklessly, knowingly, and without authority of law, and was designed to deprive

5  the plaintiff his due process rights while allowing CHL to perpetuate its fraud of using forged

6  documents, overcharging the plaintiff, failing to disclose evidentiary matter to expose CHL's fraud, all

7  of which is a violation of the Kentucky Residential Mortgage Fraud Act (KRS 286.8-990), Kentucky

8  Consumer Protection Act (KRS 367.170) and the Sarbanes/Oxley Act which prohibits attorneys from

9  assisting their clients to commit or conceal fraud.

10     **COUNT 1: VIOLATIONS OF THE TRUTH IN LENDING ACT**

11     57.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent

12  paragraphs of the Complaint as if fully set forth herein.

13     58.    The plaintiff's loans evidenced by the mortgages herein are regulated by the federal Truth

14  in Lending Act and the regulations promulgated by the Office of Thrift Supervision thereunder.

15  ("Regulation Z")

16     59.    As discussed above, CHL, AWL, and MERS failed to lawfully disclose, prior to the loan

17  settlement, during the loan settlement, and after the loan settlement, the actual and proper costs of the

18  loans, the true terms of the loans, the proper amount of payments of the loans, and/or to disclose any

19  change of payment that would occur.

20     60.    As a direct result of defendants CHL, AWL and MERS failure to make such lawful

21  disclosures, plaintiff was charged cost and fees that were not disclosed and plaintiff's payments were

22  subsequently increased without lawful disclosure in violation of USC 15 § 1605.

23     61.    As a direct and proximate result of the aforesaid violations of the federal Truth in

24  Lending Act, the plaintiff suffered a significant ascertainable loss of money and/or valuable property,

25  and foreseeable consequential damages (including but not limited to emotional distress, adverse credit

26  report entries, foreclosures, late fees, additional interest expense, inability to pay other bills when due,

27  attorney fees, court costs, and similar and related items), all caused by CHL, AWL and/or MERS, and

28  all amounts to be proven at trial.

EXHIBIT 1  PAGE 141

Case 8:12-cv-00242-CJC-AN  Document 50-329  Filed 03/28/13  Page 41 of 100  Page ID #:1648
Case 3:11-cv-01493-CFD  Document 29  Filed 10/67/11  Page 41 of 48

Case 5:08-cv-00167-JHM-ERG  Document 1  Filed 10/03/08  Page 11 of 27 PageID #: 11

1  62.  As a result of the foregoing, Plaintiff is entitled to and prays for statutory and actual

2  compensatory, consequential, and punitive damages, as well as attorney fees and costs, to the extent

3  allowed by law and in amounts to be proven at trial.

4  **COUNT 2: KENTUCKY MORTGAGE LOAN PRACTICES VIOLATION**

5  63.  Plaintiff incorporates by reference the allegations of all the preceding and subsequent

6  paragraphs of the Complaint as if fully set forth herein.

7  64.  KRS 286.8-220(2) provides that: It shall be unlawful for any mortgage loan company

8  ...directly or indirectly:

9  (a) To employ a device, scheme, artifice to defraud;

10  (b) To engage in any act, practice, or course of business which operates or would operate

11  as a fraud or deceit upon any person;...

12  KRS 286.8-125(1) provides that: It shall be unlawful for any
licensee or person holding a claim of exemption to originate a loan secured by a

13  mortgage on residential real property in Kentucky if the total net income
generated by the licensee or person exceeds two thousand dollars ($2000) or 4%

14  of the total loan amount, whichever is greater.

15  65.  The acts and practices by CHL, AWL and MERS described herein violate KRS 286.8-

16  220(2) and KRS 286.8-125(1), and caused damage to Plaintiff in an amount to be proven at trial, but

17  which exceed the jurisdictional minimum of the Court.

18  **COUNT 3: VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT**

19  66.  Plaintiff incorporates by reference the allegations of all the preceding and subsequent

20  paragraphs of the Complaint as if fully set forth herein.

21  67.  12 USC §2607 states that:

22  (a) No person shall give, and no person shall accept any fee, kickback, or thing

23  of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part

24  of a real estate settlement service involving a federally related mortgage loan shall be referred to any

25  person.

26  (b) No person shall give and no person shall accept any portion, split, or % of any

27  charge made or received for the rendering of a real estate settlement service in connection with a

28  transaction involving a federally related mortgage loan other than for services actually rendered.

11

EXHIBIT 1  PAGE 142

68.   12 USC §2609 states that:

(a)  A lender, in connection with a federally related mortgage loan, may not require the borrower or prospective borrower...

(2)  to deposit in any escrow account in any month beginning with the first full installment payment under the mortgage a sum in excess of the sum of (A) one-twelfth of the total amount of the estimated taxes, insurance premiums and other charges...

69.   12 USC  §2605 states that :

(e)(3)  During the 60-day period beginning on the date of a servicer's receipt from any borrower of a qualified request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency.

(f)  Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1)  In the case of any action by an individual, an amount equal to the sum of

(A)  any actual damages to the borrower as a result of the failure.

70.   Defendant CHL, with the support and ratification of AWL and MRES, issued kickbacks on fees charged the Plaintiff on his loans and further overcharged Plaintiff for settlement services which were then split among persons who did not perform such settlement services, in violation of 12 USC § 2607.

71.   Defendant CHL, with the support and ratification of AWL and MRES, charged Plaintiff amounts on his escrow accounts which were in excess of the actual amounts required to pay taxes and insurance premiums in violation of 12USC § 2609.

72.   Defendant CHL, with the support and ratification of AWL and MRES, reported that Plaintiff made late payments on his loans during the 60-day period after Plaintiff submitted a qualified written request to notify Defendant CHL that it had improperly made such an error in reporting, and that CHL had failed to properly credit Plaintiff's payments to his account. Despite the fact that defendant CHL provided Plaintiff with written proof that his payments were in fact not late during the period in question, CHL continued to report Plaintiff's loan payments late during and after the 60-day period.

12

EXHIBIT 1 - PAGE 143

73.     As a result of the foregoing, Plaintiff is entitled to and prays for statutory and actual compensatory, consequential, and punitive damages, as well as attorney fees and costs, to the extent allowed by law and in amounts to be proven at trial.

**COUNT 4: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

74.     Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

75.     Defendants, and each of them, with respect to Plaintiff's loans, are acting within their capacity as principal, agent, or employee of the mortgagee and/or lender, are acting in concert with one another, are acting for the benefit of one another, are acting with the knowledge and consent of one another, and therefore are liable to the Plaintiff  for any and all acts or conduct  taken by such defendants, whether jointly or individually.

76.     Defendants, and each of them, are debt collectors under the federal Fair Debt Collection Practices Act as defined by 15 USC § 1692a (6). The Lender under Plaintiff's mortgages is AWL, however it is using a name other than its own, CHL, Lerner, Sampson & Rothfuss, Stites & Harbison, PLC and Whitlow, Roberts & Straub, which would indicate that a third person is collecting or attempting to collect the debt of the Plaintiff. Defendant's own pleadings in the McCracken Circuit Court case indicate they are debt collectors.

77.     The amounts demanded by the defendants include sums that are prohibited under 12 USC § 2609, 12 USC  §2605, and such amounts exclude payments that were made by the Plaintiff but not credited by the defendant. Further, such amounts include late fees and other charges that are solely the result of the defendants' fraud and negligence and which are not owed by the Plaintiff nor lawfully owed to the defendants.

78.     The defendants, and each of them, as debt collectors, have presented forged and altered documents to the Plaintiff in an effort to force the Plaintiff to pay sums he does not owe, which is  in violation of 15 USC § 1692e.

79.     The defendants, and each of them, as debt collectors, have failed and refused to provide actual copies of documents to support the amount such debt collector defendants are attempting to collect from the Plaintiff despite Plaintiff's request for such documents. Such conduct on the part of the

13

EXHIBIT 1 - PAGE 144

1   defendant debt collectors violated 15 USC § 1691g (b).

2       80.    Defendants Beshear and Pitchford, with the support and consent of CHL, AWL and

3   MERS, made the false representation, and in conjunction with their collection attempts against the

4   Plaintiff, that Plaintiff was convicted of a felony in Missouri in 2001, and that such felony was relevent

5   to the debt that the defendants, and each of them, are attempting to collect against the Plaintiff.

6       81.    When Beshear and Pitchford made this false statement, they knew it was false, but they

7   made such false statement in order to disgrace the Plaintiff for the purpose of defaming him and

8   damaging his reputation. Beshear and Pitchford were advised in writing by both the Plaintiff, and

9   attorney Dennis Null, that Plaintiff was never convicted of any crime in Missouri as falsely stated by

10  Beshear and Pitchford. Beshear and Pitchford were also requested to retract their false statement, but

11  they refused. The conduct of Beshear and Pitchford as described herein is a strict violation of 15 USC

12  § 1692e(7). The defendants and each of them, are subject to civil liability to the Plaintiff under 15 USC

13  § 1692k and other state and federal laws.

14      82.    As a result of the aforesaid violations of the federal Fair Debt Collection Practices Act,

15  the Plaintiff is entitled to recover and prays for the recovery of actual and statutory compensatory

16  damages, and consequential and punitive damages, and reasonable attorney fees, to the maximum

17  allowed by law.

18  **COUNT 5: VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT**

19      83.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent

20  paragraphs of the Complaint as if fully set forth herein.

21      84.    KRS 367.170(1) provides that "Unfair, false, misleading or deceptive acts or practices

22  in the conduct of any trade or commerce are hereby declared unlawful."

23      85.    The acts and practices by CHL, AWL, MERS, Beshear and Pitchford, set out herein, are

24  in violation of KRS 367.170(1), and caused damage to Plaintiff in an amount to be proven at trial, but

25  which exceeds the jurisdictional minimum of the Court.

26  **COUNT 6: FRAUD AND CONVERSION**

27      86.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent

28  paragraphs of the Complaint as if fully set forth herein.

EXHIBIT 1 - PAGE 145

1    87.    Plaintiff was approved for 3 loans by defendants CHL, AWL and MERS (hereinafter
2    Lender Defendants) which are evidenced by the three mortgages herein.

3    88.    After loan approval, but prior to loan settlement, Plaintiff requested that his loans include
4    escrow accounts solely for his benefit. Never at any time did the Lender Defendants suggest or require
5    that Plaintiff's loans were subject to, or contingent upon escrow accounts.

6    89.    Plaintiff is informed and believes that he never executed any document which required
7    or authorized the Lender Defendants to impose or otherwise establish escrow accounts for his loans.

8    90.    As requested by Plaintiff, lender defendants began collecting sums from his monthly
9    payments that Plaintiff believed were for the purpose of paying the exact amount of insurance premiums
10   and real property taxes related to Plaintiff's loans and properties.

11   92.    Lender Defendants thereafter began inflating charges to Plaintiff's escrow accounts  by
12   falsely representing to Plaintiff that his insurance premiums and/or real property taxes were more than
13   their actual and legitimate amounts.

14   93.    Lender Defendants also mismanaged Plaintiff's escrow accounts by making improper or
15   duplicative disbursements which gave the appearance of escrow account shortages for which Plaintiff
16   was improperly billed.

17   94.    After making improper disbursements, and improperly inflating Plaintiff's escrow
18   accounts, Lender Defendants then began billing Plaintiff for amounts that were not actually owed.

19   95.    As Plaintiff continued to make his monthly payments as agreed, Lender Defendants
20   would then convert those payments and apply such sums to late fees and erroneous charges that the
21   Lender Defendants declared were due.

22   96.    Plaintiff informed the lender defendants that they had made errors on Plaintiff's escrow
23   accounts and requested that they correct such errors and restore his escrow accounts to their proper
24   status.

25   97.    After the Lender Defendants failed and refused to make such corrections to Plaintiff's
26   escrow accounts, Plaintiff sent written notice to lender defendants that he had withdrawn his
27   authorization to allow the lender defendants to manage, maintain or collect sums for escrow accounts
28   related to his loans.

EXHIBIT 1 - PAGE 146

98.     The Lender Defendants ignored Plaintiff's written demand and as the lender defendants collected and received the Plaintiff's monthly payments that were directed to his loans for PITI, the Lender Defendants converted those payments for their own purposes and applied them to erroneous late fees and other charges that were not legitimate sums owed by Plaintiff.

99.     Lender Defendants continued to misapply and convert Plaintiff's monthly loan payments while simultaneously showing that Plaintiff's loans were in default as a result of lender defendants' fraud and conversion of Plaintiff's payments.

100.    Lender Defendants then initiated foreclosure lawsuits against Plaintiff's properties alleging that Plaintiff was in default on his loans, but the reality is that the alleged defaults are a result of Lender Defendants's fraud and conversion of Plaintiffs loan payments, Lender Defendants failure to properly and lawfully apply Plaintiff's loan payments, and Lender Defendants inclusion of unlawfully and fraudulently inflated escrow charges and late fees to the amount of the default alleged of plaintiff.

101.    12 USC §2609 states that:

(a)  A lender, in connection with a federally related mortgage loan, may not require the borrower or prospective borrower...

(2)  to deposit in any escrow account in any month beginning with the first full installment payment under the mortgage a sum in excess of the sum of (A) one-twelfth of the total amount of the estimated taxes, insurance premiums and other charges... Lender defendants violated this federal code when they, and each of them, forced and/or demanded that Plaintiff pay sums in excess of the limits set forth herein.

102.    KRS 286.8-130 provides that (1) all sums paid into an escrow account by the borrower shall be placed into an interest-bearing account and shall belong to the borrower and not the lender, (2) all interest paid on such escrow funds shall belong to the borrower, (3) the lender shall account to any borrower whose property secured the loan such funds are held for, (5) Escrow funds shall not be subject to execution or attachment on any claim of the lender and it shall be unlawful for the lender to knowingly to keep any such escrow funds, and, (6) Payments to the debtor's escrow account shall be properly credited. Defendants never paid interest to Plaintiff on his escrow deposits.

16

EXHIBIT 1 - PAGE 147

103. KRS 286.8-220(2) provides that: It shall be unlawful for any mortgage loan company ...directly or indirectly:

(a) To employ a device, scheme, artifice to defraud;

(b) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;...

104. As alleged herein, the lender defendants have violated KRS 286.8-130(1), (2), (3), (5) and (6).

105. As a result of the aforesaid violations of 12 USC §2609 and KRS 286.8-130(1), (2), (3), (5) and (6), and KRS 286.8-220(2), the Plaintiff is entitled to recover and prays for the recovery of actual and statutory compensatory damages, and consequential and punitive damages, and reasonable attorney fees, to the maximum allowed by law.

**COUNT 7: FRAUD AND CONSPIRACY**

105. Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

106. Defendants, and each of them, have initiated and maintained legal action against the plaintiff to foreclose the mortgages herein, which are identified in ¶8 above.

107. In each foreclosure suit as described herein, the plaintiff in those cases (CHL) holds no actual interest in the mortgages, has no legal capacity to maintain those foreclosure proceedings, and is therefore committing fraud against the plaintiff herein by maintaining those actions.

108. Additionally, the defendants, and each of them, are using altered , fabricated, or non-genuine documents as evidence to support the foreclosure proceedings against the plaintiff herein knowing that such documents are not the original or genuine documents, and knowing that use of such documents are a fraud upon the court and a fraud upon the plaintiff.

109. Defendants, and each of them, continue to maintain the foreclosure proceedings against the plaintiff and his mortgages with full knowledge that the loans related to such mortgages were made in violation of the federal Truth in Lending Act, the federal Real Estate Settlement Procedures Act, and the federal Fair Debt Collection Act, all of which constitute a fraud upon the Plaintiff.

17

EXHIBIT 1 - PAGE 148

1    110.    The Defendants, and each of them, in concert with one another, have willfully attempted

2    to deprive the plaintiff of his property and money for their own benefit by initiating and maintaining

3    foreclosure lawsuits against him, with the full knowledge that such Defendants were committing fraud

4    as alleged herein.

5    111.    KRS 286.8-220(10 states: it shall be unlawful for any mortgage loan company ...directly

6    or indirectly:

7    (a) To employ a device, scheme, artifice to defraud;

8    (b) To engage in any act, practice, or course of business which operates or would operate

9    as a fraud or deceit upon any person;...

10    112.    The foreclosure lawsuits initiated and maintained by the defendants, and each of them,

11    constitute a device or scheme as defined by KRS 286.8-220(1)(a), and such suits constitute an act,

12    practice and course of business in which the defendants have engaged themselves in for the purpose of

13    defrauding the Plaintiff and wrongfully depriving him of his property and money.

14    113.    As a result of the foregoing, Plaintiff is entitled to and prays for compensatory,

15    consequential, and punitive damages, in amounts to be proven at trial.

16    **COUNT 8: BAD FAITH, INTERFERENCE WITH THE PERFORMANCE OF A CONTRACT, AND BREACH OF THE COVENANT OF FAIR DEALING**

17

18    114.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent

19    paragraphs of the Complaint as if fully set forth herein.

20    115.    KRS 286.8-270 provides that:

21    (1) A mortgage loan broker shall comply with the following duties:

22    (a) A mortgage loan broker shall exercise good faith and fair dealing, shall act in the best

23    interest of the borrower, and shall not compromise a borrower's right or interest in favor of another's

24    right or interest;

25    (b) A mortgage loan broker shall disclose to borrowers all material facts of which the

26    mortgage loan broker has knowledge that might reasonably affect the borrower's rights, interests, or

27    ability to receive the borrower's intended benefit from the residential mortgage loan.

28

18

EXHIBIT 1 - PAGE 149

116.   The requirements set forth in KRS 286.8-270 are all-encompassing and do not establish limitations related to loan origination, processing, funding or servicing. Accordingly, a mortgage lender owes such duties to its borrowers in all phases of the mortgage loan process through out the life of the loan. Such duties are required of any and all of the mortgage lenders agents, officers, employees, or other persons or entities acting within the scope of the authority held by the mortgage lender related to its duties to the borrower related to his mortgage(s).

117.   Defendants CHL, AWL, and MERS violated the mortgage contracts with the Plaintiff when they falsely and fraudulently inflated charges to the Plaintiff's escrow accounts, falsely and fraudulently demanded payment for those erroneous charges, refused to correct the fraudulent charges after they were requested to do so, and then falsely initiated foreclosure proceedings against the plaintiff's mortgages based upon such false and fraudulent charges.

118.   Defendants, and each of them, thereafter have withheld documents, evidence, and other material facts related to Plaintiff's loans which have severely and detrimentally affected his rights, interests, and benefits related to such mortgage loans, and where such material facts have been wrongfully withheld, Plaintiff has been denied his due process rights to protect his money and property or to otherwise receive the full benefits entitled to him under his mortgages and the provisions of KRS 286.8-270.

119.   Defendants, and each of them, have interfered with Plaintiff's ability to perform his mortgage contract by demanding sums from Plaintiff that were not actually or lawfully due, by refusing to comply with the terms and conditions of the mortgage contracts, and by refusing to comply with laws and regulations that govern such mortgage contracts in this judicial district. Defendants have further interfered with Plaintiff's ability to perform his mortgage contract by initiating and maintaining foreclosure lawsuits against the Plaintiff which were brought in bad faith, which are being maintained in bad faith and in violation of law, and which the named plaintiff in those actions has no lawful interest or legal capacity with respect to such mortgages.

120.   As a result of the foregoing, incorporating by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein, the Defendants, and each of them, are liable for the aforesaid acts of bad faith, interference, and the breach of the covenant of good

EXHIBIT 1 - PAGE 150

1    faith and fair dealing in an amount to be determined as compensatory and punitive damages for the

2    Plaintiff.

3    **COUNT 9: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

4        121.   Plaintiff incorporates by reference the allegations of all the preceding and subsequent

5    paragraphs of the Complaint as if fully set forth herein.

6        122.   At some time within the 12 month period immediately prior to Plaintiff's mortgages

7    being issued by the Defendants, TransUnion reported the plaintiff's credit score at 816.

8        123.   Plaintiff is informed and believes that one or more of the defendants caused Plaintiff's

9    credit report to be obtained in 2004 as part of the loan processing related to Plaintiff's mortgages.

10       124.   Plaintiff is informed and believes that the credit report obtained by one or more of the

11   Defendants in 2004 listed Plaintiff's FICA score as 684, and that such credit report was void of any

12   negative credit against the Plaintiff.

13       125.   Plaintiff is informed and believes that his credit score during the time his mortgage loans

14   were being processed by the Defendants was sufficient to allow him to obtain "A" credit loans, including

15   mortgage loans, consumer loans, auto loans, commercial loans, and other services for which credit is

16   a factor, such as homeowner insurance, commercial insurance, auto insurance, bonding, etc.

17       126.   On or about August, 2005, one or more of the defendants reported negative credit against

18   the Plaintiff which included that he had made late payments by 30 days or more on one or more of his

19   mortgages. The negative credit reporting was made to the three major credit reporting agencies.

20       127.   On or about late August 2005, Plaintiff contacted CHL to inform them that they had made

21   an error on their credit reporting of Plaintiff and requested that it immediately be corrected. A loan

22   service representative for CHL indicated that CHL had made an error by not properly crediting Plaintiff's

23   loan payment, that two of Plaintiff's loans showed the payments were past due, and that Plaintiff owed

24   late payment penalties.

25       128.   Defendant CHL then refused to correct the error unless and until Plaintiff produced proof

26   that his payments had in fact been made. Plaintiff produced his cancelled checks which proved beyond

27   any doubt that his payments had been made.

28

20

EXHIBIT 1 - PAGE 151

1      129.   Thereafter, and upon receipt of Plaintiff's cancelled checks, CHL told Plaintiff that it

2 would correct the incorrect negative reporting against his credit, correct the loan status, and issue a

3 written statement indicating that he had no negative credit or late payments on his mortgages.

4      130.   On or about October, 2005, CHL issued a letter to Plaintiff stating that Plaintiff had no

5 negative credit and that his loans had not been paid late at any time from their inception.

6      131.   Defendant CHL thereafter failed to correct the negative credit reported against the

7 Plaintiff, and continued to report that he was making late payments.

8      132.   The conduct of CHL was at the very least negligent up to the time it was notified by the

9 Plaintiff of such improper reporting. Thereafter, once it was placed on notice of the improper credit

10 reporting, and once it agreed to correct the mistake, any further negative credit reporting and/or any

11 failure to correct the known credit reporting errors, CHL, AWL and MERS was in strict violation of 15

12 USC §1681n and 15 USC §1681o.

13      133.   By the Defendants' own negligence, including CHL, AWL and MERS, the incorrect

14 reporting of negative credit against the Plaintiff was in violation of 15 USC §1681e.

15      134.   As a result of the Defendants' improper credit reporting against the Plaintiff, and then the

16 Defendants' subsequent failure to correct such improper credit reporting, Plaintiff suffered both the

17 denial of credit and/or additional expense where  mortgage loans, consumer loans, auto loans,

18 commercial loans, and other services for which credit is a factor, such as homeowner insurance,

19 commercial insurance, auto insurance, or bonding, was sought.

20      135.   As a result of the foregoing, incorporating by reference the allegations of all the preceding

21 and subsequent paragraphs of the Complaint as if fully set forth herein, the Defendants, including CHL,

22 AWL and MERS, are liable for the aforesaid acts of negligence and violation of the Fair Credit

23 Reporting Act in an amount to be determined as compensatory and punitive damages for the Plaintiff.

24 **COUNT 10:  CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3)**

25      136.   Plaintiff incorporates by reference the allegations of all the preceding and subsequent

26 paragraphs of the Complaint as if fully set forth herein.

27      137.   Defendants Andrew Beshear and Jonathon Pitchford are and were at all times mentioned

28 herein, acting within the scope and authority granted them by a regulation of the State of Kentucky

EXHIBIT 1 - PAGE 152

1  which authorizes them to practice law in the Kentucky Courts, and which makes them Officers of the
2  Court, including the McCracken Circuit Court of McCracken County Kentucky.

3       138.    Beshear and Pitchford are "persons" as that term is used in the text of 42 U.S.C. § 1983.

4       139.    Under color or Kentucky regulation and by use of the authority granted thereunder to
5  Beshear and Pitchford, and in violation of 42 USC § 1985(3) by all defendants, Beshear, Pitchford, CHL,
6  AWL and MERS (through their respective officers, agents and/or employees) entered into express and/or
7  implied agreements, understandings, or meetings of the minds among themselves to deprive Plaintiff
8  of his constitutional rights by filing false matters, failing to provide discovery, withholding material
9  facts, obstructing justice, maintaining a secret relationship with the presiding judge, and interfering with
10  Plaintiff's meaningful access to the court, all of which such conduct is prohibited by Kentucky Revised
11  Statutes, and/or Kentucky Rules of Civil Procedure, and/or Kentucky Rules of Professional Conduct.

12       140.    The Defendants, and each of them, willfully participated in this illegal objective by
13  various means, with the intent to further some purpose of the conspiracy, including for example:

14       a.    Filing false and inflammatory statements about the Plaintiff;

15       b.    Failing to turn over documents and material facts that would prove Plaintiffs allegations;

16       c.    abusing the discovery process to harass and intimidate the Plaintiff;

17       d.    agreeing to use false, altered, or forged documents to support foreclosure actions
18               against the Plaintiff and his real properties.

19       e.    seeking sanctions against the Plaintiff under false pretenses

20       f.    withholding 3rd party documents to gain an unfair advantage over the Plaintiff;

21       g.    failing to comply with discovery rules promulgated by the Kentucky Supreme Court

22       h.    filing false sworn affidavits with the court to deny certain relief to the Plaintiff

23       i.    withholding information from the Plaintiff to prevent him from learning that the
24               presiding judge had a family member working for the defendant's counsel.

25       141.    The Defendants', and each of them, their actions evidenced a reckless and callous
26  disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

27       142.    As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of his
28  rights under the Fourteenth Amendment to the United States Constitution.

22

EXHIBIT 1 - PAGE 153

Case 8:12-cv-80242-CJC-AN Document 59-3 Filed 08/28/12 Page 53 of 100 Page ID
#:1660
Case 3:11-cv-01493-CRD Document 29-3 Filed 10/07/11 Page 5 of 47 Page ID

Case 8:08-cv-00167-JHM-ERG   Document 1   Filed 10/03/08   Page 23 of 27 PageID #: 23

143.    As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, loss of privacy, loss opportunity, loss of status and standing in the business community, and irreparable harm to his income potential.

144.    As a further consequence of these deprivations, Plaintiff was required to retain counsel to represent him in a portion of the civil proceedings to protect his property, and incurred expenses associated with defending against the unlawful civil proceedings initiated and sustained by the defendants.

145.    As a result of the foregoing, the Defendants, and each of them, are liable for the aforesaid acts of conspiracy and violation of 42 U.S.C. § 1983 and 42 U.S.C. §1985(3) in an amount to be determined as compensatory and punitive damages for the Plaintiff.

**COUNT 11:  CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1985(2)  (OBSTRUCTION)**

146.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent paragraphs of the Complaint as if fully set forth herein.

147.    Beshear, Pitchford, CHL, AWL, and MERS are "persons" as that term is used in  42 .U.S.C. 1985(2).

148.    Under color of state regulation, and in their capacities as attorneys and officers of the court, Beshear and Pitchford, along with CHL, AWL, and MERS who were acting in their individual capacities, conspired and entered into express and/or implied agreements, understandings, or meetings of the minds among themselves for the purpose of impeding, hindering, obstructing and defeating the due course of justice (including Plaintiff's due process rights) in the State of Kentucky, with the intent to deny Plaintiff the equal protection of laws.

149.    Defendants, and each of them, their actions evidenced a reckless and callous disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

150.    As a direct and foreseeable consequence of this conspiracy, Plaintiff was deprived of his rights under the Fourteenth Amendment to the United States Constitution.

151.    As a direct and foreseeable consequence of these deprivations, Plaintiff has suffered economic loss, physical harm, emotional trauma, loss of privacy, loss opportunity, loss of status and standing in the business community, and irreparable harm to his income potential.

23

EXHIBIT 1   PAGE 154

1    152.    As a further consequence of these deprivations, Plaintiff was required to retain counsel
2    to represent him in a portion of the civil proceedings to protect his property, and incurred expenses
3    associated with defending against the unlawful civil proceedings initiated and sustained by the
4    defendants.

5    153.    As a result of the foregoing, the Defendants, and each of them, are liable for the aforesaid
6    acts of conspiracy and violation of 42 U.S.C. §1985(2) in an amount to be determined as compensatory
7    and punitive damages for the Plaintiff.

8    **COUNT 12: DECLARATORY RELIEF**

9    154.    Plaintiff incorporates by reference the allegations of all the preceding and subsequent
10   paragraphs of the Complaint as if fully set forth herein.

11   155.    A dispute has arisen between and among Plaintiff and Defendants with regard to the
12   rights, obligations, benefits and duties due or owed under the mortgage/loans herein.

13   156.    These disputes concern, but are not limited to, use of forged, altered or non-genuine
14   documents by the defendants, no lawful interest held in the mortgages, no lawful capacity to enforce
15   such mortgages, propriety of servicing such mortgage loans, propriety of originating and funding such
16   loans, including compliance with the Truth in Lending Act, the Real Estate Settlement Procedures Act,
17   and the Fair Debt Collection Act.

18   157.    Additionally, there exists a dispute between the Plaintiff and the Defendants as to whether
19   the Defendants have violated the laws of Kentucky in the course of their foreclosure actions initiated and
20   maintained against the Plaintiff in the McCracken County Circuit Court, including violating the
21   Plaintiff's constitutional rights under the U.S. and Kentucky Constitutions.

22   158.    Plaintiff further alleges that a declaration of rights and duties of the parties herein are
23   essential to determine the actual status and validity of the mortgage loans, the mortgagee, the lender, the
24   loan servicer, and who has lawful authority to initiate foreclosure proceedings.

25   WHEREFORE, Plaintiff prays for a Declaration by this Court that finds the foreclosure
26   proceedings initiated against the Plaintiff in the McCracken County Circuit Court are invalid and
27   unlawful because the plaintiff in those actions lacks legal capacity to bring the action, that the plaintiff
28   in those actions does not hold a legal interest in the mortgages, that the plaintiff in those actions have

24

EXHIBIT 1 - PAGE 155

1  used forged, altered, or non-genuine documents, and that the mortgage loans violate various federal laws
2  from their origination to the present time.

3  **COUNT 13: INJUNCTIVE RELIEF**

4  159.   Plaintiff incorporates by reference the allegations of all the preceding and subsequent
5  paragraphs of the Complaint as if fully set forth herein.

6  160.   Plaintiff is the owner in fee simple of real property located at 2115 Park Ave., 2914½
7  Benton Road, and 840 Burkhart Lane, all located in Paducah, Kentucky.

8  161.   Defendants CHL, AWL, and MERS claim an interest in the Plaintiff's property, disputing
9  or denying Plaintiff's rights to ownership and contend that their interest or ownership will be with
10 Defendants by means of a judicial foreclosure of the mortgages identified in ¶ 8 herein.

11 162.   Plaintiff alleges that Defendants CHL, AWL, and MERS have no such right, title or
12 interest in Plaintiff's real property because the foreclosure suit initiated against the Plaintiff's properties
13 is based upon fraud, in violation of Kentucky State Laws, in violation of federal laws, and has been
14 maintained in a manner that violates Kentucky State laws and the Plaintiff's constitutional rights.

15 163.   Plaintiff further alleges that CHL is the plaintiff in those foreclosure actions, and that
16 CHL does not hold an interest in the Plaintiff's mortgages, CHL does not have legal capacity to initiate
17 or maintain a suit upon those mortgages, and that none of the defendants hold or will produce original
18 or genuine documents to support such foreclosure actions.

19 164.   Defendants, and each of them, have wrongly interfered with, and continue to interfere
20 with Plaintiff's use and ownership of his properties by continued attempt to foreclose by judicial force
21 and dispossess Plaintiff from his properties.

22 165.   Defendants' attempts and threats to dispossess the Plaintiff from his properties will
23 continue unless and until enjoined or restrained by this Honorable Court.

24 166.   Failure to enjoin or restrain Defendants will cause Plaintiff grave and irreparable harm
25 as he will be deprived of his constitutional rights, deprived of his unique property, and deprived of his
26 ability to own real property due to the damage Defendants have inflicted upon Plaintiff's credit
27 worthiness and income.

28

EXHIBIT 1 - PAGE 156

167. Plaintiff has no adequate remedy of law to force the Defendants to comply with Kentucky law and the U.S. Constitution and/or to cease with their fraudulent foreclosure action against the Plaintiff's properties.

168. Plaintiff alleges that the judicial foreclosures initiated and maintained by CHL in action no. 05-CI-305 in the McCracken County Circuit Court, in conjunction with Defendants' fraud, conspiracy and violation of law, is of such a nature and character to transfer title of Plaintiff's properties to defendant CHL.

**WHEREFORE**, as to the **Thirteenth** Cause of Action, Plaintiff respectfully requests this Honorable Court to issue an Order to enjoin and restrain the Defendants from maintaining the foreclosure actions against the Plaintiff in case no. 06-CI-305 in the McCracken County Circuit Court, to restrain the Defendants from further violating the Plaintiff's Constitutional Rights under the Fourteenth Amendment, and restraining the Defendants from any further violation of the federal Truth in Lending Act, federal Real Estate Settlement Act, federal Fair Debt Collection Act, and the federal Fair Credit Reporting Act.

As to the **First** through the **Twelfth** Causes of Actions, Plaintiff prays for relief against the Defendants as follows:

1. Compensatory damages in an amount sufficient to compensate the Plaintiff for the actual damages incurred by him as a result of the acts and omissions of the Defendants;

2. Statutory damages to the extent allowed by law for the Plaintiff for the acts and omissions of the Defendants;

3. Consequential damages to the extent allowed by law for the Plaintiff for the acts and omissions of the Defendants;

4. Under the Kentucky Consumer Protection Act, the Kentucky Mortgage Loan Practices Act, and other applicable Kentucky Revised Statutes, damages as allowed by those statutes, including punitive or exemplary damages, double or treble damages, penalties, attorneys fees, and expenses of litigation;

5. Prejudgment interest at the maximum legal rate;

6. Punitive or exemplary damages for the willful, intentional, malicious, and/or reckless

26

EXHIBIT 1 - PAGE 157

1    actions of the Defendants in the amount of Five Million Dollars ($5,000,000);

2        7.    Reasonable attorneys fees and expenses of litigation as allowed by all applicable laws;

3        8.    A declaration that the Defendants violated federal Truth in Lending laws, federal Real

4    Estate Settlement laws, federal Fair Debt Collection laws, and federal Fair Credit Reporting laws  against

5    the Plaintiff;

6        9.    A declaration that the Defendants violated the Plaintiff's constitutional rights afforded

7    him under the U.S. Constitution;

8        10.    A declaration that the Loan Servicing Practices of Countrywide Home Loans is illegal

9    and an injunction against all Defendants preventing them from perpetrating such acts in the future;

10       11.    Reasonable compensation to the Plaintiff for his time and expenses in preparing, filing

11    and maintaining this action without an attorney at the hourly rate of $100 per hour, plus expenses of

12    litigation .

13       12.    An order requiring the CHL, AWL and MERS to correct the accounts of the Plaintiff;

14       13.    A trial by a jury of 12 persons; and

15       14.    Such other and further relief as the Court deems just and appropriate.

16

17                 Respectfully submitted,

18

19

20       Dennis Bell

20       2934 Benton Road

21       Paducah, Ky. 42003

21       (270) 556-1571

22

23

24

25

26

27

28

27

EXHIBIT 1 - PAGE 158

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 58 of 100   Page ID
#:1665
Case 3:11-cv-01493-CFD   Document 29-3   Filed 10/07/11   Page 10 of 47

# EXHIBIT

# 14

EXHIBIT 1 - PAGE 159

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

CIVIL ACTION NO. 5:08-cv-167-JHM

DENNIS BELL                                       **PLAINTIFF**

V.

COUNTRYWIDE HOME LOANS, INC., et al.             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Countrywide Home Loan's ("CHL") motion to abstain or dismiss pursuant to the doctrine announced in <u>Colorado River Water Conservation District v. United States,</u> 424 U.S. 800 (1976). Fully briefed, the matter is ripe for decision. For the reasons that follow, Defendant's motion is **GRANTED**.

### I. FACTS

In 2004, Plaintiff Dennis Bell ("Bell") executed three mortgages with CHL d/b/a America's Wholesale Lender. At various times in 2006, CHL instituted foreclosure actions in the McCracken County Circuit Court against Bell's properties at 2115 Park Avenue (March 24), 840 Burkhart Lane (July 31), and 2914 Benton Road (August 23), Paducah, KY. The foreclosures were consolidated into a single action in October 2006.

On April 11, 2006, Bell filed a counterclaim against CHL in the First Foreclosure Action, alleging that CHL mismanaged the escrow account, refused to cease acting as his escrow holder, and engaged in negative credit reporting based on his failure to pay what he believed was an inflated amount. On May 19, 2006, Bell secured a default judgment against

EXHIBIT 1 - PAGE 160

Case 8:12-cv-00242-CJC-AN Document 50-29 Filed 03/28/12 Page 60 of 100 Page ID
#:1667
Case 3:11-cv-0149-CFD Document 29 Filed 10/07/11 Page 12 of 47 Page ID

Case 5:08-cv-00167-JHM-ERG   Document 48   Filed 02/04/09   Page 2 of 9 PageID #: 1760

CHL in the amount of $556,889.75. CHL moved to vacate the judgment, however, because it was not properly served and because CHL served and filed a timely reply to the counterclaim. The McCracken Circuit Court set a hearing on that motion for August 15, 2006. On the day prior to the hearing, Bell attempted to remove the First Foreclosure Action. This Court remanded the cause as untimely. Thereafter, the McCracken Circuit Court vacated the default judgment.

CHL argues that Bell has engaged in questionable litigation tactics in state court. Among other things, CHL observes that Bell filed numerous frivolous motions; was sanctioned by the McCracken Circuit Court for the unauthorized practice of law; deliberately gave false responses to written discovery requests; and engaged in at least eleven instances of perjury during his deposition testimony. Bell, for his part, contends that the state court proceeding has been "corrupted" because Judge Clymer's daughter-in-law is employed with CHL's local counsel's firm. He has brought the instant action against CHL, its counsel, and two additional defendants, seeking to "enjoin" the state court proceeding.

## II. DISCUSSION

CHL argues that the Court should abstain from hearing the case under the doctrine announced by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Under the so-called Colorado River abstention doctrine, federal courts have a "narrow exception" to their "virtually unflagging obligation . . . to exercise the jurisdiction given them" where there is (1) "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise. Id. at 817-818; Bates

2

EXHIBIT 1 - PAGE 161

Case 8:12-cv-09242-GJG-AN Document 50-5 Filed 03/28/87 Page 61 of 100 Page ID
#:1668
Case 5:08-cv-00167-JHM-ERG   Document 48   Filed 02/04/09   Page 3 of 9 PageID #: 1761

v. Van Buren Tp., 122 Fed. Appx. 803, 806 (6th Cir. 2004); Gottfried v. Med. Planning

Servs., Inc., 142 F.3d 326, 329 (6th Cir. 1998).  The Court considers whether the doctrine

applies here below.

    A. Parallel Litigation

    The threshold question in the Colorado River abstention analysis is whether there are

parallel proceedings in state court. Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31

(6th Cir. 1984).  To be "parallel" the proceedings have to be "substantially similar." Romine

v. Compuserve Corp., 160 F.3d 337, 340 (6th Cir. 1998).  This means that neither the issues

nor the parties have to be identical. Heitmanis v. Austin, 899 F.2d 521, 528 (6th Cir. 1990).

Accordingly, "[t]he argument that abstention is inappropriate because the federal cause of

action included parties not present in the state proceedings 'is not relevant to Colorado River

abstention.'" Romine, 160 F.3d at 340 (quoting Heitmanis, 899 F.2d at 528).

    Bell argues that the proceedings are not parallel here because "[t]he parties are

different, several of the causes of action include violations of federal law and constitutional

violations which cannot be determined in state court, and of great importance, the issue of

Countrywide's capacity in the state court action could completely dispose of that case."

(Plaintiff's Response, p. 7).  He also contends that "[t]he federal case for the most part

alleges facts that post-date the filing of the state court actions because many of the allegations

identify conduct of the defendants that occurred during the time the state court action was

pending." (Id. at 6).  The Court disagrees.

    The proceeding here is unquestionably parallel with the state court proceeding.  For

3

EXHIBIT 1 - PAGE 162

one thing, the parties are substantially the same. Bell's complaint, just as his counterclaim in state court, is essentially against CHL. Although Bell has also named CHL's attorneys as defendants in this action based on their alleged conduct as counsel in the state court proceeding, that dispute is also already at issue in state court, i.e., Bell filed and lost a motion for sanctions based on the attorneys' conduct. (DN 4, Ex. 15.). Further, although Bell purports to assert claims directly against Mortgage Electronic Registration Services, Inc. and America's Wholesale Lender, Inc. for the first time here, his argument that these entities are the "real parties in interest" is also already at issue in the state court action. (DN 4, Ex. 19, at 3.).

More importantly, the claims and issues asserted by Bell against CHL in this action are virtually identical to those already at issue in the foreclosure action: the complaint relates to the same three mortgages on the same three properties at issue in state court. (Bell's Complaint ¶ 8.). Indeed, the gravamen of Bell's federal complaint, just as in his state court counterclaim, is that he allegedly requested that "escrow accounts be established solely for his benefit"; that CHL demanded "inflated escrow payments"; and that when he "refused to pay" and "withdrew his authorization" for CHL to maintain his escrow, CHL "refused to cease demanding payments" and negatively affected his credit rating. (Bell's Complaint ¶¶ 11, 16, 25-29,134; Bell's Counterclaim ¶¶ 15-37).

Bell's attempt to distinguish the instant action by adding different defendants and recasting his claims using additional legal theories is unavailing. See Romine, 160 F.3d at 340; see also Crown Enterprises, Inc. v. Lambert, No. 06-CV-13206, 2006 WL 2844445, *2

4

EXHIBIT 1 - PAGE 163

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 63 of 100 Page ID #:1670
Case 3:11-cv-01493-CFD Document 29-3 Filed 10/87/11 Page 15 of 47 Page ID #:1670
Case 5:08-cv-00167-JHM-ERG Document 48 Filed 02/04/09 Page 5 of 9 PageID #: 1763

(E.D. Mich. Sept. 29, 2006) ("that plaintiff attempts to sue additional parties or advance different legal theories to obtain a remedy does not warrant a contrary conclusion"). The fact of the matter is that Bell's claims here are substantially the same as those in his state court counterclaim. Accordingly, the Court finds that the proceedings are parallel for purposes of Colorado River abstention.[1]

B. The Other Colorado River Factors

The second step of the Colorado River analysis requires the Court to consider the interests of judicial economy and federal-state comity as embodied in the following factors:

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained . . .; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction.

Romine, 160 F.3d at 340-41.5

According to the Sixth Circuit, these factors necessitate "'a careful balancing as they apply in a given case' depending on the particular facts at hand." Id. (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Group, 460 U.S. 1 (1983). The Court finds that factors one, three, four, five, six, and seven favor abstention here.

---

[1] Bell cites two cases in support of his argument that Colorado River abstention is inappropriate. However, since both of those cases clearly have no bearing here, the Court declines to address them in any detail. See Allegheny v. Washuda, 360 U.S. 185 (1959) (decided before Colorado River on vastly different facts); Houston v. Hill, 482 U.S. 451 (1987) (declining to apply Pullman abstention doctrine and mentioning Colorado River in passing).

5

EXHIBIT 1 - PAGE 164

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 64 of 100 Page ID #:1671
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 16 of 47
Case 5:08-cv-00167-JHM-ERG Document 48 Filed 02/04/09 Page 6 of 9 PageID #: 1764

1. State Court's Jurisdiction over the Property

The first factor weighs heavily in favor of abstention because the instant case involves property over which the state court has already assumed jurisdiction. Specifically, in the state action, CHL is seeking the in rem remedy of mortgage foreclosure upon Bell's property. See Johnson v. United States, No. 91-6194, 1992 U.S. App. LEXIS 34840, *4 (6th Cir. Dec. 19, 1992) (foreclosure is "an in rem proceeding"). Obviously, in this case, the very same property is at issue because Bell seeks to "enjoin" the foreclosure of those properties. (Bell's Complaint ¶¶ 159-168); cf. Hunt v. Mortgage Electronic Registration, 522 F. Supp. 2d 749, 753-54 (D.S.C. 2007) (in federal suit by borrower against mortgagee and foreclosing attorneys alleging improper foreclosure in earlier state court matter, abstention warranted because state court had already assumed jurisdiction over the house, and because federal case was a "defensive, contrived reaction to [borrower's] frustration with her state court proceedings").

2. Order of Jurisdiction, Piecemeal Litigation, and Relative Progress

Abstention is also warranted by the order in which jurisdiction was obtained, the policy of avoiding piecemeal litigation, and the relative progress of the proceedings. Here, it is quite clear that the state proceedings were filed well before, and are far more advanced than, the newly-filed federal case. Bell and CHL have been litigating the same issues raised in his complaint for over two years; significant discovery has occurred; and dispositive motions are now pending. (DN 4, Ex. 31). Thus, if Bell is permitted to prosecute his complaint here there will be substantial duplication of effort by both the courts and the

6

EXHIBIT 1 - PAGE 165

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/13 Page 65 of 100 Page ID
#:1672
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 17 of 47
Case 5:08-cv-00167-JHM-ERG Document 48 Filed 02/04/09 Page 7 of 9 PageID #: 1765

parties. (DN 4, Ex. 5.); Romine, 160 F.3d at 341; cf. PaineWebber, Inc. v. Cohen, 276 F.3d

197, 207-08 (6th Cir. 2001) (finding that two-day delay between the filing of state and

federal suits was not a sufficient reason for abstention where there was no significant

progress in the former suit).

3. Source of Governing Law

Abstention is also warranted here because the issues raised in Bell's complaint largely

sound in state law. Seven of Bell's thirteen causes of action explicitly invoke state law.

(Bell's Complaint, Count 2; Count 5; Count 6; Count 7; Count 8; Count 12; Count 13). Two

of his alleged federal counts (Count 10; Count 11) are irrelevant to the Colorado River

abstention analysis because they are facially defective. See Bloch v. Ribar, 156 F.3d 673, 677

(6th Cir. 1998) (Section 1983 claim requires allegation that defendant acted under color of

state law). And last but not least, his four remaining federal counts (Count 1; Count 3; Count

4; Count 9) are either at issue in the state proceeding already or likely have been waived by

his failure to assert them there as compulsory counterclaims.

4. Adequacy of the State Court Action

Bell argues that the state action is inadequate to protect his rights because CHL

"corrupted" the state court proceeding, resulting in Judge Clymer's disqualification.

However, notwithstanding this allegation, the Court has found no evidence in the record to

support Bell's claim. It is undisputed that Judge Clymer, sua sponte, advised Bell that his

daughter-in-law worked for CHL's local counsel's law firm. It is further undisputed that

after being advised of this connection, Bell wrote a letter to Judge Clymer stating that he did

7

EXHIBIT 1 - PAGE 166

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 66 of 100 Page ID
#:1673
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 18 of 47
Case 5:08-cv-00167-JHM-ERG   Document 48   Filed 02/04/09   Page 8 of 9 PageID #: 1766

not view that relationship as a reason for recusal and would not seek to have the judge

removed from the case. [DN 23, Ex. 1). In light of these facts, the Court cannot credit Bell's

allegation that Judge Clymer recused himself because of some impropriety stemming from

that relationship. Rather, the Court is inclined to accept Defendant's suggestion that "Bell's

recusal motion was granted – in all likelihood out of an abundance of caution – because

Judge Clymer had referred to Mr. Bell as a 'baldfaced liar' after a long sanctions hearing in

which Mr. Bell, in fact, lied about his litigation history and credit score." (Defendant's

Response, p. 3 n.5).

Accordingly, the Court finds that the <u>Colorado River</u> factors heavily favor abstention.[2]

---

[2] Even had the balance been closer, however, the Court would hesitate to allow this
parallel proceeding given that this is Bell's second attempt to gain a federal forum while
significant motions are pending against him in the state action. See <u>Preston v. Eriksen</u>, 106 F.3d
401 (Table), 1997 WL 14418, *4 n.3 (6th Cir. 1997) (court may consider for purposes of
<u>Colorado River</u> abstention an "obvious attempt to shop for a more receptive forum after . . .
years of unsuccessful litigation in the state courts"); <u>Romine</u>, 160 F.3d at 341 ("The legitimacy
of the court system in the eyes of the public and fairness to the individual litigants also are
endangered by duplicative suits that are the product of gamesmanship . . .").

EXHIBIT 1 - PAGE 167

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 67 of 100   Page ID
#:1674
Case 3:11-cv-01493-CFD   Document 29-3   Filed 10/07/11   Page 19 of 47   Page ID

Case 5:08-cv-00167-JHM-ERG   Document 48   Filed 02/04/09   Page 9 of 9 PageID #: 1767

### III. CONCLUSION

**IT IS ORDERED** that the above-captioned matter is **STAYED** pending resolution

of the parallel state court proceedings.

**IT IS FURTHER ORDERED** that for administrative purposes this case is

**CLOSED.** Upon the completion of the state court action, the parties shall notify the Court.

Joseph H. McKinley, Jr., Judge
**United States District Court**

February 3, 2009

cc. Counsel of Record

9

EXHIBIT 1 - PAGE 168

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 68 of 100 Page ID
Case 3:11-cv-01493-CFD Document 29-3 Filed 10/07/11 Page 20 of 47
#:1675

# EXHIBIT

# 15

EXHIBIT 1 - PAGE 169

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Western District of Kentucky

In re    **Dennis L Bell** _____    Case No. _____

_____ Debtor(s)    Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Dennis L Bell** | X  **/s/ Dennis L Bell** | **May 18, 2010** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com          Best Case Bankruptcy

EXHIBIT 1 - PAGE 170

Case 8:12-cv-00242-GJG-AN Document 50-3 Filed 03/28/12 Page 70 of 100 Page ID
#:1677
Case 3:11-cv-01493-CRD Document 329 Filed 10/07/11 Page 22 of 47
Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 4 of 50

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Western District of Kentucky

In re    **Dennis L Bell**                                                          Case No.
                                                            Debtor(s)    Chapter    7

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$6,500.00** | **2009: Debtor Self-Employment Income** |
| **$6,500.00** | **2008: Debtor Self-Employment Income** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

EXHIBIT 1 - PAGE 171

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| Countrywide Home Loans, Inc. v. Bell 06-CI-305, 06-CI-813, 06-CI-891 | Foreclosure | McCracken Circuit - Div. 2 Paducah, KY | Judgment and Order of Sale |
| Commerce Bank N.A. v. Bell | Collection | NcCracken Circuit Div. 1 Paducah, KY | Pending |
| Bell v. Kelly Morris et. al. 08-C-0002 | Breach of Contract/Collection | McCracken District Paducah, KY | Pending |
| Warner v. Bell 08-CI-276 | Collection | McCracken Circuit - Div. 1 Padcuah, KY | Judgment for Plaintiff. |
| Bell v. Tonya Todd 08-C-001 | Collection | McCracken District Psaducah, KY | Settled |
| Bell v. McClure 09-CI-256 | Collection | Graves Circuit Mayfield, KY | Pending |
| Bell v. Kimberlin et. al 08-C-01611 | Breach of Contract | McCracken District Court Paducah, KY | Pending |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

EXHIBIT 1 - PAGE 172

3

None ■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Vidmer Law Office**<br>**309A N. Fourth St.**<br>**Murray, KY 42071** | | **$2,500.00** |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Emerald Bay Revocable Trust**<br>**509 Vienna St.**<br>**Metropolis, IL 62960** | **March, 2009** | **2115 park Ave, Paducah, KY; 840 Burkhart Lane, Paducah, KY; 2924 Benton Rd., Paducah, KY; 2746 S. 8th St., Paducah, KY.  No value recived.** |

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

EXHIBIT 1 - PAGE 174

5

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 75 of 100 Page ID
#:1682
Case 3:11-cv-0493-CFD Document 29 Filed 10/07/11 Page 27 of 47

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 9 of 50

6

**18 . Nature, location and name of business**

None  ☐  a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|---------|--------------------|----------------------------|
| **McCracken Builders Property & Mgt., LLC** | **3617** | **1155 Smith Ave Paducah, KY 42003** | **Real estate holding and contracting.** | **2003 - Present. Debtor left in Feb. or March, 2009** |

None  ■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                            ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None  ■  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                            DATES SERVICES RENDERED

None  ■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

None  ■  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                            ADDRESS

None  ■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                            DATE ISSUED

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 176

7

---

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **Cheri English**<br>**2914 Benton Rd.**<br>**Paducah, KY 42003** | **100% owner** | **100%. Debtor withdrew in February or March, 2009.** |

None ■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None ☐    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| **Dennis Bell** | **2914 Benton Rd.**<br>**Paducah, KY 42003** | **February or March, 2009** |

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

---

EXHIBIT 1 - PAGE 177

8

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as
■      an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                              TAXPAYER IDENTIFICATION NUMBER (EIN)


**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct.


Date  **May 18, 2010**                           Signature   **/s/ Dennis L Bell**
                                                             **Dennis L Bell**
                                                             Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2010 Best Case Solutions, Inc. - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 178

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 78 of 100 Page ID #:1685
Case 3:11-cv-01493-CFD Document 29 Filed 10/07/11 Page 30 of 47
Case 10-50501 Doc 40 Filed 05/19/10 Entered 05/19/10 12:34:35 Page 12 of 50

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Western District of Kentucky

In re **Dennis L Bell**

Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Bac Home Loans Servic** | **Describe Property Securing Debt:**<br>**House and 1988 Double wide mobile home located at 2924 Benton Rd., Paducah, KY.  Foreclosed by Countrywide/Bank of America.  Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale.**<br>**Value listed is PVA assessment.** |

Property will be (check one):
☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other. Explain  **Debtor hopes to retain title to property though appeal of Circuit Court action.**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt          ■ Not claimed as exempt

---

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**Bachomeloans** | **Describe Property Securing Debt:**<br>**House and lot located at 840 Burkhart Lane, Paducah, KY.  Foreclosed by Countrywide/Bank of America.  Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale.**<br>**Value listed is PVA assessment.** |

Property will be (check one):
☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other. Explain  **Debtor hopes to retain title to property though appeal of Circuit Court action.**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt          ■ Not claimed as exempt

---

EXHIBIT 1 - PAGE 179

B8 (Form 8) (12/08)                                                                                    Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Bachomeloans** | **Describe Property Securing Debt:**<br>House and lot located at 2115 Park Ave., Paducah, KY.<br>Foreclosed by Countrywide/Bank of America. Debtor<br>transferred to Emeral Bay Revocable Trust prior to<br>foreclosure sale.<br>Value listed is PVA assessment. |

Property will be (check one):
  ☐ Surrendered      ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ■ Other. Explain  <u>Debtor hopes to retain title to property though appeal of Circuit Court action.</u>  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ☐ Claimed as Exempt      ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Chase Mtg** | **Describe Property Securing Debt:**<br>House and lot located at 2914 Benton Rd., Paducah, KY.<br>Debtor's residence.<br><br>PVA assessed value for house and lot = 59,900.00.<br>This is part of tract that was subdivided into three lots in<br>2003. Assessed value is for entire tract. Indiv |

Property will be (check one):
  ☐ Surrendered      ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt      ☐ Not claimed as exempt

EXHIBIT 1 - PAGE 180

B8 (Form 8) (12/08)                                                                                          Page 3

| Property No. 5 | |
|---|---|
| **Creditor's Name:**<br>**Debbie Warner** | **Describe Property Securing Debt:**<br>House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence.<br><br>PVA assessed value for house and lot = 59,900.00. This is part of tract that was subdivided into three lots in 2003. Assessed value is for entire tract. Indiv |

Property will be (check one):
- ☐ Surrendered                     ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ■ Other. Explain **avoid lien using 11 U.S.C. § 522(f)**  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                     ☐ Not claimed as exempt

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br>**Fifth Third Bank** | **Describe Property Securing Debt:**<br>House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence.<br><br>PVA assessed value for house and lot = 59,900.00. This is part of tract that was subdivided into three lots in 2003. Assessed value is for entire tract. Indiv |

Property will be (check one):
- ☐ Surrendered                     ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                     ☐ Not claimed as exempt

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

Best Case Bankruptcy

EXHIBIT 1 - PAGE 181

B8 (Form 8) (12/08)                                                                      Page 4

| Property No. 7 | |
|---|---|
| **Creditor's Name:**<br>**Paducah Bank** | **Describe Property Securing Debt:**<br>**2934 Benton Rd., Paducah, KY; 2746 S. 28th St., Paducah, KY; 1990 Sunshine Mobile Home - Loan in name of McCracken Builders** |

Property will be (check one):

☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **May 18, 2010** _____       Signature    **/s/ Dennis L Bell** _____
                                                          **Dennis L Bell**
                                                          Debtor

B6A (Official Form 6A) (12/07)

In re    **Dennis L Bell**                                          Case No. _____

Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| House and lot located at 840 Burkhart Lane, Paducah, KY. Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale. Value listed is PVA assessment. | Fee simple | - | 17,600.00 | 33,824.00 |
| House and lot located at 2115 Park Ave., Paducah, KY. Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale. Value listed is PVA assessment. | Fee simple | - | 48,000.00 | 27,451.00 |
| House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence. PVA assessed value for house and lot = 59,900.00. This is part of tract that was subdivided into three lots in 2003. Assessed value is for entire tract. Individual lots have not been assessed since subdivision. | Fee simple | - | 59,900.00 | 85,086.31 |
| House and lot located at 2746 S. 28th St., Paducah, KY. Transfered to Emeral Bay Revocable Trust in March, 2010 by Debtor. Value based on PVA assessment. | Fee simple | - | 12,298.00 | 951.00 |
| House and 1988 Double wide mobile home located at 2924 Benton Rd., Paducah, KY. Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale. Value listed is PVA assessment. | Fee simple | - | 10,500.00 | 33,410.00 |

| | | Sub-Total > | 148,298.00 | (Total of this page) |

__1__   continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

EXHIBIT 1 - PAGE 183

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/13   Page 83 of 100   Page ID #:1690
Case 3:11-cv-01493-CFD   Document 29-3   Filed 10/07/11   Page 35 of 47

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 17 of 50

B6A (Official Form 6A) (12/07) - Cont.

In re  **Dennis L Bell**

Debtor

Case No. _____

# SCHEDULE A - REAL PROPERTY
### (Continuation Sheet)

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **1990 Sunshine double wide mobile home and lot located at 2934 Benton Rd., Paducah, KY. Value listed is PVA assessed value for mobile home.** **Mobile home = 17,000.00** **Lot estimated at 5,000.00** **Property is part of parcel that was subdivided into three lots and PVA has not done separate assessment on each lot.** | **Fee simple** | - | **22,000.00** | 0.00 |

| | Sub-Total > | **22,000.00** | (Total of this page) |
|---|---|---|---|
| | Total > | **170,298.00** | |
| | | (Report also on Summary of Schedules) | |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 184

Case 8:12-cv-00242-CJC-AN Document 50-329 Filed 03/28/13 Page 84 of 100 Page ID #:1691
Case 3:11-cv-01493-CFD Document 50 Filed 10/07/11 Page 36 of 47

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 18 of 50

B6B (Official Form 6B) (12/07)

In re    **Dennis L Bell**                                    Case No. _____

_____
                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. **List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **1/2 interst in frig, stove, microwave, washer, dryer, TV, PC, couch, chair, 2 tables, 2 lamps, dining room set, 2 beds, 2 dressers, night tables, linenes, kitcheware.** | - | 1,050.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Personal clothing** | - | 300.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  |  |  |  | Sub-Total > (Total of this page) | 1,350.00 |

__2__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 185

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 85 of 100   Page ID #:1692
Case 3:11-cv-01493-CFD   Document 29-3   Filed 10/07/11   Page 37 of 47

Case 10-50501   Doc 40   Filed 05/19/10   Entered 05/19/10 12:34:35   Page 19 of 50

B6B (Official Form 6B) (12/07) - Cont.

In re   **Dennis L Bell**                                                      Case No. _____
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | Settlement from suit against Tonya Todd | - | 1,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Lawsuit for recovery of money damages against Glenda McClure in Graves Circuit Court. | - | 3,500.00 |
| | | Possible recovery from suit against Mark & Emily Kimberlin.  Breach of contract (lease). | - | 11,525.00 |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 16,025.00 |

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                   Best Case Bankruptcy

EXHIBIT 1 - PAGE 186

B6B (Official Form 6B) (12/07) - Cont.

In re  **Dennis L Bell**                                                      Case No. _____

                                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1980s Honda motorcycle - does not run** | - | **100.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Misc hand and garden tools** | - | **1,000.00** |
| | | **Interest in Emerald Bay Revocable Trust created in March, 2009, in Illinois. Transferred several real properties to Trust.** | - | **Unknown** |
| | | **Personal tools** | - | **1,000.00** |

|  |  |
|---|---|
| Sub-Total > (Total of this page) | 2,100.00 |
| Total > | 19,475.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 187

Case 8:12-cv-00242-CJC-AN   Document 50-3   Filed 03/28/12   Page 87 of 100   Page ID #:1694
Case 3:11-cv-01493-CRD   Document 29   Filed 10/07/11   Page 39 of 47
Case 10-50501   Doc 40   Filed 05/19/10   Entered 05/19/10 12:34:35   Page 21 of 50

B6C (Official Form 6C) (4/10)

In re    **Dennis L Bell**                                                 Case No. _____
                                          Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence.** | 11 U.S.C. § 522(d)(1) | 10,000.00 | 59,900.00 |
| **PVA assessed value for house and lot = 59,900.00.** **This is part of tract that was subdivided into three lots in 2003. Assessed value is for entire tract. Individual lots have not been assessed since subdivision.** | | | |
| **Household Goods and Furnishings** | | | |
| **1/2 interst in frig, stove, microwave, washer, dryer, TV, PC, couch, chair, 2 tables, 2 lamps, dining room set, 2 beds, 2 dressers, night tables, linenes, kitcheware.** | 11 U.S.C. § 522(d)(3) | 1,050.00 | 2,100.00 |
| **Wearing Apparel** | | | |
| **Personal clothing** | 11 U.S.C. § 522(d)(3) | 300.00 | 300.00 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Settlement from suit against Tonya Todd** | 11 U.S.C. § 522(d)(5) | 1,000.00 | 1,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Lawsuit for recovery of money damages against Glenda McClure in Graves Circuit Court.** | 11 U.S.C. § 522(d)(5) | 3,500.00 | 3,500.00 |
| **Possible recovery from suit against Mark & Emily Kimberlin. Breach of contract (lease).** | 11 U.S.C. § 522(d)(5) | 5,475.00 | 11,525.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1980s Honda motorcycle - does not run** | 11 U.S.C. § 522(d)(2) | 100.00 | 100.00 |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Misc hand and garden tools** | 11 U.S.C. § 522(d)(5) | 1,000.00 | 1,000.00 |
| **Personal tools** | 11 U.S.C. § 522(d)(5) | 1,000.00 | 1,000.00 |
| Total: | | 23,425.00 | 80,425.00 |

__0__   continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 188

Case 8:12-cv-00242-CJC-ANx Document 50-329 Filed 02/28/13 Page 88 of 100 Page ID
#:1695
Case 3:14-cv-01493-CFD Document 150-329 Filed 10/07/ Page 40 of 47

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 22 of 50

B6D (Official Form 6D) (12/07)

In re    **Dennis L Bell**                                                                    Case No. _____
                                                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. xxxx7706<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | | | | | Opened 2/25/04  Last Active  7/31/06<br>**House and 1988 Double wide mobile home located at 2924 Benton Rd., Paducah, KY. Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale.**<br>**Value listed is PVA assessment.** | | | | | |
| | | | | | Value $              10,500.00 | | | | 33,410.00 | 22,910.00 |
| Account No. xxxx6964<br><br>**Bachomeloans**<br>**450 American St**<br>**Simi Valley, CA 93065** | | | | | Opened 2/02/04  Last Active  7/01/06<br>**House and lot located at 840 Burkhart Lane, Paducah, KY.**<br>**Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale.**<br>**Value listed is PVA assessment.** | | | | | |
| | | | | | Value $              17,600.00 | | | | 33,824.00 | 16,224.00 |
| Account No. xxxx0277<br><br>**Bachomeloans**<br>**450 American St**<br>**Simi Valley, CA 93065** | | | | | Opened 5/11/04  Last Active  7/01/06<br>**First Mortgage**<br>**House and lot located at 2115 Park Ave., Paducah, KY. Foreclosed by Countrywide/Bank of America. Debtor transferred to Emeral Bay Revocable Trust prior to foreclosure sale.**<br>**Value listed is PVA assessment.** | | | | | |
| | | | | | Value $              48,000.00 | | | | 27,451.00 | 0.00 |
| Account No. xxxxxxxx1714<br><br>**Chase Mtg**<br>**10790 Rancho Bernardo Rd**<br>**San Diego, CA 92127** | | | | | Opened 6/01/04  Last Active  3/16/10<br>**First Mortgage**<br>**House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence.**<br>**PVA assessed value for house and lot = 59,900.00.**<br>**This is part of tract that was subdivided into three lots in 2003.  Assessed value** | | | | | |
| | | | | | Value $              59,900.00 | | | | 56,084.00 | 7,684.00 |
| **1**    continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | | | 150,769.00 | 46,818.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                                                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 189

B6D (Official Form 6D) (12/07) - Cont.

In re   **Dennis L Bell** _____    Case No. _____
                              Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>City of Paducah<br>Inspection Department<br>PO Box 2267<br>Paducah, KY 42002-2267 | | | 2007<br>Lien for nuisance<br>House and lot located at 2746 S. 28th St., Paducah, KY. Transfered to Emeral Bay Revocable Trust in March, 2010 by Debtor.<br>Value based on PVA assessment. | | | | | |
| | | | Value $          12,298.00 | | | | 951.00 | 0.00 |
| Account No.<br><br>Debbie Warner<br>c/o Todd Farmer<br>Stout, Farmer & King, PLLC<br>PO Box 7766<br>Paducah, KY 42002-7766 | | | March, 2009<br>Judgment Lien<br>House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence. PVA assessed value for house and lot = 59,900.00.<br>This is part of tract that was subdivided into three lots in 2003. Assessed value | | | | | |
| | | | Value $          59,900.00 | | | | 17,502.31 | 17,502.31 |
| Account No. 5588<br><br>Fifth Third Bank<br>Bankruptcy Department<br>MDROPSO5<br>1850 East Paris<br>Grand Rapids, MI 49546 | | | 2004<br>Second Mortgage<br>House and lot located at 2914 Benton Rd., Paducah, KY. Debtor's residence. PVA assessed value for house and lot = 59,900.00.<br>This is part of tract that was subdivided into three lots in 2003. Assessed value | | | X | | |
| | | | Value $          59,900.00 | | | | 11,500.00 | 0.00 |
| Account No.<br><br>Paducah Bank<br>555 Jefferson<br>Paducah, KY 42001 | X | | 2005<br><br>2934 Benton Rd., Paducah, KY; 2746 S. 28th St., Paducah, KY; 1990 Sunshine Mobile Home - Loan in name of McCracken Builders | | | | | |
| | | | Value $          80,798.00 | | | | 128,000.00 | 83,202.00 |
| Account No.<br><br> | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 157,953.31 | 100,704.31 |
| Total<br>(Report on Summary of Schedules) | 308,722.31 | 147,522.31 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 190

B6E (Official Form 6E) (4/10)

In re    **Dennis L Bell**                                                                 Case No. _____
                                  Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____0_____ continuation sheets attached

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

EXHIBIT 1 - PAGE 191

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 03/28/12 Page 91 of 100 Page ID #:1698
Case 3:11-cv-01493-CFD Document 29-3 Filed 10/07/11 Page 43 of 47
Case 10-50501 Doc 40 Filed 05/19/10 Entered 05/19/10 12:34:35 Page 25 of 50

B6F (Official Form 6F) (12/07)

In re  **Dennis L Bell**                                               Case No. _____
                                          _____
                                                  Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 9664<br><br>**Bank of America**<br>Nc4-105-03-14<br>**4161 Piedmont Pkwy**<br>**Greensboro, NC 27420** | | - | **2006**<br>**Miscellaneous consumer goods - Credit Card.** | | | | 5,700.00 |
| Account No. xxxxxxxx1907<br><br>**Capital One, N.a.**<br>C/O American Infosource<br>Po Box 54529<br>**Oklahoma City, OK 73154** | | - | **Opened 4/01/03 Last Active 4/13/10**<br>**ChargeAccount** | | | | 7.00 |
| Account No. xxxxxxxxxxxx7252<br><br>**Cash-pro Inc**<br>**Attn: Bankruptcy**<br>Po Box 5469<br>**Evansville, IN 47724** | | - | **Opened 9/01/09**<br>**CollectionAttorney Paducah Magnetic Resonance** | | | | 97.00 |
| Account No. xxxxxxxxxxxx3041<br><br>**Cash-pro Inc**<br>**Attn: Bankruptcy**<br>Po Box 5469<br>**Evansville, IN 47724** | | - | **Opened 9/01/09**<br>**CollectionAttorney Radiology Grp Of Paducah Psc** | | | | 85.00 |

|  | Subtotal<br>(Total of this page) | 5,889.00 |
|---|---|---|

**5**   continuation sheets attached

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    S/N:33315-100329    Best Case Bankruptcy

EXHIBIT 1 - PAGE 192

Case 8:12-cv-00242-CJC-AN Document 50-3 29 Filed 03/28/12 Page 92 of 100 Page ID
#:1699
Case 3:11-cv-01493-CFD Document 29-3 Filed 10/07/11 Page 44 of 47

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 26 of 50

B6F (Official Form 6F) (12/07) - Cont.

In re    **Dennis L Bell**                                                      Case No. _____
                                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx5479<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | Med1 02 Lourdes Hosp Reg Outpt | | | | 2,618.00 |
| Account No. xxxxxxxxxxxx3162<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | Med1 02 Bluegrass Dermatology | | | | 272.00 |
| Account No. xxxxxxxxxxxx8995<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | City Of Paducah Real Est Tax | | | | 141.00 |
| Account No. xxxxxxxxxxxx1607<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | City Of Paducah Real Est Tax | | | | 139.00 |
| Account No. xxxxxxxxxxxx7683<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | City Of Paducah Real Est Tax | | | | 139.00 |

Sheet no. __1__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **3,309.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 1 - PAGE 193

B6F (Official Form 6F) (12/07) - Cont.

In re  **Dennis L Bell**                                    Case No. _____

_____
                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxxx4195<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | | | City Of Paducah Real Est Tax | | | | 137.00 |
| Account No. xxxxxxxxxxxx5497<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>'aducah, KY 42001 | | - | | | Med1 02 Lourdes Hosp Reg Outpt | | | | 86.00 |
| Account No. xxxxxxxxxxxx3595<br><br>Cbs Col Padu<br>100 Fulton Ct.<br>Paducah, KY 42001 | | - | | | Med1 02 Lourdes Hosp Reg Outpt | | | | 76.00 |
| Account No.<br><br>Chester Mechanical, Inc.<br>PO Box 96<br>630 Park Ave<br>Paducah, KY 42001 | | - | | | 2008<br>Services rendered | | | | 724.13 |
| Account No. 2662<br><br>Citibank Usa<br>Attn.: Centralized Bankruptcy<br>Po Box 20507<br>Kansas City, MO 64195 | | - | | | 2006<br>Miscellaneous consumer goods - Credit Card | | | | 4,000.00 |

| | | |
|---|---|---|
| Sheet no. __2__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 5,023.13 |

EXHIBIT 1 - PAGE 194

B6F (Official Form 6F) (12/07) - Cont.

In re     **Dennis L Bell**                           Case No. _____

                                   Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxxxxx4145 <br><br> Commerce Bk <br> 911 Main St <br> Kansas City, MO 64105 | | - | | Opened 7/01/03 Last Active 12/15/06 CreditCard | | | | 12,184.00 |
| Account No. xxx1806 <br><br> Dynamic Recovery Servi <br> 2775 Villa Creek <br> Dallas, TX 75234 | | - | | Opened 1/01/09 CollectionAttorney Atmos Energy | | | | 94.00 |
| Account No. 6501 <br><br> Empi <br> 599 Cardigan Rd. <br> Saint Paul, MN 55126 | | - | | 2009 Medical/dental | | | | 52.15 |
| Account No. 8119 <br><br> Lourdes Hospital <br> PO Box 11192 <br> Knoxville, TN 37939 | | - | | 2008-2010 Medical/dental | | | | 76.24 |
| Account No. 0491 <br><br> Lourdes Medical Pavillion <br> PO Box 8329 <br> Paducah, KY 42002 | | - | | 2009 Medical/dental | | | | 57.42 |

Sheet no. __3__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     12,463.81

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com        Best Case Bankruptcy

EXHIBIT 1 - PAGE 195

B6F (Official Form 6F) (12/07) - Cont.

In re __Dennis L Bell__          Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx9804<br><br>Natl Cty Crd<br>Attention: Bankruptcy Department<br>BR-YB5<br>6750 Miller Road<br>Brecksville, OH 44141 | | - | Opened 3/01/03 Last Active 6/11/07<br>CreditCard | | | | 4,385.00 |
| Account No.<br><br>Purchase Anesthesia PSC<br>PO Box 844102<br>Kansas City, MO 64184-4102 | | - | 2009<br>Medical/dental | | | | 220.00 |
| Account No. xxxx & 5532<br><br>Quest Diagnostics<br>4793 Village Square Drive<br>Paducah, KY 42001 | | - | 2008 - 21009<br>Medical/dental | | | | 211.79 |
| Account No. xxxxxxxxx8482<br><br>Rbc Bank<br>Po Box 151<br>Rocky Mount, NC 27802 | | - | Opened 6/01/04 Last Active 10/01/04<br>ConventionalRealEstateMortgage | | | | Unknown |
| Account No. xxx3596<br><br>Rcvl Per Mng<br>20816 44th Ave W<br>Lynnwood, WA 98036 | | - | Sprint Pcs | | | | 779.00 |

Sheet no. __4__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    5,595.79

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com      Best Case Bankruptcy

EXHIBIT 1 - PAGE 196

Case 8:12-cv-00242-CJC-AN Document 50-3 Filed 08/28/12 Page 96 of 100 Page ID
Case 3:11-cv-01495-CPC Document 29 Filed 10/07 Page Page 1 of 69 Page ID
#:1703

Case 10-50501    Doc 40    Filed 05/19/10    Entered 05/19/10 12:34:35    Page 30 of 50

B6F (Official Form 6F) (12/07) - Cont.

In re    **Dennis L Bell**                                              Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W | J C | | | | | |
| Account No. xx7079 | | | | Med1 02 Cornerstone Family Health | | | | |
| Reg Crdt Ser 1201 Jefferson Str Washington, MO 63090 | - | | | | | | | 72.00 |
| Account No. 7994 | | | | 2009 Medical/dental | | | | |
| Regional Radiology Associates PLLC 225 Medical Center Drive Ste 203 Paducah, KY 42003 | - | | | | | | | 85.00 |
| Account No. 5632 | | | | 2009 Medical/dental | | | | |
| Vascular Specialists, PLLC PO Box 7329 Paducah, KY 42002 | - | | | | | | | 4.83 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __5__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | 161.83 |
| --- | --- | --- |
|  | Total (Report on Summary of Schedules) | 32,442.56 |

B6G (Official Form 6G) (12/07)

In re    **Dennis L Bell**                                                      Case No. _____

_____
                                    Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                              Best Case Bankruptcy

EXHIBIT 1 - PAGE 198

B6H (Official Form 6H) (12/07)

In re **Dennis L Bell**                                                                 Case No. _____

_____
                          Debtor

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **McCracken Builders**<br>**1155 Smith Ave**<br>**Paducah, KY 42003** | **Paducah Bank**<br>**555 Jefferson**<br>**Paducah, KY 42001** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                   Best Case Bankruptcy

EXHIBIT 1 - PAGE 199

B6I (Official Form 6I) (12/07)

In re **Dennis L Bell**                                                          Case No. _____
                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Unemployed** | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 0.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ N/A |
| b. Insurance | $ 0.00 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance<br>(Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income<br>(Specify):  **Health insurance paid by parents** | $ 424.00 | $ N/A |
| **Assistance with living expenses from girlfriend** | $ 1,500.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,924.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,924.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 1,924.00 | |

(Report also on Summary of Schedules and, if applicable,
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

EXHIBIT 1 - PAGE 200

B6J (Official Form 6J) (12/07)

In re __Dennis L Bell_____    Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 638.98 |
|   a. Are real estate taxes included?     Yes ___    No __X__ | | |
|   b. Is property insurance included?     Yes ___    No __X__ | | |
| 2. Utilities:     a. Electricity and heating fuel | $ | 150.00 |
|            b. Water and sewer | $ | 30.00 |
|            c. Telephone | $ | 0.00 |
|            d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 50.00 |
| 4. Food | $ | 200.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 30.00 |
| 8. Transportation (not including car payments) | $ | 100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 83.00 |
|            b. Life | $ | 0.00 |
|            c. Health | $ | 424.00 |
|            d. Auto | $ | 0.00 |
|            e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify)  __See Detailed Expense Attachment__ | $ | 40.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 0.00 |
|            b. Other | $ | 0.00 |
|            c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
|     Other | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 1,895.98 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 1,924.00 |
| b. | Average monthly expenses from Line 18 above | $ | 1,895.98 |
| c. | Monthly net income (a. minus b.) | $ | 28.02 |

EXHIBIT 1 - PAGE 201