**BRYAN CAVE LLP**
ROBERT E. BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
ROBERT G. LANCASTER (SBN 257504)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: reboone@bryancave.com
nafiz.cekirge@bryancave.com
rglancaster@bryancave.com

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION and
BANK OF AMERICA, N.A.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation, DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual, JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and DOES 1-100,<br><br>Defendants. | Case No. 8:12-cv-00242-CJC-AN<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed Concurrently with Reply; Supplemental Declaration of Nafiz Cekirge; Supplemental Declaration of Renell Welch; Supplemental Declaration of Devra Lindgren]<br><br>Date Filed: February 13, 2012<br>Trial Date: None |

## I. Introduction

Defendants request that this Court judicially notice 24 exhibits.[1] Exhibits 1-18, 22 and 24 relate to various lawsuits against Plaintiffs and/or their affiliates.[2] Exhibit 19 purports to be a rendition of the AMERICA'S WHOLESALE LENDER® trademark from some unspecified website. Exhibit 20 appears to be a screen shot of a website called 4closurefraud.org; the screenshot contains a picture of a billboard purportedly accusing Bank of America of wrongdoing. Exhibits 21 and 23 appear to be materials from the United States Patent and Trademark office website relating to the AMERICA's WHOLESALE LENDER® trademark. As explained below, aside from Exhibits 21 and 23, which may be judicially noticeable as materials from the United States Patent and Trademark office website, the materials above are not judicially noticeable.

Moreover, if the Court decides to take judicial notice of any of Plaintiffs' exhibits, it can only judicially notice their existence, not the truth of their contents. Thus, if any of these documents are judicially noticed, their evidentiary value will be limited to establishing the existence of the judicially noticed document, not the truth of the contents of the document.

## II. The Objectionable Documents That Defendants Seek To Judicially Notice Are Irrelevant And/Or Not Capable Of Accurate And Ready Determination

The objectionable documents that Defendants seek to have judicially noticed fall into three broad categories: (1) Exhibits 1-18, 22 and 24 relate to lawsuits against Plaintiffs and/or their affiliates; (2) Exhibit 19 purports to be a rendition of

---

[1] Plaintiffs are Countrywide Home Loans, Inc. ("CHL"), Bank of America Corporation ("BAC") and Bank of America, N.A. ("BANA") Defendants are America's Wholesale Lender, Inc. ("AWLI"), Dennis L. Bell and Cheri B. English.

[2] While Plaintiffs appear to seek the judicial notice of Exhibit 22 because it purports to show that "[o]n July 1, 2008, Bank of America purchased Countrywide Home Loans," that exhibit mostly relates to an irrelevant lawsuit against Plaintiffs and/or their affiliates.

1  the AMERICA'S WHOLESALE LENDER® trademark from some unspecified
2  website; and (3) Exhibit 20 appears to be a screen shot of a website called
3  4closurefraud.org; the screenshot contains a picture of a billboard purportedly
4  accusing Bank of America of wrongdoing.  (Dckt. # 42, Defendants' Request for
5  Judicial Notice ("RJN") 2:24-5:26.)

6  None of these documents are judicially noticeable.

7  First, Exhibits 1-18, 20, 22 and 24 are not judicially noticeable because they
8  are irrelevant.  The lawsuits referenced in Exhibits 1-18, 20 and 24 have nothing to
9  do with the issue at hand—Defendants' infringing of the AMERICA'S
10 WHOLESALE LENDER® trademark and "America's Wholesale Lender, Inc."
11 name.  The alleged wrongdoing referenced in Exhibit 20 similarly does not relate to
12 the issues presented in this case.  Irrelevant materials are not judicially noticeable.
13 *Knight v. Knight*, 207 F.3d 1115, 1119 n.4 (9th Cir. 2000).

14 Second, Exhibits 19-20 are not judicially noticeable because they consist of
15 "statements or images appearing on undated, unverified websites," and thus, are not
16 capable of accurate and ready determination by resort to sources whose accuracy
17 cannot reasonably be questioned.  *CYBERsitter, LLC v. P.R.C.*, 805 F. Supp. 2d 958,
18 963 (C.D. Cal. 2011) (holding that information on "undated, unverified websites" is
19 not judicially noticeable); *see also In re Bare Escentuals, Inc. Sec. Litig.*, 745 F.
20 Supp. 2d 1052, 1067 (N.D. Cal. 2010) (holding that information on an undated
21 website is not judicially noticeable).

22 **III.  If Any Document Is Judicially Noticed, The Court Cannot Accept Its**
23 **Contents As True**

24 Defendants do not attempt to introduce the documents attached to their RJN
25 into the evidentiary record through the declaration of a competent witness.  Even if
26 the Court decides to judicially notice some or all of these documents, it may take
27 judicial notice only of the "existence" of those documents, not "the truth of the
28 matter[s] asserted" in the documents.  *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F.

Supp. 2d at 1067. Thus, the evidentiary value of any judicially noticed document would be limited to establishing the existence of the judicially noticed document, not the truth of the contents of the document.

**IV.  Conclusion**

For the foregoing reasons, Defendants' Request for Judicial Notice should be denie , except potentially as to Exhibits 21 and 23.

DATED:  March  28, 2012                         Respectfully submitted,

**BRYAN CAVE LLP**

By:      /s/ Nafiz Cekirge

   NAFIZ CEKIRGE
   Attorneys for Plaintiffs
   Countrywide Home Loans, Inc.
   Bank of America Corporation
   and Bank of America, N.A.