**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 24 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____

**NOTICE OF DOCUMENT DISCREPANCIES**

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge _____ CARMAC  J.  CARNEY_____

From: _____ DONIE LAGMAN _____, Deputy Clerk  Date Received: _____ MAY 23, 2012 _____

Case No.: _SACV12 - 00242 CJC (ANx)_ Case Title: _COUNTRY WIDE HOME et al v. AMERICANS WHOLESALE LENDER et al._

Document Entitled: _____ FIRST AMENDED COMPLAINT _____

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1  Document not legible
☐ Local Rule 11-3.8  Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-4.1  No copy provided for judge
☐ Local Rule 19-1  Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1  Proposed amended pleading not under separate cover
☐ Local Rule 11-6  Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8  Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1  No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1  Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1  Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2  Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1  Notice to other parties of ex parte application lacking
☐ Local Rule 16-6  Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)  No proof of service attached to document(s)
☒ Other: _FILING OF FIRST AMENDED COMPLAINT IS UNTIMELY. REFER TO DOCKET # 76._

**Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.**

═══════════════════════════════════════════

**ORDER OF THE JUDGE/MAGISTRATE JUDGE**

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____          _____
Date                              U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

_5/24/12_                         _____
Date                              U.S. District Judge / U.S. Magistrate Judge
                                  CORMAC J. CARNEY

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.



RECEIVED & RETURNED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**MAY 2 4 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  ROBERT E. BOONE III (SBN 132780)
   NAFIZ CEKIRGE (SBN 255710)
2  ROBERT G. LANCASTER (SBN 257504)
   **BRYAN CAVE LLP**
3  120 Broadway, Suite 300
   Santa Monica, California  90401-2386
4  Telephone:  (310) 576-2100
   Facsimile:  (310) 576-2200
5  E-Mail:    reboone@bryancave.com
              nafiz.cekirge@bryancave.com
6              rglancaster@bryancave.com

7  Attorneys for Plaintiffs
   COUNTRYWIDE HOME LOANS, INC.,
8  BANK OF AMERICA CORPORATION,
   BANK OF AMERICA, N.A., THE BANK
9  OF NEW YORK MELLON and DEUTSCHE BANK
   NATIONAL TRUST COMPANY

10            UNITED STATES DISTRICT COURT

11     CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION



12  COUNTRYWIDE HOME LOANS,          Case No.: **8:12-cv-00242-CJC-AN**
    INC.; BANK OF AMERICA
13  CORPORATION; BANK OF             **FIRST AMENDED COMPLAINT**
    AMERICA, N.A.; THE BANK OF
14  NEW YORK MELLON; and             **(1) CIVIL RICO – 18 U.S.C. §
    DEUTSCHE BANK NATIONAL           1962(C)**
15  TRUST COMPANY,
                                     **(2) TRADEMARK
16              Plaintiffs,          INFRINGEMENT – 15 U.S.C. §
                                     1114(1)**
17        v.
                                     **(3) FALSE DESIGNATION OF
18  AMERICA'S WHOLESALE              ORIGIN –15 U.S.C. § 1125(A)(1)(A)**
    LENDER, INC., a New York
19  Corporation; DENNIS L. BELL, an  **(4) TRADEMARK
    individual; CHERI B. ENGLISH, an INFRINGEMENT – CAL. BUS. &
20  individual; JAN VAN ECK (a/k/a   PROF. CODE § 14245**
    HERMAN JAN VAN ECK a/k/a
21  MAURITZ VAN ECK a/k/a            **(5) UNFAIR, UNLAWFUL AND
    MAURICE VAN ECK a/k/a MARITZ     FRAUDULENT BUSINESS
22  VAN ECK a/k/a GEORGE TOMAS),     PRACTICES – CAL. BUS. & PROF.
    an individual; THE RYZMAN        CODE §§ 17200 *ET SEQ.***
23  FOUNDATION, INC., a California
    Corporation; DAVID E. LANDON, an **(6) DECEPTIVE, FALSE &
24  individual; LE VAN NGUYEN, an    MISLEADING ADVERTISING –
    individual; WENDMERE FUNDING,    CAL. BUS. & PROF. CODE §§
25  LLC, a Kentucky limited liability 17500 *ET SEQ.***
    company; CHASE MERRITT FUND I,
26  LLC, a Nevada limited liability  **(7) DECLARATORY RELIEF**
    company; and DOES 1-10,
27                                   **(8) CANCELLATION OF
                Defendants.          INSTRUMENTS – CAL. CIV.
28                                   CODE § 3412**

RECEIVED BUT NOT FILED   MAY 2 3 2012   DEPUTY

ORIGINAL BY FAX

1    Plaintiffs Countrywide Home Loans, Inc., Bank of America Corporation,

2  Bank of America, N.A., The Bank of New York Mellon and Deutsche Bank

3  National trust Company, by and through their undersigned counsel, allege as follows

4  against defendants America's Wholesale Lender, Inc., a New York corporation,

5  Dennis L. Bell, an individual, Cheri English, an individual, Jan Van Eck (a/k/a

6  Herman Jan Van Eck, Mauritz Van Eck, Maurice Van Eck, Maritz Van Eck and

7  George Tomas), an individual, Paul Nguyen, an individual, Tom Shriver, an

8  individual and Bernardo Villapudua, an individual, David E. Landon and The

9  Ryzman Foundation, Inc.

10                              **PARTIES**

11    1.    Plaintiff Countrywide Home Loans, Inc. ("CHL") is a New York

12  corporation with its principal place of business in California.

13    2.    Plaintiff Bank of America Corporation ("BAC") is a Delaware

14  corporation with its principal place of business in North Carolina.

15    3.    Plaintiff Bank of America, N.A. ("BANA") is a national banking

16  association with its main office in North Carolina.

17    4.    Plaintiff The Bank of New York Mellon ("BNY Mellon") is a banking

18  corporation organized under the laws of the State of New York.

19    5.    Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") is

20  a national banking association with its main office in California.

21    6.    Defendant America's Wholesale Lender, Inc. ("AWLI") is a New York

22  corporation with its principal place of business in New York. AWLI does business

23  and conducts fraudulent activities in California and in this District using the

24  "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER®

25  mark. AWLI is not a current or former officer or employee of any of the Plaintiffs

26  or any of their affiliates. AWLI does not have and never had any authority to take

27  any action on behalf of or in the name of any of the Plaintiffs or any of their

28  affiliates. AWLI does not have and never had any authority to cancel, modify or

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs
2  of or any of their affiliates.  AWLI does not have and never had any authority to
3  release, reconvey or otherwise affect any liens established and/or owned by any of
4  the Plaintiffs.

5       7.    Defendant Dennis L. Bell ("Bell") is an individual residing in
6  Kentucky.  Bell does business and conducts fraudulent activities in California and in
7  this District using the "America's Wholesale Lender" name and AMERICA'S
8  WHOLESALE LENDER® mark.  Bell is not a current or former officer or
9  employee of any of the Plaintiffs or any of their affiliates.  Bell does not have and
10  never had any authority to take any action on behalf of or in the name of any of the
11  Plaintiffs or any of their affiliates.  Bell does not have and never had any authority
12  to cancel, modify or otherwise affect any loans originated, serviced and/or owned by
13  any of the Plaintiffs of or any of their affiliates.  Bell does not have and never had
14  any authority to release, reconvey or otherwise affect any liens established and/or
15  owned by any of the Plaintiffs.  Bell has been incarcerated in California, has an
16  extensive criminal record in Missouri, and has a long history of committing fraud on
17  lenders and other real estate fraud.

18       8.    Defendant Cheri B. English ("English") is an individual residing in
19  Kentucky.  English does business and conducts fraudulent activities in California
20  and in this District using the "America's Wholesale Lender" name and
21  AMERICA'S WHOLESALE LENDER® mark.  English is not a current or former
22  officer or employee of any of the Plaintiffs or any of their affiliates.  English does
23  not have and never had any authority to take any action on behalf of or in the name
24  of any of the Plaintiffs or any of their affiliates.  English does not have and never
25  had any authority to cancel, modify or otherwise affect any loans originated,
26  serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  English
27  does not have and never had any authority to release, reconvey or otherwise affect
28  any liens established and/or owned by any of the Plaintiffs.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

9.     Defendant Jan Van Eck (a/k/a Herman Jan Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck a/k/a Maritz Van Eck a/k/a George Tomas) ("Van Eck") is an individual residing in Connecticut.  Van Eck does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Van Eck is not a current or former officer or employee of any of the Plaintiffs or any of their affiliates.  Van Eck does not have and never had any authority to take any action on behalf of or in the name of any of the Plaintiffs or any of their affiliates.  Van Eck does not have and never had any authority to cancel, modify or otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  Van Eck does not have and never had any authority to release, reconvey or otherwise affect any liens established and/or owned by any of the Plaintiffs.

10.    Defendant Paul Nguyen is an individual residing in California.  Paul Nguyen does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Paul Nguyen is not a current or former officer or employee of any of the Plaintiffs or any of their affiliates.  Paul Nguyen does not have and never had any authority to take any action on behalf of or in the name of any of the Plaintiffs or any of their affiliates.  Paul Nguyen does not have and never had any authority to cancel, modify or otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  Paul Nguyen does not have and never had any authority to release, reconvey or otherwise affect any liens established and/or owned by any of the Plaintiffs.

11.    Defendant Tom Shriver ("Shriver") is an individual residing in California.  Shriver does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Shriver is not a current or former

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   officer or employee of any of the Plaintiffs or any of their affiliates. Shriver does
2   not have and never had any authority to take any action on behalf of or in the name
3   of any of the Plaintiffs or any of their affiliates. Shriver does not have and never
4   had any authority to cancel, modify or otherwise affect any loans originated,
5   serviced and/or owned by any of the Plaintiffs of or any of their affiliates. Shriver
6   does not have and never had any authority to release, reconvey or otherwise affect
7   any liens established and/or owned by any of the Plaintiffs.

8       12.   Defendant Bernardo Villapudua ("Villapudua") is an individual
9   residing in California. Villapudua does business and conducts fraudulent activities
10  in California and in this District using the "America's Wholesale Lender" name and
11  AMERICA'S WHOLESALE LENDER® mark. Villapudua is not a current or
12  former officer or employee of any of the Plaintiffs or any of their affiliates.
13  Villapudua does not have and never had any authority to take any action on behalf
14  of or in the name of any of the Plaintiffs or any of their affiliates. Villapudua does
15  not have and never had any authority to cancel, modify or otherwise affect any loans
16  originated, serviced and/or owned by any of the Plaintiffs of or any of their
17  affiliates. Villapudua does not have and never had any authority to release,
18  reconvey or otherwise affect any liens established and/or owned by any of the
19  Plaintiffs.

20      13.   Wendmere Funding, LLC is a Kentucky limited liability company and
21  is joined as a necessary party because the adjudication of the Eighth Claim for
22  Relief affects Wendmere Funding, LLC's purported interest in certain real property.
23  Wendmere Funding, LLC is an entity completely controlled by AWLI, Bell and/or
24  English.

25      14.   Chase Merritt Fund I, LLC is a Nevada limited liability company and is
26  joined as a necessary party because the adjudication of the Eighth Claim for Relief
27  affects Chase Merritt Fund I, LLC's purported interest in certain real property.
28  Chase Merritt Fund I, LLC is completely controlled by AWLI, Bell and/or Van Eck.

1      15.   At all times relevant the Defendants listed in Paragraphs 1 through 14

2   were and are acting in concert, were and are agents of each other, induced and

3   continue to induce each other's actions, and conspired and continue to conspire to

4   commit the wrongs alleged in the First Amended Complaint.

5      16.   Defendant David E. Landon is an individual residing in California and

6   is joined as a necessary party because the adjudication of the Eighth Claim for

7   Relief affects Landon's purported interest in certain real property.

8      17.   Defendant The Ryzman Foundation, Inc. is a California corporation

9   and is joined as a necessary party because the adjudication of the Eighth Claim for

10  Relief affects The Ryzman Foundation's purported interest in certain real property.

11     18.   Defendant Le Van Nguyen is an individual residing in California and is

12  joined as a necessary party because the adjudication of the Eighth Claim for Relief

13  affects Le Van Nguyen's purported interest in certain real property.

14                              **JURISDICTION**

15     19.   This Court has original subject matter jurisdiction pursuant to 28

16  U.S.C. section 1331 over the federal claims in this action arising under 18 U.S.C.

17  section 1962(c) and 15 U.S.C. sections 1114(1) and 1125(a)(1)(A).

18     20.   This Court has supplemental jurisdiction over the claims arising under

19  California law pursuant to 28 U.S.C. section 1367(a) because the state law claims

20  are so related to the federal claims in this action that they form part of the same case

21  or controversy.

22     21.   This Court has personal jurisdiction over AWLI because AWLI

23  purposefully directed its activities to California, consummated transactions in

24  California and purposefully availed itself of the privileges of conducting activities in

25  California by doing at least the following in exchange for pecuniary gain: (1)

26  recording fraudulent reconveyances and assignments in California county recorder's

27  offices that affect Plaintiffs' liens on California real properties; and (2) filing

28  fraudulent stipulated judgments in California state courts that purport to affect

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Plaintiffs' loans related to and liens on California real properties.  Indeed, AWLI's

2   fraudulent activities specifically targeted California residents.  Plaintiffs' claims

3   against AWLI arise out of its participation the this aforementioned California-

4   related fraudulent scheme and this Court's jurisdiction over AWLI is reasonable

5   based on the California-related fraudulent scheme.

6         22.    This Court has personal jurisdiction over Bell because Bell has

7   purposefully directed his activities to California, consummated transactions in

8   California and purposefully availed himself of the privileges of conducting activities

9   in California by doing the following as an officer of the sham corporation AWLI in

10  exchange for pecuniary gain: (1) recording fraudulent reconveyances and

11  assignments in California county recorder's offices that affect Plaintiffs' liens on

12  California real properties; and (2) filing fraudulent stipulated judgments in

13  California state courts that purport to affect Plaintiffs' loans related to and liens on

14  California real properties.  Indeed, Bell's fraudulent activities specifically targeted

15  California residents.  Bell admitted in a declaration under penalty of perjury in an

16  action that he filed in the United States District Court for the District of Connecticut

17  styled *America's Wholesale Lender, Inc. v. Van Eck*, Civil No. 11-cv-1493 (CFD)

18  (TPS) (the "Connecticut Action"), that he traveled to California in connection with

19  the aforementioned fraudulent real estate scheme.  Plaintiffs' claims against Bell

20  arise out of his participation the this aforementioned California-related fraudulent

21  scheme and this Court's jurisdiction over Bell is reasonable based on the California-

22  related fraudulent scheme.  Bell cannot avail himself of the fiduciary shield doctrine

23  because Bell controls and directly participates in the aforementioned California-

24  related fraudulent scheme perpetrated through the sham corporation AWLI.  This

25  Court also has personal jurisdiction over Bell under 18 U.S.C. section 1965.

26        23.    This Court has personal jurisdiction over English because English has

27  purposefully directed her activities to California, consummated transactions in

28  California and purposefully availed herself of the privileges of conducting activities

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  in California by directly or indirectly doing the following for pecuniary gain: (1)
2  recording fraudulent reconveyances and assignments in California county recorder's
3  offices that affect Plaintiffs' liens on California real properties; and (2) filing
4  fraudulent stipulated judgments in California state courts that purport to affect
5  Plaintiffs' loans related to and liens on California real properties.  Indeed, English's
6  fraudulent activities specifically targeted California residents.  Plaintiffs' claims
7  against English arise out of his participation the this aforementioned California-
8  related fraudulent scheme and this Court's jurisdiction over English is reasonable
9  based on the California-related fraudulent scheme.  English cannot avail himself of
10  the fiduciary shield doctrine because English controls and directly participates in the
11  aforementioned California-related fraudulent scheme perpetrated through the sham
12  corporation AWLI.  This Court also has personal jurisdiction over English under 18
13  U.S.C. section 1965.

14        24.      This Court has personal jurisdiction over Van Eck because Van Eck has
15  purposefully directed his activities to California, consummated transactions in
16  California and purposefully availed himself of the privileges of conducting activities
17  in California by doing the following as an officer of the sham corporation AWLI in
18  exchange for pecuniary gain: (1) recording fraudulent reconveyances and
19  assignments in California county recorder's offices that affect Plaintiffs' liens on
20  California real properties; and (2) filing fraudulent stipulated judgments in
21  California state courts that purport to affect Plaintiffs' loans related to and liens on
22  California real properties.  Indeed, Van Eck's fraudulent activities specifically
23  targeted California residents.  Plaintiffs' claims against Van Eck arise out of his
24  participation the this aforementioned California-related fraudulent scheme and this
25  Court's jurisdiction over Van Eck is reasonable based on the California-related
26  fraudulent scheme.  Van Eck cannot avail himself of the fiduciary shield doctrine
27  because Van Eck controls and directly participates in the aforementioned California-
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  related fraudulent scheme perpetrated through the sham corporation AWLI.  This

2  Court also has personal jurisdiction over English under 18 U.S.C. section 1965.

3       25.    The Court has personal jurisdiction over Paul Nguyen because he is an

4  individual residing in California.

5       26.    The Court has personal jurisdiction over Shriver because he is an

6  individual residing in California.

7       27.    The Court has personal jurisdiction over Villapudua because he is an

8  individual residing in California.

9       28.    This Court has personal jurisdiction over David E. Landon because he

10  is an individual residing in California.

11       29.    This Court has personal jurisdiction over The Ryzman Foundation, Inc.

12  because it is a California corporation.

13       30.    The Court has personal jurisdiction of Wendmere Funding, LLC

14  because it is an alter ego and agent of Bell.  This Court also has personal jurisdiction

15  over Wendmere Funding, LLC because Wendmere Funding, LLC purposefully

16  directed its activities to California, consummated transactions in California and

17  purposefully availed itself of the privileges of conducting activities in California by

18  doing at least the following in exchange for pecuniary gain: (1) recording fraudulent

19  reconveyances and assignments in California county recorder's offices that affect

20  Plaintiffs' liens on California real properties; and (2) filing fraudulent stipulated

21  judgments in California state courts that purport to affect Plaintiffs' loans related to

22  and liens on California real properties.  Indeed, Wendmere Funding, LLC's

23  fraudulent activities specifically targeted California residents.  Plaintiffs' claims

24  against Wendmere Funding, LLC arise out of its participation the this

25  aforementioned California-related fraudulent scheme and this Court's jurisdiction

26  over Wendmere Funding, LLC is reasonable based on the California-related

27  fraudulent scheme.  The Court also has personal jurisdiction over Wendmere

28  Funding, LLC because certain of the liens purports to have an interest in and are the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  subject of this action concern California properties and are recorded in the

2  California land records.

3       31.    The Court has personal jurisdiction of Chase Merritt Fund I, LLC

4  because it is an alter ego and agent of AWLI. This Court also has personal

5  jurisdiction over Chase Merritt Fund I, LLC because Chase Merritt Fund I, LLC

6  purposefully directed its activities to California, consummated transactions in

7  California and purposefully availed itself of the privileges of conducting activities in

8  California by doing at least the following in exchange for pecuniary gain: (1)

9  recording fraudulent reconveyances and assignments in California county recorder's

10 offices that affect Plaintiffs' liens on California real properties; and (2) filing

11 fraudulent stipulated judgments in California state courts that purport to affect

12 Plaintiffs' loans related to and liens on California real properties. Indeed, Chase

13 Merritt Fund I, LLC fraudulent activities specifically targeted California residents.

14 Plaintiffs' claims against Chase Merritt Fund I, LLC arise out of its participation the

15 this aforementioned California-related fraudulent scheme and this Court's

16 jurisdiction over Chase Merritt Fund I, LLC is reasonable based on the California-

17 related fraudulent scheme. The Court also has personal jurisdiction over Chase

18 Merritt Fund I, LLC because certain of the liens that Chase Merritt Fund I, LLC

19 purports to have an interest in and are the subject of this action concern California

20 properties and are recorded in the California land records.

21                                **VENUE**

22       32.    Venue is proper in this district pursuant to 28 U.S.C. section 1391 (b)-

23 (c) because, as described below, a substantial part of the wrongs alleged in the First

24 Amended Complaint occurred in this District.

25                            **NATURE OF CASE**

26       33.    CHL has used the "America's Wholesale Lender" fictitious business

27 name and AMERICA'S WHOLESALE LENDER® mark in connection with its

28 mortgage banking business for over eighteen years in California and throughout the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   United States.  "America's Wholesale Lender" continues to be registered by CHL as
2   a fictitious business name in 46 states, including New York, Kentucky,
3   Pennsylvania, and California (Los Angeles and Orange Counties).

4          34.   CHL extensively marketed, advertised, promoted and sold its services
5   as a wholesale lender through various marketing channels throughout California and
6   the United States using the "America's Wholesale Lender" fictitious business name
7   and AMERICA'S WHOLESALE LENDER® mark.

8          35.   CHL originated over 3.5 million loans in California and throughout the
9   United States using the "America's Wholesale Lender" fictitious business name and
10  AMERICA'S WHOLESALE LENDER® mark.

11         36.   Consequently, the "America's Wholesale Lender" fictitious business
12  name and AMERICA'S WHOLESALE LENDER® mark are well known to
13  consumers, the real estate and mortgage industries and the public at large.

14         37.   AMERICA'S WHOLESALE LENDER® is also a federally registered
15  trademark, Reg. No. 1872784, which was registered on January 10, 1995.

16         38.   As a result of BAC's acquisition of Countrywide Financial Corporation
17  and its family of companies, including CHL, BAC currently owns the AMERICA'S
18  WHOLESALE LENDER® mark.

19         39.   Plaintiffs continue to use the "America's Wholesale Lender" name and
20  AMERICA'S WHOLESALE LENDER® mark in at least the following ways:

21              (a)   CHL frequently appears in litigation on behalf of "America's
22  Wholesale Lender" and identifies "America's Wholesale Lender" as its fictitious
23  business name;

24              (b)   The "America's Wholesale Lender" name is still on millions of
25  operative loan documents and Plaintiffs rely on these documents to service the these
26  loans and enforce borrowers' obligations under these loans.

27         40.   On or about December 16, 2008, Bell incorporated AWLI in New
28  York.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

41.     At the time he incorporated AWLI, Bell was well aware that CHL used "America's Wholesale Lender" as a fictitious business name and AMERICA'S WHOLESALE LENDER® as a trademark.  Bell had obtained at least three loans from CHL in which CHL used its "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark.

42.     In addition, on October 3, 2008—over two months before he incorporated AWLI—Bell admitted in a *pro se* complaint that he filed in the United States District Court for the Western District of Kentucky against CHL that CHL was "registered in the State of Kentucky as an Assumed Name Corporation using the name and style of America's Wholesale Lender."  The *pro se* lawsuit was styled *Bell v. Countrywide Home Loans, Inc., et al.*, 5:08-vv-0167-JHM-ERG (W.D. Ky.) (the "Kentucky Action")

43.     Bell chose the name of "America's Wholesale Lender, Inc." for the corporation he formed in New York for the sole purpose of impersonating CHL and committing fraud.

44.     On December 18, 2008—a mere two days after Bell incorporated AWLI—English, executed a confession of judgment as the "Executive Vice President" of "America's Wholesale Lender, Inc. a New York Corporation," purporting to confess a $5.825 million judgment in favor of Bell.  The confession of judgment falsely identified the entity executing the document—AWLI—as the "'LENDER' named on each of" Bell's loans.  In reality, the "lender" identified on Bell's loan documents was not AWLI, but rather CHL under its "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark.  The confession of judgment was a ruse to trick the federal court into believing that CHL was confessing judgment in favor of Bell.  The federal court did not fall for the trick and ordered the "fraudulent" confession of judgment stricken.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1      45.    On September 11 and October 6, 2009, Van Eck, using one of his

2  aliases, Maurits Van Eck, executed three satisfactions of mortgage, stating that

3  Bell's $35,000, $37,000 and $28,000 mortgages on three separate Kentucky

4  properties, which were the subject of the Kentucky action, were "SATISFIED,

5  PAID and RELEASED pursuant to that certain AGREEMENT/RELEASE."  These

6  satisfactions of mortgages were recorded in the Kentucky land records on

7  September 17 and October 28, 2009.  In reality, none of these three mortgages had

8  been paid off or released pursuant to any settlement agreement or otherwise.

9  Neither Van Eck nor any other Defendant had any direct or indirect authority to

10  release Bell's liens.

11      46.    To further muddy title and as part of his fraudulent scheme, On October

12  8, 2009, Dennis Bell executed mortgages on these three properties in favor of

13  another confederate's company, Devine financial.  The mortgages were recorded in

14  the Kentucky land records on February 27, 2010.

15      47.    Devine financial then purported to assign these mortgages to

16  Wendmere Funding, LLC on April 19, 2010.  the assignments were recorded in the

17  Kentucky land records on April 20, 2010.

18      48.    Currently, AWLI, Bell, Van Eck, English, Paul Nguyen, Shriver and

19  Villapudua (collectively, the "AWLI Defendants") are perpetrating a more far-

20  reaching consumer fraud.  The AWLI Defendants solicit borrowers whose loans

21  were originated by CHL under CHL's "America's Wholesale Lender" fictitious

22  business name and AMERICA'S WHOLESALE LENDER® mark to file suit

23  against AWLI in California state court.  The AWLI Defendants pretend that they are

24  the borrowers' originating lender—CHL.  The AWLI Defendants enter into

25  fraudulent settlement agreements and stipulated judgments, which are filed in

26  California state court, that call for either short payoffs to AWLI or new, more

27  favorable loans in favor of AWLI.  As part of these fraudulent settlement

28  agreements, the AWLI Defendants purport to release the liens established by CHL.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  Of course, AWLI has no authority whatsoever to take any action with respect to
2  these loans. All the while, the borrowers are misled into believing that they are
3  dealing with CHL because of the similarity between AWLI's name and the well-
4  established "America's Wholesale Lender" fictitious business name and
5  AMERICA'S WHOELSALE LENDER® trademark. The AWLI Defendants then
6  abscond with the money, leaving borrowers still obligated to pay their original loan
7  obligations. In some instances, borrowers even make modified loan payments to the
8  AWLI Defendants. In addition, the land records are muddied by reconveyances,
9  assignments and other fraudulent documents that purport to cancel, assign or
10 otherwise affect the legitimate liens established by CHL and now owned by others,
11 such as BNY Mellon.

12     49.     Some specific examples of the AWLI Defendants' fraudulent scheme
13 generally described above include:

14              (a)     **The Burk Loan.** On or about May 19, 2005, Dennis and Linda
15 Burk obtained a $600,000 loan from CHL in a transaction in which CHL used its
16 "America's Wholesale Lender" fictitious business name and AMERICA'S
17 WHOLESALE LENDER® mark. The loan was secured by a deed of trust recorded
18 in the Orange County Recorder's Office on or about May 24, 2005, as document
19 number 2005000395457. The address of the secured property is 3941 Paso Fino
20 Way, Yorba Linda, California.

21        The loan is currently serviced by BANA.

22        Sometime in early May 2011, an agent of the AWLI Defendants named Maria
23 approached the Burks regarding their CHL loan. Maria claimed that "America's
24 Wholesale Lender" had engaged in wrongdoing during the loan origination process
25 and consequently had a judgment against it, ordering it to refinance or reduce
26 principals on allegedly improper loans.

27        The Burks informed Maria that they may be interested in taking advantage of
28 a favorable loan modification or short payoff.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Subsequently, the Burks were contacted by Shriver, an agent and

2 representative of AWLI, by telephone.  Shriver invited the Burks to his office and

3 the Burks obliged.  The Burks met with Shriver and Villapudua, another

4 representative and agent of AWLI.  Shriver and Villapudua purported to contact

5 Paul Nguyen—another representative and agent of AWLI—by telephone during the

6 meeting.  During that conversation, Paul Nguyen purported to agree to a $260,000

7 short payoff of the Burks' $600,000 loan.

8    Shriver and Villapudua informed the Burks that to be valid, such a short pay

9 off required a court judgment.  They put the Burks in touch with California-licensed

10 attorney Diane Beall.  On or about June 7, 2011, the Burks commenced an action

11 against "America's Wholesale Lender, Inc." in Orange County Superior Court for

12 the State of California styled *Burk, et al. v. America's Wholesale Lender, Inc., et al.*,

13 Case No. 30-2011-00481641.

14    On or about June 20, 2011, Bell, acting as "President" of AWLI, executed a

15 "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which

16 was filed with the court on June 21, 2011.  The stipulated judgment was entered by

17 the court on or about July 11, 2011.  In a declaration filed in this action on March

18 28, 2012, Bell admitted to signing this fraudulent "Settlement Agreement,

19 Stipulation for Entry of Judgment and Judgment."

20    The "Settlement Agreement, Stipulation for Entry of Judgment and

21 Judgment" falsely stated that the Burks' loan was "in favor of" AWLI when it was

22 really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious

23 business name and AMERICA'S WHOLESALE LENDER® mark), called for a

24 $260,000 short payoff to AWLI and called for AWLI to fully reconvey of the deed

25 of trust associated with the Burks' loan.

26    In a declaration filed in the Connecticut Action, Bell admitted to executing

27 the closing instructions that were designed to facilitate the transfer of the $260,000

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Case 8:12-cv-00242-CJC-AN   Document 78   Filed 05/24/12   Page 17 of 40   Page ID #:1946

1  from the Burks to AWLI.  Plaintiffs are informed and believe that Bell transmitted

2  these closing instructions by United States Mail and/or by wire.

3         The Burks paid $260,000 to AWLI by a cashier's check drawn on BANA and

4  using funds that were under the custody and control of BANA.  The check was

5  made out to the Chase Merritt Fund I, LLC and hand-delivered to Paul Nguyen.

6  Plaintiffs are informed that Paul Nguyen transmitted this cashier's check to AWLI

7  by mail or by wire.  Plaintiffs never received any of the funds that the Burks paid to

8  AWLI in connection with the Burks' loan.

9         On or about June 20, 2011, Bell, acting as "President" of AWLI, executed a

10 reconveyance of the deed of trust associated with the Burks' loan and recorded the

11 reconveyance as document number 2011000420707 in the Orange County

12 Recorder's Office on August 25, 2011.  Plaintiffs are informed and believe that Bell

13 transmitted the reconveyance for filing with the county recorder by mail and/or by

14 wire.

15        Shortly afterwards, the Burks sold their property.  While the property was in

16 escrow, the escrow company, Western Resources Title Company, requested a zero

17 payoff statement of the Burkes' loan.  In August 2011, Linda Burk spoke by

18 telephone with Van Eck to request the zero payoff statement.  Plaintiffs are

19 informed and believe that Van Eck transmitted the zero pay off statement to

20 Western Resources Title Company by mail or by wire.

21        Neither AWLI, Bell, Van Eck, nor any other Defendant had any direct or

22 indirect authority to take any action with respect to the Burks' loan.

23             (b)    **The Wells Loan.**  On or about June 21, 2011, Merry B. Wells

24 commenced an action against "America's Wholesale Lender, Inc." in the Orange

25 County Superior Court for the State of California styled *Wells v. America's*

26 *Wholesale Lender, Inc., et al.*, Case No. 30-2011-00485562.

27        The lawsuit concerned a residential loan for $994,500 that Wells obtained

28 from CHL on or about January 25, 2006, in a transaction in which CHL utilized its

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386


SM01DOCS\896441.3                              16
FIRST AMENDED COMPLAINT

1  "America's Wholesale Lender" fictitious business name and AMERICA'S

2  WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded

3  in the Orange County Recorder's Office on or about January 30, 2006, as document

4  number 2006000067191.  The address of the secured property is 5369 Grandview

5  Avenue, Yorba Linda, California.

6         BANA currently services this loan.  BNY Mellon currently owns Wells's loan

7  in its capacity as trustee for the CHL Mortgage Pass-Through Trust 2006-OA5.

8         On or about July 18, 2011, Van Eck, using his alias, "Maurits Van Eck," and

9  acting as a "Vice-President" of AWLI, executed a "Settlement Agreement,

10 Stipulation for Entry of Judgment and Judgment," which was filed in the court

11 records on August 10, 2011.  The court entered the stipulated judgment on or about

12 August 26, 2011.

13        The "Settlement Agreement, Stipulation for Entry of Judgment and

14 Judgment" falsely stated that Wells's loan was "in favor of" AWLI when it was

15 really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious

16 business name and AMERICA'S WHOLESALE LENDER® mark), called for

17 Wells to execute a new $385,000 promissory note in favor of AWLI and to make a

18 $225,000 lump sum payment to AWLI as full satisfaction of Well's loan and called

19 for AWLI to fully reconvey the deed of trust associated with Wells's loan.

20        On or about September 26, 2011, Wells sent Bell an e-mail regarding the

21 "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," seeking

22 assistance in consummating the settlement.  In connection with the fraudulent

23 scheme, Bell forwarded Wells's e-mail to Van Eck on the same day.  Wells also

24 spoke by telephone to Bell on numerous occasions regarding the fraudulent

25 transaction that the AWLI Defendants had induced Wells into.

26        Plaintiffs are informed and believe that Wells paid the AWLI  Defendants

27 $225,000 using the mails and/or using the wires.  Plaintiffs are also informed and

28 believe that Wells made monthly mortgage payments to the AWLI Defendants by

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  mail and/or by wire.  Plaintiffs never received any funds from anyone to pay off

2  Wells's loan or any monthly mortgage payments from Wells.

3          On or about November 15, 2011, AWLI recorded a "Short Form Deed of

4  Trust and Assignment of Rents" as document number 2011000580146 in the Orange

5  County Recorder's Office.  This deed of trust purported to secure the $385,000

6  promissory note that Wells agreed to execute in favor of AWLI under the terms of

7  the "Settlement Agreement, Stipulation for Entry of Judgment and Judgment."

8  Plaintiffs are informed and believe that Bell transmitted the "Short Form Deed of

9  Trust and Assignment of Rents" for filing with the county recorder by mail and/or

10  by wire.

11          On or about December 12, 2011, Bell, acting as "President" of AWLI,

12  executed an "Assignment of Deed of Trust," purporting to assign AWLI's deed of

13  trust to "Wendmere Funding, LLC, a Kentucky Limited Liability Company."  This

14  "Assignment of Deed of Trust" was recorded on or about January 4, 2012, in the

15  Orange County Recorder's Office as document number 2012000002551.  Plaintiffs

16  are informed and believe that Bell transmitted the "Assignment of Deed of Trust"

17  for filing with the county recorder by mail and/or by wire.

18          Neither AWLI, Van Eck, Bell nor any other Defendant had any direct or

19  indirect authority to take any action with respect to Wells's loan.

20          (c)    **The Nguyen Loan.**  On or about March 25, 2011, Tan Nguyen

21  commenced an action against "America's Wholesale Lender, Inc." in the Orange

22  County Superior Court for the State of California styled *Nguyen v. America's*

23  *Wholesale Lender, Inc.*, *et al.*, Case No. 30-2011-00461444.

24          The lawsuit concerned a residential loan for $390,000 that Nguyen obtained

25  from CHL on or about October 4, 2004, in a transaction in which CHL utilized its

26  "America's Wholesale Lender" fictitious business name and AMERICA'S

27  WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded

28  in the Orange County Recorder's Office on or about October 18, 2004, as document

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  number 2004000938222.  The address of the secured property is 14791 Riata Street,
2  Westminster, California.

3      BANA currently services this loan.  BNY Mellon currently owns Nguyen's
4  loan in its capacity as trustee for the CHL Mortgage Pass-Through Trust, Series
5  2004-29.

6      On or about March 31, 2011, Van Eck, using his alias, "Maurits Van Eck,"
7  and acting as a "Sr. Vice President" of AWLI, executed a "Settlement Agreement,
8  Stipulation for Entry of Judgment and Judgment," which was filed in the court
9  records on April 1, 2011.  The court entered the stipulated judgment on or about
10  April 7, 2011.

11      The "Settlement Agreement, Stipulation for Entry of Judgment and
12  Judgment" falsely that the Nguyen's loan was "in favor of" AWLI when it was
13  really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious
14  business name and AMERICA'S WHOLESALE LENDER® mark), called for
15  Nguyen to execute a new promissory note for $225,000 in favor of AWLI (with a
16  sixty day window to extinguish the entire $225,000 loan for a lump sum payment of
17  $75,000) as full satisfaction of Nguyen's loan and called for AWLI to fully
18  reconvey the deed of trust associated with Nguyen's loan.

19      Plaintiffs never received any funds from anyone to pay off Nguyen's CHL-
20  originated loan.

21      On or about April 9, 2011, Bell, acting as a "Vice President" of AWLI,
22  executed a reconveyance of the deed of trust associated with CHL's original loan
23  and recorded the reconveyance as document number 2011000197448 in the Orange
24  County Recorder's Office on April 18, 2011.  Plaintiffs are informed and believe
25  that Bell transmitted the reconveyance for filing with the county recorder by mail
26  and/or by wire.

27      Neither AWLI, Bell, Van Eck, nor any other Defendant had any direct or
28  indirect authority to take any action with respect to Nguyen's loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1          (d)    **The Calco-Crawford Loan.** On or about April 20, 2011, Bell

2   advised his agent and confederate Paul Nguyen by e-mail to have borrower Celia

3   Calco-Crawford to file a lawsuit against AWLI. On or about June 14, 2011, Calco-

4   Crawford commenced an action against "America's Wholesale Lender" in the

5   Orange County Superior Court for the State of California styled *Calco-Crawford v.*

6   *America's Wholesale Lender, et al.*, Case No. 30-2011-00483557.

7          The lawsuit concerned a loan for $396,000 that Calco-Crawford obtained

8   from CHL on or about October 12, 2005, in a transaction in which CHL utilized its

9   "America's Wholesale Lender" fictitious business name and AMERICA'S

10  WHOLESALE LENDER® mark. The loan was secured by a deed of trust recorded

11  in the Orange County Recorder's Office on or about October 14, 2005, as document

12  number 2005000829245. The address of the secured property is 23244 Coso #113,

13  Mission Viejo, California.

14         BANA currently services this loan. BNY Mellon currently owns the loan in

15  its capacity as trustee for the Alternative Loan Trust 2006-4CB.

16         On June 29, 2011, Van Eck, using his alias, "Maurice Van Eck," and acting as

17  a "Vice President" of AWLI, executed a "Settlement Agreement, Stipulation for

18  Entry of Judgment and Judgment," which was filed in the court records on July 1,

19  2011. The court entered the stipulated judgment on or about July 8, 2011.

20         The "Settlement Agreement, Stipulation for Entry of Judgment and

21  Judgment" falsely that the Calco-Crawford's loan was "in favor of" AWLI when it

22  was really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious

23  business name and AMERICA'S WHOLESALE LENDER® mark), called for

24  Calco-Crawford to execute a new promissory note for $130,000 in favor of AWLI

25  and to make a $122,000 lump sum payment to AWLI in exchange for full

26  satisfaction of the original loan that Calco-Crawford obtained from CHL and called

27  for AWLI to fully reconvey the deed of trust associated with that Calco-Crawford's

28  loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Plaintiffs never received any funds from anyone to pay off Calco-Crawford's

2  CHL-originated loan.

3    On or about June 29, 2011, Van Eck, using his alias "Maurits Van Eck," and

4  acting as a "V.P." of AWLI, executed an "Assignment of Deed of Trust," purporting

5  to assign CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of

6  Trust" was recorded in the Orange County Recorder's Office on or about July 14,

7  2011, as document number 2011000344047. On or about July 13, 2011, Van Eck,

8  using his alias "Maurice Van Eck," and acting as "V.P." of "America's Wholesale

9  Lender" executed another "Assignment of Deed of Trust," purporting to assign

10  CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of Trust" was

11  recorded in the Orange County Recorder's Office on or about July 18, 2011, as

12  document number 2011000347498. Plaintiffs are informed and believe that Van

13  Eck transmitted each "Assignment of Deed of Trust" for filing with the county

14  recorder by mail and/or by wire.

15    Neither AWLI, Van Eck, nor any other Defendant had any direct or indirect

16  authority to take any action with respect to Calco-Crawford's loan.

17    (e)    **The Budka Loan.** On or about June 8, 2011, Michael and Jan

18  Budka commenced an action against "America's Wholesale Lender, Inc." in the

19  Orange County Superior Court for the State of California styled *Budka, et al. v.*

20  *America's Wholesale Lender, Inc., et al.*, Case No. 30-2011-00481753.

21    The lawsuit concerned a loan for $1,500,000 that the Budkas obtained from

22  CHL on September 29, 2004, in a transaction in which CHL utilized its "America's

23  Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE

24  LENDER® mark. The loan was secured by a deed of trust recorded in the Orange

25  County Recorder's Office on or about October 1, 2004, as document number

26  2004000884675. The address of the secured property is 19906 Trotter Lane, Yorba

27  Linda, California.

28    BANA currently services this loan. BNY Mellon currently owns the Budkas'

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 | loan in its capacity as trustee for the Mortgage Pass-through Trust, Series 2005-
2 | HYB2.

3 |     Plaintiffs never received any funds from anyone to pay off the Budkas' CHL-
4 | originated loan.

5 |     On July 23, 2011, Van Eck, using his alias "Maurice Van Eck," and acting as
6 | a "Vice President" of AWLI, executed an "Assignment of Deed of Trust," which
7 | purported to assign the deed of trust associated with CHL's original loan to AWLI.
8 | The "Assignment of the Deed of Trust" was recorded in the Orange County
9 | Recorder's Office on or about July 25, 2011, as document number 2011000360230.
10 | Plaintiffs are informed and believe that Van Eck transmitted the "Assignment of
11 | Deed of Trust" for filing with the county recorder by mail and/or by wire.

12 |     Neither AWLI, Van Eck, Bell, nor any other Defendant had any direct or
13 | indirect authority to take any action with respect to the Budkas' loan.

14 |     (f)    **The May Loan.** On or about June 21, 2011, Cecilia May
15 | commenced an action against "America's Wholesale Lender, Inc." in the Los
16 | Angeles County Superior Court for the State of California styled *May, et al. v.*
17 | *America's Wholesale Lender, Inc., et al.*, Case No. LC093985.

18 |     The lawsuit concerned a loan for $877,600 that May obtained from CHL on
19 | or about December 20, 2005, in a transaction in which CHL utilized its "America's
20 | Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE
21 | LENDER® mark.   The loan was secured by a deed of trust recorded in the Los
22 | Angeles County Recorder's Office on or about December 30, 2005, as document
23 | number 05 3232308.  the address of the secured property is 29000 Woodcreek
24 | Court, Agoura Hills, California.

25 |     BANA currently services this loan.  BNY Mellon currently owns May's loan
26 | in its capacity as trustee of Alternative Loan Trust 2006-OA2.

27 |     Plaintiffs never received any funds from anyone to pay off May's CHL-
28 | originated loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Nevertheless, on or about October 12, 2011, Bell, acting as "President" of

2 AWLI, executed a reconveyance of the deed of trust associated with CHL's original

3 loan and recorded the reconveyance as document number 20111445629 in the Los

4 Angeles County Recorder's Office on or about October 26, 2011. Plaintiffs are

5 informed and believe that Bell transmitted the reconveyance for filing with the

6 county recorder by mail and/or by wire.

7    Neither AWLI, Bell nor any other Defendant had any direct or indirect

8 authority to take any action with respect to May's loan.

9    On or about October 18, 2011, May executed a deed of trust in favor of David

10 E. Landon, purporting to secure a $340,000 loan with the property located at 29000

11 Woodcreek Court, Agoura Hills, California. The deed of trust was recorded on

12 October 26, 2011.

13    On or about November 16, 2011, AWLI recorded a "Deed of Trust" as

14 document number 20111548663 in the Los Angeles County Recorder's Office

15 purporting to secure a $65,000 loan from May to AWLI.

16    On or about November 21, 2011, Bell, acting as "President" of AWLI,

17 executed an "Assignment of Deed of Trust," purporting to assign AWLI's deed of

18 trust to "Wendmere Funding, LLC, a Kentucky Limited Liability Company." This

19 "Assignment of Deed of Trust" was recorded on or about November 22, 2011, in the

20 Los Angeles County Recorder's Office as document number 20111584674.

21 Plaintiffs are informed and believe that Bell transmitted the "Assignment of Deed of

22 Trust" for filing with the county recorder by mail and/or by wire.

23    (g)    **The Hamilton Loan.** On or about April 25, 2005, CHL,

24 utilizing its fictitious business name and mark, "America's Wholesale Lender,"

25 made a loan in the amount of $1,440,000 to Jeffrey C. Hamilton and Elizabeth

26 Hamilton, which was secured by a deed of trust recorded in the Orange County

27 Recorder's Office as document number 2005000329048. The address of the secured

28 property is 89 Old Course Drive, Newport Beach, California.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    BANA currently services this loan.   Deutsche Bank currently owns the
2  Hamiltons' loan in its capacity as trustee for GSAA Home Equity Trust 2005-8.

3    Plaintiffs never received any funds from anyone to pay off the Hamiltons'
4  CHL-originated loan.

5    On or about August 18, 2011, Van Eck, using his alias "Maurice Van Eck,"
6  and acting as a "Vice President" of "America's Wholesale Lender" executed an
7  "Assignment of Deed of Trust," which purported to assign the deed of trust
8  established by CHL to "The Ryzman Foundation, Inc." The assignment was
9  recorded as document number 2011000415908 in the Orange County Recorder's
10  Office on or about August 23, 2011. Plaintiffs are informed and believe that Van
11  Eck transmitted the "Assignment of Deed of Trust" for filing with the county
12  recorder by mail and/or by wire.

13    Neither AWLI, Van Eck, nor any other Defendant had any direct or indirect
14  authority to take any action with respect to the Hamiltons' loan.

15    50.    The AWLI Defendants' wrongful conduct is not limited to the
16  circumstances described in Paragraph 49 above.

17    51.    Taking advantage of the similarity of the name of their sham
18  corporation ("America's Wholesale Lender, Inc.") and CHL and BAC's legitimate
19  name and trademark ("America's Wholesale Lender" and AMERICA'S
20  WHOLESALE LENDER®), the AWLI Defendants continue their deceptive and
21  fraudulent impersonation of CHL to confuse borrowers, courts, county recorders and
22  the public at large into believing that the AWLI Defendants are acting on behalf of,
23  or are authorized by Plaintiffs, when in reality they are not.

24    52.    The AWLI Defendants' actions are also designed to create the
25  misimpression in courts, county recorders and the public at large that valid liens
26  originally established by CHL, that should be in full force and effect, have been
27  reconveyed or assigned and that there are court judgments against CHL.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

53.     The AWLI Defendants are not authorized by the Plaintiffs to use the name "America's Wholesale Lender" and the trademark AMERICA'S WHOLESALE LENDER® in any form or variation as a mark or name for any purpose.

54.     The AWLI Defendants' deceptive and fraudulent impersonation of CHL and deceptive, fraudulent and unauthorized misuse of the "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark have caused pecuniary harm to Plaintiffs because Plaintiffs have been forced to, among other things, expend money that they would not otherwise have had to have expended to protect the loans that they originated, service and/or own. The AWLI Defendants' actions have also harmed Plaintiffs goodwill, business reputation and interfered with Plaintiffs' business.

### FIRST CLAIM FOR RELIEF

### (Civil RICO – 18 U.S.C. § 1962(c))

### By Plaintiffs CHL, BANA, BNY Mellon and Deutsche Bank Against Defendants Bell, Van Eck, English, Paul Nguyen, Shriver, Bernardo

55.     Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 54 as if fully set forth herein.

**A.    Enterprise**

56.     AWLI is a corporation and the RICO enterprise within the meaning of 18 U.S.C. section 1962(c).

57.     Bell is the President of AWLI.

58.     Van Eck is a Vice President of AWLI.

59.     English is a former Executive Vice President, Vice President and/or "Secretary Treasure" of AWLI.

60.     Paul Nguyen acted as an agent and representative of AWLI in California.

61.     Shriver acted as an agent and representative of AWLI in California.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    62.    Villapudua acted as a representative of AWLI in California

2    63.    Bell, Van Eck, English, Nguyen, Shriver and Villapudua consulted

3  with each other and acted within their hierarchical roles at AWLI to commit the

4  fraud described above.  Each acted as part of a common purpose to defraud

5  borrowers and impair various Plaintiffs' interests in mortgaged property.  Through

6  AWLI, these Defendants established relationships allowing them to commit these

7  acts, and those relationships continued for sufficient time to pursue the enterprise's

8  purpose (as evidenced by the wrongdoing discussed above).

9    64.    AWLI has no legitimate business purposes and was incorporated as a

10  means of effectuating the mortgage fraud, real estate fraud and fraud on the courts

11  described above.

12  **B.    Conduct**

13    65.    Bell conducted the affairs of the AWLI enterprise by, among other

14  things, taking unauthorized and fraudulent actions with respect to various loans and

15  liens in which AWLI had no interest.

16    66.    Van Eck conducted the affairs of the AWLI enterprise by, among other

17  things, taking unauthorized and fraudulent actions with respect to various loans and

18  liens in which AWLI had no interest.

19    67.    English conducted the affairs of the AWLI enterprise by, among other

20  things, taking unauthorized and fraudulent actions with respect to various loans and

21  liens in which AWLI had no interest.

22    68.    Paul Nguyen conducted the affairs of the AWLI enterprise by, among

23  other things, taking unauthorized and fraudulent actions with respect to various

24  loans and liens in which AWLI had no interest.

25    69.    Shriver conducted the affairs of the AWLI enterprise by, among other

26  things, taking unauthorized and fraudulent actions with respect to various loans and

27  liens in which AWLI had no interest.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    70.    Villapudua conducted the affairs of the AWLI enterprise by, among

2   other things, taking unauthorized and fraudulent actions with respect to various

3   loans and liens in which AWLI had no interest..

4   **C.    Pattern of Racketeering Activity**

5    71.    In conducting the affairs of the AWLI enterprise, Bell has engaged in a

6   pattern of racketeering activity by committing at least two acts indictable under 18

7   U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

8    72.    In conducting the affairs of AWLI enterprise, Van Eck has engaged in a

9   pattern of racketeering activity by committing at least two acts indictable under 18

10   U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

11    73.    In conducting the affairs of the AWLI enterprise, English has engaged

12   in a pattern of racketeering activity by committing at least two acts indictable under

13   18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

14    74.    In conducting the affairs of the AWLI enterprise, Paul Nguyen has

15   engaged in a pattern of racketeering activity by committing at least two acts

16   indictable under 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

17    75.    In conducting the affairs of the AWLI enterprise, Shriver has engaged

18   in a pattern of racketeering activity by committing at least two acts indictable under

19   18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

20    76.    In conducting the affairs of the AWLI enterprise, Villapudua has

21   engaged in a pattern of racketeering activity by committing at least two acts

22   indictable under 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

23    77.    The racketeering activity described herein has been interrelated as part

24   of a unified real estate and mortgage fraud scheme and has continued from at least

25   2008 to the present.

26    78.    There is continuing threat of further racketeering activity.  Plaintiffs'

27   lawsuit and preliminary injunction are the only reasons that the AWLI Defendants'

28   racketeering activity has stopped.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  **D.   Injury And Causation**

2      79.   As a direct and proximate result of the of the racketeering activity

3  described herein, CHL has incurred legal fees and costs in prior litigation other than

4  the one at issue, lost servicing fees and incurred carrying costs such as tax payments

5  and hazard insurance payments.

6      80.   As a direct and proximate result of the racketeering activity described

7  herein, BANA has incurred legal fees and costs in prior litigation other than the one

8  at issue, lost servicing fees and incurred carrying costs such as tax payments and

9  hazard insurance payments.

10     81.   As a direct and proximate result of the racketeering activity described

11 herein, BNY Mellon has incurred legal fees and costs in prior litigation other than

12 the one at issue, lost mortgage payments, had a lien extinguished and incurred

13 carrying costs such as tax payments and hazard insurance payments.

14     82.   As a direct and proximate result of the racketeering activity described

15 herein, Deutsche Bank has lost mortgage payments and incurred carrying costs such

16 as tax payments and hazard insurance payments.

17                    **SECOND CLAIM FOR RELIEF**

18           **(Trademark Infringement – 15 U.S.C. § 1114(1))**

19                **By BAC Against All AWLI Defendants**

20     83.   Plaintiffs incorporate by reference and reallege each and every

21 allegation in Paragraphs 1 through 82 as if fully set forth herein.

22     84.   The acts of the AWLI Defendants described herein constitute

23 infringement of the AMERICA'S WHOLESALE LENDER® mark in violation of

24 Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

25     85.   The AWLI Defendants have used and continue to use the federally

26 registered AMERICA'S WHOLESALE LENDER® mark in commerce in

27 connection with the sale, offering for sale, distribution, or advertising of real estate

28 financing and/or related services without authorization from BAC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

86.   The AWLI Defendants have reproduced, copied or imitated the federally registered AMERICA'S WHOLESALE LENDER® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of real estate financing and/or related services without BAC's consent.

87.   The AWLI Defendants' infringing activities have in fact caused, and are likely to continue to cause, confusion, mistake and deception among the general consuming public and trade as to the origin and quality of services that the AWLI Defendants purport to offer, or of BAC's services.

88.   The AWLI Defendants' unlawful conduct has been knowing, deliberate and willful.

89.   The AWLI Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

90.   BAC has been harmed and continues to be harmed by the AWLI Defendants' unlawful acts, including harm to its good will and reputation.

91.   BAC has no adequate remedy at law.  The AWLI Defendants' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to BAC.  As a result of the AWLI Defendants' conduct, BAC is entitled to injunctive relief and damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

**By BAC, BANA and CHL Against All AWLI Defendants**

92.   Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 91 as if fully set forth herein.

93.   The above acts of the AWLI Defendants constitute false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. section 1125(a)(1).

94.   The above acts of the AWLI Defendants, including use of the term "America's Wholesale Lender" (with or without an apostrophe or ", Inc."), have in

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  fact caused, and are likely to continue to cause, confusion, or to cause mistake, or to

2  deceive as to the true identity of the AWLI Defendants, or at the very least as to the

3  affiliation, connection, or association of the AWLI Defendants or the AWLI

4  Defendants' services or commercial activities with BAC, BANA and/or CHL or

5  BAC, BANA and/or CHL's services.  The AWLI Defendants are directly liable for

6  their actions and the actions of AWLI.

7      95.    The AWLI Defendants' unlawful conduct has been knowing, deliberate

8  and willful and done without the consent or authorization of BAC, BANA or CHL.

9      96.    The AWLI Defendants have been and are likely to continue to be

10  unjustly enriched by their unlawful conduct.

11     97.    BAC, BANA and CHL have no adequate remedy at law.  The AWLI

12  Defendants' conduct, as described herein, has caused and, if not enjoined, will

13  continue to cause irreparable damage to the Plaintiffs.  As a result of the AWLI

14  Defendants' conduct, BAC, BANA and CHL are entitled to injunctive relief and

15  damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(Trademark Infringement – Cal. Bus. & Prof. Code § 14245)**

**By BAC, BANA and CHL Against All AWLI Defendants**

19     98.    Plaintiffs incorporate by reference and reallege each and every

20  allegation in Paragraphs 1 through 97 as if fully set forth herein.

21     99.    The AWLI Defendants have used, and continue to use the "America's

22  Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark (with

23  or without the apostrophe or ", Inc.") as an indicator of the source of the AWLI

24  Defendants' services for the purpose of enhancing the commercial value of the

25  AWLI Defendants' services.

26     100.    BAC, BANA and CHL have no adequate remedy at law.  The AWLI

27  Defendants' conduct, as described herein, has caused and, if not enjoined, will

28  continue to cause irreparable damage to the BAC, BANA and CHL.  As a result of

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  the AWLI Defendants' conduct, BAC, BANA and CHL are entitled to injunctive

2  relief and damages in an amount to be determined at trial.

3  **FIFTH CLAIM FOR RELIEF**

4  **(Unlawful, Unfair and Fraudulent Bus. Practices – Cal. Bus. & Prof.**

5  **Code § 17200 *et. seq.*)**

6  **By All Plaintiffs Against All the AWLI Defendants**

7      101.   Plaintiffs incorporate by reference and reallege each and every

8  allegation in Paragraphs 1 through 100 as if fully set forth herein.

9      102.   The AWLI Defendants engaged in unlawful business acts and practices

10  because they, among other things:

11      (a)   violated California Penal Code section 529 by impersonating

12  CHL, BANA and/or BAC in the process of accepting service of legal papers,

13  entering into settlement agreements and/or consent judgments in state court

14  purporting to bind Plaintiffs, modifying or cancelling loans originated, serviced

15  and/or owned by Plaintiffs, and reconveying liens established and/or owned by

16  Plaintiffs;

17      (b)   violated California Civil Procedure Code section 1209(a)(8) by

18  routinely and as a regular business practice accepting service of summonses and

19  other legal documents, and by impersonating Plaintiffs, to enter into consent

20  judgments in state court that purport to bind CHL;

21      (c)   violated 18 U.S.C. section 1962(c) as set forth above;

22      (d)   violated 15 U.S.C. section 1114(1) as set forth above;

23      (e)   violated 15 U.S.C. section 1125(a)(1)(A) as set forth above; and

24      (f)   violated Cal. Bus. & Prof. Code section 14245 as set forth above.

25      103.   The AWLI Defendants engaged in unfair and fraudulent business acts

26  and practices because they impersonated CHL, BANA and/or BAC through the use

27  of corporate name "America's Wholesale Lender, Inc"—which is deceptively

28  similar to the "America's Wholesale Lender" fictitious business name and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 │ AMERICA'S WHOLESALE LENDER® mark—for the purpose to misleading

2 │ borrowers, courts, county recorders and the public at large into believing that the

3 │ AWLI Defendants are or represent CHL, BANA and/or BAC, or at the very least are

4 │ associated with or sponsored or approved by CHL, BANA and/or BAC, when

5 │ clearly they are not.

6 │     104.  The AWLI Defendants' unlawful, unfair and fraudulent business acts

7 │ and practices have caused Plaintiffs to lose money and property in the form of lost

8 │ servicing fees and mortgage payments.

9 │     105.  The AWLI Defendants' unlawful, unfair and fraudulent business acts

10 │ and practices have also caused Plaintiffs to expend money to defend their loan and

11 │ lien interests that they otherwise would not have had to expend but for the AWLI

12 │ Defendants' unlawful, unfair and fraudulent business acts and practices,

13 │     106.  The AWLI Defendants' unlawful, unfair and fraudulent business acts

14 │ and practices have also and caused Plaintiffs to lose money by incurring carrying

15 │ costs, including property tax payments and hazard insurance payments, that they

16 │ would not have otherwise been required to expend if the AWLI Defendants had not

17 │ committed unlawful, unfair and fraudulent business practices.

18 │     107.  If not enjoined, the AWLI Defendants will continue to cause Plaintiffs

19 │ to lose money and property.  As a result of the AWLI Defendants' conduct,

20 │ Plaintiffs are entitled to injunctive relief.  Plaintiffs are also entitled to full

21 │ restitution of any money or property that the AWLI Defendants have gained by their

22 │ violations of California Business & Professions Code sections 17200 *et seq.*

23 │ **SIXTH CLAIM FOR RELIEF**

24 │ **(Deceptive, False and Misleading Advertising – Cal. Bus. & Prof. Code §§**

25 │ **17500 *et seq.*)**

26 │ **By All Plaintiffs Against All AWLI Defendants**

27 │     108.  Plaintiffs incorporate by reference and reallege each and every

28 │ allegation in Paragraphs 1 through 107 as if fully set forth herein.

1    109.  The AWLI Defendants adopted and are using the "America's
2  Wholesale Lender" name and the AMERICA'S WHOLESALE LENDER® mark
3  (with or without the apostrophe or ", Inc.") with the intent to directly or indirectly
4  promote and sell the AWLI Defendants' services and to profit from the Plaintiffs'
5  reputation and goodwill.

6    110.  The above acts of the AWLI Defendants constitute untrue and
7  misleading advertising as defined by California Business & Professions Code
8  sections 17500 *et seq.*

9    111.  The AWLI Defendants' deceptive, false and misleading advertising
10  have caused Plaintiffs to lose money and property as described in Paragraphs 104-
11  106 above that they would not have lost but for the AWLI Defendants' deceptive,
12  false and misleading advertising.

13    112.  If not enjoined, the AWLI Defendants will continue to cause Plaintiffs
14  to lose money and property.  As a result of the AWLI Defendants' conduct,
15  Plaintiffs are entitled to injunctive relief.  Plaintiffs are also entitled to full
16  restitution of any money or property that the AWLI Defendants have gained by their
17  violations of California Business & Professions Code sections 17500 *et seq.*

18                    **SEVENTH CLAIM FOR RELIEF**
19                         **(Declaratory Relief)**
20           **By All Plaintiffs Against All AWLI Defendants**

21    113.  Plaintiffs incorporate by reference and reallege each and every
22  allegation in Paragraphs 1 through 112 as if fully set forth herein.

23    114.  An actual controversy has arisen and now exists between Plaintiffs and
24  the AWLI Defendants concerning the AWLI Defendants' use of the name
25  "America's Wholesale Lender, Inc." and the validity of the AWLI Defendants'
26  actions with respect to loans and liens originated, serviced and/or owned by
27  Plaintiffs.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    115.   Plaintiffs, in contrast to the AWLI Defendants, believe that the AWLI

2  Defendants had and have no authority or right to use the name "America's

3  Wholesale Lender, Inc." or any similar name because doing so confuses borrowers,

4  courts, county recorders, and the general public into believing that the AWLI

5  Defendants are associated or affiliated with CHL, BANA and/or BAC, when clearly

6  they are not.

7    116.   Plaintiffs, in contrast to the AWLI Defendants, believe that none of the

8  AWLI Defendants had or have the authority to take any action with respect to loans

9  and liens originated, serviced and/or owned by Plaintiffs.

10    117.   Plaintiffs, in contrast to the AWLI Defendants, believe that none of the

11  AWLI Defendants had or have any right to contractually or otherwise bind Plaintiffs

12  in any way whatsoever.

13    118.   Plaintiffs desire a judicial declaration that:

14         (a)    The AWLI Defendants have no right to use the "America's

15  Wholesale Lender, Inc." name, the "America's Wholesale Lender" name or any

16  other similar name;

17                          **EIGHTH CLAIM FOR RELIEF**

18              **(Cancellation of Instruments – Cal. Civ. Code § 3412)**

19        **By BANA, BNY Mellon and Deutsche Bank Against All Defendants**

20    119.   Plaintiffs incorporate by reference and reallege each and every

21  allegation in Paragraphs 1 through 118 as if fully set forth herein.

22    120.   The AWLI Defendants—without any authority whatsoever—have

23  recorded various assignments and reconveyances of liens originated, serviced and/or

24  owned by Plaintiffs.

25    121.   By this action, Plaintiffs seek to cancel the following instruments:

26         (a)    The "Assignment of Deed of Trust" recorded on or about

27  January 4, 2012, in the Orange County Recorder's Office as document number

28  2012000002551.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1      (b)      The reconveyance of the deed of trust associated recorded as

2  document number 2011000197448 in the Orange County Recorder's Office on April

3  18, 2011.

4      (c)      The "Assignment of Deed of Trust" recorded in the Orange

5  County Recorder's Office on or about July 14, 2011, as document number

6  2011000344047.

7      (d)      The "Assignment of Deed of Trust" recorded in the Orange

8  County Recorder's Office on or about July 18, 2011, as document number

9  2011000347498.

10      (e)      The "Assignment of Deed of Trust" recorded in the Orange

11  County Recorder's Office on or about July 25, 2011, as document number

12  2011000360230.

13      (f)      The reconveyance of the deed of trust recorded as document

14  number 20111445629 in the Los Angeles County Recorder's Office on or about

15  October 26, 2011.

16      (g)      The "Assignment of Deed of Trust" recorded as document

17  number 2011000415908 in the Orange County Recorder's Office on or about

18  August 23, 2011.

19      122.   By the cancellation of the reconveyance and assignment instruments

20  identified in Paragraph 121 above, Plaintiffs seek a judicial declaration that

21  Plaintiffs' liens are restored to the same priority that they had before the liens were

22  assigned or reconveyed as described in Paragraph 49 above.

23                          **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

25      1.      That the Court award actual damages, attorneys fees and treble

26  damages to the full extent allowed under 18 U.S.C. section 1862(c), in an amount to

27  be determined at trial.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

2.    That the AWLI Defendants be held to have infringed, directly or indirectly, the federally registered AMERICA'S WHOLESALE LENDER® mark within the meaning of 15 U.S.C. section 1114(1).

3.    That the AWLI Defendants be held to have, directly and indirectly, falsely designated the origin, affiliation, endorsement, qualities, nature or characteristics of services by using "America's Wholesale Lender, Inc." within the meaning of 15 U.S.C. section 1125(a), and that such actions were willful and intentional.

4.    That the AWLI Defendants be held to have engaged in trademark infringement, unfair, unlawful and deceptive trade practices within the meaning of California Business and Professions Code sections 14245, 17200 *et seq.* and 17500 *et seq.*

5.    That the Court grant a preliminary and permanent injunction prohibiting the AWLI Defendants and their officers, partners, agents, subcontractors, employees, subsidiaries, successors, assigns, and related companies or entities, and all others acting in concert or participating with them from directly or indirectly using "America's Wholesale Lender, Inc." or any confusingly similar designations, as a mark, business name, domain name, email address, meta-tag or otherwise, and also prohibiting acceptance of service of process intended for the Plaintiffs and to provide to the Plaintiffs all documents and things that any of them have received that were intended for the Plaintiffs.

6.    That the AWLI Defendants be required to destroy all advertising, marketing, or other promotional materials bearing "America's Wholesale Lender" or "America's Wholesale Lender, Inc.," along with the means for making the same.

7.    That AWLI immediately take steps to change its name to a name that is not confusingly similar thereto or to "America's Wholesale Lender."

8.    That the AWLI Defendants be required to file with the Court and serve on the Plaintiffs' counsel within 30 days after service of the judgment or order

1 requiring the actions specified above, a written report, sworn under oath, setting

2 forth in detail the manner and form in which the AWLI Defendants have complied

3 with the injunction issued by the court.

4     9.    That Plaintiffs have an accounting for damages and for all of the AWLI

5 Defendants' profits from their actions complained of herein.

6     10.    That the Court award the Plaintiffs actual and treble damages to the full

7 extent allowed under 15 U.S.C. section 1117, in an amount to be determined at trial;

8     11.    That the Court award the Plaintiffs all actual damages suffered by the

9 Plaintiffs by reason of the AWLI Defendants' conduct, as well as any profits of the

10 AWLI Defendants and restitution that are attributable to the AWLI Defendants'

11 infringing activities, unfair competition, false designation of origin, unfair business

12 practices and false advertising not taken into account in computing the actual

13 damages, and that punitive damages be awarded as authorized under the law;

14     12.    That Plaintiffs be awarded reasonable attorneys' fees, expenses and

15 costs associated with this action pursuant to 15 U.S.C. section 1117;

16     13.    That the Court grant declaratory relief as requested in the Seventh

17 Claim for Relief.

18     14.    That the Court cancel instruments as requested in the Eighth Claim for

19 Relief and restore Plaintiffs' lien positions as requested in the Eighth Claim for

20 Relief.

21     15.    All other actual damages.

22     16.    All other punitive damages permitted by law.

23     17.    All other attorneys' fees permitted by law.

24     18.    All other costs permitted by law.

25 ///

26 ///

27 ///

28 ///

1      19.    All other restitution permitted by law.

2      20.    All other disgorgement permitted by law.

3      21.    All other injunctive relief permitted by law.

4      22.    All other treble damages permitted by law.

5      23.    Such other and further relief as this Court determines to be just and

6 appropriate.

Dated: May 23, 2012           Respectfully submitted,

**BRYAN CAVE LLP**

By: _____
     NAFIZ CEKIRGE

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A., THE BANK
OF NEW YORK MELLON and DEUTSCHE
BANK NATIONAL TRUST COMPANY

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120

3    Broadway, Suite 300, Santa Monica, California 90401-2386.

4    On May 23, 2012, I served the foregoing document in the within action as follows, described as:  **FIRST AMENDED COMPLAINT**, on the following

5    interested party(ies) in this action, as follows:

6    Steven C. Vondran
     The Law Offices of Steven C. Vondran,

7    Esq.
     620 Newport Center, Suite 1100

8    Newport Beach, CA  92660

9

10   ☒    **(BY MAIL)** I placed a true copy of the foregoing documents in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan

11   Cave LLP, Santa Monica, California.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United

12   States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of

13   business.

14   ☐    **(VIA ELECTRONIC SERVICE)** The document will be served upon e-filing, via The United States District Court –Central District's CM/ECF electronic

15   transfer system which generates a Notice of Electronic Filing (NEF) upon the assigned judge and any party who is a registered user in the case.

16

17   ☒    **(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

19

20   Executed on May 23, 2012, at Santa Monica, California.

21                                                    Sherri Gramza

22

23

24

25

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386