ROBERT E. BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
ROBERT G. LANCASTER (SBN 257504)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:   reboone@bryancave.com
          nafiz.cekirge@bryancave.com
          rglancaster@bryancave.com

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A., THE BANK
OF NEW YORK MELLON and DEUTSCHE BANK
NATIONAL TRUST COMPANY



## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON; and DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>           Plaintiffs,<br><br>           v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; THE RYZMAN FOUNDATION, INC., a California Corporation; DAVID E. LANDON, an individual; LE VAN NGUYEN, an individual; WENDMERE FUNDING, LLC, a Kentucky limited liability company; CHASE MERRITT FUND I, LLC, a Nevada limited liability company; and DOES 1-10,<br><br>           Defendants. | Case No.: 8:12-cv-00242-CJC-AN<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(1) CIVIL RICO – 18 U.S.C. § 1962(C)**<br><br>**(2) TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)**<br><br>**(3) FALSE DESIGNATION OF ORIGIN –15 U.S.C. § 1125(A)(1)(A)**<br><br>**(4) TRADEMARK INFRINGEMENT – CAL. BUS. & PROF. CODE § 14245**<br><br>**(5) UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.***<br><br>**(6) DECEPTIVE, FALSE & MISLEADING ADVERTISING – CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.***<br><br>**(7) DECLARATORY RELIEF**<br><br>**(8) CANCELLATION OF INSTRUMENTS – CAL. CIV. CODE § 3412** |

1    Plaintiffs Countrywide Home Loans, Inc., Bank of America Corporation,

2  Bank of America, N.A., The Bank of New York Mellon and Deutsche Bank

3  National trust Company, by and through their undersigned counsel, allege as follows

4  against defendants America's Wholesale Lender, Inc., a New York corporation,

5  Dennis L. Bell, an individual, Cheri English, an individual, Jan Van Eck (a/k/a

6  Herman Jan Van Eck, Mauritz Van Eck, Maurice Van Eck, Maritz Van Eck and

7  George Tomas), an individual, Paul Nguyen, an individual, Tom Shriver, an

8  individual and Bernardo Villapudua, an individual, David E. Landon and The

9  Ryzman Foundation, Inc.

10                          **PARTIES**

11    1.    Plaintiff Countrywide Home Loans, Inc. ("CHL") is a New York

12  corporation with its principal place of business in California.

13    2.    Plaintiff Bank of America Corporation ("BAC") is a Delaware

14  corporation with its principal place of business in North Carolina.

15    3.    Plaintiff Bank of America, N.A. ("BANA") is a national banking

16  association with its main office in North Carolina.

17    4.    Plaintiff The Bank of New York Mellon ("BNY Mellon") is a banking

18  corporation organized under the laws of the State of New York.

19    5.    Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") is

20  a national banking association with its main office in California.

21    6.    Defendant America's Wholesale Lender, Inc. ("AWLI") is a New York

22  corporation with its principal place of business in New York. AWLI does business

23  and conducts fraudulent activities in California and in this District using the

24  "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER®

25  mark. AWLI is not a current or former officer or employee of any of the Plaintiffs

26  or any of their affiliates. AWLI does not have and never had any authority to take

27  any action on behalf of or in the name of any of the Plaintiffs or any of their

28  affiliates. AWLI does not have and never had any authority to cancel, modify or

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs

2   of or any of their affiliates.  AWLI does not have and never had any authority to

3   release, reconvey or otherwise affect any liens established and/or owned by any of

4   the Plaintiffs.

5       7.      Defendant Dennis L. Bell ("Bell") is an individual residing in

6   Kentucky.  Bell does business and conducts fraudulent activities in California and in

7   this District using the "America's Wholesale Lender" name and AMERICA'S

8   WHOLESALE LENDER® mark.  Bell is not a current or former officer or

9   employee of any of the Plaintiffs or any of their affiliates.  Bell does not have and

10  never had any authority to take any action on behalf of or in the name of any of the

11  Plaintiffs or any of their affiliates.  Bell does not have and never had any authority

12  to cancel, modify or otherwise affect any loans originated, serviced and/or owned by

13  any of the Plaintiffs of or any of their affiliates.  Bell does not have and never had

14  any authority to release, reconvey or otherwise affect any liens established and/or

15  owned by any of the Plaintiffs.  Bell has been incarcerated in California, has an

16  extensive criminal record in Missouri, and has a long history of committing fraud on

17  lenders and other real estate fraud.

18      8.      Defendant Cheri B. English ("English") is an individual residing in

19  Kentucky.  English does business and conducts fraudulent activities in California

20  and in this District using the "America's Wholesale Lender" name and

21  AMERICA'S WHOLESALE LENDER® mark.  English is not a current or former

22  officer or employee of any of the Plaintiffs or any of their affiliates.  English does

23  not have and never had any authority to take any action on behalf of or in the name

24  of any of the Plaintiffs or any of their affiliates.  English does not have and never

25  had any authority to cancel, modify or otherwise affect any loans originated,

26  serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  English

27  does not have and never had any authority to release, reconvey or otherwise affect

28  any liens established and/or owned by any of the Plaintiffs.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

9.     Defendant Jan Van Eck (a/k/a Herman Jan Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck a/k/a Maritz Van Eck a/k/a George Tomas) ("Van Eck") is an individual residing in Connecticut.  Van Eck does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Van Eck is not a current or former officer or employee of any of the Plaintiffs or any of their affiliates.  Van Eck does not have and never had any authority to take any action on behalf of or in the name of any of the Plaintiffs or any of their affiliates.  Van Eck does not have and never had any authority to cancel, modify or otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  Van Eck does not have and never had any authority to release, reconvey or otherwise affect any liens established and/or owned by any of the Plaintiffs.

10.     Defendant Paul Nguyen is an individual residing in California.  Paul Nguyen does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Paul Nguyen is not a current or former officer or employee of any of the Plaintiffs or any of their affiliates.  Paul Nguyen does not have and never had any authority to take any action on behalf of or in the name of any of the Plaintiffs or any of their affiliates.  Paul Nguyen does not have and never had any authority to cancel, modify or otherwise affect any loans originated, serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  Paul Nguyen does not have and never had any authority to release, reconvey or otherwise affect any liens established and/or owned by any of the Plaintiffs.

11.     Defendant Tom Shriver ("Shriver") is an individual residing in California.  Shriver does business and conducts fraudulent activities in California and in this District using the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.  Shriver is not a current or former

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  officer or employee of any of the Plaintiffs or any of their affiliates.  Shriver does
2  not have and never had any authority to take any action on behalf of or in the name
3  of any of the Plaintiffs or any of their affiliates.  Shriver does not have and never
4  had any authority to cancel, modify or otherwise affect any loans originated,
5  serviced and/or owned by any of the Plaintiffs of or any of their affiliates.  Shriver
6  does not have and never had any authority to release, reconvey or otherwise affect
7  any liens established and/or owned by any of the Plaintiffs.

8      12.   Defendant Bernardo Villapudua ("Villapudua") is an individual
9  residing in California.  Villapudua does business and conducts fraudulent activities
10 in California and in this District using the "America's Wholesale Lender" name and
11 AMERICA'S WHOLESALE LENDER® mark.  Villapudua is not a current or
12 former officer or employee of any of the Plaintiffs or any of their affiliates.
13 Villapudua does not have and never had any authority to take any action on behalf
14 of or in the name of any of the Plaintiffs or any of their affiliates.  Villapudua does
15 not have and never had any authority to cancel, modify or otherwise affect any loans
16 originated, serviced and/or owned by any of the Plaintiffs of or any of their
17 affiliates.  Villapudua does not have and never had any authority to release,
18 reconvey or otherwise affect any liens established and/or owned by any of the
19 Plaintiffs.

20     13.   Wendmere Funding, LLC is a Kentucky limited liability company and
21 is joined as a necessary party because the adjudication of the Eighth Claim for
22 Relief affects Wendmere Funding, LLC's purported interest in certain real property.
23 Wendmere Funding, LLC is an entity completely controlled by AWLI, Bell and/or
24 English.

25     14.   Chase Merritt Fund I, LLC is a Nevada limited liability company and is
26 joined as a necessary party because the adjudication of the Eighth Claim for Relief
27 affects Chase Merritt Fund I, LLC's purported interest in certain real property.
28 Chase Merritt Fund I, LLC is completely controlled by AWLI, Bell and/or Van Eck.

15.     At all times relevant the Defendants listed in Paragraphs 1 through 14 were and are acting in concert, were and are agents of each other, induced and continue to induce each other's actions, and conspired and continue to conspire to commit the wrongs alleged in the First Amended Complaint.

16.     Defendant David E. Landon is an individual residing in California and is joined as a necessary party because the adjudication of the Eighth Claim for Relief affects Landon's purported interest in certain real property.

17.     Defendant The Ryzman Foundation, Inc. is a California corporation and is joined as a necessary party because the adjudication of the Eighth Claim for Relief affects The Ryzman Foundation's purported interest in certain real property.

18.     Defendant Le Van Nguyen is an individual residing in California and is joined as a necessary party because the adjudication of the Eighth Claim for Relief affects Le Van Nguyen's purported interest in certain real property.

## JURISDICTION

19.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. section 1331 over the federal claims in this action arising under 18 U.S.C. section 1962(c) and 15 U.S.C. sections 1114(1) and 1125(a)(1)(A).

20.     This Court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. section 1367(a) because the state law claims are so related to the federal claims in this action that they form part of the same case or controversy.

21.     This Court has personal jurisdiction over AWLI because AWLI purposefully directed its activities to California, consummated transactions in California and purposefully availed itself of the privileges of conducting activities in California by doing at least the following in exchange for pecuniary gain: (1) recording fraudulent reconveyances and assignments in California county recorder's offices that affect Plaintiffs' liens on California real properties; and (2) filing fraudulent stipulated judgments in California state courts that purport to affect

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  Plaintiffs' loans related to and liens on California real properties.  Indeed, AWLI's

2  fraudulent activities specifically targeted California residents.  Plaintiffs' claims

3  against AWLI arise out of its participation the this aforementioned California-

4  related fraudulent scheme and this Court's jurisdiction over AWLI is reasonable

5  based on the California-related fraudulent scheme.

6       22.    This Court has personal jurisdiction over Bell because Bell has

7  purposefully directed his activities to California, consummated transactions in

8  California and purposefully availed himself of the privileges of conducting activities

9  in California by doing the following as an officer of the sham corporation AWLI in

10 exchange for pecuniary gain: (1) recording fraudulent reconveyances and

11 assignments in California county recorder's offices that affect Plaintiffs' liens on

12 California real properties; and (2) filing fraudulent stipulated judgments in

13 California state courts that purport to affect Plaintiffs' loans related to and liens on

14 California real properties.  Indeed, Bell's fraudulent activities specifically targeted

15 California residents.  Bell admitted in a declaration under penalty of perjury in an

16 action that he filed in the United States District Court for the District of Connecticut

17 styled *America's Wholesale Lender, Inc. v. Van Eck*, Civil No. 11-cv-1493 (CFD)

18 (TPS) (the "Connecticut Action"), that he traveled to California in connection with

19 the aforementioned fraudulent real estate scheme.  Plaintiffs' claims against Bell

20 arise out of his participation the this aforementioned California-related fraudulent

21 scheme and this Court's jurisdiction over Bell is reasonable based on the California-

22 related fraudulent scheme.  Bell cannot avail himself of the fiduciary shield doctrine

23 because Bell controls and directly participates in the aforementioned California-

24 related fraudulent scheme perpetrated through the sham corporation AWLI.  This

25 Court also has personal jurisdiction over Bell under 18 U.S.C. section 1965.

26      23.    This Court has personal jurisdiction over English because English has

27 purposefully directed her activities to California, consummated transactions in

28 California and purposefully availed herself of the privileges of conducting activities

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  in California by directly or indirectly doing the following for pecuniary gain: (1)

2  recording fraudulent reconveyances and assignments in California county recorder's

3  offices that affect Plaintiffs' liens on California real properties; and (2) filing

4  fraudulent stipulated judgments in California state courts that purport to affect

5  Plaintiffs' loans related to and liens on California real properties.  Indeed, English's

6  fraudulent activities specifically targeted California residents.  Plaintiffs' claims

7  against English arise out of his participation the this aforementioned California-

8  related fraudulent scheme and this Court's jurisdiction over English is reasonable

9  based on the California-related fraudulent scheme.  English cannot avail himself of

10  the fiduciary shield doctrine because English controls and directly participates in the

11  aforementioned California-related fraudulent scheme perpetrated through the sham

12  corporation AWLI.  This Court also has personal jurisdiction over English under 18

13  U.S.C. section 1965.

14      24.   This Court has personal jurisdiction over Van Eck because Van Eck has

15  purposefully directed his activities to California, consummated transactions in

16  California and purposefully availed himself of the privileges of conducting activities

17  in California by doing the following as an officer of the sham corporation AWLI in

18  exchange for pecuniary gain: (1) recording fraudulent reconveyances and

19  assignments in California county recorder's offices that affect Plaintiffs' liens on

20  California real properties; and (2) filing fraudulent stipulated judgments in

21  California state courts that purport to affect Plaintiffs' loans related to and liens on

22  California real properties.  Indeed, Van Eck's fraudulent activities specifically

23  targeted California residents.  Plaintiffs' claims against Van Eck arise out of his

24  participation the this aforementioned California-related fraudulent scheme and this

25  Court's jurisdiction over Van Eck is reasonable based on the California-related

26  fraudulent scheme.  Van Eck cannot avail himself of the fiduciary shield doctrine

27  because Van Eck controls and directly participates in the aforementioned California-

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 │ related fraudulent scheme perpetrated through the sham corporation AWLI.  This

2 │ Court also has personal jurisdiction over English under 18 U.S.C. section 1965.

3 │      25.    The Court has personal jurisdiction over Paul Nguyen because he is an

4 │ individual residing in California.

5 │      26.    The Court has personal jurisdiction over Shriver because he is an

6 │ individual residing in California.

7 │      27.    The Court has personal jurisdiction over Villapudua because he is an

8 │ individual residing in California.

9 │      28.    This Court has personal jurisdiction over David E. Landon because he

10 │ is an individual residing in California.

11 │      29.    This Court has personal jurisdiction over The Ryzman Foundation, Inc.

12 │ because it is a California corporation.

13 │      30.    The Court has personal jurisdiction of Wendmere Funding, LLC

14 │ because it is an alter ego and agent of Bell.  This Court also has personal jurisdiction

15 │ over Wendmere Funding, LLC because Wendmere Funding, LLC purposefully

16 │ directed its activities to California, consummated transactions in California and

17 │ purposefully availed itself of the privileges of conducting activities in California by

18 │ doing at least the following in exchange for pecuniary gain: (1) recording fraudulent

19 │ reconveyances and assignments in California county recorder's offices that affect

20 │ Plaintiffs' liens on California real properties; and (2) filing fraudulent stipulated

21 │ judgments in California state courts that purport to affect Plaintiffs' loans related to

22 │ and liens on California real properties.  Indeed, Wendmere Funding, LLC's

23 │ fraudulent activities specifically targeted California residents.  Plaintiffs' claims

24 │ against Wendmere Funding, LLC arise out of its participation the this

25 │ aforementioned California-related fraudulent scheme and this Court's jurisdiction

26 │ over Wendmere Funding, LLC is reasonable based on the California-related

27 │ fraudulent scheme.  The Court also has personal jurisdiction over Wendmere

28 │ Funding, LLC because certain of the liens purports to have an interest in and are the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   subject of this action concern California properties and are recorded in the

2   California land records.

3        31.    The Court has personal jurisdiction of Chase Merritt Fund I, LLC

4   because it is an alter ego and agent of AWLI.  This Court also has personal

5   jurisdiction over Chase Merritt Fund I, LLC because Chase Merritt Fund I, LLC

6   purposefully directed its activities to California, consummated transactions in

7   California and purposefully availed itself of the privileges of conducting activities in

8   California by doing at least the following in exchange for pecuniary gain: (1)

9   recording fraudulent reconveyances and assignments in California county recorder's

10  offices that affect Plaintiffs' liens on California real properties; and (2) filing

11  fraudulent stipulated judgments in California state courts that purport to affect

12  Plaintiffs' loans related to and liens on California real properties.  Indeed, Chase

13  Merritt Fund I, LLC fraudulent activities specifically targeted California residents.

14  Plaintiffs' claims against Chase Merritt Fund I, LLC arise out of its participation the

15  this aforementioned California-related fraudulent scheme and this Court's

16  jurisdiction over Chase Merritt Fund I, LLC is reasonable based on the California-

17  related fraudulent scheme.  The Court also has personal jurisdiction over Chase

18  Merritt Fund I, LLC because certain of the liens that Chase Merritt Fund I, LLC

19  purports to have an interest in and are the subject of this action concern California

20  properties and are recorded in the California land records.

21                                    **VENUE**

22       32.    Venue is proper in this district pursuant to 28 U.S.C. section 1391 (b)-

23  (c) because, as described below, a substantial part of the wrongs alleged in the First

24  Amended Complaint occurred in this District.

25                              **NATURE OF CASE**

26       33.    CHL has used the "America's Wholesale Lender" fictitious business

27  name and AMERICA'S WHOLESALE LENDER® mark in connection with its

28  mortgage banking business for over eighteen years in California and throughout the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  United States. "America's Wholesale Lender" continues to be registered by CHL as

2  a fictitious business name in 46 states, including New York, Kentucky,

3  Pennsylvania, and California (Los Angeles and Orange Counties).

4      34.   CHL extensively marketed, advertised, promoted and sold its services

5  as a wholesale lender through various marketing channels throughout California and

6  the United States using the "America's Wholesale Lender" fictitious business name

7  and AMERICA'S WHOLESALE LENDER® mark.

8      35.   CHL originated over 3.5 million loans in California and throughout the

9  United States using the "America's Wholesale Lender" fictitious business name and

10  AMERICA'S WHOLESALE LENDER® mark.

11      36.   Consequently, the "America's Wholesale Lender" fictitious business

12  name and AMERICA'S WHOLESALE LENDER® mark are well known to

13  consumers, the real estate and mortgage industries and the public at large.

14      37.   AMERICA'S WHOLESALE LENDER® is also a federally registered

15  trademark, Reg. No. 1872784, which was registered on January 10, 1995.

16      38.   As a result of BAC's acquisition of Countrywide Financial Corporation

17  and its family of companies, including CHL, BAC currently owns the AMERICA'S

18  WHOLESALE LENDER® mark.

19      39.   Plaintiffs continue to use the "America's Wholesale Lender" name and

20  AMERICA'S WHOLESALE LENDER® mark in at least the following ways:

21      (a)   CHL frequently appears in litigation on behalf of "America's

22  Wholesale Lender" and identifies "America's Wholesale Lender" as its fictitious

23  business name;

24      (b)   The "America's Wholesale Lender" name is still on millions of

25  operative loan documents and Plaintiffs rely on these documents to service the these

26  loans and enforce borrowers' obligations under these loans.

27      40.   On or about December 16, 2008, Bell incorporated AWLI in New

28  York.

41.   At the time he incorporated AWLI, Bell was well aware that CHL used "America's Wholesale Lender" as a fictitious business name and AMERICA'S WHOLESALE LENDER® as a trademark.  Bell had obtained at least three loans from CHL in which CHL used its "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark.

42.   In addition, on October 3, 2008—over two months before he incorporated AWLI—Bell admitted in a *pro se* complaint that he filed in the United States District Court for the Western District of Kentucky against CHL that CHL was "registered in the State of Kentucky as an Assumed Name Corporation using the name and style of America's Wholesale Lender."  The *pro se* lawsuit was styled *Bell v. Countrywide Home Loans, Inc., et al.*, 5:08-vv-0167-JHM-ERG (W.D. Ky.) (the "Kentucky Action")

43.   Bell chose the name of "America's Wholesale Lender, Inc." for the corporation he formed in New York for the sole purpose of impersonating CHL and committing fraud.

44.   On December 18, 2008—a mere two days after Bell incorporated AWLI—English, executed a confession of judgment as the "Executive Vice President" of "America's Wholesale Lender, Inc. a New York Corporation," purporting to confess a $5.825 million judgment in favor of Bell.  The confession of judgment falsely identified the entity executing the document—AWLI—as the "'LENDER' named on each of" Bell's loans.  In reality, the "lender" identified on Bell's loan documents was not AWLI, but rather CHL under its "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark.  The confession of judgment was a ruse to trick the federal court into believing that CHL was confessing judgment in favor of Bell.  The federal court did not fall for the trick and ordered the "fraudulent" confession of judgment stricken.

1    45.    On September 11 and October 6, 2009, Van Eck, using one of his

2  aliases, Maurits Van Eck, executed three satisfactions of mortgage, stating that

3  Bell's $35,000, $37,000 and $28,000 mortgages on three separate Kentucky

4  properties, which were the subject of the Kentucky action, were "SATISFIED,

5  PAID and RELEASED pursuant to that certain AGREEMENT/RELEASE."  These

6  satisfactions of mortgages were recorded in the Kentucky land records on

7  September 17 and October 28, 2009.  In reality, none of these three mortgages had

8  been paid off or released pursuant to any settlement agreement or otherwise.

9  Neither Van Eck nor any other Defendant had any direct or indirect authority to

10  release Bell's liens.

11    46.    To further muddy title and as part of his fraudulent scheme, On October

12  8, 2009, Dennis Bell executed mortgages on these three properties in favor of

13  another confederate's company, Devine financial.  The mortgages were recorded in

14  the Kentucky land records on February 27, 2010.

15    47.    Devine financial then purported to assign these mortgages to

16  Wendmere Funding, LLC on April 19, 2010.  the assignments were recorded in the

17  Kentucky land records on April 20, 2010.

18    48.    Currently, AWLI, Bell, Van Eck, English, Paul Nguyen, Shriver and

19  Villapudua (collectively, the "AWLI Defendants") are perpetrating a more far-

20  reaching consumer fraud.  The AWLI Defendants solicit borrowers whose loans

21  were originated by CHL under CHL's "America's Wholesale Lender" fictitious

22  business name and AMERICA'S WHOLESALE LENDER® mark to file suit

23  against AWLI in California state court.  The AWLI Defendants pretend that they are

24  the borrowers' originating lender—CHL.  The AWLI Defendants enter into

25  fraudulent settlement agreements and stipulated judgments, which are filed in

26  California state court, that call for either short payoffs to AWLI or new, more

27  favorable loans in favor of AWLI.  As part of these fraudulent settlement

28  agreements, the AWLI Defendants purport to release the liens established by CHL.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Of course, AWLI has no authority whatsoever to take any action with respect to

2    these loans.  All the while, the borrowers are misled into believing that they are

3    dealing with CHL because of the similarity between AWLI's name and the well-

4    established "America's Wholesale Lender" fictitious business name and

5    AMERICA'S WHOELSALE LENDER® trademark.  The AWLI Defendants then

6    abscond with the money, leaving borrowers still obligated to pay their original loan

7    obligations.  In some instances, borrowers even make modified loan payments to the

8    AWLI Defendants.  In addition, the land records are muddied by reconveyances,

9    assignments and other fraudulent documents that purport to cancel, assign or

10   otherwise affect the legitimate liens established by CHL and now owned by others,

11   such as BNY Mellon.

12           49.     Some specific examples of the AWLI Defendants' fraudulent scheme

13   generally described above include:

14           (a)     **The Burk Loan.**  On or about May 19, 2005, Dennis and Linda

15   Burk obtained a $600,000 loan from CHL in a transaction in which CHL used its

16   "America's Wholesale Lender" fictitious business name and AMERICA'S

17   WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded

18   in the Orange County Recorder's Office on or about May 24, 2005, as document

19   number 2005000395457.  The address of the secured property is 3941 Paso Fino

20   Way, Yorba Linda, California.

21           The loan is currently serviced by BANA.

22           Sometime in early May 2011, an agent of the AWLI Defendants named Maria

23   approached the Burks regarding their CHL loan.  Maria claimed that "America's

24   Wholesale Lender" had engaged in wrongdoing during the loan origination process

25   and consequently had a judgment against it, ordering it to refinance or reduce

26   principals on allegedly improper loans.

27           The Burks informed Maria that they may be interested in taking advantage of

28   a favorable loan modification or short payoff.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Subsequently, the Burks were contacted by Shriver, an agent and

2 representative of AWLI, by telephone.  Shriver invited the Burks to his office and

3 the Burks obliged.  The Burks met with Shriver and Villapudua, another

4 representative and agent of AWLI.  Shriver and Villapudua purported to contact

5 Paul Nguyen—another representative and agent of AWLI—by telephone during the

6 meeting.  During that conversation, Paul Nguyen purported to agree to a $260,000

7 short payoff of the Burks' $600,000 loan.

8    Shriver and Villapudua informed the Burks that to be valid, such a short pay

9 off required a court judgment.  They put the Burks in touch with California-licensed

10 attorney Diane Beall.  On or about June 7, 2011, the Burks commenced an action

11 against "America's Wholesale Lender, Inc." in Orange County Superior Court for

12 the State of California styled *Burk, et al. v. America's Wholesale Lender, Inc., et al.*,

13 Case No. 30-2011-00481641.

14    On or about June 20, 2011, Bell, acting as "President" of AWLI, executed a

15 "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which

16 was filed with the court on June 21, 2011.  The stipulated judgment was entered by

17 the court on or about July 11, 2011.  In a declaration filed in this action on March

18 28, 2012, Bell admitted to signing this fraudulent "Settlement Agreement,

19 Stipulation for Entry of Judgment and Judgment."

20    The "Settlement Agreement, Stipulation for Entry of Judgment and

21 Judgment" falsely stated that the Burks' loan was "in favor of" AWLI when it was

22 really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious

23 business name and AMERICA'S WHOLESALE LENDER® mark), called for a

24 $260,000 short payoff to AWLI and called for AWLI to fully reconvey of the deed

25 of trust associated with the Burks' loan.

26    In a declaration filed in the Connecticut Action, Bell admitted to executing

27 the closing instructions that were designed to facilitate the transfer of the $260,000

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  from the Burks to AWLI.  Plaintiffs are informed and believe that Bell transmitted

2  these closing instructions by United States Mail and/or by wire.

3         The Burks paid $260,000 to AWLI by a cashier's check drawn on BANA and

4  using funds that were under the custody and control of BANA.  The check was

5  made out to the Chase Merritt Fund I, LLC and hand-delivered to Paul Nguyen.

6  Plaintiffs are informed that Paul Nguyen transmitted this cashier's check to AWLI

7  by mail or by wire.  Plaintiffs never received any of the funds that the Burks paid to

8  AWLI in connection with the Burks' loan.

9         On or about June 20, 2011, Bell, acting as "President" of AWLI, executed a

10 reconveyance of the deed of trust associated with the Burks' loan and recorded the

11 reconveyance as document number 2011000420707 in the Orange County

12 Recorder's Office on August 25, 2011.  Plaintiffs are informed and believe that Bell

13 transmitted the reconveyance for filing with the county recorder by mail and/or by

14 wire.

15        Shortly afterwards, the Burks sold their property.  While the property was in

16 escrow, the escrow company, Western Resources Title Company, requested a zero

17 payoff statement of the Burkes' loan.  In August 2011, Linda Burk spoke by

18 telephone with Van Eck to request the zero payoff statement.  Plaintiffs are

19 informed and believe that Van Eck transmitted the zero pay off statement to

20 Western Resources Title Company by mail or by wire.

21        Neither AWLI, Bell, Van Eck, nor any other Defendant had any direct or

22 indirect authority to take any action with respect to the Burks' loan.

23        (b)    **The Wells Loan.**  On or about June 21, 2011, Merry B. Wells

24 commenced an action against "America's Wholesale Lender, Inc." in the Orange

25 County Superior Court for the State of California styled *Wells v. America's*

26 *Wholesale Lender, Inc., et al.*, Case No. 30-2011-00485562.

27        The lawsuit concerned a residential loan for $994,500 that Wells obtained

28 from CHL on or about January 25, 2006, in a transaction in which CHL utilized its

1   "America's Wholesale Lender" fictitious business name and AMERICA'S
2   WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded
3   in the Orange County Recorder's Office on or about January 30, 2006, as document
4   number 2006000067191.  The address of the secured property is 5369 Grandview
5   Avenue, Yorba Linda, California.

6       BANA currently services this loan.  BNY Mellon currently owns Wells's loan
7   in its capacity as trustee for the CHL Mortgage Pass-Through Trust 2006-OA5.

8       On or about July 18, 2011, Van Eck, using his alias, "Maurits Van Eck," and
9   acting as a "Vice-President" of AWLI, executed a "Settlement Agreement,
10  Stipulation for Entry of Judgment and Judgment," which was filed in the court
11  records on August 10, 2011.  The court entered the stipulated judgment on or about
12  August 26, 2011.

13      The "Settlement Agreement, Stipulation for Entry of Judgment and
14  Judgment" falsely stated that Wells's loan was "in favor of" AWLI when it was
15  really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious
16  business name and AMERICA'S WHOLESALE LENDER® mark), called for
17  Wells to execute a new $385,000 promissory note in favor of AWLI and to make a
18  $225,000 lump sum payment to AWLI as full satisfaction of Well's loan and called
19  for AWLI to fully reconvey the deed of trust associated with Wells's loan.

20      On or about September 26, 2011, Wells sent Bell an e-mail regarding the
21  "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," seeking
22  assistance in consummating the settlement.  In connection with the fraudulent
23  scheme, Bell forwarded Wells's e-mail to Van Eck on the same day.  Wells also
24  spoke by telephone to Bell on numerous occasions regarding the fraudulent
25  transaction that the AWLI Defendants had induced Wells into.

26      Plaintiffs are informed and believe that Wells paid the AWLI  Defendants
27  $225,000 using the mails and/or using the wires.  Plaintiffs are also informed and
28  believe that Wells made monthly mortgage payments to the AWLI Defendants by

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  mail and/or by wire.  Plaintiffs never received any funds from anyone to pay off
2  Wells's loan or any monthly mortgage payments from Wells.

3      On or about November 15, 2011, AWLI recorded a "Short Form Deed of
4  Trust and Assignment of Rents" as document number 2011000580146 in the Orange
5  County Recorder's Office.  This deed of trust purported to secure the $385,000
6  promissory note that Wells agreed to execute in favor of AWLI under the terms of
7  the "Settlement Agreement, Stipulation for Entry of Judgment and Judgment."
8  Plaintiffs are informed and believe that Bell transmitted the "Short Form Deed of
9  Trust and Assignment of Rents" for filing with the county recorder by mail and/or
10  by wire.

11      On or about December 12, 2011, Bell, acting as "President" of AWLI,
12  executed an "Assignment of Deed of Trust," purporting to assign AWLI's deed of
13  trust to "Wendmere Funding, LLC, a Kentucky Limited Liability Company."  This
14  "Assignment of Deed of Trust" was recorded on or about January 4, 2012, in the
15  Orange County Recorder's Office as document number 2012000002551.  Plaintiffs
16  are informed and believe that Bell transmitted the "Assignment of Deed of Trust"
17  for filing with the county recorder by mail and/or by wire.

18      Neither AWLI, Van Eck, Bell nor any other Defendant had any direct or
19  indirect authority to take any action with respect to Wells's loan.

20          (c)    **The Nguyen Loan.**  On or about March 25, 2011, Tan Nguyen
21  commenced an action against "America's Wholesale Lender, Inc." in the Orange
22  County Superior Court for the State of California styled *Nguyen v. America's*
23  *Wholesale Lender, Inc., et al.*, Case No. 30-2011-00461444.

24      The lawsuit concerned a residential loan for $390,000 that Nguyen obtained
25  from CHL on or about October 4, 2004, in a transaction in which CHL utilized its
26  "America's Wholesale Lender" fictitious business name and AMERICA'S
27  WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded
28  in the Orange County Recorder's Office on or about October 18, 2004, as document

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  number 2004000938222.  The address of the secured property is 14791 Riata Street,
2  Westminster, California.

3       BANA currently services this loan.  BNY Mellon currently owns Nguyen's
4  loan in its capacity as trustee for the CHL Mortgage Pass-Through Trust, Series
5  2004-29.

6       On or about March 31, 2011, Van Eck, using his alias, "Maurits Van Eck,"
7  and acting as a "Sr. Vice President" of AWLI, executed a "Settlement Agreement,
8  Stipulation for Entry of Judgment and Judgment," which was filed in the court
9  records on April 1, 2011.  The court entered the stipulated judgment on or about
10  April 7, 2011.

11       The "Settlement Agreement, Stipulation for Entry of Judgment and
12  Judgment" falsely that the Nguyen's loan was "in favor of" AWLI when it was
13  really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious
14  business name and AMERICA'S WHOLESALE LENDER® mark), called for
15  Nguyen to execute a new promissory note for $225,000 in favor of AWLI (with a
16  sixty day window to extinguish the entire $225,000 loan for a lump sum payment of
17  $75,000) as full satisfaction of Nguyen's loan and called for AWLI to fully
18  reconvey the deed of trust associated with Nguyen's loan.

19       Plaintiffs never received any funds from anyone to pay off Nguyen's CHL-
20  originated loan.

21       On or about April 9, 2011, Bell, acting as a "Vice President" of AWLI,
22  executed a reconveyance of the deed of trust associated with CHL's original loan
23  and recorded the reconveyance as document number 2011000197448 in the Orange
24  County Recorder's Office on April 18, 2011.  Plaintiffs are informed and believe
25  that Bell transmitted the reconveyance for filing with the county recorder by mail
26  and/or by wire.

27       Neither AWLI, Bell, Van Eck, nor any other Defendant had any direct or
28  indirect authority to take any action with respect to Nguyen's loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1          (d)     **The Calco-Crawford Loan.**  On or about April 20, 2011, Bell

2   advised his agent and confederate Paul Nguyen by e-mail to have borrower Celia

3   Calco-Crawford to file a lawsuit against AWLI.  On or about June 14, 2011, Calco-

4   Crawford commenced an action against "America's Wholesale Lender" in the

5   Orange County Superior Court for the State of California styled *Calco-Crawford v.*

6   *America's Wholesale Lender, et al.*, Case No. 30-2011-00483557.

7          The lawsuit concerned a loan for $396,000 that Calco-Crawford obtained

8   from CHL on or about October 12, 2005, in a transaction in which CHL utilized its

9   "America's Wholesale Lender" fictitious business name and AMERICA'S

10  WHOLESALE LENDER® mark.  The loan was secured by a deed of trust recorded

11  in the Orange County Recorder's Office on or about October 14, 2005, as document

12  number 2005000829245.  The address of the secured property is 23244 Coso #113,

13  Mission Viejo, California.

14         BANA currently services this loan.  BNY Mellon currently owns the loan in

15  its capacity as trustee for the Alternative Loan Trust 2006-4CB.

16         On June 29, 2011, Van Eck, using his alias, "Maurice Van Eck," and acting as

17  a "Vice President" of AWLI, executed a "Settlement Agreement, Stipulation for

18  Entry of Judgment and Judgment," which was filed in the court records on July 1,

19  2011.  The court entered the stipulated judgment on or about July 8, 2011.

20         The "Settlement Agreement, Stipulation for Entry of Judgment and

21  Judgment" falsely that the Calco-Crawford's loan was "in favor of" AWLI when it

22  was really in favor of CHL (under CHL's "America's Wholesale Lender" fictitious

23  business name and AMERICA'S WHOLESALE LENDER® mark), called for

24  Calco-Crawford to execute a new promissory note for $130,000 in favor of AWLI

25  and to make a $122,000 lump sum payment to AWLI in exchange for full

26  satisfaction of the original loan that Calco-Crawford obtained from CHL and called

27  for AWLI to fully reconvey the deed of trust associated with that Calco-Crawford's

28  loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Plaintiffs never received any funds from anyone to pay off Calco-Crawford's
2   CHL-originated loan.

3   On or about June 29, 2011, Van Eck, using his alias "Maurits Van Eck," and
4   acting as a "V.P." of AWLI, executed an "Assignment of Deed of Trust," purporting
5   to assign CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of
6   Trust" was recorded in the Orange County Recorder's Office on or about July 14,
7   2011, as document number 2011000344047. On or about July 13, 2011, Van Eck,
8   using his alias "Maurice Van Eck," and acting as "V.P." of "America's Wholesale
9   Lender" executed another "Assignment of Deed of Trust," purporting to assign
10  CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of Trust" was
11  recorded in the Orange County Recorder's Office on or about July 18, 2011, as
12  document number 2011000347498. Plaintiffs are informed and believe that Van
13  Eck transmitted each "Assignment of Deed of Trust" for filing with the county
14  recorder by mail and/or by wire.

15  Neither AWLI, Van Eck, nor any other Defendant had any direct or indirect
16  authority to take any action with respect to Calco-Crawford's loan.

17  (e)  **The Budka Loan.**  On or about June 8, 2011, Michael and Jan
18  Budka commenced an action against "America's Wholesale Lender, Inc." in the
19  Orange County Superior Court for the State of California styled *Budka, et al. v.*
20  *America's Wholesale Lender, Inc., et al.*, Case No. 30-2011-00481753.

21  The lawsuit concerned a loan for $1,500,000 that the Budkas obtained from
22  CHL on September 29, 2004, in a transaction in which CHL utilized its "America's
23  Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE
24  LENDER® mark. The loan was secured by a deed of trust recorded in the Orange
25  County Recorder's Office on or about October 1, 2004, as document number
26  2004000884675. The address of the secured property is 19906 Trotter Lane, Yorba
27  Linda, California.

28  BANA currently services this loan. BNY Mellon currently owns the Budkas'

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   loan in its capacity as trustee for the Mortgage Pass-through Trust, Series 2005-
2   HYB2.

3        Plaintiffs never received any funds from anyone to pay off the Budkas' CHL-
4   originated loan.

5        On July 23, 2011, Van Eck, using his alias "Maurice Van Eck," and acting as
6   a "Vice President" of AWLI, executed an "Assignment of Deed of Trust," which
7   purported to assign the deed of trust associated with CHL's original loan to AWLI.
8   The "Assignment of the Deed of Trust" was recorded in the Orange County
9   Recorder's Office on or about July 25, 2011, as document number 2011000360230.
10  Plaintiffs are informed and believe that Van Eck transmitted the "Assignment of
11  Deed of Trust" for filing with the county recorder by mail and/or by wire.

12       Neither AWLI, Van Eck, Bell, nor any other Defendant had any direct or
13  indirect authority to take any action with respect to the Budkas' loan.

14       (f)    **The May Loan.**  On or about June 21, 2011, Cecilia May
15  commenced an action against "America's Wholesale Lender, Inc." in the Los
16  Angeles County Superior Court for the State of California styled *May, et al. v.*
17  *America's Wholesale Lender, Inc., et al.*, Case No. LC093985.

18       The lawsuit concerned a loan for $877,600 that May obtained from CHL on
19  or about December 20, 2005, in a transaction in which CHL utilized its "America's
20  Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE
21  LENDER® mark.   The loan was secured by a deed of trust recorded in the Los
22  Angeles County Recorder's Office on or about December 30, 2005, as document
23  number 05 3232308.  the address of the secured property is 29000 Woodcreek
24  Court, Agoura Hills, California.

25       BANA currently services this loan.  BNY Mellon currently owns May's loan
26  in its capacity as trustee of Alternative Loan Trust 2006-OA2.

27       Plaintiffs never received any funds from anyone to pay off May's CHL-
28  originated loan.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Nevertheless, on or about October 12, 2011, Bell, acting as "President" of
2   AWLI, executed a reconveyance of the deed of trust associated with CHL's original
3   loan and recorded the reconveyance as document number 20111445629 in the Los
4   Angeles County Recorder's Office on or about October 26, 2011.  Plaintiffs are
5   informed and believe that Bell transmitted the reconveyance for filing with the
6   county recorder by mail and/or by wire.

7    Neither AWLI, Bell nor any other Defendant had any direct or indirect
8   authority to take any action with respect to May's loan.

9    On or about October 18, 2011, May executed a deed of trust in favor of David
10  E. Landon, purporting to secure a $340,000 loan with the property located at  29000
11  Woodcreek Court, Agoura Hills, California.  The deed of trust was recorded on
12  October 26, 2011.

13   On or about November 16, 2011, AWLI recorded a "Deed of Trust" as
14  document number 20111548663 in the Los Angeles County Recorder's Office
15  purporting to secure a $65,000 loan from May to AWLI.

16   On or about November 21, 2011, Bell, acting as "President" of AWLI,
17  executed an "Assignment of Deed of Trust," purporting to assign AWLI's deed of
18  trust to "Wendmere Funding, LLC, a Kentucky Limited Liability Company."  This
19  "Assignment of Deed of Trust" was recorded on or about November 22, 2011, in the
20  Los Angeles County Recorder's Office as document number 20111584674.
21  Plaintiffs are informed and believe that Bell transmitted the "Assignment of Deed
22  of Trust" for filing with the county recorder by mail and/or by wire.

23   (g)    **The Hamilton Loan.**  On or about April 25, 2005, CHL,
24  utilizing its fictitious business name and mark, "America's Wholesale Lender,"
25  made a loan in the amount of $1,440,000 to Jeffrey C. Hamilton and Elizabeth
26  Hamilton, which was secured by a deed of trust recorded in the Orange County
27  Recorder's Office as document number 2005000329048.  The address of the secured
28  property is  89 Old Course Drive, Newport Beach, California.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    BANA currently services this loan.    Deutsche Bank currently owns the
2  Hamiltons' loan in its capacity as trustee for GSAA Home Equity Trust 2005-8.
3    Plaintiffs never received any funds from anyone to pay off the Hamiltons'
4  CHL-originated loan.
5    On or about August 18, 2011, Van Eck, using his alias "Maurice Van Eck,"
6  and acting as a "Vice President" of "America's Wholesale Lender" executed an
7  "Assignment of Deed of Trust," which purported to assign the deed of trust
8  established by CHL to "The Ryzman Foundation, Inc." The assignment was
9  recorded as document number 2011000415908 in the Orange County Recorder's
10  Office on or about August 23, 2011. Plaintiffs are informed and believe that Van
11  Eck transmitted the "Assignment of Deed of Trust" for filing with the county
12  recorder by mail and/or by wire.
13    Neither AWLI, Van Eck, nor any other Defendant had any direct or indirect
14  authority to take any action with respect to the Hamiltons' loan.
15    50.    The AWLI Defendants' wrongful conduct is not limited to the
16  circumstances described in Paragraph 49 above.
17    51.    Taking advantage of the similarity of the name of their sham
18  corporation ("America's Wholesale Lender, Inc.") and CHL and BAC's legitimate
19  name and trademark ("America's Wholesale Lender" and AMERICA'S
20  WHOLESALE LENDER®), the AWLI Defendants continue their deceptive and
21  fraudulent impersonation of CHL to confuse borrowers, courts, county recorders and
22  the public at large into believing that the AWLI Defendants are acting on behalf of,
23  or are authorized by Plaintiffs, when in reality they are not.
24    52.    The AWLI Defendants' actions are also designed to create the
25  misimpression in courts, county recorders and the public at large that valid liens
26  originally established by CHL, that should be in full force and effect, have been
27  reconveyed or assigned and that there are court judgments against CHL.
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

53.     The AWLI Defendants are not authorized by the Plaintiffs to use the name "America's Wholesale Lender" and the trademark AMERICA'S WHOLESALE LENDER® in any form or variation as a mark or name for any purpose.

54.     The AWLI Defendants' deceptive and fraudulent impersonation of CHL and deceptive, fraudulent and unauthorized misuse of the "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark have caused pecuniary harm to Plaintiffs because Plaintiffs have been forced to, among other things, expend money that they would not otherwise have had to have expended to protect the loans that they originated, service and/or own. The AWLI Defendants' actions have also harmed Plaintiffs goodwill, business reputation and interfered with Plaintiffs' business.

## FIRST CLAIM FOR RELIEF
### (Civil RICO – 18 U.S.C. § 1962(c))
**By Plaintiffs CHL, BANA, BNY Mellon and Deutsche Bank Against Defendants Bell, Van Eck, English, Paul Nguyen, Shriver, Bernardo**

55.     Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 54 as if fully set forth herein.

**A.     Enterprise**

56.     AWLI is a corporation and the RICO enterprise within the meaning of 18 U.S.C. section 1962(c).

57.     Bell is the President of AWLI.

58.     Van Eck is a Vice President of AWLI.

59.     English is a former Executive Vice President, Vice President and/or "Secretary Treasure" of AWLI.

60.     Paul Nguyen acted as an agent and representative of AWLI in California.

61.     Shriver acted as an agent and representative of AWLI in California.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

62.    Villapudua acted as a representative of AWLI in California

63.    Bell, Van Eck, English, Nguyen, Shriver and Villapudua consulted with each other and acted within their hierarchical roles at AWLI to commit the fraud described above.  Each acted as part of a common purpose to defraud borrowers and impair various Plaintiffs' interests in mortgaged property.  Through AWLI, these Defendants established relationships allowing them to commit these acts, and those relationships continued for sufficient time to pursue the enterprise's purpose (as evidenced by the wrongdoing discussed above).

64.    AWLI has no legitimate business purposes and was incorporated as a means of effectuating the mortgage fraud, real estate fraud and fraud on the courts described above.

**B.    Conduct**

65.    Bell conducted the affairs of the AWLI enterprise by, among other things, taking unauthorized and fraudulent actions with respect to various loans and liens in which AWLI had no interest.

66.    Van Eck conducted the affairs of the AWLI enterprise by, among other things, taking unauthorized and fraudulent actions with respect to various loans and liens in which AWLI had no interest.

67.    English conducted the affairs of the AWLI enterprise by, among other things, taking unauthorized and fraudulent actions with respect to various loans and liens in which AWLI had no interest.

68.    Paul Nguyen conducted the affairs of the AWLI enterprise by, among other things, taking unauthorized and fraudulent actions with respect to various loans and liens in which AWLI had no interest.

69.    Shriver conducted the affairs of the AWLI enterprise by, among other things, taking unauthorized and fraudulent actions with respect to various loans and liens in which AWLI had no interest.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    70.    Villapudua conducted the affairs of the AWLI enterprise by, among

2 other things, taking unauthorized and fraudulent actions with respect to various

3 loans and liens in which AWLI had no interest..

4 **C.    Pattern of Racketeering Activity**

5    71.    In conducting the affairs of the AWLI enterprise, Bell has engaged in a

6 pattern of racketeering activity by committing at least two acts indictable under 18

7 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

8    72.    In conducting the affairs of AWLI enterprise, Van Eck has engaged in a

9 pattern of racketeering activity by committing at least two acts indictable under 18

10 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

11    73.    In conducting the affairs of the AWLI enterprise, English has engaged

12 in a pattern of racketeering activity by committing at least two acts indictable under

13 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

14    74.    In conducting the affairs of the AWLI enterprise, Paul Nguyen has

15 engaged in a pattern of racketeering activity by committing at least two acts

16 indictable under 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

17    75.    In conducting the affairs of the AWLI enterprise, Shriver has engaged

18 in a pattern of racketeering activity by committing at least two acts indictable under

19 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

20    76.    In conducting the affairs of the AWLI enterprise, Villapudua has

21 engaged in a pattern of racketeering activity by committing at least two acts

22 indictable under 18 U.S.C. sections 1341, 1343, 1344 and 1357 in the last ten years.

23    77.    The racketeering activity described herein has been interrelated as part

24 of a unified real estate and mortgage fraud scheme and has continued from at least

25 2008 to the present.

26    78.    There is continuing threat of further racketeering activity.  Plaintiffs'

27 lawsuit and preliminary injunction are the only reasons that the AWLI Defendants'

28 racketeering activity has stopped.

## D.   Injury And Causation

79.   As a direct and proximate result of the of the racketeering activity described herein, CHL has incurred legal fees and costs in prior litigation other than the one at issue, lost servicing fees and incurred carrying costs such as tax payments and hazard insurance payments.

80.   As a direct and proximate result of the racketeering activity described herein, BANA has incurred legal fees and costs in prior litigation other than the one at issue, lost servicing fees and incurred carrying costs such as tax payments and hazard insurance payments.

81.   As a direct and proximate result of the racketeering activity described herein, BNY Mellon has incurred legal fees and costs in prior litigation other than the one at issue, lost mortgage payments, had a lien extinguished and incurred carrying costs such as tax payments and hazard insurance payments.

82.   As a direct and proximate result of the racketeering activity described herein, Deutsche Bank has lost mortgage payments and incurred carrying costs such as tax payments and hazard insurance payments.

### SECOND CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114(1))

### By BAC Against All AWLI Defendants

83.   Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 82 as if fully set forth herein.

84.   The acts of the AWLI Defendants described herein constitute infringement of the AMERICA'S WHOLESALE LENDER® mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

85.   The AWLI Defendants have used and continue to use the federally registered AMERICA'S WHOLESALE LENDER® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of real estate financing and/or related services without authorization from BAC.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

86.   The AWLI Defendants have reproduced, copied or imitated the federally registered AMERICA'S WHOLESALE LENDER® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of real estate financing and/or related services without BAC's consent.

87.   The AWLI Defendants' infringing activities have in fact caused, and are likely to continue to cause, confusion, mistake and deception among the general consuming public and trade as to the origin and quality of services that the AWLI Defendants purport to offer, or of BAC's services.

88.   The AWLI Defendants' unlawful conduct has been knowing, deliberate and willful.

89.   The AWLI Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

90.   BAC has been harmed and continues to be harmed by the AWLI Defendants' unlawful acts, including harm to its good will and reputation.

91.   BAC has no adequate remedy at law.  The AWLI Defendants' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to BAC.  As a result of the AWLI Defendants' conduct, BAC is entitled to injunctive relief and damages in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**

**(False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

**By BAC, BANA and CHL Against All AWLI Defendants**

92.   Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 91 as if fully set forth herein.

93.   The above acts of the AWLI Defendants constitute false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. section 1125(a)(1).

94.   The above acts of the AWLI Defendants, including use of the term "America's Wholesale Lender" (with or without an apostrophe or ", Inc."), have in

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  fact caused, and are likely to continue to cause, confusion, or to cause mistake, or to
2  deceive as to the true identity of the AWLI Defendants, or at the very least as to the
3  affiliation, connection, or association of the AWLI Defendants or the AWLI
4  Defendants' services or commercial activities with BAC, BANA and/or CHL or
5  BAC, BANA and/or CHL's services.  The AWLI Defendants are directly liable for
6  their actions and the actions of AWLI.

7      95.    The AWLI Defendants' unlawful conduct has been knowing, deliberate
8  and willful and done without the consent or authorization of BAC, BANA or CHL.

9      96.    The AWLI Defendants have been and are likely to continue to be
10  unjustly enriched by their unlawful conduct.

11      97.    BAC, BANA and CHL have no adequate remedy at law.  The AWLI
12  Defendants' conduct, as described herein, has caused and, if not enjoined, will
13  continue to cause irreparable damage to the Plaintiffs.  As a result of the AWLI
14  Defendants' conduct, BAC, BANA and CHL are entitled to injunctive relief and
15  damages in an amount to be determined at trial.

16  **FOURTH CLAIM FOR RELIEF**

17  **(Trademark Infringement – Cal. Bus. & Prof. Code § 14245)**

18  **By BAC, BANA and CHL Against All AWLI Defendants**

19      98.    Plaintiffs incorporate by reference and reallege each and every
20  allegation in Paragraphs 1 through 97 as if fully set forth herein.

21      99.    The AWLI Defendants have used, and continue to use the "America's
22  Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark (with
23  or without the apostrophe or ", Inc.") as an indicator of the source of the AWLI
24  Defendants' services for the purpose of enhancing the commercial value of the
25  AWLI Defendants' services.

26      100.    BAC, BANA and CHL have no adequate remedy at law.  The AWLI
27  Defendants' conduct, as described herein, has caused and, if not enjoined, will
28  continue to cause irreparable damage to the BAC, BANA and CHL.  As a result of

1 | the AWLI Defendants' conduct, BAC, BANA and CHL are entitled to injunctive
2 | relief and damages in an amount to be determined at trial.

3 | ### FIFTH CLAIM FOR RELIEF

4 | **(Unlawful, Unfair and Fraudulent Bus. Practices – Cal. Bus. & Prof.**
5 | **Code § 17200 *et. seq.*)**

6 | **By All Plaintiffs Against All the AWLI Defendants**

7 |     101.   Plaintiffs incorporate by reference and reallege each and every
8 | allegation in Paragraphs 1 through 100 as if fully set forth herein.

9 |     102.   The AWLI Defendants engaged in unlawful business acts and practices
10 | because they, among other things:

11 |     (a)   violated California Penal Code section 529 by impersonating
12 | CHL, BANA and/or BAC in the process of accepting service of legal papers,
13 | entering into settlement agreements and/or consent judgments in state court
14 | purporting to bind Plaintiffs, modifying or cancelling loans originated, serviced
15 | and/or owned by Plaintiffs, and reconveying liens established and/or owned by
16 | Plaintiffs;

17 |     (b)   violated California Civil Procedure Code section 1209(a)(8) by
18 | routinely and as a regular business practice accepting service of summonses and
19 | other legal documents, and by impersonating Plaintiffs, to enter into consent
20 | judgments in state court that purport to bind CHL;

21 |     (c)   violated 18 U.S.C. section 1962(c) as set forth above;

22 |     (d)   violated 15 U.S.C. section 1114(1) as set forth above;

23 |     (e)   violated 15 U.S.C. section 1125(a)(1)(A) as set forth above; and

24 |     (f)   violated Cal. Bus. & Prof. Code section 14245 as set forth above.

25 |     103.   The AWLI Defendants engaged in unfair and fraudulent business acts
26 | and practices because they impersonated CHL, BANA and/or BAC through the use
27 | of corporate name "America's Wholesale Lender, Inc"—which is deceptively
28 | similar to the "America's Wholesale Lender" fictitious business name and

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 AMERICA'S WHOLESALE LENDER® mark—for the purpose to misleading
2 borrowers, courts, county recorders and the public at large into believing that the
3 AWLI Defendants are or represent CHL, BANA and/or BAC, or at the very least are
4 associated with or sponsored or approved by CHL, BANA and/or BAC, when
5 clearly they are not.

6     104.   The AWLI Defendants' unlawful, unfair and fraudulent business acts
7 and practices have caused Plaintiffs to lose money and property in the form of lost
8 servicing fees and mortgage payments.

9     105.   The AWLI Defendants' unlawful, unfair and fraudulent business acts
10 and practices have also caused Plaintiffs to expend money to defend their loan and
11 lien interests that they otherwise would not have had to expend but for the AWLI
12 Defendants' unlawful, unfair and fraudulent business acts and practices,

13     106.   The AWLI Defendants' unlawful, unfair and fraudulent business acts
14 and practices have also and caused Plaintiffs to lose money by incurring carrying
15 costs, including property tax payments and hazard insurance payments, that they
16 would not have otherwise been required to expend if the AWLI Defendants had not
17 committed unlawful, unfair and fraudulent business practices.

18     107.   If not enjoined, the AWLI Defendants will continue to cause Plaintiffs
19 to lose money and property.  As a result of the AWLI Defendants' conduct,
20 Plaintiffs are entitled to injunctive relief.  Plaintiffs are also entitled to full
21 restitution of any money or property that the AWLI Defendants have gained by their
22 violations of California Business & Professions Code sections 17200 *et seq.*

23 **SIXTH CLAIM FOR RELIEF**
24 **(Deceptive, False and Misleading Advertising – Cal. Bus. & Prof. Code §§**
25 **17500 *et seq.*)**
26 **By All Plaintiffs Against All AWLI Defendants**
27     108.   Plaintiffs incorporate by reference and reallege each and every
28 allegation in Paragraphs 1 through 107 as if fully set forth herein.

BRYAN CAVE LLP / 120 BROADWAY, SUITE 300 / SANTA MONICA, CALIFORNIA 90401-2386

109.   The AWLI Defendants adopted and are using the "America's Wholesale Lender" name and the AMERICA'S WHOLESALE LENDER® mark (with or without the apostrophe or ", Inc.") with the intent to directly or indirectly promote and sell the AWLI Defendants' services and to profit from the Plaintiffs' reputation and goodwill.

110.   The above acts of the AWLI Defendants constitute untrue and misleading advertising as defined by California Business & Professions Code sections 17500 *et seq.*

111.   The AWLI Defendants' deceptive, false and misleading advertising have caused Plaintiffs to lose money and property as described in Paragraphs 104-106 above that they would not have lost but for the AWLI Defendants' deceptive, false and misleading advertising.

112.   If not enjoined, the AWLI Defendants will continue to cause Plaintiffs to lose money and property.  As a result of the AWLI Defendants' conduct, Plaintiffs are entitled to injunctive relief.  Plaintiffs are also entitled to full restitution of any money or property that the AWLI Defendants have gained by their violations of California Business & Professions Code sections 17500 *et seq.*

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Relief)

### By All Plaintiffs Against All AWLI Defendants

113.   Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 112 as if fully set forth herein.

114.   An actual controversy has arisen and now exists between Plaintiffs and the AWLI Defendants concerning the AWLI Defendants' use of the name "America's Wholesale Lender, Inc." and the validity of the AWLI Defendants' actions with respect to loans and liens originated, serviced and/or owned by Plaintiffs.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

115.   Plaintiffs, in contrast to the AWLI Defendants, believe that the AWLI Defendants had and have no authority or right to use the name "America's Wholesale Lender, Inc." or any similar name because doing so confuses borrowers, courts, county recorders, and the general public into believing that the AWLI Defendants are associated or affiliated with CHL, BANA and/or BAC, when clearly they are not.

116.   Plaintiffs, in contrast to the AWLI Defendants, believe that none of the AWLI Defendants had or have the authority to take any action with respect to loans and liens originated, serviced and/or owned by Plaintiffs.

117.   Plaintiffs, in contrast to the AWLI Defendants, believe that none of the AWLI Defendants had or have any right to contractually or otherwise bind Plaintiffs in any way whatsoever.

118.   Plaintiffs desire a judicial declaration that:

(a)   The AWLI Defendants have no right to use the "America's Wholesale Lender, Inc." name, the "America's Wholesale Lender" name or any other similar name;

## EIGHTH CLAIM FOR RELIEF

### (Cancellation of Instruments – Cal. Civ. Code § 3412)

### By BANA, BNY Mellon and Deutsche Bank Against All Defendants

119.   Plaintiffs incorporate by reference and reallege each and every allegation in Paragraphs 1 through 118 as if fully set forth herein.

120.   The AWLI Defendants—without any authority whatsoever—have recorded various assignments and reconveyances of liens originated, serviced and/or owned by Plaintiffs.

121.   By this action, Plaintiffs seek to cancel the following instruments:

(a)   The "Assignment of Deed of Trust" recorded on or about January 4, 2012, in the Orange County Recorder's Office as document number 2012000002551.

1    (b)    The reconveyance of the deed of trust associated recorded as
2    document number 2011000197448 in the Orange County Recorder's Office on April
3    18, 2011.

4    (c)    The "Assignment of Deed of Trust" recorded in the Orange
5    County Recorder's Office on or about July 14, 2011, as document number
6    2011000344047.

7    (d)    The "Assignment of Deed of Trust" recorded in the Orange
8    County Recorder's Office on or about July 18, 2011, as document number
9    2011000347498.

10    (e)    The "Assignment of Deed of Trust" recorded in the Orange
11    County Recorder's Office on or about July 25, 2011, as document number
12    2011000360230.

13    (f)    The reconveyance of the deed of trust recorded as document
14    number 20111445629 in the Los Angeles County Recorder's Office on or about
15    October 26, 2011.

16    (g)    The "Assignment of Deed of Trust" recorded as document
17    number 2011000415908 in the Orange County Recorder's Office on or about
18    August 23, 2011.

19    122.    By the cancellation of the reconveyance and assignment instruments
20    identified in Paragraph 121 above, Plaintiffs seek a judicial declaration that
21    Plaintiffs' liens are restored to the same priority that they had before the liens were
22    assigned or reconveyed as described in Paragraph 49 above.

23                    **PRAYER FOR RELIEF**

24    WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

25    1.    That the Court award actual damages, attorneys fees and treble
26    damages to the full extent allowed under 18 U.S.C. section 1862(c), in an amount to
27    be determined at trial.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    2.    That the AWLI Defendants be held to have infringed, directly or

2  indirectly, the federally registered AMERICA'S WHOLESALE LENDER® mark

3  within the meaning of 15 U.S.C. section 1114(1).

4    3.    That the AWLI Defendants be held to have, directly and indirectly,

5  falsely designated the origin, affiliation, endorsement, qualities, nature or

6  characteristics of services by using "America's Wholesale Lender, Inc." within the

7  meaning of 15 U.S.C. section 1125(a), and that such actions were willful and

8  intentional.

9    4.    That the AWLI Defendants be held to have engaged in trademark

10  infringement, unfair, unlawful and deceptive trade practices within the meaning of

11  California Business and Professions Code sections 14245, 17200 *et seq.* and 17500

12  *et seq.*

13    5.    That the Court grant a preliminary and permanent injunction

14  prohibiting the AWLI Defendants and their officers, partners, agents,

15  subcontractors, employees, subsidiaries, successors, assigns, and related companies

16  or entities, and all others acting in concert or participating with them from directly

17  or indirectly using "America's Wholesale Lender, Inc." or any confusingly similar

18  designations, as a mark, business name, domain name, email address, meta-tag or

19  otherwise, and also prohibiting acceptance of service of process intended for the

20  Plaintiffs and to provide to the Plaintiffs all documents and things that any of them

21  have received that were intended for the Plaintiffs.

22    6.    That the AWLI Defendants be required to destroy all advertising,

23  marketing, or other promotional materials bearing "America's Wholesale Lender" or

24  "America's Wholesale Lender, Inc.," along with the means for making the same.

25    7.    That AWLI immediately take steps to change its name to a name that is

26  not confusingly similar thereto or to "America's Wholesale Lender."

27    8.    That the AWLI Defendants be required to file with the Court and serve

28  on the Plaintiffs' counsel within 30 days after service of the judgment or order

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   requiring the actions specified above, a written report, sworn under oath, setting
2   forth in detail the manner and form in which the AWLI Defendants have complied
3   with the injunction issued by the court.

4        9.    That Plaintiffs have an accounting for damages and for all of the AWLI
5   Defendants' profits from their actions complained of herein.

6        10.   That the Court award the Plaintiffs actual and treble damages to the full
7   extent allowed under 15 U.S.C. section 1117, in an amount to be determined at trial;

8        11.   That the Court award the Plaintiffs all actual damages suffered by the
9   Plaintiffs by reason of the AWLI Defendants' conduct, as well as any profits of the
10  AWLI Defendants and restitution that are attributable to the AWLI Defendants'
11  infringing activities, unfair competition, false designation of origin, unfair business
12  practices and false advertising not taken into account in computing the actual
13  damages, and that punitive damages be awarded as authorized under the law;

14       12.   That Plaintiffs be awarded reasonable attorneys' fees, expenses and
15  costs associated with this action pursuant to 15 U.S.C. section 1117;

16       13.   That the Court grant declaratory relief as requested in the Seventh
17  Claim for Relief.

18       14.   That the Court cancel instruments as requested in the Eighth Claim for
19  Relief and restore Plaintiffs' lien positions as requested in the Eighth Claim for
20  Relief.

21       15.   All other actual damages.

22       16.   All other punitive damages permitted by law.

23       17.   All other attorneys' fees permitted by law.

24       18.   All other costs permitted by law.

25  ///

26  ///

27  ///

28  ///

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1     19.  All other restitution permitted by law.

2     20.  All other disgorgement permitted by law.

3     21.  All other injunctive relief permitted by law.

4     22.  All other treble damages permitted by law.

5     23.  Such other and further relief as this Court determines to be just and

6  appropriate.

7

Dated:  June 11, 2012

8                                        Respectfully submitted,

9                                        **BRYAN CAVE LLP**

10

11                                        By: _____

12                                          NAFIZ CEKIRGE

13                                          Attorneys for Plaintiffs
                                        COUNTRYWIDE HOME LOANS, INC.,

14                                          BANK OF AMERICA CORPORATION,
                                        BANK OF AMERICA, N.A., THE BANK

15                                          OF NEW YORK MELLON and DEUTSCHE
                                        BANK NATIONAL TRUST COMPANY

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386