1   Eric P. Early, State Bar No. 166275
        eearly@earlysullivan.com
2   William A. Wright, State Bar No. 193314
        wwright@earlysullivan.com
3   Kevin S. Sinclair, State Bar No. 254069
        ksinclair@earlysullivan.com
4   EARLY SULLIVAN WRIGHT
        GIZER & McRAE LLP
5   6420 Wilshire Blvd., 17th Floor
    Los Angeles, California  90048
6   Telephone: (323) 301-4660
    Facsimile: (323) 301-4676

7

8   Attorneys for Defendant, Counterclaimant and Crossclaimant
    DAVID E. LANDON

9

                    UNITED STATES DISTRICT COURT

10

        CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11

12   COUNTRYWIDE HOME LOANS,          Case No. CV 12-00242 CJC (ANx)
     INC.; BANK OF AMERICA
13   CORPORATION; BANK OF             **DAVID E. LANDON'S ANSWER TO**
     AMERICA, N.A., THE BANK OF       **THE FIRST AMENDED**
14   NEW YORK MELLON; and            **COMPLAINT, COUNTERCLAIM**
     DEUTSCHE BANK NATIONAL           **AND CROSSCLAIM**
15   TRUST COMPANY,

16               Plaintiffs,

17          v.

18   AMERICA'S WHOLESALE
     LENDER, INC., a New York
19   Corporation, DENNIS L. BELL, an
     individual; CHERI B. ENGLISH, an
20   individual; JAN VAN ECK (a/k/a
     HERMAN JAN VAN ECK a/k/a
21   MAURITZ VAN ECK a/k/a MAURICE
     VAN ECK a/k/a MARITZ VAN ECK
22   a/k/a GEORGET TOMAS), an
     individual; THE RYZMAN
23   FOUNDATION, INC., a California
     Corporation; DAVID E. LANDON, an
24   individual; LE VAN NGUYEN, an
     individual; WENDMERE FUNDING,
25   LLC, a Kentucky limited liability
     company; CHASE MERRIT FUND I,
26   LLC, a Nevada limited liability
     company; and DOES 1-10,

27               Defendants.

28

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

ANSWER, COUNTERCLAIM AND CROSSCLAIM

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

1  DAVID E. LANDON, an individual,          )
2              Counterclaimant,             )
3          v.                               )
4  COUNTRYWIDE HOME LOANS,                  )
   INC.; BANK OF AMERICA                    )
5  CORPORATION; BANK OF                     )
   AMERICA, N.A.,                           )
6                                           )
               Counterdefendants.           )
7                                           )
8  _____         )
   DAVID E. LANDON, an individual,          )
9                                           )
               Crossclaimant,               )
10         v.                               )
11 AMERICA'S WHOLESALE                      )
   LENDER, INC., a New York                 )
12 Corporation, DENNIS L. BELL, an          )
   individual; CHERI B. ENGLISH, an         )
13 individual, JAN VAN ECK (a/k/a           )
   HERMAN JAN VAN ECK a/k/a                 )
14 MAURITZ VAN ECK a/k/a MAURICE            )
   VAN ECK a/k/a MARITZ VAN ECK             )
15 a/k/a GEORGET TOMAS), an                 )
   individual; and ROES 1-100,              )
16                                          )
17             Crossdefendants.             )
18                                          )

19
20
21
22
23
24
25
26
27
28

ANSWER, COUNTERCLAIM AND CROSSCLAIM

Defendant, Counterclaimant and Crossclaimant David E. Landon ("Mr. Landon") hereby answers the First Amended Complaint (the "First Amended Complaint") of plaintiffs Countrywide Home Loans, Inc. ("Countrywide"), Bank of America Corporation ("BAC"), Bank of America, N.A. ("BANA"), The Bank of New York Mellon ("BNY") and Deutsche Bank National Trust Company ("DBNT") (collectively, "Plaintiffs") as follows:

## RESPONSE TO ALLEGATIONS REGARDING THE PARTIES

1.      Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1 through 15 of the First Amended Complaint, and on that basis denies such allegations.

2.      In response to paragraph 16 of the First Amended Complaint, Mr. Landon admits that he is an individual residing in California and that he has a security interest in certain real property which Plaintiffs are attempting to affect through the First Amended Complaint.  Mr. Landon denies that Plaintiffs have named all necessary parties to their eighth claim for relief, and Mr. Landon further denies that Plaintiffs are entitled to any relief, whatsoever, in connection to their eighth claim for relief.

3.      Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 17 through 18 of the First Amended Complaint, and on that basis denies such allegations.

## RESPONSE TO ALLEGATIONS REGARDING JURISDICTION

4.      Mr. Landon admits that this Court has subject matter jurisdiction over the federal claims asserted in this action against the other parties.  As to the balance of the allegations in paragraph 19, Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies such allegations.

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

1

5.     Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through 27 of the First Amended Complaint, and on that basis denies such allegations.

6.     Mr. Landon admits the allegations of paragraph 28 of the First Amended Complaint.

7.     Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 29 through 31 of the First Amended Complaint, and on that basis denies such allegations.

### RESPONSE TO ALLEGATIONS REGARDING VENUE

8.     Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint, and on that basis denies such allegations.

### RESPONSE TO ALLEGATIONS REGARDING NATURE OF THE CASE

9.     Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 33 through 49(e) of the First Amended Complaint, and on that basis denies such allegations.

10.     In response to paragraph 49(f) of the First Amended Complaint, Mr. Landon admits that a reconveyance of a deed of trust was recorded in the Official Records of Los Angeles County on October 26, 2011 as Instrument No. 2011 1445629 (the "Woodcreek Court Reconveyance"). Mr. Landon further admits that he is the beneficiary of a deed of trust recorded on October 26, 2011 against that certain real property located at 29000 Woodcreek Court, Agoura Hills, California (the "Woodcreek Court Property"), which secures a $340,000 loan made by Mr. Landon (the "Landon Deed of Trust"). Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in this paragraph, and on that basis, denies each of these remaining allegations.

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

2

11.   Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49(g) of the First Amended Complaint, and on that basis denies such allegations.

12.   Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 through 54 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE FIRST CLAIM FOR RELIEF**

13.   In response to the allegations of paragraph 55 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 54 of the First Amended Complaint, as though fully set forth herein.

14.   Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 56 through 82 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE SECOND CLAIM FOR RELIEF**

15.   In response to the allegations of paragraph 83 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 82 of the First Amended Complaint, as though fully set forth herein.

16.   Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 84 through 91 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE THIRD CLAIM FOR RELIEF**

17.   In response to the allegations of paragraph 92 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 91 of the First Amended Complaint, as though fully set forth herein.

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17TH Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

18.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 93 through 97 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE FOURTH CLAIM FOR RELIEF**

19.    In response to the allegations of paragraph 98 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 97 of the First Amended Complaint, as though fully set forth herein.

20.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 99 through 100 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE FIFTH CLAIM FOR RELIEF**

21.    In response to the allegations of paragraph 101 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 100 of the First Amended Complaint, as though fully set forth herein.

22.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 102 through 107 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE SIXTH CLAIM FOR RELIEF**

23.    In response to the allegations of paragraph 108 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 107 of the First Amended Complaint, as though fully set forth herein.

24.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 109 through 112 of the First Amended Complaint, and on that basis denies such allegations.

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

ANSWER, COUNTERCLAIM AND CROSSCLAIM

**RESPONSE TO ALLEGATIONS IN THE SEVENTH CLAIM FOR RELIEF**

25.    In response to the allegations of paragraph 113 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 112 of the First Amended Complaint, as though fully set forth herein.

26.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 114 through 118 of the First Amended Complaint, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS IN THE EIGHTH CLAIM FOR RELIEF**

27.    In response to the allegations of paragraph 119 of the First Amended Complaint, Mr. Landon realleges and reincorporates herein by reference his answers to paragraphs 1 through 118 of the First Amended Complaint, as though fully set forth herein.

28.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 120 through 121(e) of the First Amended Complaint, and on that basis denies such allegations.

29.    Mr. Landon admits on information and belief that the Woodcreek Court Reconveyance was recorded in the Los Angeles County Recorder's Office on October 26, 2011 as document no. 20111445629.  Mr. Landon denies that Plaintiffs are entitled to any relief with regard to said instrument, and further denies the remaining allegations set forth in paragraph 121(f) of the First Amended Complaint.

30.    Mr. Landon lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121(g) of the First Amended Complaint, and on that basis denies such allegations.

31.    In response to paragraph 122 of the First Amended Complaint, Mr. Landon denies that Plaintiffs are entitled to any relief with regard to the recorded instruments that are the subject of this lawsuit, including the Woodcreek Court

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

5

ANSWER, COUNTERCLAIM AND CROSSCLAIM

1    Reconveyance, and further denies that Plaintiffs are entitled to any declaratory or

2    other relief which would affect the priority of the Landon Deed of Trust. .

3        32.    Mr. Landon denies that Plaintiffs are entitled to any of the relief

4    identified in paragraphs 1-23 of the Prayer, or that Plaintiffs are entitled to any relief,

5    whatsoever, insofar as it pertains to Mr. Landon, the Landon Deed of Trust or the

6    Woodcreek Court Reconveyance.

7                          **AFFIRMATIVE DEFENSES**

8        33.    Without waiving or excusing Plaintiffs' burden of proof, or admitting

9    that Mr. Landon has any burden of proof, Mr. Landon hereby asserts the following

10   affirmative defenses to Plaintiffs' eighth claim for relief, which is the only claim for

11   relief asserted against Mr. Landon:

12                      **FIRST AFFIRMATIVE DEFENSE**

13                               **(Estoppel)**

14       34.    Mr. Landon is informed and believes, and based thereon alleges, that

15   Countrywide prepared that certain deed of trust recorded on or about December 30,

16   2005 in the Official Records of Los Angeles County as Instrument No. 05-3232308

17   (the "Countrywide Deed of Trust"), which deed of trust is referenced in paragraph

18   49(f) of the First Amended Complaint.

19       35.    Mr. Landon is further informed and believes, and based thereon alleges,

20   that as a result of what was, at a minimum, Countrywide's own negligence,

21   Countrywide identified "America's Wholesale Lender," a "Corporation organized and

22   existing under the laws of New York" as beneficiary of the Countrywide Deed of

23   Trust.  In other words, Countrywide identified defendant America's Wholesale

24   Lender, Inc. ("AWLI"), and not itself, as the beneficiary of the Countrywide Deed of

25   Trust.

26       36.    By Countrywide's own judicial admission, AWLI executed that certain

27   Reconveyance of the Countrywide Deed of Trust which Countrywide now seeks to

28   cancel.

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

6

37.     Thus, even assuming *arguendo* that the Reconveyance was not authorized by Countrywide, and assuming *arguendo* that there was any misconduct by AWLI or its principals, as between two innocent parties (i.e., Countrywide and Mr. Landon), the one whose negligence facilitated the misconduct must bear any loss resulting therefrom.  Accordingly, for these and other reasons, Countrywide (and Plaintiffs) are equitably estopped from obtaining the cancellation of the Woodcreek Court Reconveyance.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

38.     Mr. Landon alleges that the eighth claim for relief is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

39.     Mr. Landon alleges that the eighth claim for relief is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40.     Mr. Landon alleges that the eighth claim for relief is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

41.     Mr. Landon alleges that the eighth claim for relief is barred in whole or in part because Plaintiff knowingly and voluntarily assumed the risk of the purported injuries alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Negligence/Contributory Negligence)

42.     Mr. Landon alleges that the eighth claim for relief is barred in whole or in part by Plaintiffs' own negligence.

7

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

## SEVENTH AFFIRMATIVE DEFENSE

### (Knowledge, Acquiescence, Consent, Acceptance and/or Ratification)

43.     Mr. Landon alleges that the eighth claim for relief is barred to the extent that Plaintiffs (including Countrywide), through their words or conduct, implicitly or explicitly ratified, acquiesced to and/or accepted the alleged conduct of the original defendants in this action, including, without limitation, the recording of the Woodcreek Court Reconveyance.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

44.     Mr. Landon alleges that the eighth claim for relief fails as a matter of law because Plaintiffs have failed to sue necessary parties, including the current owners of the properties referenced in paragraph 49 of the First Amended Complaint, and anyone claiming a lien on those properties, including Cecilia May, because the adjudication of this claim for relief affects their interests in the subject real properties at issue and their interests in the recorded instruments which Plaintiffs seek to cancel Accordingly, any judgment in favor of Plaintiffs on the eighth cause of action would be invalid and of no force or effect.

## NINTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Encumbrancer for Value)

45.     Mr. Landon alleges that the eighth claim for relief is barred because Mr. Landon was and is a *bona fide* encumbrancer for value of the Woodcreek Court Property, and therefore as a matter of law, Plaintiffs are not entitled to any relief which would disturb the lien priority of the Landon Deed of Trust.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

46.     Mr. Landon alleges that the eighth claim for relief is barred to the extent that Plaintiffs lack standing to seek cancellation of the Woodcreek Court Reconveyance.

8

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights re: Additional Affirmative Defenses)

47.     Mr. Landon reserves his right to allege further affirmative defenses as they may become known through the course of discovery and/or further legal analysis.

## COUNTERCLAIM

Mr. Landon hereby counterclaims against Plaintiffs as follows:

## PARTIES

48.     Mr. Landon is an individual residing in California.

49.     Mr. Landon is informed and believes, and based thereon alleges, that plaintiff and counterdefendant Countrywide is a New York Corporation with its principal place of business in California.

50.     Mr. Landon is informed and believes, and based thereon alleges, that plaintiff and counterdefendant BAC is a Delaware corporation with its principal place of business in North Carolina.

51.     Mr. Landon is informed and believes, and based thereon alleges, that plaintiff and counterdefendant BANA is a national banking association with its main office in North Carolina.

52.     Mr. Landon is informed and believes, and based thereon alleges, that plaintiff and counterdefendant BNY is a banking corporation organized under the laws of the State of New York.

53.     Mr. Landon is informed and believes, and based thereon alleges, that plaintiff and counterdefendant DBNT is a national banking association with its main office in California.

## JURISDICTION

54.     This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a), based upon the federal jurisdiction of the federal claims in the First Amended Complaint.

9

ANSWER, COUNTERCLAIM AND CROSSCLAIM

**FACTUAL BACKGROUND**

55.     Mr. Landon is informed and believes, and based thereon alleges, that Cecilia May is an individual who resides in Los Angeles County, California, and is the owner of the Woodcreek Court Property.

56.     Mr. Landon is informed and believes, and based thereon alleges, that on October 26, 2011, the Woodcreek Court Reconveyance was recorded in the Official Records of Los Angeles County.  As a result, the Countrywide Deed of Trust ceased to be a current and valid lien against the Woodcreek Property.

57.     Also on October 26, 2011, after the Woodcreek Court Reconveyance was recorded, the Landon Deed of Trust was recorded against the Woodcreek Court Property to secure a $340,000 loan made by Mr. Landon to Ms. May, which Mr. Landon at all times believed to be a first priority deed of trust.  At all times relevant hereto, Mr. Landon has been the beneficiary of the Landon Deed of Trust, which is a first priority lien against the Woodcreek Court Property.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

**(Against All Counterdefendants)**

58.     Mr. Landon repeats and incorporates by reference the allegations contained in paragraphs 48 through 57 hereof.

59.     An actual controversy has arisen and now exists between Mr. Landon, on the one hand, and Plaintiffs, on the other hand, in that Mr. Landon contends, and Counterdefendants dispute, that the Landon Deed of Trust is a first priority lien against the Property.  Specifically, Plaintiffs contend that the Woodcreek Court Reconveyance is invalid, that the Countrywide Deed of Trust never ceased to be a first and valid lien against the Woodcreek Court Property, and that Mr. Landon's recorded interest in the Woodcreek Court Property, i.e. the Landon Deed of Trust, is junior and subordinate to Plaintiffs' purported interest in the subject property.  Mr. Landon, on the other hand, contends that the Landon Deed of Trust is, and always has been, a first priority deed of trust, and that any purported interest that Plaintiffs may

10

ANSWER, COUNTERCLAIM AND CROSSCLAIM

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

1   have in the Woodcreek Court Property is junior and subordinate to Mr. Landon's

2   secured interest.

3       60.    Accordingly, Mr. Landon desires a judicial determination of his and

4   Plaintiffs' respective rights vis-à-vis each other with respect to the Woodcreek Court

5   Property. In particular, Mr. Landon desires a judicial declaration that the Landon

6   Deed of Trust is prior and senior to any purported rights that Plaintiffs may have in

7   the Woodcreek Court Property. . .

8       61.    Such declaration is appropriate and necessary at this time in order that

9   Mr. Landon and Plaintiffs may ascertain their rights with respect to the Woodcreek

10  Court Property.

11  **PRAYER**

12      **WHEREFORE**, Mr. Landon requests that the Court enter judgment in its

13  favor and against Plaintiffs on this Counterclaim, as follows:

14      1.    For a judicial declaration that the Landon Deed of Trust is prior and

15  senior to any purported rights that Plaintiffs may have in the Woodcreek Court

16  Property, if any.;

17      2.    That Plaintiffs take nothing by the eighth cause of action in their First

18  Amended Complaint;

19      3.    That Mr. Landon be awarded his costs of suit incurred herein; and

20      4.    For such other and further relief as the Court may deem proper and just.

21  **CROSSCLAIM**

22      Mr. Landon hereby crossclaims against AWLI, defendant and crossdefendant

23  Dennis L. Bell ("Bell"), defendant and crossdefendant Cheri B. English ("English"),

24  defendant and crossdefendant Jan Van Eck (a/k/a Herman Jan Van Eck a/k/a Mauritz

25  Van Eck a/k/a Maurice Van Eck a/k/a Maritz Van Eck a/k/a GEORGET Tomas)

26  ("Van Eck") as follows:

27  **PARTIES**

28      62.    Mr. Landon is an individual residing in California.

11

ANSWER, COUNTERCLAIM AND CROSSCLAIM

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

63.     Mr. Landon is informed and believes, and based thereon alleges, that AWLI is a New York corporation with its principal place of business in New York.

64.     Mr. Landon is informed and believes, and based thereon alleges, that Bell is an individual residing in Kentucky.

65.     Mr. Landon is informed and believes, and based thereon alleges, that English is an individual residing in Kentucky.

66.     Mr. Landon is informed and believes, and based thereon alleges, that Van Eck is an individual residing in Connecticut.

67.     Mr. Landon is not aware of the real names of Roes 1-100, and for that reason, sues them by these fictitious names.  Mr. Landon will amend his pleading to identify Roes 1-100 by their real names as they become known to Mr. Landon

68.     AWLI, Bell, English, Van Eck and Roes 1-100 are referred to collectively herein as Crossdefendants.

## JURISDICTION

69.     This Court has supplemental jurisdiction over these crossclaims pursuant to 28 U.S.C. § 1367(a), based upon the federal jurisdiction of federal claims in the First Amended Complaint.

## CROSSCLAIM FOR INDEMNITY

### (Against Crossdefendants)

70.     Mr. Landon repeats and incorporates by reference the allegations contained in paragraphs 62 through **Error! Reference source not found.** hereof.

71.     Mr. Landon denies that Plaintiffs are entitled to any relief, whatsoever, against Mr. Landon, or with respect to the Woodcreek Court Reconveyance or the Landon Deed of Trust.  However, to the extent that Plaintiffs obtain any relief as against Mr. Landon, the Landon Deed of Trust, the Woodcreek Court Reconveyance or the Woodcreek Court Property based on the allegations of the First Amended Complaint, Crossdefendants, and each of them, are legally responsible and liable for the same, and for any losses that Mr. Landon suffers as a result thereof, as a direct

12

ANSWER, COUNTERCLAIM AND CROSSCLAIM

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

1  result of Crossdefendants' negligent, intentional, fraudulent and/or wrongful conduct.

2  Accordingly, in the event that Plaintiffs are found to be entitled to any relief against

3  Mr. Landon or with respect to the Woodcreek Court Reconveyance, the Landon Deed

4  of Trust or the Woodcreek Court Property, Cross-Defendants are legally responsible

5  to indemnify Mr. Landon for any such losses.

6    72.   Therefore, based on principles of total and/or equitable and/or implied

7  indemnity, Crossdefendants are obligated to fully and/or partially indemnify Mr.

8  Landon for any sums that he may be compelled to pay, and any losses that he incurs,

9  as a result of any damages, judgments or other awards recovered by Plaintiffs in

10 connection with the First Amended Complaint, as well as any sums paid to Plaintiffs

11 in connection with any settlement of the claims asserted in the First Amended

12 Complaint.

13    73.   Additionally, Mr. Landon has been required by the torts, breaches of

14 duties and/or conduct of Crossdefendants to protect its own interests by defending

15 against the First Amended Complaint.  As a result, Mr. Landon is also entitled to

16 recover from Crossdefendants, as an element of his damages, his attorneys' fees and

17 costs incurred in connection with defending the First Amended Complaint.

18                              **PRAYER**

19    **WHEREFORE**, Mr. Landon requests that the Court enter judgment in its

20 favor and against Crossdefendants on this Crossclaim, as follows:

21    1.   That Mr. Landon be fully and/or partially indemnified by

22 Crossdefendants for the amount of:  (a) any sums Mr. Landon may be compelled to

23 pay, and any losses that Mr. Landon incurs, as a result of any damages, judgments or

24 other awards recovered by Plaintiffs in connection with the First Amended

25 Complaint, as well as any sums paid to Plaintiffs in connection with any settlement of

26 the First Amended Complaint; and (b) Mr. Landon's attorneys' fees incurred in

27 connection with the defense of the First Amended Complaint.

28    2.   That Mr. Landon be awarded his costs of suit incurred herein; and

ANSWER, COUNTERCLAIM AND CROSSCLAIM

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17th Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

3.     For such other and further relief as the Court may deem proper and just.

Dated:  August 17, 2012

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By:

KEVIN S. SINCLAIR
Attorneys for Defendant, Counterclaimant
and Crossclaimant DAVID E. LANDON

LAW OFFICES
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard
17ᵗʰ Floor
Los Angeles, California 90048
(323) 301-4660
www.earlysullivan.com

14

ANSWER, COUNTERCLAIM AND CROSSCLAIM

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 6420 Wilshire Boulevard, 17th Floor, Los Angeles, California 90048.

On August 17, 2012, I served the foregoing document(s) described as: **DAVID E. LANDON'S ANSWER TO THE FIRST AMENDED COMPLAINT, COUNTERCLAIM AND CROSSCLAIM** on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED

☐ (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☑ (BY EXPRESS MAIL)  By placing the above documents in the United States mail for Express Mail delivery at 6420 Wilshire Boulevard, 17th Floor, Los Angeles, California 90048, in a sealed envelope addressed as above, with Express Mail postage thereon fully prepaid.

☐ (BY FACSIMILE)  By use of facsimile machine, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 17, 2012, at Los Angeles, California.

_____
ADELE T. JOHNSON

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

1

SERVICE LIST
CV 12-00242 CJC (ANx)

Nafiz Cekirge, Esq.
Robert Edward Boone, III Esq.
Robert G. Lancaster, Esq.
BRYAN CAVE LLP
120 Broadway
Suite 300
Santa Monica, California 90401-2386
Tel:     (310) 576-2100
Fax:     (310) 576-2200
email:   nafiz.cekirge@bryancave.com
         rboone@bryancave.com
         rglancaster@bryancave.com

Steven Charles Vondran, Esq.
Law Offices of Steven C. Vondran PC
620 Newport Center Drive
Suite 1100
Newport Beach, California 92660
Tel:     (949) 689-8752
Fax:     (888) 551-2252
email:   steve@vondranlaw.com

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE