STEVEN C. VONDRAN (BAR NO. 232337)
steve@vondranlaw.com
THE LAW OFFICES OF STEVEN
C. VONDRAN, P.C.
620 Newport Center Drive
Suite 1100
Newport Beach, CA 92660
Telephone: (949) 945-8700
Facsimile: (888) 551-2252

Attorney for Defendant(s) and Crossdefendant(s):
AMERICA'S WHOLESALE LENDER, INC.,
DENNIS L. BELL AND CHERI B. ENGLISH,
WENDMERE FUNDING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON and DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual: JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual: THE RYZMAN FOUNDATION, INC., a California Corporation, DAVID E. LANDON, an individual, LE VAN NGUYEN, an individual; WENDMERE FUNDING, LLC, a Kentucky limited liability company; CHASE MERRITT FUND I, LLC, A Nevada limited liability company; and DOES 1-10<br><br>Defendants, | Case No.: CV 12-00242 CJC (ANx)<br><br>**AMERICA'S WHOLESALE LENDER, INC., DENNIS L. BELL, AND CHERI B. ENGLISH ANSWER TO CROSSCLAIM OF DAVID E. LANDON AND AFFIRMATIVE DEFENSES** |

| | |
|---|---|
| 1 | DAVID E. LANDON, an individual, |
| 2 | Counterclaimant, |
| 3 | |
| 4 | v. |
| 5 | COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A. |
| 6 | |
| 7 | Counterdefendant. |
| 8 | ---------------------------------------------- |
| 9 | DAVID E. LANDON, an individual, |
| 10 | Crossclaimant, |
| 11 | v. |
| 12 | AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual: JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and ROES 1-100, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Crossdefendants. |

Defendant/Crossdefendants AMERICA'S WHOLESALE LENDER, INC., ("AWLI") DENNIS L. BELL, ("BELL") AND CHERI B. ENGLISH ("ENGLISH") (collectively these three are referred to as "Crossdefendants") hereby answers the Crossclaim of David E. Landon (hereinafter "Landon" and/or "Crossclaimant") which is set forth on Page 11-14 of Landon's "Answer, Crossclaim, and Counterclaim" to Plaintiff's First Amended Complaint (starting at paragraph 62) as follows:

## **RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

1. In response to the allegations made in paragraph 62 of the Crossclaim, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62, and on that basis denies such allegation.

2. In response to the allegations made in paragraph 63 of the Crossclaim, Crossdefendant AWLI admits AWLI is a New York Corporation with its principle place of business in New York.

3. In response to the allegations made in paragraph 64 of the Crossclaim, Crossdefendant BELL admits that BELL is an individual residing in the State of Kentucky.

4. In response to the allegations made in paragraph 65 of the Crossclaim, Crossdefendant ENGLISH admits that ENGLISH is an individual residing in the State of Kentucky.

5. In response to the allegations made in paragraph 66 of the Crossclaim, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66, and on that basis denies such allegation.

6. In response to the allegations made in paragraph 67 of the Crossclaim, Crossdefendants lack knowledge or information sufficient to form a belief as to

ANSWER

the truth of the allegations set forth in paragraph 67, and on that basis denies such allegation.

7. In response to the allegations made in paragraph 68 of the Crossclaim, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68, and on that basis denies such allegation.

### RESPONSE TO ALLEGATIONS REGARDING JURISDICTION

8. In response to the allegations made in paragraph 69 of the Crossclaim, Crossdefendants deny that this Court has supplemental jurisdiction over the crossclaim pursuant to *28 U.S.C. § 1367(a)* as such Crossclaim (seeking indemnity) is not related to the claims coming under the Court's original jurisdiction in the trademark lawsuit and do not form the same "case and controversy" as required by Article III of the United States Constitution.

### RESPONSE TO ALLEGATIONS IN THE FIRST CLAIM FOR RELIEF – CROSSCLAIM FOR INDEMNITY

9. In response to the allegations made in paragraph 70, Crossdefendants reallege and reincorporates herein by reference their answers to paragraphs 62-69 of the Crossclaim, as though fully set forth herein. The allegations set forth in paragraph 70 are *vague, unintelligible, incomprehensible, violate pleading standards, and is insufficient as a matter of law*. Crossdefendants expressly and

unequivocally deny that Landon is entitled to any of the relief indentified in paragraphs 70-73 of his crossclaim as it pertains to Crossdefendants.

10. In response to the allegations made in paragraph 71, Crossdefendants expressly and unequivocally deny that Landon is entitled to any of the relief indentified in paragraphs 71 of his crossclaim as it pertains to Crossdefendants. To the extent any relief is possible, Landon may only recover from Counterdefendants, and their acts and omissions. As to the other allegations in this paragraph, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71, and on that basis denies such allegation

11. In response to the allegations made in paragraph 72, Crossdefendants expressly and unequivocally deny that Landon is entitled to any of the relief indentified in paragraphs 72 of his crossclaim as it pertains to Crossdefendants. To the extent any relief is possible, Landon may only recover from Counterdefendants, for their acts and omissions. As to the other allegations in this paragraph, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72, and on that basis denies such allegation.

12. In response to the allegations made in paragraph 73, Crossdefendants expressly and unequivocally deny that Landon is entitled to any of the relief indentified in paragraphs 73 of his crossclaim as it pertains to Crossdefendants. To the

extent any relief is possible, Landon may only recover from Counterdefendants, for their acts and omissions. As to the other allegations in this paragraph, Crossdefendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73, and on that basis denies such allegation.

## RESPONSE TO "PRAYER"

13. In response to the respective allegations made in paragraphs 1-3 of the "Prayer," Crossdefendants reallege and reincorporates herein by reference their answers to paragraphs 62-73 of the Crossclaim, as though fully set forth herein Crossdefendants expressly and unequivocally deny that Landon is entitled to any of the relief indentified in paragraphs paragraphs 1-3 as set forth in his "Prayer" to the Court, in regard to crossclaim as it pertains to Crossdefendants. To the extent any relief is possible, Landon may only recover from Counterdefendants, for their acts and omissions.

## AFFIRMATIVE DEFENSES

14. Without waiving or excusing Crossclaimant's Burden of Proof, or admitting that Crossdefendants have any burden of proof, Crossdefendants hereby assert the following affirmative defenses to Crossdefendants claim for relief for their first claim (equitable indemnity), which is the only claim for relief asserted against Crossdefendants.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

15. The Crossclaim, and each cause of action and request for relief therein, fails to state a claim upon which relief may be granted against Crossdefendants.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

16. Crossdefendants are informed and believe and, based thereon, allege, that it is not legally responsible in any fashion with respect to the damages and injuries claimed by Crossclaimaint in the Crossclaim; however, if Crossdefendant is subjected to any liability to Crossclaimant Landon it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others; including Counterdefendants, wherefore, any recovery obtained by Crossclaimaint against Crossdefendant should be reduced in the proportion to the respective negligence and fault, and legal responsibility of all other parties, persons, and entities, their agents, servants, and/or employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Crossdefendant, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to bring action in name of the Real Party in Interest)**

17. Crossdefendant is informed and believes and, based thereon, alleges that Crossclaimant is not the *real party in interest* to assert their Crossclaim, including all causes of action and/or requests for relief set forth therein.

## FOURTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

18. Crossdefendant is informed and believes and, based thereon, alleges that Crossclaimant lacks standing to assert their Crossclaim, including all causes of action and/or requests for relief set forth therein.

## FIFTH AFFIRMATIVE DEFENSE

**(Intervening/Superseding Causes)**

19. Crossdefendant is informed and believes and, based thereon, alleges that the injuries and damages of which Crossclaimaint complains were proximately caused, or contributed to, by the acts of other parties, persons and/or entities, including Counterdefendants, and that said acts and/or omissions were an intervening and superseding cause of the injuries and damages complained of, if any, which Crossclaimant complains, thus barring Crossclaimant from any recovery against Crossdefendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Roe Defendant)

20. Crossdefendant is not legally responsible for the acts and/or omissions of those additional crossdefendants named in the crossclaim and/or to be named as Roes.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

21. Crossdefendant is informed and believes and, based thereon, alleges that Crossclaimant at all times knew of and fully understood the danger and risks incident to acts undertaken by him, but despite such knowledge, freely and voluntarily assumed and exposed himself to all risks of harm and consequential injuries and damages, if any, resulting therefrom.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contribution)

22. The injuries and damages, if any, sustained by Crossclaimant at the times and places alleged in the Crossclaim were a direct and proximate result of the acts, omissions, or negligence of third parties not within the knowledge or control of Crossdefendant, and therefore were sustained, if at all, without any negligence on the part of Crossdefendant.

ANSWER

### NINTH AFFIRMATIVE DEFENSE

**(Reservation of Rights re: Additional Affirmative Defenses)**

23. Crossdefendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated affirmative defenses available. Crossdefendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

### TENTH AFFIRMATIVE DEFENSE

**(Indemnification)**

24. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant has been indemnified for any injuries suffered, and thereby impermissibly seeks a double-recovery against Crossdefendant.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary Parties)**

25. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant has been, or will be indemnified for any injuries suffered, and thereby seeks to assert claims on behalf of a third party insurance company, who is the real party in interest to this action, and who must be joined as a necessary party to this action. Further, Crossdefendant alleges certain homeowners, (including Wells, and May, and each of those named in the First Amended

Complaint) must be joined as parties to this action, as their rights are inherently, and directly affected and impacted, and this action cannot go forward, and would result in a null and void judgment if these parties are not joined.

## TWELFTH AFFIRMATIVE DEFENSE

**(Knowledge, Acquiescence, Consent, Acceptance, and/or Ratification)**

26. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant's claim for relief is barred to the extent that Crossclaimant Landon, through his words or conduct, implicitly, or explicitly ratified, acquiesced to and/or accepted the alleged conduct of another person.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Crossclaimant's Negligence/Contributory Negligence)**

27. Crossdefendant is informed and believes, based thereon, alleges that Crossdefendant claims for relief are barred in whole or in part by Crossclaimant's own negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

28. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant's claim is barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

29. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant's claim is barred by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

30. Crossdefendant is informed and believes, based thereon, alleges that Crossclaimant's claim is barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, Crossdefendant prays as follows:

1. That Crossclaimaint Landon take nothing by way of his Crossclaim

2. That Crossdefendant be awarded its attorneys' fees and costs of suit incurred herein

3. For other and further relief as the Court deems just and proper

\>\>\>

\>\>\>

RESPECTFULLY SUBMITTED

Dated: September 13th, 2012

THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

By: _____
Steven C. Vondran, Esq.

steve@vondranlaw.com
Attorney representing
Defendants/Crossdefendants
AMERICA'S WHOLESALE
LENDING, INC.; DENNIS L.
BELL; CHERI B. ENGLISH;
WENDMERE FUNDING, LLC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF ORANGE**

     I am employed by The Law Offices of Steven C. Vondran. P.C. in the County of Orange, State of California. I am over the age of 18 and not a party to the above-captioned action. My business address is 620 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660. I also have an office at 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016.

     On September 13th, 2012, I served the foregoing document(s) in the within action, described as:

**DEFENDANT DENNIS BELL, AMERICA'S WHOLESALE LENDER, AND CHERI B. ENGLISH ANSWER W/AFFIRMATIVE DEFENSES, TO CROSCLAIMANT DAVID. E. LANDON'S CROSSCLAIM.**

     On the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY MAIL:** By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepared, in the U.S. Mail at Newport Beach, CA. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on the same day with postage thereon fully prepaid at Newport Beach, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

[ ] **BY OVERNIGHT COURIER:** I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as forth above, with fees for overnight delivery paid or provided for.

[ ] **BY FAX:** By use of a facsimile machine I transmitted a true copy of the foregoing document(s) to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee(s) listed above.

[X] **BY ELECTRONIC SERVICE:** The document will be served upon e-filing, via the United States District Court-Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the assigned judge and any party who is a registered user in the case.

ANSWER

1  [ ] **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2  [X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 13th, 2012, at Phoenix, Arizona

Dated:        September 13, 2012         THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

By: _____
     Steven C. Vondran, Esq.

---
15
ANSWER

**SERVICE LIST (Electronic filing)**

CV 12-00242 CJC (ANx)

Nafiz Cekirge, Esq
Robert Edward Boone, III Esq.
Robert G. Lancaster, Esq.
BRYAN CAVE, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

Email:  Nafiz Cekirge        nafiz.cekirge@bryancave.com
        Robert E. Boone III  reboone@bryancave.com
        Robert G. Lancaster  rglancaster@bryancave.com

William Wright, Esq.
Eric Peter Early, Esq.
Kevin Sinclair, Esq.
EARLY SULLIVAN WRIGHT GIZER & MCRAE
6420 Wilshire Blvd. 17th Floor
Los Angeles, CA 90048

Email:  William Wright      wwright@earlysullivan.com
        Eric Peter Early    eearly@earlysullivan.com
        Kevin Sinclair      ksinclair@earlysullivan.com