ROBERT E. BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
JED P. WHITE (SBN 232339)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: reboone@bryancave.com
   nafiz.cekirge@bryancave.com
   jed.white@bryancave.com

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A., THE BANK
OF NEW YORK MELLON and DEUTSCHE BANK
NATIONAL TRUST COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON; and DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; THE RYZMAN FOUNDATION, INC., a California Corporation; DAVID E. LANDON, an individual; LE VAN NGUYEN, an individual; WENDMERE FUNDING, LLC, a Kentucky limited liability company; CHASE MERRITT FUND I, LLC, a Nevada limited liability company; and DOES 1-10,<br><br>Defendants. | **Case No.: 8:12-cv-00242-CJC(ANx)**<br><br>Hon. Cormac J. Carney<br><br>**PLAINTIFF BANK OF AMERICA, N.A.'S OPPOSITION TO DEFENDANTS AMERICA'S WHOLESALE LENDER, INC., CHERI B. ENGLISH, WENDMERE FUNDING, LLC, AND DENNIS L. BELL'S MOTION FOR PROTECTIVE ORDER AND TO SEAL RECORDS**<br><br>First-Amended<br>Complaint filed: June 11, 2012<br><br>Date: March 4, 2013<br>Time: 1:30 p.m.<br>Courtroom: 9B |

| | | |
|---|---|---|
| 1 | DAVID E. LANDON, an individual, | Counterclaim Filed: August 17, 2012 |
| 2 | Counterclaimant, | |
| 3 | v. | |
| 4 | COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A. | |
| 5 | | |
| 6 | | |
| 7 | Counterdefendants. | |
| 8 | DAVID E. LANDON, an individual, | Crossclaim Filed: August 17, 2012 |
| 9 | Crossclaimant, | |
| 10 | v. | |
| 11 | AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and ROES 1-100, | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | Crossdefendants. | |
| 18 | THE RYZMAN FOUNDATION, INC., a California corporation, | Counterclaim Filed: November 9, 2012 |
| 19 | Counterclaimant, | |
| 20 | v. | |
| 21 | COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON; and DEUTSCHE BANK NATIONAL TRUST COMPANY | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | Counterdefendants. | |
| 26 | | |
| 27 | | |
| 28 | | |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

| | |
|---|---|
| THE RYZMAN FOUNDATION, INC., a California corporation,<br><br>            Crossclaimant,<br><br>            v.<br><br>AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and ROES 1-100,<br><br>            Crossdefendants. | Crossclaim Filed: November 9, 2012 |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. AWLI IS NOT ENTITLED TO A PROTECTIVE ORDER ON FIFTH AMENDMENT GROUNDS ..................................................................................2

    A. AWLI Has No Fifth Amendment Privilege Against Self-Incrimination ..................................................................................................2

    B. AWLI Cannot Avoid Discovery By Indirectly Asserting The Fifth Amendment Through Bell Or English ..........................................................3

III. THIS COURT SHOULD NOT ALLOW THE WHOLESALE "SEALING" OF DISCOVERY ...............................................................................6

IV. CONCLUSION .......................................................................................................6

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Am. Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ................................................................................3

*Amato v. United States*,
  450 F.3d 46 (1st Cir. 2006) ...................................................................................5

*Braswell v. United States*,
  487 U.S. 99 (1988) ....................................................................................... 1, 2, 4

*EBay, Inc. v. Digital Point Solutions, Inc.*,
  Case Number C 08-4052 JF (PVT),
  2010 U.S. Dist. LEXIS 7997  (N.D. Cal. Jan. 12, 2010) ...................................5, 6

*Fisher v. United States*,
  425 U.S. 391 (1976) ............................................................................................2, 4

*Freedom Med., Inc. v. Gillespie*,
  Civil Action No. 06-3195,
  2007 U.S. Dist. LEXIS 3344 (E.D. Pa. Jan. 17, 2007) ..........................................4

*Gen. Dynamics Corp. v. Selb Mfg. Co.*,
  481 F.2d 1204 (8th Cir. 1973) ...............................................................................5

*Hale v. Henkel*,
  201 U.S. 43 (1906) .................................................................................................1

*In re 650 Fifth Ave. & Related Props.*,
  1:08-cv-10934-RJH,
  2012 U.S. Dist. LEXIS 14973 (S.D.N.Y. Feb. 6, 2012) ........................................5

*In re Grand Jury Subpoena*,
  No. M11-189, 2009 U.S. Dist. LEXIS 71610 (S.D.N.Y. Aug. 5, 2009) ................5

*Naylor v. Flavan*,
  No. CV 08-03746 GAF (AJW),
  2009 U.S. Dist. LEXIS 132295 (C.D. Cal. Apr. 7, 2009) ......................................3

*Pintos v. Pac. Creditors Ass'n*,
  605 F.3d 665 (9th Cir. 2010) .................................................................................6

*United States v. Arizechi*, iv. Nos. 06-CV-528 and 529 (WJM) (RJH),
  2006 U.S. Dist. LEXIS 41012  (D.N.J. Jun. 20, 2006) ..........................................5

*United States v. Blackman*,
  72 F.3d 1418 (9th Cir. 1995) .................................................................................4

*United States v. Brown*,
  918 F.2d 82 (9th Cir. 1990) ...................................................................................6

*United States v. Kastigar*,
  406 U.S. 441 (1972) ...............................................................................................2

*United States v. Kordel*,
  397 U.S. 1 (1970) ...................................................................................................5

*United States v. Stone*,
  976 F.2d 909 (4th Cir. 1992) .................................................................................5

***Rules***

Fed. R. Civ. Proc. 26(c) ................................................................................................ 6

U.S. Const. amend. V. ................................................................................................. 2

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## I. INTRODUCTION

On November 15, 2012, Plaintiff Bank of America, N.A. served one set of requests for production, interrogatories and requests for admission on Defendant America's Wholesale Lender, Inc. ("AWLI"). AWLI now brings this motion for a protective order based on the Fifth Amendment's privilege against self-incrimination to avoid responding to discovery. Although no discovery has been served on them, Defendants Dennis Bell, Cheri English and Wendmere Funding, LLC also seek to be part of the protective order. Defendants' motion has no merit.

Beginning with the United States Supreme Court's decision 107 years ago in *Hale v. Henkel*, 201 U.S. 43 (1906), a long line of cases with a "distinguished pedigree" have held that collective entities such as corporations do not enjoy the Fifth Amendment's protection against self-incrimination. *Braswell v. United States*, 487 U.S. 99, 104 (1988). Recognizing this rule, AWLI attempts to avoid it by claiming that it must be treated as a sole proprietorship with Fifth Amendment rights because Bank of America alleged in the First Amended Complaint that AWLI was a sham corporation with no legitimate business purpose.

But Bank of America never questioned AWLI's corporate status. Rather, Bank of America specifically alleged that AWLI is a New York corporation whose corporate purpose is to perpetrate fraud. There is no authority to suggest that a corporation committing fraud can adorn itself with Fifth Amendment rights.

Moreover, Defendants judicially admitted that AWLI is a New York corporation in numerous Court filings. Their judicial admission prevents them from now arguing that AWLI should not be treated as a corporation.

In short, because it enjoys no Fifth Amendment privilege against self-incrimination, AWLI cannot avoid discovery on Fifth Amendment grounds. While Bell and English personally have Fifth Amendment rights, this does not help AWLI. Neither Bell nor English can assert their personal Fifth Amendment privileges with

respect to the document requests because neither the contents of AWLI's corporate records nor the act of producing them is protected by the Fifth Amendment. To the extent that Bell or English assert their personal Fifth Amendment rights with respect to the interrogatories and requests for admission, AWLI must appoint someone else who is not at risk of self-incrimination—such as its counsel—to respond to this discovery.

## II. AWLI IS NOT ENTITLED TO A PROTECTIVE ORDER ON FIFTH AMENDMENT GROUNDS

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." The Fifth Amendment's protection against self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The Fifth Amendment's privilege against self-incrimination does not apply to a person's voluntary testimony or incriminating testimony by others, but rather only applies to a person's "own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976).

### A. AWLI Has No Fifth Amendment Privilege Against Self-Incrimination

But AWLI cannot invoke the Fifth Amendment privilege against self-crimination to "refuse to respond to the first set of discovery," (Mot. 9:19-9:20), because corporations "are not protected by the Fifth Amendment," *Braswell*, 487 U.S. at 102. AWLI tries to avoid this rule by claiming that it "must be treated as a *sole proprietorship*" (which has Fifth Amendment rights) because Bank of America alleged in the First Amended Complaint that "AWLI is a sham and not a real corporation." (Mot. 10:25-10:28 (emphasis in the original).)

This argument is a sleight of hand.  Bank of America never alleged that AWLI is "not a real corporation."  (Mot. 10:28.)  To the contrary, Bank of America expressly alleged that AWLI is a "New York Corporation."  (Dckt # 82, FAC ¶ 6.)  The fact that Bank of America also alleged that AWLI is a "sham" in the sense that its corporate purpose was to perpetrate fraud does not mean that Bank of America denied AWLI's corporate character.  (Dckt # 82, FAC ¶¶ 51, 64.)  There is no authority to suggest that a corporation engaging in fraud enjoys the Fifth Amendment right against self-incrimination.

Moreover, Defendants are barred from denying AWLI's corporate status because they have judicially admitted in their answer and a declaration executed under penalty of perjury by Dennis Bell that AWLI is a New York corporation:

- Answer: "AWLI admits *America's Wholesale Lender, Inc.* is a New York corporation."  (Dckt. 137 ¶ 6 (italics in the original).)
- Declaration of Dennis Bell dated March 23, 2012: "America's Wholesale Lender, Inc., a New York Corporation, continues to be a valid corporation, in good standing in the State of New York."  (Dckt. 41 ¶ 3.)

*See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("A statement in a[n] . . . answer . . . is a judicial admission . . . ."); *Naylor v. Flavan*, No. CV 08-03746 GAF (AJW), 2009 U.S. Dist. LEXIS 132295, at *12 (C.D. Cal. Apr. 7, 2009) ("Plaintiff's declaration under penalty of perjury . . . constitutes a judicial admission . . . .").  Defendants have also consistently denied that AWLI is a "sham" in their Answer.  (Dckt. 137 ¶¶ 22, 23, 51, 54.)  Defendants' judicial admission that AWLI is a New York corporation is "conclusively binding" on them.  *Am. Title Ins. Co.*, 861 F.2d at 226.

### B. AWLI Cannot Avoid Discovery By Indirectly Asserting The Fifth Amendment Through Bell Or English

Nor can AWLI refuse to respond to discovery by piggybacking on Bell or English's Fifth Amendment rights.

Document Requests. Neither Bell nor English can assert their personal Fifth Amendment privileges against self-incrimination with respect to the document requests propounded on AWLI. Even if the contents of AWLI's documents personally incriminate Bell or English, "the contents of business documents are never" protected by the Fifth Amendment because business documents are voluntarily generated and lack the necessary element of compulsion to bring the Fifth Amendment into play. *Braswell*, 487 U.S. at 109. *Accord Fisher*, 425 U.S. at 409-10 (holding that the Fifth Amendment does not protect business records because they do not contain "compelled testimonial evidence").

Similarly, even if "*the act of producing*" AWLI's documents "might incriminate [them] personally," neither Bell nor English "can[ ] claim a Fifth Amendment privilege" based on the act of production. *United States v. Blackman*, 72 F.3d 1418, 1427 (9th Cir. 1995) (emphasis in the original). Bell and English hold any of AWLI's documents "in a representative rather than a personal capacity."[1] *Braswell*, 487 U.S. at 110. Thus, the "act of produc[ing]" these documents "is not deemed a personal act, but rather an act of the corporation." *Id.* "[A]ny claim of Fifth Amendment privilege" by Bell or English "would be tantamount to a claim of privilege by [AWLI]—which of course possesses no such privilege." *Id.*[2]

---

[1] Although Bell and English argue that they hold AWLI's records "purely in . . . [their] private capacity[ies] as . . . private individual[s]," this contention is based on their claim that AWLI's corporate form should be disregarded. (Mot. 10:14.) As discussed above, this contention is without merit.

[2] In footnote 11 of the *Braswell* decision, the United States Supreme Court left "open the question" of whether a corporate custodian can resist "produc[ing] corporate records when the custodian is . . . the sole employee and officer of the corporation." *Braswell*, 487 U.S. at 118 n.11. Defendants have not suggested that AWLI is a single-person corporation. Moreover, "no . . . court has followed the *Braswell* footnote. To the contrary, every reported decision to consider the *Braswell* footnote has rejected carving out an exception for one-person corporations to the general rule that corporate custodians cannot invoke the Fifth Amendment to prevent production of corporate documents." *Freedom Med., Inc. v. Gillespie*, Civil Action No. 06-3195, 2007 U.S. Dist. LEXIS 3344, at *7 (E.D. Pa. Jan. 17, 2007). *Accord Amato v. United States*, 450 F.3d 46, 52 (1st Cir. 2006); *United States v. Stone*, 976 F.2d 909, 912 (4th Cir. 1992); *In re Grand Jury Subpoena*, No. M11-

Interrogatories. Although Bell and English can invoke their Fifth Amendment rights against self-incrimination with respect to the interrogatories propounded on AWLI, that does not excuse AWLI from responding to the interrogatories. Rather, AWLI must "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation." *United States v. Kordel*, 397 U.S. 1, 8 (1970) (internal quotations and citation omitted). The agent does not need to have "first-hand personal knowledge of the facts reflected in the answers"; he can "gather and obtain from books, records, other officers or employees, or other sources, the information necessary to answer the interrogatories." *EBay, Inc. v. Digital Point Solutions, Inc.*, Case Number C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 7997, at *15 (N.D. Cal. Jan. 12, 2010) (internal quotations and citation omitted). The agent can even be the corporation's counsel. *See id.* at *16. Given the wide array of individuals who can respond to interrogatories on behalf of a corporation, courts have underscored that the hypothetical recognized by the United States Supreme Court in *Kordel*, 397 U.S. at 9, where a protective order may be warranted if no one can respond to corporate interrogatories without risking self-incrimination, is "unlikely ever to arise." *EBay, Inc.*, 2010 U.S. Dist. LEXIS 7997, at *17 (internal quotations and citation omitted). *Accord Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1210 (8th Cir. 1973); *In re 650 Fifth Ave. & Related Props.*, 1:08-cv-10934-RJH, 2012 U.S. Dist. LEXIS 14973, at *15-*16 n.1 (S.D.N.Y. Feb. 6, 2012).

Requests for Admission. Although Bell or English may assert their Fifth Amendment privileges against self-incrimination with respect to the requests for admission propounded on AWLI, again, AWLI cannot avoid responding to the requests for admission. As with the interrogatories, AWLI must "appoint[ ] an

---

189, 2009 U.S. Dist. LEXIS 71610, at *6-*7 (S.D.N.Y. Aug. 5, 2009); *United States v. Arizechi*, iv. Nos. 06-CV-528 and 529 (WJM) (RJH), 2006 U.S. Dist. LEXIS 41012, at *8 (D.N.J. Jun. 20, 2006).

agent—who need not have firsthand knowledge of the underlying facts—to respond on [its] behalf." *Ebay, Inc. v. Digital Point Solutions, Inc.*, Case Number C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *6 (N.D. Cal. Feb. 25, 2010).

### III. THIS COURT SHOULD NOT ALLOW THE WHOLESALE "SEALING" OF DISCOVERY

Defendants also seek a sealing order on Fifth Amendment grounds with respect to "discovery questions that do not raise issues as to self-incrimination," claiming that there may be the "possibility that information obtained will be used against them in a future proceeding."[3] (Mot. 15:21-15:24.)

As discussed above, AWLI enjoys no Fifth Amendment privilege against self-incrimination, and therefore, is not entitled to any sealing order on that basis.

Any request to seal documents on Fifth Amendment grounds by Bell, English and Wendmere is premature. There is no outstanding discovery served on these Defendants. They are not entitled to a preemptive, prophylactic "blanket" sealing order. *United States v. Brown*, 918 F.2d 82, 84 (9th Cir. 1990). Rather, the Fifth Amendment privilege must be asserted on "a document-by-document or question-by-question" basis. *Id.*

### IV. CONCLUSION

AWLI is a New York corporation (albeit one set up for a fraudulent purpose). There is no reason to treat it as anything other than a corporation. Bell chose the incorporate AWLI as a corporation in New York. (Dckt. #41 ¶ 3.) Bell and English enjoyed all the attendant benefits of the corporate form. AWLI could have been formed as an unincorporated sole proprietorship, but it was not. There is no justification for disregarding AWLI's corporate form now that discovery is upon it.

---

[3] Presumably, Plaintiffs are seeking a protective order under Federal Rule of Civil Procedure 26(c) as opposed to an order to seal judicial records. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (discussing the difference between an order to seal discovery under Federal Rule of Civil Procedure 26(c) and an order to seal judicial submissions).

1  AWLI enjoys no Fifth Amendment right against self-incrimination—the Court
2  should deny this motion for a protective order and compel AWLI to respond to
3  discovery.

Dated:  February 11, 2013              **BRYAN CAVE LLP**

By:  /s/ Nafiz Cekirge
       Nafiz Cekirge

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION,
BANK OF AMERICA, N.A., THE BANK
OF NEW YORK MELLON and DEUTSCHE
BANK NATIONAL TRUST COMPANY

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On February 11, 2013, I served the foregoing document, described as **PLAINTIFF BANK OF AMERICA, N.A.'S OPPOSITION TO DEFENDANTS AMERICA'S WHOLESALE LENDER, INC., CHERI B. ENGLISH, WENDMERE FUNDING, LLC, AND DENNIS L. BELL'S MOTION FOR PROTECTIVE ORDER AND TO SEAL RECORDS**, on the following interested party(ies) in this action, as follows:

☒ **(VIA ELECTRONIC SERVICE)** The document will be served upon e-filing, via The United States District Court – Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the assigned judge and any party who is a registered user in the case.

☒ **(BY MAIL)** I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth below. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Daryl B Thompson
Daryl B Thompson Law Offices
765 The City Drive South   Suite 355
Orange, CA 92868

☒ **(FEDERAL ONLY)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2013, at Santa Monica, California.

/s/ Sherri Gramza
Sherri Gramza